UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re BioMarin Pharmaceutical Inc. Securities Litigation* | Case No. 3:20-cv-06719-WHO<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE AND MOTION TO DISMISS PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT** |

Pending before the Court is Defendants' BioMarin Pharmaceutical Inc. ("BioMarin"), Jean-Jacques Bienaimé, and Henry J. Fuchs' (collectively, "Individual Defendants," and together with BioMarin, "Defendants") Motion to Dismiss Plaintiff's Amended Class Action Complaint (the "Complaint").

Having considered the moving, opposition, and reply papers, Defendants' Request for Judicial Notice and Consideration of Documents Incorporated by Reference, the argument of counsel, the pleadings and filings in this action, and all other matters properly before the Court, the Court holds as follows:

First, Defendants' Request for Judicial Notice and Consideration of Documents Incorporated by Reference is **GRANTED**. Exhibits A-F, H, I, K-Q, S, T, and V-Y appended to the Declaration of Addison M. Litton are properly incorporated into the Complaint, which relies

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

on each document to support its claims and allegations. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). The Court also takes judicial notice of Exhibits A-NN pursuant to Federal Rule of Evidence 201, to "indicate what was in the public realm at the time." *VonSaher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (citation omitted).

Second, Defendants' Motion to Dismiss the Complaint is **GRANTED WITHOUT LEAVE TO AMEND**. The Court holds that Plaintiff has not satisfied the requirements of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act ("PSLRA"), and has not alleged facts sufficient to state a claim for a violation of Section 10(b) or Section 20(a) of the Securities Exchange Act of 1934 as to any Defendant. Specifically, the Court holds that:

1. Plaintiff fails to allege particularized, contemporaneous facts showing that any challenged statement made by any Defendant was false or misleading when made;

2. Plaintiff fails to allege particularized facts raising the strong inference of scienter, and viewed holistically, the facts and circumstances weigh against any inference of scienter; and

3. Plaintiff's claim for control person liability under Section 20(a) fails to state a claim because Plaintiff fails to plead a primary violation of Section 10(b).

For the foregoing reasons, it is **HEREBY ORDERED** that the Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated: _____

_____
Honorable William H. Orrick
United States District Judge

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2

[PROPOSED] ORDER GRANTING DEFS' RJN
AND MTD PLTF'S AMENDED COMPLAINT;
3:20-CV-06719-WHO