COOLEY LLP
JOHN C. DWYER (136533)
(dwyerjc@cooley.com)
JESSICA VALENZUELA SANTAMARIA (220934)
(jvs@cooley.com)
ADDISON M. LITTON (305374)
(alitton@cooley.com)
ALEXANDER J. KASNER (310637)
(akasner@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone:    +1 650 843 5000
Facsimile:    +1 650 849 7400

Attorneys for Defendants
BioMarin Pharmaceutical Inc., Jean-Jacques Bienaimé,
and Henry J. Fuchs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re BioMarin Pharmaceutical Inc. Securities Litigation* | Case No. 3:20-cv-06719-WHO |
| | **REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT** |
| | **DATE:**        **SEPTEMBER 8, 2021**<br>**TIME:**        **2:00 P.M.**<br>**COURTROOM:**  **2, 17TH FLOOR**<br>**JUDGE:**       **WILLIAM H. ORRICK** |

BioMarin Pharmaceutical Inc. ("BioMarin" or the "Company"), Jean-Jacques Bienaimé, and Henry J. Fuchs ("Individual Defendants," and together with BioMarin, "Defendants") respectfully request that the Court consider forty documents identified below in support of Defendants' Motion to Dismiss the Amended Class Action Complaint (the "Motion"), which are attached as Exhibits A-NN to the Declaration of Addison M. Litton in Support of Defendants' Motion ("Litton Declaration"). Twenty-one of the forty exhibits are referenced in the Amended Class Action Complaint (the "AC") and form the basis of Plaintiff's claims, such that they are properly deemed incorporated by reference. The other nineteen documents are the proper subject of judicial notice—fifteen are Form 4s filed with the United States Securities and Exchange Commission ("SEC"); the remaining are BioMarin's quarterly and annual reports filed with the SEC, and an industry guidance document issued by the United States Food and Drug Administration ("FDA").[1]  The Court is required under *Tellabs* to consider these documents in evaluating the adequacy of the AC. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A chart tracking the documents subject to this request and the bases for considering them is included below.

## I.   DOCUMENTS SUBJECT TO THIS REQUEST[2]

| Exhibit | Description | Basis | ¶¶ |
|---|---|---|---|
| **A** | Evercore ISI report titled *How Full Is the Valrox Glass?*, published on May 28, 2019 | IBR; JN | 53, 55 |
| **B** | Transcript of BioMarin's Special Call with investors on May 28, 2019, published by S&P Global Market Intelligence | IBR; JN | 49, 51, 52 |
| **C** | Canaccord Genuity report titled *Valrox Debate Continues. . . Ph.1/2 Durability Data Impress, but Ph.3 Interim Look Leaves Questions*, published on May 28, 2019 | IBR; JN | 54, 55 |
| **D** | BioMarin's press release titled *BioMarin Announces That Phase 3 Cohort of Valoctocogene Roxaparvovec, Gene Therapy Study in Severe Hemophilia A Met Pre-Specified* | IBR; JN | 48, 50 |

---

[1] In addition to being incorporated by reference, the twenty-one documents referenced in the AC are *also* properly the subject of judicial notice, and the Court may also consider them for that reason.
[2] **"Exhibit"** refers to the exhibits to the Litton Declaration. **"Basis"** refers to the reason the document should be considered: either incorporated by reference ("**IBR**") or judicial notice ("**JN**"). "**¶¶**" refers to the paragraphs of the AC that cite or reference the document.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS AMENDED COMPLAINT
3:20-CV-06719-WHO

| Exhibit | Description | Basis | ¶¶ |
|---|---|---|---|
| | *Criteria for Regulatory Submissions in the U.S. and Europe*, published on BioMarin's website on May 28, 2019 | | |
| E | Transcript of BioMarin's Special Call with investors on November 14, 2019, published by S&P Global Market Intelligence | IBR; JN | 36, 52, 60 |
| F | BioMarin's press release titled *BioMarin's Biologics License Application for Valoctocogene Roxaparvovec Accepted for Priority Review by FDA with Review Action Date of August 21, 2020*, published on BioMarin's website on February 20, 2020 | IBR; JN | 7 |
| G | Excerpts of BioMarin's Form 10-K for the fiscal year 2019, filed with the SEC on February 27, 2020 | JN | N/A |
| H | Transcript of BioMarin's presentation at the Cowen Health Care Conference on March 3, 2020, published by FactSet CallStreet | IBR; JN | 88, 89, 118-20, 151 |
| I | Transcript of BioMarin's Earnings Call for the first fiscal quarter of 2020 ("Q1 2020") on April 29, 2020, published by FactSet CallStreet | IBR; JN | 12, 89, 96, 122 |
| J | Excerpts of BioMarin's Form 10-Q for Q1 2020, filed with the SEC on May 1, 2020 | JN | N/A |
| K | Transcript of BioMarin's presentation at the Bank of America Merrill Lynch Virtual Healthcare Conference on May 14, 2020, published by FactSet CallStreet | IBR; JN | 1, 12, 77, 90, 125-26 |
| L | Transcript of BioMarin's presentation at the RBC Capital Markets Global Healthcare Conference on May 19, 2020, published by FactSet CallStreet | IBR; JN | 90, 127-28 |
| M | BioMarin's press release titled *BioMarin Provides Highlights of 4 Years of Clinical Data from Ongoing Phase 1/2 Study of Valoctocogene Roxaparvovec Gene Therapy for Severe Hemophilia A*, published on BioMarin's website May 31, 2020 | IBR; JN | 91, 130-31 |
| N | Transcript of BioMarin's presentation at the Jefferies Virtual Healthcare Conference on June 4, 2020, published by FactSet CallStreet | IBR; JN | 1, 2, 11, 14, 78, 92, 94, 108, 132-33, 148 |
| O | Transcript of BioMarin's presentation at the Goldman Sachs Global Healthcare Conference on June 9, 2020, published by FactSet CallStreet | IBR; JN | 1, 2, 11, 14, 78, 93, 108, 135-36, 148 |
| P | Transcript of BioMarin's presentation at the Bank of America Merrill Lynch Securities Napa Biopharma Conference on June 24, 2020, published by FactSet CallStreet | IBR; JN | 17, 104-05, 137-40, 147 |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS AMENDED COMPLAINT
3:20-CV-06719-WHO

| Exhibit | Description | Basis | ¶¶ |
|---|---|---|---|
| Q | BioMarin's Form 8-K and attached press release titled *BioMarin Announces Second Quarter 2020 Total Revenue Growth of 11% to $430 Million*, filed with the SEC on August 4, 2020 | IBR; JN | 142-43 |
| R | Excerpts of BioMarin's Form 10-Q for the second fiscal quarter of 2020 ("Q2 2020"), filed with the SEC on August 5, 2020 | JN | N/A |
| S | Transcript of BioMarin's presentation at the Canaccord Genuity Growth Conference on August 13, 2020, published by S&P Global Market Intelligence | IBR; JN | 17, 106, 144-45, 151 |
| T | BioMarin's press release titled *BioMarin Receives Complete Response Letter (CRL) from FDA for Valoctocogene Roxaparvovec Gene Therapy for Severe Hemophilia A*, published on BioMarin's website on August 19, 2020 | IBR; JN | 2, 113, 114, 158 |
| U | FDA guidance document titled *Manufacturing, Supply Chain, and Drug and Biological Product Inspections During COVID-19 Public Health Emergency Questions and Answers*, published in August 2020 | JN | N/A |
| V | Transcript of BioMarin's presentation at the Baird 2020 Global Healthcare Conference on September 9, 2020, published by S&P Global Market Intelligence | IBR; JN | 98 |
| W | Transcript of BioMarin's presentation at the Citi 15th Annual Biopharma Virtual Conference on September 10, 2020, published by S&P Global Market Intelligence | IBR; JN | 83, 84 |
| X | Transcript of BioMarin's presentation at the Cantor Global Healthcare Conference on September 16, 2020, published by S&P Global Market Intelligence | IBR; JN | 116 |
| Y | Transcript of BioMarin's presentation at the J.P. Morgan 11th Annual U.S. All Stars Conference on September 16, 2020, published by S&P Global Market Intelligence | IBR; JN | 2, 14-18, 78, 82, 84, 86, 94, 99-101, 103-04, 108, 116, 126, 128, 131, 133, 136, 140, 143, 145, 147-48 |
| Z | Form 4 Statement of Changes in Beneficial Ownership for Henry J. Fuchs reporting transactions on August 26, 2016, filed with the SEC on August 30, 2016 | JN | N/A |
| AA | Form 4 Statement of Changes in Beneficial Ownership for Henry J. Fuchs reporting transactions between June 16, 2017 and June 19, 2017, filed with the SEC on June 20, 2017 | JN | N/A |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS AMENDED COMPLAINT
3:20-CV-06719-WHO

| Exhibit | Description | Basis | ¶¶ |
|---|---|---|---|
| **BB** | Form 4 Statement of Changes in Beneficial Ownership for Henry J. Fuchs reporting transactions on March 4, 2019, filed with the SEC on March 6, 2019 | JN | N/A |
| **CC** | Form 4 Statement of Changes in Beneficial Ownership for Henry J. Fuchs reporting transactions on April 20, 2020, filed with the SEC on April 22, 2020 | JN | N/A |
| **DD** | Form 4 Statement of Changes in Beneficial Ownership for Henry J. Fuchs reporting transactions on April 24, 2020, filed with the SEC on April 28, 2020 | JN | N/A |
| **EE** | Form 4 Statement of Changes in Beneficial Ownership for Henry J. Fuchs reporting transactions on July 13, 2020, filed with the SEC on July 15, 2020 | JN | N/A |
| **FF** | Form 4 Statement of Changes in Beneficial Ownership for Henry J. Fuchs reporting transactions on July 20, 2020, filed with the SEC on July 22, 2020 | JN | N/A |
| **GG** | Form 4 Statement of Changes in Beneficial Ownership for Jean-Jacques Bienaimé reporting transactions on March 11, 2019 and March 12, 2019, filed with the SEC on March 13, 2019 | JN | N/A |
| **HH** | Form 4 Statement of Changes in Beneficial Ownership for Jean-Jacques Bienaimé reporting transactions on April 8, 2019, filed with the SEC on April 9, 2019 | JN | N/A |
| **II** | Form 4 Statement of Changes in Beneficial Ownership for Jean-Jacques Bienaimé reporting transactions on May 10, 2019, filed with the SEC on May 14, 2019 | JN | N/A |
| **JJ** | Form 4 Statement of Changes in Beneficial Ownership for Jean-Jacques Bienaimé recording transactions on March 3, 2020 and March 9, 2020, filed with the SEC on March 11, 2020 | JN | N/A |
| **KK** | Form 4 Statement of Changes in Beneficial Ownership for Jean-Jacques Bienaimé recording transactions on April 9, 2020, filed with the SEC on April 13, 2020 | JN | N/A |
| **LL** | Form 4 Statement of Changes in Beneficial Ownership for Jean-Jacques Bienaimé reporting transactions on April 27, 2020 and April 28, 2020, filed with the SEC on April 29, 2020 | JN | N/A |
| **MM** | Form 4 Statement of Changes in Beneficial Ownership for Jean-Jacques Bienaimé reporting transactions on May 1, 2020 and May 4, 2020, filed with the SEC on May 5, 2020 | JN | N/A |
| **NN** | Form 4 Statement of Changes in Beneficial Ownership for Jean-Jacques Bienaimé reporting transactions on May 8, 2020, filed with the SEC on May 12, 2020 | JN | N/A |

Cooley LLP
Attorneys at Law
Palo Alto

4

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS AMENDED COMPLAINT
3:20-CV-06719-WHO

## II.   ARGUMENT

"[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs*, 551 U.S. at 322.  The Court here should consider Exhibits A through NN in deciding the Motion to Dismiss.  Exhibits A-F, H, I, K-Q, S, T, and V-Y are incorporated by reference in the AC, as Plaintiff either references their contents or quotes portions of the documents to support its claims and allegations.  The Court may also take judicial notice of these documents that are incorporated by reference into the AC.  Further, judicial notice of Exhibits G, J, R, U, and Z-NN is proper pursuant to Federal Rule of Evidence 201, which permits the Court to take judicial notice of certain publicly available and accurate information that is not the subject of reasonable dispute.  These documents—quarterly and annual reports filed by BioMarin with the SEC on Forms 10-Q and 10-K, an FDA industry guidance document, and statements of changes in beneficial ownership of BioMarin securities filed with the SEC on Form 4—are critical to the Court's assessment of Plaintiff's claim that Defendants knowingly or recklessly misled investors by misrepresenting the status of the FDA's review of BioMarin's Biologics License Application ("BLA") for Roctavian, a gene therapy for the treatment of hemophilia A.

### A.   The Court Should Deem the Documents Plaintiff Refers to and Relies upon To Be Incorporated by Reference into the Amended Complaint.

A document is incorporated by reference into a complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Even where a plaintiff references only a short excerpt of the document, the document may be incorporated by reference if the plaintiff's "claim necessarily depend[s] on [the document]." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).  The incorporation by reference doctrine exists to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id*.  "Once a document is deemed incorporated by reference, the entire document is assumed to be true for the purposes of a motion to dismiss, and both parties—

Cooley LLP
Attorneys at Law
Palo Alto

5

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS AMENDED COMPLAINT
3:20-cv-06719-WHO

and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (citation omitted).

The Court should consider Exhibits A-F, H, I, K-Q, S, T, and V-Y under the incorporation by reference doctrine because the content of each document is either referenced, paraphrased, or quoted in the AC and, accordingly, they form the basis for Plaintiff's claims. *See Ritchie*, 342 F.3d at 908. These documents are press releases issued by BioMarin (Exs. D, F, M, Q, and T), transcripts of BioMarin's earnings calls and presentations at conferences (Exs. B, E, H, I, K, L, N-P, S, and V-Y), and analyst reports (Exs. A and C). Indeed, Plaintiff admits that its allegations are based on "review and analysis of . . . (i) BioMarin's filings with the United States Securities and Exchange Commission ('SEC'); (ii) Defendants' additional public statements, including those made in press releases, at investor conferences, and on earnings calls; [and] (iii) analyst reports concerning BioMarin." (AC at 1.) Defendants provide the full text (or substantial, relevant excerpts) of each document so the Court may consider Plaintiff's citations and allegations in context. *See, e.g.*, *In re Silicon Storage Tech., Inc. Sec. Litig.*, 2006 WL 648683, at *2 (N.D. Cal. Mar. 10, 2006) ("If a plaintiff fails to attach to the complaint the documents on which it is based, defendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim."); *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) ("[A]lleged false statements 'must be analyzed in context.'") (quoting *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1408 (9th Cir. 1996)).

**Exhibits forming the basis of Plaintiff's false and misleading statement allegations.**

Sources of alleged false and misleading statements: Exhibits H, I, and K-Q, and S contain the statements that Plaintiff contends are false and misleading.

- Exhibits H, I, K, L, N, O, P, and S are transcripts of BioMarin's presentations at various investor conferences during the Class Period. Plaintiff alleges as false and misleading statements made at these conferences regarding the FDA's review deadline for the Roctavian BLA; the FDA's preapproval inspection of BioMarin's Novato manufacturing facility where it produces Roctavian; BioMarin's relationship with the FDA; Roctavian's approval and launch; Roctavian's clinical efficacy; and BioMarin's competitors. (¶¶ 118-29, 132-41, 144-45.)

- Exhibits M and Q are BioMarin's press releases issued during the Class Period. Plaintiff alleges that they contain false and misleading statements about the FDA's preapproval

Cooley LLP
Attorneys at Law
Palo Alto

6

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS AMENDED COMPLAINT
3:20-CV-06719-WHO

inspection of BioMarin's Novato manufacturing facility; the FDA's review deadline; and Roctavian's approval and launch. (¶¶ 130-31, 142-43.)

As the alleged false and misleading statements must be considered in context, *Eventbrite*, 2020 WL 2042078, at *7, these documents are incorporated by reference into the AC and should be considered by the Court in their entirety. *Park v. GoPro, Inc.*, 2019 WL 1231175, at *6 (N.D. Cal. Mar. 15, 2019) (incorporating by reference press release and Form 10-Q that contained "[s]everal of the allegedly false statements").

Sources to support falsity: Exhibits V-Y consist of transcripts of BioMarin's presentations at investor conferences after the Class Period that Plaintiff characterizes as "admissions" revealing the alleged falsity of their Class Period statements challenged in the AC. (¶¶ 2, 14-18, 78, 82-84, 86, 96, 98-101, 103, 147-48.) Plaintiff appears to rely on Exhibits V-Y in an attempt to meet its burden of pleading falsity "with particularity," which requires "specify[ing] each statement alleged to have been misleading, [and] the reason or reasons why the statement is misleading." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990-91 (9th Cir. 2009). As these documents form the basis for Plaintiff's claims, they should be deemed incorporated by reference into the AC.

Sources to support loss causation: Exhibit T is a press release issued by BioMarin on August 19, 2020 disclosing that the FDA had denied approval of Roctavian. (¶¶ 2, 113, 114, 158.) Plaintiff alleges this disclosure caused BioMarin's stock price to decline and, thus, appears to rely on it for the element of loss causation. To plead loss causation, plaintiff must allege that, following the purchase of stock, "(1) the truth became known, and (2) the revelation caused the fraud-induced inflation in the stock's price to be reduced or eliminated." *In re BofI Holding, Inc. Sec. Litig.*, 977 F.3d 781, 789-90 (9th Cir. 2020) (citation omitted). As Exhibit T forms the basis for Plaintiff's claim, it is incorporated by reference into the AC.

Source of allegations relating to the PDUFA date: Plaintiff relies on the press release at Exhibit F to establish that the FDA set a PDUFA date of August 21, 2020 for the Roctavian BLA. This fact is referenced more than 25 times in the AC. (*See, e.g.*, ¶¶ 7, 13, 61, 73, 79-80, 87, 97, 112, 143, 156, 168.) As it is referred to extensively, its is incorporated by reference.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

7

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS AMENDED COMPLAINT
3:20-CV-06719-WHO

**Exhibits forming a basis for Plaintiff's scienter allegations.** Plaintiff refers to and quotes Exhibits A-E to support its allegation that Defendants acted with fraudulent intent. In particular, Plaintiff references investor analyst reports (Exs. A and C), a press release (Ex. D), and transcripts of BioMarin's special investor calls (Exs. B and E) as evidence of the "heighten[ed] [] importance" of the FDA's preapproval inspection of the Novato facility. (AC at 14.) To plead a violation of 10(b), the Ninth Circuit requires plaintiffs to "state with particularity facts giving rise to a strong inference that the defendant" made allegedly misleading statements "either intentionally or with deliberate recklessness." *Zucco*, 552 F.3d at 991. Plaintiff asserts that a potential delay (and ultimate cancellation) of the preapproval inspection were "warning signs" from the FDA that the Roctavian BLA was in peril, and therefore Defendants must have been aware that their optimistic statements about Roctavian's approval prospects were false or misleading. (¶¶ 48, 49, 51-55, 60.) Plaintiff relies upon Exhibits A-E in its attempt to plead the required element of scienter. Thus, as these documents form the basis of Plaintiff's claims, they are incorporated by reference into the AC. *Tellabs*, 551 U.S. at 322-23; *see also In re SunPower Corp. Sec. Litig.*, 2018 WL 4904904, at *3 n.2 (N.D. Cal. Oct. 9, 2018) (incorporating exhibits by reference because plaintiffs referred to them "explicitly as the ground for [the company's] false statements and scienter").

### B. The Court Should Take Judicial Notice of All Documents Submitted by Defendants.

Courts may take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Unlike documents incorporated by reference, judicial notice extends to "matters of public record *outside* the pleadings." *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 820 (C.D. Cal. 1998) (emphasis added). Courts routinely take judicial notice of SEC filings, analyst reports, and other public information for the purpose of showing what information was available to the stock market and when. *See In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *6 (N.D. Cal. June 2, 2020).

All of the documents which Defendants ask the Court to incorporate by reference are also properly subject to judicial notice. As SEC filings, Exhibits G, J, Q, R, and Z-NN are subject to

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

8

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS AMENDED COMPLAINT
3:20-CV-06719-WHO

judicial notice. *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008). So too are press releases and conference call transcripts (Exs. B, D-F, H, I, K-Q, S, T, V-Y), "because the[y] are relied on extensively by Plaintiffs and are used as evidence to establish a material misstatement or omission" and "are also matters of public record." *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 827 (N.D. Cal. 2019). *See also Jui-Yang Hong v. Extreme Networks, Inc.*, 2017 WL 1508991, at *10 (N.D. Cal. Apr. 27, 2017); *Azar v. Yelp, Inc.*, 2018 WL 6182756, at *3, *5 (N.D. Cal. Nov. 27, 2018) (granting judicial notice of transcript of a presentation at an investment bank conference where plaintiffs quoted it six times in complaint). And the analyst reports (Exs. A, C) that Plaintiff relies upon are also judicially noticeable. *Yaron v. Intersect ENT, Inc.*, 2020 WL 6750568, at *4 (N.D. Cal. June 19, 2020) (granting judicial notice of analyst report "not for the truth of [its] contents, but to determine the information available to the market").

In addition, several exhibits that were not cited in the AC are also subject to judicial notice and their contents should be considered by the Court in ruling on the Motion. These are quarterly and annual reports filed with the SEC on Forms 10-Q (Exs. J, R) and 10-K (Ex. G), an FDA industry guidance document (Ex. U), and statements of changes in beneficial ownership of BioMarin securities filed with the SEC on Form 4s (Exs. Z-NN). Judicial notice is proper to "indicate what was in the public realm at the time, not whether the contents of those [documents] were in fact true." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (citation omitted).

**SEC Filings.** Defendants ask the Court to take judicial notice of three of BioMarin's public filings with the SEC: BioMarin's quarterly and annual reports filed with the SEC on Forms 10-Q (Exs. J, R) and 10-K (Ex. G), containing statements made by the Company about the regulatory review of Roctavian. Judicial notice of these materials "for the purpose of determining what was disclosed to the market" is appropriate. *In re Aqua Metals, Inc. Sec. Litig.*, 2019 WL 3817849, at *5 (N.D. Cal. Aug. 14, 2019) (taking judicial notice of SEC filings and press releases). Indeed, in securities fraud cases, courts routinely take judicial notice of publicly available SEC filings. *See, e.g.*, *Welgus v. TriNet Grp., Inc.*, 2017 WL 6466264, at *5 (N.D. Cal. Dec. 18, 2017) (taking notice

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

9

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS AMENDED COMPLAINT
3:20-CV-06719-WHO

of SEC filings, including Form 10-K, for "the fact of their existence, and not of the truth of the matters asserted therein"); *Extreme Networks*, 2017 WL 1508991, at *10 (taking judicial notice of press releases "for the purposes of demonstrating what was disclosed to investors").

**Form 4s.**    Defendants ask the Court to take judicial notice of Exhibits Z-NN, which are Form 4s filed with the SEC that report the purchase or sale of securities by the Individual Defendants.  Plaintiff alleges that stock sales by Individual Defendants during the Class Period support scienter. (¶ 152.)  Stock sale information is only publicly available through Form 4s, which are proper subjects of judicial notice.  *See In re Leapfrog Enter., Inc. Sec. Litig.*, 237 F. Supp. 3d 943, 952-53 (N.D. Cal. 2017); *GoPro*, 2019 WL 1231175, at *7 (taking judicial notice of exhibits "for the purposes of showing that [defendants] had nondiscretionary 10b5-1 stock sales plans").

**Government Agency Guidance.**    Defendants ask the Court to take judicial notice of Exhibit U, an industry guidance document issued by the FDA to address protocols for manufacturing inspections during the COVID-19 pandemic.  "Courts routinely take judicial notice of . . . FDA guidance documents, many of which also appear on the FDA's public website." *Wilson v. Frito-Lay N. America, Inc.*, 260 F. Supp. 3d 1202, 1207 (N.D. Cal. 2017); *see also, e.g.*, *Colyer v. Acelrx Pharms., Inc.*, 2015 WL 7566809, at *3 (N.D. Cal. Nov. 25, 2015) (FDA document providing guidance on the approval process for combination products was "in the public record" and therefore "subject to judicial notice"); *Gustavson v. Wrigley Sales Co.*, 2014 WL 60197, at *3 n.2 (N.D. Cal. Jan. 7, 2014) (taking judicial notice of FDA guidance document "because the document is available on a government agency website"); *Anderson v. Jamba Juice Co.*, 888 F. Supp. 2d 1000, 1003 (N.D. Cal. 2012) (same).  Exhibit U was published on the FDA's website,[3] and therefore the accuracy of its source "cannot reasonably be questioned."  Fed. R. Evid. 201(b).

**III.    CONCLUSION**

For the foregoing reasons, Defendants request that this Court (1) consider Exhibits A-F, H, I, K- Q, S, T, and V-Y to be incorporated by reference into the AC; and (2) take judicial notice of Exhibits A-NN.

---

[3] This document appeared on the FDA's website on August 21, 2020 and is publicly available on the Internet Archive Wayback Machine at https://web.archive.org/web/20200821020323 /https://www.fda.gov/media/141312/download.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

10

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS AMENDED COMPLAINT
3:20-CV-06719-WHO

Dated: April 22, 2021

COOLEY LLP


By: */s/ Jessica Valenzuela Santamaria*
Jessica Valenzuela Santamaria

Attorneys for Defendants
BioMarin Pharmaceutical Inc., Jean-Jacques
Bienaimé, and Henry J. Fuchs

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

11

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS AMENDED COMPLAINT
3:20-CV-06719-WHO