# Exhibit A

2021 WL 4166725
Only the Westlaw citation is currently available.
United States District Court, N.D. California.

IN RE TWITTER, INC.
SECURITIES LITIGATION
This Document Relates to: All Actions

Case No. 16-cv-05314-JST
|
Signed 09/14/2021

**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION**

Re: ECF No. 611

JON S. TIGAR, United States District Judge

**\*1** Before the Court is a motion for reconsideration filed by Defendants Twitter, Inc., Richard Costolo, and Anthony Noto. ECF No. 611. For the reasons below, the Court will deny the motion.

**I. BACKGROUND**

This is a securities class action against Twitter, a social media company, its former CEO, Richard Costolo, and its former CFO, Anthony Noto. Plaintiffs allege that Defendants violated federal securities laws by making misleading statements that caused Twitter's stock price to trade at artificially high prices between February 6, 2015 and July 28, 2015.

On summary judgment, Defendants argued that one of the allegedly misleading statements could not expose them to liability because it fell under the Private Securities Litigation Reform Act's ("PSLRA") safe-harbor provision. *See* 15 U.S.C. § 78u-5(c)(1)(A)(i). That provision immunizes public companies from securities-fraud liability for so-called forward-looking statements: statements that reflect a company's outlook for the future, including the assumptions underlying those statements. 15 U.S.C. § 78u-5(i)(1)(A)-(D). Defendants argued that Costolo's statement to shareholders that Twitter's "MAU trend has already turned around" was one such forward-looking statement. ECF No. 314-3 at 23.

The Court disagreed. Relying on *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1142 (9th Cir. 2017), the Court held that the statement "our MAU trend has already turned around" was not forward-looking. ECF No. 478 at 18-19. That statement, the Court explained, referred only to a past fact, not Twitter's outlook for the future. And that past fact could not be converted into a forward-looking statement simply by following it with a quintessential forward-looking statement: one forecasting future growth. *Id.* at 18 ("Nor is the safe harbor designed to protect them when they make a materially false or misleading statement about current or past facts, and combine that statement with a forward-looking statement.") (quoting *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1142 (9th Cir. 2017)).

Subsequently, the Ninth Circuit decided *Wochos v. Tesla, Inc.*, 985 F.3d 1180 (9th Cir. 2021). *Wochos* reiterated that the PSLRA's safe harbor immunizes only forward-looking statements, but also emphasized that when a company states assumptions intrinsic to those forward-looking statements, those statements are also immunized. *See* 985 F.3d at 1192 (" 'statement[s] of the assumptions underlying or relating' to a declared objective are also deemed to be forward-looking statements" (quoting 15 U.S.C. § 78u-5(i)(1)(D)), but "a concrete factual assertion about a specific present or past circumstance" is not forward looking because "it describes specific, concrete circumstances that have already occurred" (emphasis omitted)).

Several months after *Wochos* was decided, Defendants filed this motion for leave to file a motion for reconsideration of the Court's summary-judgment order. Defendants argued that reconsideration was proper because *Wochos* changed the controlling Ninth Circuit law about forward-looking statements on which the Court based its earlier summary-judgment order. The Court granted leave. Defendants now move for reconsideration, which Plaintiffs oppose.

**II. LEGAL STANDARD**

**\*2** The Court possesses inherent authority to reconsider its interlocutory orders at any point before it enters a final judgment. Fed. R. Civ. P. 54(b); *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996). Typically, a motion for reconsideration should be granted only if "the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877,

890 (9th Cir. 2000) (internal quotation marks and citations omitted).

## III. ANALYSIS

The PSLRA's safe harbor immunizes public companies from liability for forward-looking statements. It defines forward-looking statements as "statement[s] containing [financial] projection[s]," "statement[s] of the plans and objectives of management for future operations," and "statement[s] of future economic performance." 15 U.S.C. § 78u-5(i)(1)(A)-(C). Also included in that definition, however, are any "statement[s] of the *assumptions* underlying or relating to" those forward-looking statements. *Id.* § 78u-5(i)(1)(D) (emphasis added). Put another way, a *non-forward-looking* statement is one that *neither* states a company's outlook for the future, *nor* the assumptions implicit in that type of statement. Such a statement does not fall within the PSLRA's safe harbor.

In its summary-judgment order, the Court relied on *Quality Systems* in concluding that Costolo's statement to shareholders that Twitter's "MAU trend has already turned around," was not forward-looking. ECF No. 478 at 18-19. *Quality Systems* addressed how the safe-harbor provision applies to so-called mixed statements – non-forward-looking statements that are paired with forward-looking statements. 865 F.3d at 1146. It held that non-forward-looking statements about current or past facts do not become immunized when mixed with forward-looking statements because the PSLRA's safe harbor is "designed to protect companies ... from suit when" they fall short of their "optimistic projections," but not when they make "materially false or misleading statement[s] about current or past facts." *Id.* at 1142-44. And it instructed district courts to parse statements to determine which parts are forward-looking (and thus immunized) and which parts are non-forward-looking (and thus not immunized). *Id.* at 1141-42. Parsing the Costolo statement, this Court held that the portion of the statement challenged here referred to the kind of past fact that did not qualify as forward-looking.

Defendants argue that *Wochos* changes the landscape. As they see it, the *Quality Systems* analysis "began and ended with the question whether the challenged portion of the statement contained language 'reciting current and past facts.' " ECF No. 611 at 10-11. But, they argue, *Wochos* now requires courts to "also consider the relationship between the challenged statement and its associated forward-looking component." *Id.*

*Wochos* is not the sea change Defendants make it out to be. First, the two courts reached different results because the nature of the challenged statements was different in each case. In *Quality Systems*, the company "repeatedly told investors that they could rely on predictions of growth in revenue and earnings because the [company's] current state of ... sales pipeline was consistent with, or better than, the state of the pipeline in previous quarters." 865 F.3d at 1148. The court concluded that statements about the company's sales pipeline were not forward-looking because they described information that was verifiable when it was uttered: either "the sales pipeline was consistent with, or better than, the state of the pipeline in previous quarters" or it was not. These statements could not fairly be characterized as projections about the future or the assumptions underlying those projections.

**\*3** By contrast, the statements in *Wochos* fell within the categories that the PSLRA's safe harbor defines as forward-looking: they described either projections about the future or assumptions intrinsic to those projections. The court first addressed statements that the company was "on track" to meet its production goals. *Wochos*, 985 F.3d at 1192. Grammatically, the "on track" statements spoke to the *present* state of the company's affairs, but legally they were just another way to restate the *future* goal: necessarily implied in the statement that the company would meet its production goals was that it was "on track" to do so. *Id.* As the court put it, "Because any announced 'objective' for 'future operations' *necessarily* reflects an implicit assertion that the goal is achievable based on current circumstances, an unadorned statement that a company is 'on track' to achieve an announced objective, or a simple statement that a company knows of no issues that would make a goal impossible to achieve, are merely alternative ways of declaring or reaffirming the objective itself." *Id.* (emphasis in original).

The *Wochos* court also found that the production-goals statements that rested on scheduling assumptions fell within the PSLRA's safe harbor. The *Wochos* court reasoned that those statements were immunized because they merely reflected the assumption that future events – expected production schedules – would unfold in the way necessary for the production goals to be met. *Id.* In other words, "every announcement of a production goal implicitly represents an assertion that the goal is presently achievable," and so Tesla's statement about its preparedness to meet that goal "[did] not go beyond what is inherent in declaring any forward-looking objective." *Id.* at 1196. In short, the *Wochos* court held that statements reflecting assumptions that future events will play out in a certain way – thus ensuring that a goal can be achieved – are forward-looking statements under the PSLRA.

*Wochos* does not change the Court's prior conclusion that Costolo's statement to shareholders that Twitter's "MAU trend has already turned around" was not forward-looking. First, Costolo's statement was not a "statement containing [financial] projection[s]," a "statement of the plans and objectives of management for future operations," or a "statement of future economic performance." 15 U.S.C. § 78u-5(i)(1)(A)-(C). Nor was it the kind of generic statement that is synonymous with a stated goal. To the contrary, it reflected something concrete that had already happened, and its truth or falsity could be discerned when it was uttered.

Second, it was not a "statement of the assumptions underlying or relating to" a forward-looking statement. *Id.* § 78u-5(i)(1)(D). Unlike the statements in *Wochos*, Costolo's statements referenced a concrete historical fact. By stating that the "MAU trend has already turned around," Costolo was "describ[ing] specific, concrete circumstances *that ha[d] already occurred*," not offering a generic statement about the future assumptions intrinsic to any forward-looking statement. *See Wochos*, 985 F.3d at 1192 (emphasis in original); *cf. Murphy v. Precision Castparts Corp.*, No. 16-CV-00521-SB, 2021 WL 2080016, at *3 (D. Or. May 24, 2021) (reconsidering summary-judgment order after *Wochos* because the statements the district court originally found actionable were generic present-tense statements that merely conveyed progress towards earnings goals). Defendants' own summary-judgment briefing describes the statement as one reflecting "historical information about MAU growth in January 2015." ECF No. 398 at 7. If anything, Costolo's was precisely the kind of statement the *Wochos* court directly identified as falling "outside the [PSLRA's] safe harbor" − a claim that the "company ha[d] actually hit certain intermediate benchmarks." 985 F.3d at 1192.

## CONCLUSION

For the reasons set forth above, Defendants' motion for reconsideration, ECF No. 611, is denied.

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2021 WL 4166725

---

**End of Document**

© 2021 Thomson Reuters. No claim to original U.S. Government Works.