COOLEY LLP
JOHN C. DWYER (136533)
(dwyerjc@cooley.com)
JESSICA VALENZUELA SANTAMARIA (220934)
(jvs@cooley.com)
AMANDA A. MAIN (260814)
(amain@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone: +1 650 843 5000
Facsimile: +1 650 849 7400

Attorneys for Defendants
BioMarin Pharmaceutical Inc., Jean-Jacques Bienaimé
and Henry J. Fuchs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re BioMarin Pharmaceutical Inc.*<br>*Securities Litigation* | Case No. 3:20-cv-06719-WHO<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO SEEK RECONSIDERATION OF MOTION TO DISMISS ORDER, OR IN THE ALTERNATIVE TO CERTIFY QUESTION FOR INTERLOCUTORY APPEAL** |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Pending before the Court is Defendants BioMarin Pharmaceutical Inc., Jean-Jacques Bienaimé, and Henry J. Fuchs' (collectively, "Defendants") Motion for Leave to Seek Reconsideration of Motion to Dismiss Order, or in the Alternative to Certify Question for Interlocutory Appeal (the "Motion").

Having considered the Motion, the pleadings and filings in this action, and all other matters properly before the Court, the Court holds as follows:

The Court **GRANTS** Defendants leave to seek reconsideration of this Court's Order on Motion to Dismiss, dated January 6, 2022 (ECF No. 77).

**OR**

The Court **GRANTS** Defendants leave to seek an interlocutory appeal of this Court's Order on Motion to Dismiss, dated January 6, 2022 (ECF No. 77) (the "Order") in the Ninth Circuit Court of Appeals.  The Order is hereby **AMENDED** to include the following findings:

1. The Order involves a controlling question of law as to which there is substantial ground for difference of opinion.

2. An immediate appeal from the Order would materially advance the ultimate termination of this litigation.

3. Pursuant to 28 U.S.C. § 1292(b), the Court certifies the following controlling question of law for interlocutory appeal to the Ninth Circuit Court of Appeals:

Whether the Court applied the incorrect standard under the Private Securities Litigation Reform Act's safe harbor immunizing forward-looking statements accompanied by "meaningful cautionary statements," 15 U.S.C. § 78u-5, by requiring that the cautionary statements "discredit the [allegedly misleading statement] so obviously that the risk of real deception drops to nil."

**IT IS SO ORDERED.**

Dated: _____                    _____
                                           Honorable William H. Orrick
                                           United States District Judge