COOLEY LLP
JOHN C. DWYER (136533)
(dwyerjc@cooley.com)
JESSICA VALENZUELA SANTAMARIA
(220934) (jvs@cooley.com)
AMANDA A. MAIN (260814)
(amain@cooley.com)
3175 Hanover Street
Palo Alto, California  94304-1130
Telephone:      +1 650 843 5000
Facsimile:      +1 650 849 7400

Attorneys for Defendants
BioMarin Pharmaceutical Inc., Jean-Jacques
Bienaimé and Henry J. Fuchs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re BioMarin Pharmaceutical Inc. Securities Litigation* | Case No. 3:20-cv-06719-WHO<br><br>**<u>CLASS ACTION</u>**<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT** |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Defendants BioMarin Pharmaceutical Inc., Jean-Jacques Bienaimé and Henry J. Fuchs, (collectively, "Defendants"), by and through their counsel, hereby answer Lead Plaintiff's ("Plaintiff") Amended Class Action Complaint ("AC").

To the extent that the paragraphs in the AC are grouped under headings and subheadings (which are also listed in the AC's Table of Contents), Defendants respond generally that the headings and subheadings do not constitute factual averments, and thus the headings are not included herein. To the extent that a response is deemed necessary, Defendants deny any and all allegations in each and every heading and subheading in the AC.

Except as explicitly admitted herein, Defendants deny each and every allegation in the AC, including, without limitation, any and all allegations in the unnumbered paragraphs on page 1 of the AC, headings, subheadings, footnotes, figures and images, titles or texts associated with figures and images, and the prayer for relief. Defendants further answer the numbered paragraphs in the AC as follows.

1.    Defendants deny each and every allegation in Paragraph 1 of the AC.

2.    Defendants deny each and every allegation in Paragraph 2 of the AC.

3.    In response to the first sentence of Paragraph 3 of the AC, Defendants admit that BioMarin developed valoctocogene roxaparvovec ("Roctavian" or "valrox") to treat hemophilia A, a genetic disorder in which patients are unable to produce a critical blood clotting protein called "Factor VIII." Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 3.

4.    Defendants admit the first sentence of Paragraph 4 of the AC. In response to the second sentence of Paragraph 4, Defendants admit that the AC quotes a portion of a statement by Robert Baffi ("Baffi") during BioMarin's Special Call with investors on November 14, 2019; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete transcript. In response to the third sentence of Paragraph 4, Defendants admit that BioMarin began construction of a gene therapy manufacturing facility in Novato, California (the "Novato Facility"), in 2016. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 4.

**5.** In response to the first sentence of Paragraph 5 of the AC, Defendants admit that the AC quotes a portion of a statement by Defendant Henry J. Fuchs ("Fuchs") at the Goldman Sachs 40th Annual Global Healthcare Conference on June 11, 2019; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 5.

**6.** In response to the third sentence of Paragraph 6 of the AC, Defendants admit that BioMarin submitted its Biologics License Application ("BLA") for Roctavian to the FDA in December 2019. Defendants lack sufficient information to admit or deny the remaining allegations in the third sentence. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 6.

**7.** In response to the first sentence of Paragraph 7 of the AC, Defendants admit that pursuant to federal law, the FDA set a date of August 21, 2020 to complete its review of the Roctavian BLA (known as the "PDUFA Date"). In response to the fifth sentence of Paragraph 7, Defendants admit that the AC quotes a portion of a statement by Baffi at the Jefferies Gene Therapy/Editing Summit on October 8, 2019; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 7.

**8.** Defendants deny each and every allegation in Paragraph 8 of the AC.

**9.** In response to the final sentence of Paragraph 9 of the AC, Defendants lack sufficient information to admit or deny the allegations. Defendants otherwise deny each and every allegation in Paragraph 9.

**10.** Defendants deny each and every allegation in Paragraph 10 of the AC.

**11.** In response to Paragraph 11 of the AC, Defendants admit that Fuchs spoke at the Jefferies Virtual Healthcare Conference on June 4, 2020 and at the Goldman Sachs 41st Annual Global Healthcare Conference on June 9, 2020. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 11.

**12.** In response to Paragraph 12 of the AC, Defendants admit that Defendant Jean-Jacques Bienaimé ("Bienaimé") spoke at BioMarin's Earnings Call on April 29, 2020 and at the Bank of America Merrill Lynch Virtual Healthcare Conference on May 14, 2020 (the "May 14, 2020 Bank of America Conference"). Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 12.

**13.** Defendants deny each and every allegation in Paragraph 13 of the AC.

**14.** Defendants deny each and every allegation in Paragraph 14 of the AC.

**15.** Defendants deny each and every allegation in Paragraph 15 of the AC.

**16.** Defendants deny each and every allegation in Paragraph 16 of the AC.

**17.** In response to Paragraph 17 of the AC, Defendants admit that Fuchs spoke at the Bank of America Securities 2020 Napa Biopharma Conference on June 24, 2020 and at the Canaccord Genuity 40th Annual Growth Conference on August 13, 2020. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 17.

**18.** Defendants deny each and every allegation in Paragraph 18 of the AC.

**19.** Defendants deny each and every allegation in Paragraph 19 of the AC.

**20.** In response to Paragraph 20 of the AC, Defendants admit that Plaintiff purports to bring this action under Sections 10(b) and 20(a) of the Securities Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5, 17 CF.R. § 240.10b-5, promulgated thereunder, but Defendants deny that Plaintiff has met the requirements necessary to do so.

**21.** In response to Paragraph 21 of the AC, Defendants admit that 28 U.S.C. §§ 1331 and 1337 and Section 27 of the Exchange Act, 15 U.S.C. § 78aa, provide for jurisdiction over this action.

**22.** In response to Paragraph 22 of the AC, Defendants admit that BioMarin's headquarters and principal place of business are in the Northern District of California and that venue is proper in this district. Except as expressly admitted here, Defendants deny each and every allegation in Paragraph 22.

**23.** Paragraph 23 of the AC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny each and every allegation therein.

**24.** In response to the first sentence of Paragraph 24 of the AC, Defendants admit that the court appointed Arbejdsmarkedets Tillægspension as Lead Plaintiff in this action. In response to the remainder of the first sentence of Paragraph 24, Defendants lack sufficient information to admit or deny the allegations. In response to the second and third sentences of Paragraph 24, Defendants lack sufficient information to admit or deny the allegations. Except as expressly admitted here, Defendants deny each and every allegation in Paragraph 24.

**25.** Defendants admit the allegations in Paragraph 25 of the AC.

**26.** Defendants admit the allegations in Paragraph 26 of the AC.

**27.** Defendants admit the allegations in Paragraph 27 of the AC.

**28.** Defendants admit the second sentence of Paragraph 28 of the AC. In response to the third sentence of Paragraph 28, Defendants admit that the AC quotes a portion of BioMarin's filings with the SEC; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete filings. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 28.

**29.** Defendants deny each and every allegation in Paragraph 29 of the AC.

**30.** In response to the first sentence of Paragraph 30 of the AC, Defendants admit that the AC quotes a portion of BioMarin's filings with the SEC; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete filings. In response to the fourth sentence of Paragraph 30, Defendants lack sufficient information to admit or deny the allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 30.

**31.** In response to the first sentence of Paragraph 31 of the AC, Defendants admit that in March 2020, BioMarin had six FDA-approved drugs on the market. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 31.

**32.** In response to the third sentence of Paragraph 32 of the AC, Defendants admit that Roctavian was the only product candidate BioMarin expected to launch in 2020. In response to the fifth sentence of Paragraph 32, Defendants admit that the AC quotes a portion of a statement by Bienaimé at the J.P. Morgan Health Care Conference on January 13, 2020; however, the quoted

portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 32.

33. Defendants admit the allegations in Paragraph 33 of the AC.

34. Defendants admit the first sentence of Paragraph 34 of the AC. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 34, as well as Figure 1 of Paragraph 34 and the caption describing Figure 1, to the extent they require a response.

35. In response to the second, third, and fourth sentences of Paragraph 35 of the AC, Defendants admit that the AC quotes a portion of a statement by Baffi, BioMarin's former President of Global Manufacturing & Technical Operations, at the Jefferies Gene Therapy/Editing Summit on October 8, 2019; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 35.

36. In response to the first sentence of Paragraph 36 of the AC, Defendants admit that Roctavian was the first gene therapy BioMarin developed. In response to the second sentence of Paragraph 36, Defendants admit that the AC quotes a portion of a statement by Baffi during BioMarin's Special Call with investors on November 14, 2019; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 36.

37. In response to the first sentence of Paragraph 37 of the AC, Defendants admit that the Company began construction of the Novato Facility in 2016. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 37.

38. In response to the second sentence of Paragraph 38 of the AC, Defendants admit that hemophilia A is typically treated with a prophylactic regimen of replacement Factor VIII infusions administered intravenously multiple times per week. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 38.

39. In response to the second sentence of Paragraph 39 of the AC, Defendants lack

sufficient information to admit or deny the allegations. Defendants otherwise deny each and every allegation in Paragraph 39.

40. In response to the first sentence of Paragraph 40 of the AC, Defendants lack sufficient information to admit or deny the allegations. Defendants otherwise deny each and every allegation in Paragraph 40.

41. In response to the first sentence of Paragraph 41 of the AC, Defendants lack sufficient information to admit or deny the allegations. In response to the second sentence of Paragraph 41, Defendants admit that the AC quotes a portion of an analyst report published by J.P. Morgan on May 22, 2019; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete report. In response to the fourth sentence of Paragraph 41, Defendants admit that the AC quotes a portion of a statement by Fuchs at the Goldman Sachs 40th Annual Global Healthcare Conference on June 11, 2019; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 41.

42. In response to the second sentence of Paragraph 42 of the AC, Defendants admit that the AC quotes a portion of a statement by Bienaimé at the J.P. Morgan Health Care Conference on January 13, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 42.

43. In response to the second, third, and fourth sentences of Paragraph 43 of the AC, Defendants admit that the AC quotes a portion of an analyst report published by Cowen on February 26, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to that report. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 43.

44. In response to the third sentence of Paragraph 44 of the AC, Defendants lack sufficient information to admit or deny the allegations. In response to the fourth, fifth, sixth, and seventh sentences of Paragraph 44, Defendants admit that the AC quotes a portion of an analyst

report published by Evercore ISI on February 18, 2019; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete report.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 44.

45.    In response to Paragraph 45 of the AC, Defendants lack sufficient information to admit or deny the allegations.

46.    Paragraph 46 of the AC asserts legal interpretations of unidentified agency regulations or procedures to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

47.    In response to the first sentence of Paragraph 47 of the AC, Defendants admit that BioMarin enrolled the first patient in the Roctavian Phase 1/2 trial in 2015 and enrolled the first patient in the Roctavian Phase 3 trial in 2017.  In response to the second sentence of Paragraph 47, Defendants admit that patients in the Phase 1/2 trial were treated with a Roctavian infusion manufactured by a third-party contractor and patients in the Phase 3 trial were treated with a Roctavian infusion manufactured by BioMarin in its Novato Facility.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 47.

48.    In response to the first, second, and fourth sentences of Paragraph 48 of the AC, Defendants admit the allegations.  In response to the fifth sentence of Paragraph 48, Defendants admit that one year after infusion in the Phase 1/2 trial, Factor VIII activity levels for Roctavian patients taking the 6e13 vg/kg dose were within the normal range of Factor VIII activity, with mean and median Factor VIII activity levels of 64.3 IU/dL and 60.3 IU/dL, respectively.  In response to the sixth sentence of Paragraph 48, Defendants admit that, at the end of the second year after infusion in the Phase 1/2 trial, the mean and median factor activity levels in those patients were 36.4 IU/dL and 26.2 IU/dL, respectively.  In response to the seventh sentence of Paragraph 48, Defendants admit that BioMarin had previously reported certain data from the Phase 1/2 studies in July 2017 and May 2018.  In response to the eighth sentence of Paragraph 48, Defendants admit that, at the end of the third year after infusion in the Phase 1/2 trial, the mean and median Factor VIII activity levels for patients taking the 6e13 vg/kg dose of Roctavian were 32.7 IU/dL and 19.9

IU/dL respectively. In response to Figure 2 of Paragraph 48 and the caption describing Figure 2, Defendants admit that the AC appears to represent a portion of BioMarin's presentation at BioMarin's Special Call with investors on May 28, 2019; however, the represented portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete presentation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 48.

49. Defendants deny each and every allegation in Paragraph 49 of the AC.

50. In response to the first sentence of Paragraph 50 of the AC, Defendants admit that BioMarin disclosed interim results from the Phase 3 trial in a press release issued on May 28, 2019. To the extent that Paragraph 50 purports to summarize or characterize those results, Defendants respectfully refer the Court to that press release. In response to Figure 3 of Paragraph 50 and the caption describing Figure 3, Defendants admit that the AC appears to represent a portion of BioMarin's presentation at BioMarin's Special Call with investors on May 28, 2019; however, the represented portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete presentation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 50.

51. Defendants deny each and every allegation in Paragraph 51 of the AC.

52. In response to the first and second sentences of Paragraph 52 of the AC, Defendants admit that the AC quotes a portion of statements by Bienaimé and Fuchs at BioMarin's Special Call with investors on May 28, 2019; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the court to the complete transcript. In response to the third sentence of Paragraph 52, Defendants admit that the AC quotes a portion of a statement by Baffi at BioMarin's Special Call with investors on November 14, 2019; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete transcript. In response to the fourth sentence of Paragraph 52, Defendants admit that the AC quotes a portion of a statement by Fuchs on BioMarin's Earnings Call on October 23, 2019; however, the quoted potion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete transcript.

Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 52.

53.     In response to Paragraph 53 of the AC, Defendants admit that the AC quotes a portion of an analyst report published by Evercore ISI on or around May 28, 2019; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete report.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 53.

54.     In response to Paragraph 54 of the AC, Defendants admit that the AC quotes a portion of an analyst report published by Canaccord Genuity Capital Markets on May 28, 2019; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete report.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 54.

55.     In response to the second and third sentences of Paragraph 55 of the AC, Defendants admit that the AC quotes a portion of an analyst report published by Canaccord Genuity Capital Markets on May 28, 2019; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete report.  In response to the fourth sentence of Paragraph 55, Defendants admit that the AC quotes a portion of an analyst report published by Evercore ISI on or around May 28, 2019; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete report.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 55.

56.     In response to the third and fourth sentences of Paragraph 56 of the AC, Defendants admit that the AC quotes a portion of a statement by Baffi at the Jefferies Gene Therapy/Editing Summit on October 8, 2019; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete transcript.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 56.

57.     In response to Paragraph 57 of the AC, Defendants lack sufficient information to admit or deny the allegations.

58.     In response to Paragraph 58 of the AC, Figure 4 of Paragraph 58, and the caption

describing Figure 4, Defendants lack sufficient information to admit or deny the allegations.

59.    In response to Paragraph 59 of the AC, Defendants lack sufficient information to admit or deny the allegations.

60.    In response to the second sentence of Paragraph 60 of the AC, Defendants admit that the AC quotes a portion of a statement by Baffi during BioMarin's Special Call with investors on November 14, 2019; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete transcript.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 60.

61.    Defendants admit the first and second sentences of Paragraph 61 of the AC.  The third sentence of Paragraph 61 asserts legal interpretations of statutes to which no response is required; to the extent a response is required, Defendants deny the allegations therein.  In response to the fifth sentence of Paragraph 61, Defendants admit that the FDA set a date of August 21, 2020 to complete its review of the Roctavian BLA (the "PDUFA Date").  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 61.

62.    In response to the third and fourth sentences of Paragraph 62 of the AC, Defendants admit that the AC quotes a portion of an article published by the Motley Fool on or around July 7, 2016; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete article.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 62.

63.    In response to the first sentence of Paragraph 63 of the AC, Defendants admit that BioMarin's BLA for Roctavian sought approval of Roctavian in part on the basis of the Phase 1/2 and interim Phase 3 data.  In response to the second, third, fourth, and fifth sentences of Paragraph 63, Defendants admit that the AC quotes a portion of a document titled "Human Gene Therapy for Hemophilia," published by the FDA in January 2020 (the "January 2020 FDA Guidance"), after BioMarin submitted its Roctavian BLA on December 23, 2019; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete document.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 63.

**64.**     Defendants deny each and every allegation in Paragraph 64 of the AC.

**65.**     Defendants admit the second sentence of Paragraph 65 of the AC. The third and fourth sentences of Paragraph 65 assert legal interpretations of and selectively quote unidentified statutes or agency regulations to which no response is required; to the extent a response is required, Defendants deny the allegations therein. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 65.

**66.**     In response to the second and third sentences of Paragraph 66, Defendants admit that the AC quotes a portion of a statement by Fuchs at the Goldman Sachs 40th Annual Global Health Conference on June 11, 2019; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 66.

**67.**     In response to Paragraph 67 of the AC, it asserts legal interpretations of unidentified statutes and agency regulations to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

**68.**     The first sentence of Paragraph 68 of the AC references unidentified FDA guidance, and as a result, Defendants lack sufficient information to admit or deny the allegations. In response to the second sentence of Paragraph 68, Defendants admit that BioMarin disclosed that the mid-cycle communication occurred in April of 2020. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 68.

**69.**     Paragraph 69 of the AC references unidentified FDA guidance, and as a result, Defendants lack sufficient information to admit or deny the allegations.

**70.**     Paragraph 70 of the AC appears to reference unidentified FDA guidance, and as a result, Defendants lack sufficient information to admit or deny the allegations therein.

**71.**     Paragraph 71 of the AC references unidentified FDA guidance, and as a result, Defendants lack sufficient information to admit or deny the allegations.

**72.**     Paragraph 72 of the AC references unidentified FDA guidance, and as a result, Defendants lack sufficient information to admit or deny the allegations.

**73.**     Paragraph 73 of the AC asserts legal interpretations of unidentified statutes and

agency regulations to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

74.    Paragraph 74 of the AC asserts legal interpretations of unidentified statutes and agency regulations to which no response is required; to the extent a response is required, Defendants deny each and every allegation in Paragraph 74.

75.    Defendants lack sufficient information to admit or deny the allegations in the first sentence of Paragraph 75 of the AC.  In response to the third, fourth, fifth, and sixth sentences of Paragraph 75, Defendants admit that the AC quotes a portion of a statement by Fuchs at the Goldman Sachs 40th Annual Global Healthcare Conference on June 11, 2019; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete transcript.  Footnotes 1 and 2 to Paragraph 75 assert legal interpretations of unidentified statutes and agency regulations to which no response is required; to the extent a response is required, Defendants deny the allegations therein.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 75.

76.    Defendants lack sufficient information to admit or deny the allegations in the first, second, third, and fourth sentences of Paragraph 76.  In addition, the second, third, fourth, and fifth sentences of Paragraph 76 appear to assert legal interpretations of unidentified agency guidance to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

77.    In response to Paragraph 77 of the AC, Defendants admit that the AC quotes a portion of a statement by Bienaimé at the May 14, 2020 Bank of America Conference; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete transcript.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 77, as well as Figure 5 of Paragraph 77 and the caption describing Figure 5, to the extent they require a response.

78.    Defendants deny each and every allegation in Paragraph 78 of the AC.

79.    Defendants deny each and every allegation in Paragraph 79 of the AC.

80.    Defendants lack sufficient information to admit or deny the allegations in Paragraph

80 of the AC.

**81.**   Defendants lack sufficient information to admit or deny the allegations in Paragraph 81 of the AC.

**82.**   Defendants deny each and every allegation in Paragraph 82 of the AC.

**83.**   Defendants deny each and every allegation in Paragraph 83 of the AC.

**84.**   Defendants deny each and every allegation in Paragraph 84 of the AC.

**85.**   Defendants deny each and every allegation in Paragraph 85 of the AC.

**86.**   Defendants deny each and every allegation in Paragraph 86 of the AC.

**87.**   Defendants deny each and every allegation in Paragraph 87 of the AC.

**88.**   In response to the first sentence of Paragraph 88 of the AC, Defendants admit that Bienaimé attended the Cowen Healthcare Conference on March 3, 2020 (the "March 3, 2020 Cowen Conference"), during which he announced that the BLA had been accepted by the FDA two days earlier.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 88 of the AC.

**89.**   Defendants admit that the AC quotes a portion of a statement by Fuchs at BioMarin's Earnings Call on April 29, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete transcript.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 89.

**90.**   In response to the second sentence of Paragraph 90 of the AC, Defendants admit that Bienaimé and Fuchs attended the May 14, 2020 Bank of America Conference.  In response to the third, fourth, fifth, and sixth sentences of Paragraph 90, Defendants admit that the AC quotes a portion of an analyst's question and statements by Bienaimé at the May 14, 2020 Bank of America Conference; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete transcript.  In response to the seventh sentence of Paragraph 90 of the AC, Defendants admit that Fuchs attended the RBC Capital Markets Global Healthcare Conference on May 19, 2020 (the "May 19, 2020 RBC Conference").  In response to the first, seventh, and eighth sentences of Paragraph 90, Defendants

COOLEY LLP ATTORNEYS AT LAW PALO ALTO

admit that the AC quotes a portion of a statement by Fuchs at the May 19, 2020 RBC Conference; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 90.

91. Defendants deny each and every allegation in Paragraph 91 of the AC.

92. In response to the second, third, fourth, fifth, sixth, and seventh sentences of Paragraph 92 of the AC, Defendants admit that the AC quotes a portion of an analyst's question and statements by Fuchs at the Jefferies Virtual Healthcare Conference on June 4, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 92.

93. In response to third, fourth, fifth, sixth, seventh, and eighth sentences of Paragraph 93 of the AC, Defendants admit that the AC quotes a portion of a statement by Fuchs at the Goldman Sachs 41st Annual Global Healthcare Conference on June 9, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 93.

94. Defendants deny each and every allegation in Paragraph 94 of the AC.

95. In response to the second sentence of Paragraph 95 of the AC, Defendants admit that BioMarin announced the pricing of a $550 million senior subordinated convertible notes offering bearing interest at a rate of 1.25% in a press release on May 11, 2020. In response to the fourth sentence of Paragraph 95, Defendants admit the allegations therein. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 95.

96. In response to the second sentence of Paragraph 96 of the AC, Defendants admit that the AC quotes a portion of a statement by Bienaimé at BioMarin's Earnings Call on April 29, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 96.

**97.** Defendants deny each and every allegation in Paragraph 97 of the AC.

**98.** In response to Paragraph 98 of the AC, Defendants admit that the AC quotes a portion of a statement by Fuchs at the Baird Global Healthcare Conference on September 9, 2020; however, the quoted portion has been modified, that taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete transcript.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 98.

**99.** In response to Paragraph 99 of the AC, Defendants admit that the AC quotes a portion of a statement by Fuchs at the J.P. Morgan U.S. All Stars Conference on September 16, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete transcript.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 99.

**100.** In response to the second and third sentences of Paragraph 100 of the AC, Defendants admit that the AC quotes a portion of the January 2020 FDA Guidance; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete document.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 100.

**101.** In response to the second sentence of Paragraph 101 of the AC, Defendants lack sufficient information to admit or deny the allegations.  Defendants otherwise deny each and every allegation in Paragraph 101.

**102.** Paragraph 102 of the AC asserts legal interpretations of unidentified statutes and agency regulations to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

**103.** Defendants deny each and every allegation in Paragraph 103 of the AC and the footnote to Paragraph 103.

**104.** In response to the second, third, fourth, and fifth sentences of Paragraph 104 of the AC, Defendants admit that the AC quotes a portion of an analyst's question and statements by Fuchs at the Bank of America Securities 2020 Napa Biopharma Conference on June 24, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete, and

Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 104.

**105.** Defendants deny each and every allegation in Paragraph 105 of the AC.

**106.** Defendants deny each and every allegation in Paragraph 106 of the AC.

**107.** In response to the second and third sentences of Paragraph 107 of the AC, Defendants admit that the AC quotes a portion of an article published by Endpoints News on August 14, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete article. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 107.

**108.** Defendants deny each and every allegation in Paragraph 108 of the AC, as well as Figure 6 of Paragraph 108 and the caption describing Figure 6, to the extent they require a response.

**109.** Defendants deny each and every allegation in Paragraph 109 of the AC.

**110.** Defendants deny each and every allegation in Paragraph 110 of the AC.

**111.** In response to the third sentence of Paragraph 111 of the AC, Defendant Fuchs admits that he did not sell any shares of BioMarin stock during the six months preceding the Class Period. To the extent that Paragraph 111, Figure 7 of Paragraph 111, and the caption describing Figure 7 purport to summarize or characterize the Form 4s filed on behalf of Fuchs and Bienaimé, Defendants Fuchs and Bienaimé refer the Court to those documents, which speak for themselves and are the best evidence of their contents. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 111.

**112.** In response to the second and third sentences of Paragraph 112 of the AC, Defendants admit that the AC quotes a portion of an analyst report published by Credit Suisse on August 19, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete report. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 112.

**113.** In response to the first sentence of Paragraph 113 of the AC, Defendants admit that BioMarin announced on August 19, 2020 that the FDA issued a CRL in response to the Roctavian BLA. The second and third sentences of Paragraph 113 appear to assert an interpretation of

unidentified FDA guidance to which no response is required; to the extent a response is required, Defendants deny the allegations therein. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 113.

114. In response to the first sentence of Paragraph 114 of the AC, Defendants admit that the AC quotes a portion of a press release BioMarin issued on August 19, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete press release. In response to the second sentence of Paragraph 114, Defendants admit that on August 18, 2020, BioMarin's stock price closed at $118.54 and on August 19, 2020, it closed at $76.72, falling by $41.82 per share, or approximately 35%. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 114.

115. Defendants deny each and every allegation in Paragraph 115 of the AC.

116. In response to the second and third sentences of Paragraph 116 of the AC, Defendants admit that the AC quotes a portion of a statement by Fuchs at the Cantor Global Healthcare Conference on September 16, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete transcript. In response to the fourth and fifth sentences of Paragraph 116, Defendants admit that the AC quotes a portion of a statement by Fuchs at the Barclays Virtual Gene Editing & Gene Therapy Summit on November 16, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 116.

117. Defendants deny each and every allegation in Paragraph 117 of the AC.

118. In response to Paragraph 118 of the AC, Defendants admit that Bienaimé attended the March 3, 2020 Cowen Conference on behalf of BioMarin. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 118.

119. In response to Paragraph 119 of the AC, Defendants admit that the AC quotes a portion of an analyst's question and a statement by Bienaimé at the March 3, 2020 Cowen Conference; however, the quoted portion has been modified, taken out of context, and is

incomplete, and respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 119.

120. Defendants deny each and every allegation in Paragraph 120 of the AC.

121. In response to the second and third sentences of Paragraph 121 of the AC, Defendants admit that the AC quotes a portion of an analyst report published by Cowen on March 3, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete report. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 121.

122. Defendants admit the first sentence of Paragraph 122 of the AC. In response to the second, third, and fourth sentences of Paragraph 122, Defendants admit that the AC quotes a portion of an analyst's question and a statement by Fuchs at BioMarin's Earnings Call on April 29, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 122.

123. Defendants deny each and every allegation in Paragraph 123 of the AC.

124. In response to the second sentence of Paragraph 124 of the AC, Defendants admit that the AC quotes a portion of an analyst report published by Guggenheim Securities on April 29, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete report. In response to the third, fourth, and fifth sentences of Paragraph 124, Defendants admit that the AC quotes a portion of an analyst report published by Cowen on April 29, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete report. In response to the sixth sentence of Paragraph 124, Defendants admit that the AC quotes a portion of an analyst report published by Credit Suisse on April 29, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete report. In response to the seventh sentence of Paragraph 124, Defendants admit that the AC quotes a portion of an analyst report published by Piper Sandler on April 29, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete, and

Defendants respectfully refer the Court to the complete report. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 124.

125. Defendants admit the first sentence of Paragraph 125 of the AC. In response to the second, third, fourth, fifth, and sixth sentences of Paragraph 125, Defendants admit that the AC quotes a portion of an analyst's question and a statement by Bienaimé at the May 14, 2020 Bank of America Conference; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 125.

126. Defendants deny each and every allegation in Paragraph 126 of the AC.

127. Defendants admit the first sentence of Paragraph 127 of the AC. In response to the second sentence of Paragraph 127, Defendants admit that of the AC quotes a portion of a statement by Fuchs at the May 19, 2020 RBC Conference; however, the quoted portion has been modified, taken out of context, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 127.

128. Defendants deny each and every allegation in Paragraph 128 of the AC.

129. Defendants deny each and every allegation in Paragraph 129 of the AC.

130. In response to Paragraph 130 of the AC, Defendants admit that the AC quotes a portion of BioMarin's press release issued on May 31, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete press release. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 130.

131. Defendants deny each and every allegation in Paragraph 131 of the AC.

132. Defendants admit the first sentence of Paragraph 132 of the AC. Defendants admit that the AC quotes a portion of an analyst's question and a statement by Fuchs at the Jefferies Virtual Healthcare Conference on June 4, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 132.

133.    Defendants deny each and every allegation in Paragraph 133 of the AC.

134.    In response to the second and third sentences of Paragraph 134 of the AC, Defendants admit that the AC quotes a portion of an analyst report published by Jefferies on June 4, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete report.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 134.

135.    Defendants admit the first sentence of Paragraph 135 of the AC.  Defendants admit that the AC quotes a portion of an analyst's question and a statement by Fuchs at the Goldman Sachs 41st Annual Global Healthcare Conference on June 9, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete transcript.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 135.

136.    Defendants deny each and every allegation in Paragraph 136 of the AC.

137.    Defendants admit the first sentence of Paragraph 137 of the AC.  In response to the second, third, and fourth sentences of Paragraph 137, Defendants admit that the AC quotes a portion of an analyst's question and a statement by Fuchs at the Bank of America Securities 2020 Napa Biopharma Conference on June 24, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete transcript.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 137.

138.    In response to Paragraph 138 of the AC, Defendants admit that the AC quotes a portion of a statement by Fuchs at the Bank of America Securities 2020 Napa Biopharma Conference on June 24, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete transcript.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 138.

139.    In response to Paragraph 139 of the AC, Defendants admit that the AC quotes a portion of a statement by Fuchs at the Bank of America Securities 2020 Napa Biopharma Conference on June 24, 2020; however, the quoted potion has been modified, taken out of context,

and is incomplete, and Defendants respectfully refer the Court to the complete transcript.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 139.

140.   Defendants deny each and every allegation in Paragraph 140 of the AC.

141.   Defendants deny each and every allegation in Paragraph 141 of the AC.

142.   Defendants admit the first sentence of Paragraph 142 of the AC.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 142.

143.   Defendants deny each and every allegation in Paragraph 143 of the AC.

144.   Defendants admit the first sentence of Paragraph 144 of the AC.  Defendants admit that the AC quotes a portion of a statement by Fuchs at the Canaccord Genuity 40th Annual Conference on August 13, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 144.

145.   Defendants deny each and every allegation in Paragraph 145 of the AC.

146.   Paragraph 146 of the AC asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

147.   Defendants deny each and every allegation in Paragraph 147 of the AC.

148.   Defendants deny each and every allegation in Paragraph 148 of the AC.

149.   In response to the second sentence of Paragraph 149 of the AC, Defendants admit that at the start of the Class Period, BioMarin had six FDA-approved products.  In response to the third sentence of Paragraph 149, Defendants admit that at the start of the Class Period, BioMarin's product candidate vosoritide had completed the global Phase 3 trial; product candidate BMN 307 had recently been approved for clinical trials in the United States and United Kingdom; and BMN 331 was in a pre-clinical stage.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 149.

150.   Defendants deny each and every allegation in Paragraph 150 of the AC.

151.   Defendants deny each and every allegation in Paragraph 151 of the AC.

152.   Defendants deny each and every allegation in Paragraph 152 of the AC.

153.   Defendants deny each and every allegation in Paragraph 153 of the AC.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

DEFENDANTS' ANSWER TO AC
CASE NO. 3:20-CV-06719-WHO

**154.** Defendants deny each and every allegation in Paragraph 154 of the AC.

**155.** In response to the first sentence of Paragraph 155 of the AC, Defendants incorporate by reference and re-allege their answers to each and every allegation set forth above as fully set forth herein. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 155.

**156.** Defendants deny each and every allegation in Paragraph 156 of the AC.

**157.** Defendants deny each and every allegation in Paragraph 157 of the AC.

**158.** Defendants admit the first sentence of Paragraph 158 of the AC. In response to the second and third sentences of Paragraph 158, Defendants admit that the AC quotes a portion of BioMarin's press release issued on August 19, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete press release. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 158.

**159.** In response to Paragraph 159 of the AC, Defendants admit that on August 18, 2020, BioMarin's stock price closed at $118.54 and on August 19, 2020, it closed at $76.72, falling by $41.82 per share, or approximately 35%. In further response to Paragraph 159, Defendants admit that trading volume of BioMarin shares on August 19, 2020 was approximately 34,099,100 shares. In response to the remainder of Paragraph 159, Defendants lack sufficient information to admit or deny the allegations.

**160.** In response to the second, third, fourth, and fifth sentences of Paragraph 160 of the AC, Defendants admit that the AC quotes a portion of an analyst report published by RBC Capital Markets on August 19, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete report. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 160.

**161.** Defendants deny each and every allegation in Paragraph 161 of the AC.

**162.** In response to Paragraph 162 of the AC, Defendants deny that this action can be maintained as a class action under Federal Rules of Civil Procedure 23(a) and 23(b)(3). Paragraph 162 sets forth Plaintiffs' proposed class definition and does not require a response; to the extent

that a response is required, Defendants deny the allegations therein. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 162.

163. The first and second sentences of Paragraph 163 of the AC assert legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations therein. In response to the third sentence of Paragraph 163, Defendants admit that as of October 23, 2020, there were over 181 million shares of BioMarin's common stock outstanding. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 163.

164. Paragraph 164 of the AC asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

165. Paragraph 165 of the AC asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

166. Paragraph 166 of the AC asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

167. Paragraph 167 of the AC asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

168. Defendants deny each and every allegation in Paragraph 168 of the AC.

169. Defendants deny each and every allegation in Paragraph 169 of the AC.

170. Defendants deny each and every allegation in Paragraph 170 of the AC.

171. Paragraph 171 of the AC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny each and every allegation therein.

172. Defendants deny each and every allegation in Paragraph 172 of the AC.

173. Paragraph 173 of the AC asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

174. In response to Paragraph 174 of the AC, Defendants incorporate by reference and re-allege their answers to each and every allegation set forth above as fully set forth herein.

175. Defendants deny each and every allegation in Paragraph 175 of the AC.

176. Defendants deny each and every allegation in Paragraph 176 of the AC.

177. Defendants deny each and every allegation in Paragraph 177 of the AC.

**178.**    Defendants deny each and every allegation in Paragraph 178 of the AC.

**179.**    Defendants deny each and every allegation in Paragraph 179 of the AC.

**180.**    Defendants deny each and every allegation in Paragraph 180 of the AC.

**181.**    Defendants deny each and every allegation in Paragraph 181 of the AC.

**182.**    Defendants deny each and every allegation in Paragraph 182 of the AC.

**183.**    In response to Paragraph 183 of the AC, Defendants incorporate by reference and re-allege their answers to each and every allegation set forth above as fully set forth herein.

**184.**    Defendants deny each and every allegation in Paragraph 184 of the AC.

## PRAYER FOR RELIEF

The section entitled "Prayer for Relief" is Plaintiff's statement of requested relief, to which no response is required; to the extent a response is required, Defendants deny the allegations therein, including but not limited to denying that Plaintiff is entitled to judgment and that Plaintiff is entitled to any relief whatsoever.

## JURY DEMAND

Plaintiff demands a trial by jury.  The paragraph in the section entitled "Jury Demand" is Plaintiff's demand for a jury trial, to which no response is required.

## AFFIRMATIVE DEFENSES

With respect to separate affirmative defenses to the causes of action in the AC, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.    The AC, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants upon which the requested relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Justification)

2.    The AC, and each and every cause of action alleged therein, is barred because Defendants were justified in doing any and/or all of the acts alleged in the AC.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

25

DEFENDANTS' ANSWER TO AC
CASE NO. 3:20-CV-06719-WHO

## THIRD AFFIRMATIVE DEFENSE

### (Conduct of Third Parties)

3.   If it should be determined that Plaintiff has been damaged, then Defendants are informed and believe and based thereon allege that said damage was proximately caused by the conduct of others for which Defendants were not and are not responsible.

## FOURTH AFFIRMATIVE DEFENSE

### (Good Faith Projections)

4.   The AC, and each and every cause of action alleged therein, is barred to the extent Plaintiff's allegations are based on alleged projections, forecasts, or predictions of future events or results. Such projections, forecasts or predictions were not false when made, were made in good faith, and had a reasonable basis when made.

## FIFTH AFFIRMATIVE DEFENSE

### (Good Faith Basis)

5.   The AC, and each and every cause of action alleged therein, is barred because Defendants' alleged misstatements were made in good faith and with genuine belief and had a reasonable and factual historical basis.

## SIXTH AFFIRMATIVE DEFENSE

### (Standing)

6.   The AC, and each and every cause of action alleged therein, is barred by Plaintiff's lack of standing pursuant to Federal Rule of Civil Procedure 23.1.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

7.   The AC, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

8.   The AC, and each and every cause of action alleged therein, is barred by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

9. The AC, and each and every cause of action alleged therein, is barred because Plaintiff has failed, and continues to fail, to act reasonably to mitigate the damages alleged in the AC.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Plead Loss Causation)

10. The AC, and each and every cause of action alleged therein, is barred because the alleged statements or acts by Defendants were not the proximate cause of any damages Plaintiff seeks.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Truth)

11. The AC, and each and every cause of action alleged therein, is barred by virtue of the truth of Defendants' assertions.

## TWELFTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

12. The AC, and each and every cause of action alleged therein, is barred because the damages that Plaintiff seeks were not caused by any statement, omission, or other action by any Defendant, and therefore Plaintiff cannot establish loss causation.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Plead a Material Misrepresentation or Omission)

13. Plaintiff's claims are barred, in whole or in part, because Defendants did not make any material misrepresentations or omissions.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Available Information)

14. The AC, and each and every cause of action alleged therein, is barred because the allegedly misleading statements, if any, were rebutted by contrary information (including both public and non-public information) received by or that was otherwise available to Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Scienter)

**15.** The AC, and each and every cause of action alleged therein, is barred because Defendants did not have scienter with respect to any allegedly untrue statement of material fact, omission of material fact, misleading statement, or other challenged statement with respect to which the liability of Defendants is asserted.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Class Action)

**16.** The AC, and each and every cause of action alleged therein, is barred because this action is not maintainable as a class action pursuant to Federal Rule of Civil Procedure 23.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Section 20(a) Lack of Primary Liability)

**17.** As to the Defendants against whom control person liability is alleged pursuant to Section 20(a) of the Securities Exchange Act of 1934, such liability is barred because Plaintiff cannot establish the primary liability necessary to assert a control person liability claim.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Section 20(a) Good Faith)

**18.** As to the Defendants against whom control person liability is alleged pursuant to Section 20(a) of the Securities Exchange Act of 1934, such liability is barred because the alleged controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violations and/or because the alleged controlling person had no knowledge of or reasonable grounds to believe in the existence of facts by reason of which liability is alleged to exist.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Section 20(a) Failure to Control)

**19.** As to the Defendants against whom control person liability is alleged pursuant to Section 20(a) of the Securities Exchange Act of 1934, such liability is barred because Defendants did not directly or indirectly control BioMarin or any other individual that Plaintiff alleges is a primary violator.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Forward-Looking Statements)

20. The AC, and each and every cause of action alleged therein, is barred to the extent Plaintiff's allegations are based on alleged projections, forecasts, or predictions of future events or results, because such projections, forecasts, or predictions were identified as forward-looking statements and accompanied by meaningful cautionary language, including in Defendants' public filings with the SEC and as referenced or incorporated during investor conference calls, that identified factors that could cause actual results to differ materially from those in the forward-looking statements; were immaterial; or were not made with actual knowledge that the statements were false or misleading when made.  All such statements fall within the Safe Harbor provisions of the Private Securities Litigation Reform Act of 1995, as codified at 15 U.S.C. § 78u-5(c).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Lack of Reliance/Price Impact)

21. Plaintiff cannot recover for the claims alleged in the AC because the allegedly actionable misrepresentations or omissions did not affect BioMarin's stock price, thus severing the link between the alleged misstatements or omissions and the price received (or paid) by the putative class of plaintiffs and rebutting the presumption of reliance under *Basic Inc. v. Levinson*, 485 U.S. 224 (1988).

## TWENY-SECOND AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

22. Defendants expressly reserve the right to amend or supplement their Answer, defenses, and all other pleadings as permitted by law.  Defendants further reserve the right to assert any and all additional defenses under any applicable law in the event that discovery indicates such defenses would be appropriate, and to assert any crossclaims, counterclaims, and/or third-party claims.

....

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that this Court enter judgment as follows:

1.  That Plaintiff takes nothing by their Amended Class Action Complaint;

2.  For costs, attorneys' fees, and expert witness fees;

3.  For judgment in favor of Defendants; and

4.  For such other and further relief as this Court deems just and proper.

### JURY DEMAND

Defendants demand a trial by jury.

Dated: February 15, 2022                    COOLEY LLP


                                            By: /s/ Jessica Valenzuela Santamaria
                                                Jessica Valenzuela Santamaria

                                            Attorneys for Defendants
                                            BioMarin Pharmaceutical Inc., Jean-Jacques
                                            Bienaimé and Henry J. Fuchs