**BERNSTEIN LITOWITZ BERGER**
**& GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
jonathanu@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3470
SALVATORE GRAZIANO (*pro hac vice*)
salvatore@blbglaw.com
JEROEN VAN KWAWEGEN (*pro hac vice*)
jeroen@blbglaw.com
KATHERINE M. SINDERSON (*pro hac vice*)
katiem@blbglaw.com
ABE ALEXANDER (*pro hac vice*)
abe.alexander@blbglaw.com
WILLIAM E. FREELAND (*pro hac vice*)
william.freeland@blbglaw.com
THOMAS Z. SPERBER (*pro hac vice*)
thomas.sperber@blbglaw.com
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400

*Counsel for Lead Plaintiff Arbejdsmarkedets*
*Tillægspension and Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE BIOMARIN PHARMACEUTICAL INC. SECURITIES LITIGATION | Case No. 3:20-CV-06719-WHO |
| | The Honorable William H. Orrick |
| | **DECLARATION OF KATHERINE M. SINDERSON IN SUPPORT OF [PROPOSED] STIPULATED PROTECTIVE ORDER** |

SINDERSON DECL. ISO [PROPOSED] STIPULATED PROTECTIVE ORDER,
NO. 3:20-CV-6719-WHO

I, Katherine M. Sinderson, declare as follows:

1. I am a Partner at the law firm of Bernstein Litowitz Berger & Grossmann LLP. I have personal knowledge of the matters stated in this declaration, and, if called as a witness, I could and would competently testify to the matters set forth herein.

2. I make this declaration in support of the parties' Proposed Stipulated Protective Order ("Stipulated Protective Order"). Further, I make this declaration in accordance with Rule 5 of this Court's Standing Order for Civil Cases which requires parties to submit a declaration justifying the departure from the Northern District of California's Model Stipulated Protective Order (for standard litigation) ("Model Protective Order").

3. Attached hereto as Exhibit 1 is a redline version comparing the Stipulated Protective Order with the Model Protective Order as required by Rule 5. The Model Protective Order was downloaded from the Northern District of California's website at https://cand.uscourts.gov/forms/model-protective-orders/ and compared to the Stipulated Protective Order on March 23, 2022.

4. The parties have negotiated certain limited modifications to the Model Protective Order to take into account the fact that, among other things, Defendant BioMarin is a biotechnology company that develops innovative therapies for serious and life-threatening rare diseases, including a novel gene therapy for hemophilia A, and its highly confidential and proprietary information may be the subject of the parties' discovery. Similarly, Lead Plaintiff Arbejdsmarkedets Tillægspension also has highly proprietary and confidential information regarding its trading strategies and algorithms that may be called for in discovery and for which it wishes to ensure appropriate protection. The modifications were largely drawn from the form Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets (the "Patent Order") where applicable.

5. The modifications to the Model Protective Order agreed to and proposed by the parties in this action are set forth below:

6.      *Section 2.2: "CONFIDENTIAL" Information or Items*.  The parties updated the definition of "CONFIDENTIAL" information to include personal medical or identifying information.  The parties anticipate that Defendants' document production could include such information, as the nature of the allegations concerns gene therapy trial testing involving private citizens as trial participants.  Accordingly, this change permits the parties to ensure that sensitive personal information of un-related parties will not be disclosed.

7.      *Section 2.4: Designating Party*.  The parties updated the definition of "Designating Party" to contemplate the designation of material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," consistent with the parties' adoption of that designation, as explained more fully below.  The parties adopted this language from the Patent Order.

8.      *Section 2.6: Expert*.  The parties updated the definition of "Expert" to include any support staff of any expert retained by either party, and to exclude any past or current BioMarin employees or employees of competing pharmaceutical companies.

9.      *Section 2.7: Addition of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation*.  The parties adopted this designation from the Patent Order.

10.      *Section 2.10: Outside Counsel of Record*.  The parties updated this definition to include paralegals and other support staff to clarify that the confidentiality provisions would apply equally to them.

11.      *Section 2.14: Protected Material*.  The parties adopted this definition from the from the Patent Order to include the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation.

12.      *Section 5.2: Manner and Timing of Designations*.  The parties updated this section and its subsections to require designation on a document-by-document basis by removing references to designations of portions of documents, to include consideration of the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation, and to further clarify the

requirements for designating deposition testimony after counsel have had an opportunity to review relevant transcripts.

13.    *Section 6.2: Meet and Confer.*  The parties updated this section to permit the parties to otherwise agree on a longer period to meet and confer after the service of notice of a designation of confidentiality.

14.    *Section 6.3: Judicial Intervention*.  The parties modified this section to conform to the discovery dispute process outlined in Judge Orrick's Standing Order for Civil Cases.

15.    *Section 7.1: Basic Principles.*  The parties updated this section to clarify that there is no restriction on the use of documents that are publicly available through other means, even if identical copies or documents containing such information are designated as Protected Material.

16.    *Section 7.2: Disclosure of "CONFIDENTIAL" Information or Items.*  The parties modified this section and its subsections to differentiate between the requirements for Outside Counsel of Record, House Counsel, and vendor staff to receive "CONFIDENTIAL" information or items, as well as to contemplate the disclosure of such information or items to a relevant insurer, or any other person upon order of the court or by agreement of the parties.  These modifications are intended to facilitate the exchange of information designated "CONFIDENTIAL" without risking inadvertent or improper disclosure.

17.    *Section 7.3: Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items*.  The parties adopted this section, in sum and substance, from the form Patent Order.  The parties endeavored to make these requirements consistent with those in Section 7.2, while also implementing additional protections to account for the highly sensitive nature of such information or items.  However, given that the parties are not potential competitors (unlike the parties in patent cases), the parties modified the restrictions from the Patent Order to be less restrictive and more conducive to the exchange of discovery material.

18.     *Section 7.4.*  The parties added this section to clarify the circumstances under which counsel for persons receiving Protected Materials and non-party witnesses receiving Protected Materials must certify their agreement to the terms of the Stipulated Protective Order.

19.     *Section 8: PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.*  The parties updated this section to substitute the term "CONFIDENTIAL" for the defined term "Protected Material," ensuring the contemplation of material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

20.     *Section 9: A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION.*  We updated this section to include its application to material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Additionally, the parties added subsections relating specifically to the potential production of Protected Material from the U.S. Food and Drug Administration ("FDA").  The parties are aware that the FDA has specific requirements for the protection of certain sensitive FDA material used in the course of private civil litigation.  Because the claims in this case concern alleged communications with the FDA, the parties anticipate that they may seek sensitive FDA materials in the course of discovery.

21.     *Section 13: FINAL DISPOSITION.*  The parties updated this section to clarify that Outside Counsel of Record need not destroy Protected Material disclosed over email or maintained on permanent storage or backup systems, as the parties anticipate that a substantial volume of such material will be produced, and destruction of all such material after resolution of this case will be impracticable.

22.     *Numbering*.  The parties updated the numbering of sections within the Stipulated Protective Order, and the cross references throughout, to reflect the changes outlined above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in New York, NY on this 23rd day of March, 2022.

*/s/ Katherine M. Sinderson*
Katherine M. Sinderson (*pro hac vice*)
**BERNSTEIN LITOWITZ BERGER**
 **& GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
katiem@blbglaw.com