**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
jonathanu@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3470

SALVATORE J. GRAZIANO (*pro hac vice*)
salvatore@blbglaw.com
JEROEN VAN KWAWEGEN (*pro hac vice*)
jeroen@blbglaw.com
KATHERINE M. SINDERSON (*pro hac vice*)
katiem@blbglaw.com
ABE ALEXANDER (*pro hac vice*)
abe.alexander@blbglaw.com
WILLIAM E. FREELAND (*pro hac vice*)
billy.freeland@blbglaw.com
THOMAS Z. SPERBER (*pro hac vice*)
thomas.sperber@blbglaw.com
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400

*Counsel for Lead Plaintiff Arbejdsmarkedets
Tillægspension and Lead Counsel for the Class*

[Additional counsel appear on signature page]

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE BIOMARIN PHARMACEUTICAL INC. SECURITIES LITIGATION | Case No. 3:20-CV-06719-WHO |
| | CLASS ACTION |
| | **STIPULATED PROTECTIVE ORDER** |
| | Judge:      William H. Orrick<br>Courtroom:  2, 17th Floor |

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   DEFINITIONS

2.1   Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) or that are prohibited from disclosure by statute, or contain personal medical information or private individual identificatory information such as Social Security numbers, home telephone numbers and addresses, tax returns (including attached schedules and forms), W-2s, 1099s, and banking or credit information.

2.3   Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things,

testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant (including jury or trial consultants) in this action, as well as the expert witness's or consultant's assistants, support staff, and agents, and (2) is not a past or current employee of BioMarin Pharmaceutical Inc. or a current employee of a competitor of BioMarin Pharmaceutical Inc., and (3) at the time of retention, is not anticipated to become an employee of a competitor of BioMarin Pharmaceutical Inc.

2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    House Counsel:  attorneys who are employees of a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, as well as paralegals and other support staff of such attorneys.

2.11    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Professional Vendors:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and

subcontractors.

2.14   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material.

(b)   for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. Alternatively, counsel for a deposed witness may make a confidentiality designation within 21 days of receiving the final deposition transcript by identifying those specific portions of the testimony as to which protection is sought or by specifying that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Only those portions of the testimony that are designated for protection, either on the record or within the 21-day period, shall be covered by the provisions of this Order. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Transcripts containing Protected Material shall have a legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated; and

(c)      for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of

STIPULATED PROTECTIVE ORDER
CASE NO. 3:20-CV-06719-WHO                                                                          6

the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice, unless otherwise agreed.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to

the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, they shall comply with the discovery dispute procedure outlined in Judge Orrick's Standing Order for Civil Cases (and in compliance with Civil Local Rule 79-5, if applicable). In addition, the Challenging Party may seek relief with respect to challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. In any discovery letter brief filed pursuant to this provision, the parties shall attest that they have complied with the meet and confer requirements imposed by the preceding paragraph and the Standing Order for Civil Cases.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to seek court intervention as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. For avoidance of doubt, the foregoing sentence does not restrict the use of documents included in Disclosure or Discovery Material that are made publicly available through other means (e.g. published news articles, final SEC filings or documents publicly-filed in this matter). When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the Receiving Party's House Counsel as well as employees of said House Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have received a copy of this Protective Order;

(c)    the officers, directors, and employees (excluding House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)    the court and its personnel;

(f)    court reporters and their staff, videographers and their staff, Professional Vendors, and mediators to whom disclosure is reasonably necessary for this litigation;

(g)    professional jury or trial consultants and mock jurors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)    witnesses in the action to whom disclosure is reasonably necessary;

(i)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(j)    any insurer who may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any judgment; and

(k)     any other person upon order of the court or by agreement of the Parties.

7.3.    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     the court and its personnel;

(d)     court reporters and their staff, videographers and their staff, Professional Vendors, and mediators to whom disclosure is reasonably necessary for this litigation;

(e)     professional jury or trial consultants and mock jurors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     any insurer who may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any judgment;

(g)     House Counsel and the individual defendants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)     during their depositions or testimony during trial, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(i)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(j)     any other person upon order of the court or agreement of the Parties.

7.4.   Counsel for all persons receiving CONFIDENTIAL or HIGHLY CONFIDENTIAL Information in accordance with subparagraphs 7.2(c), 7.3(g) and 7.3(h), and counsel for the Party retaining all persons receiving CONFIDENTIAL or HIGHLY CONFIDENTIAL Information pursuant to paragraphs 7.2(d), 7.2(g), 7.3(b), and 7.3(e) shall be responsible for obtaining, prior to disclosure and as a condition thereof, a certification evidencing their agreement to the terms of the Stipulation and Order, in the form attached as the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  Each non-party witness to whom CONFIDENTIAL or HIGHLY CONFIDENTIAL Information is disclosed shall be advised that the court has entered a Protective Order to limit disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL Information, be provided a copy of the Protective Order, and be asked to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A). If a non-party witness has refused to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), advising the witness of the matters in the immediately preceding sentence on the record shall serve as a substitute for the signing of the Acknowledgment and shall permit examination of the witness regarding documents or other information containing CONFIDENTIAL or HIGHLY CONFIDENTIAL Information. Notwithstanding a witness's refusal to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), any CONFIDENTIAL or HIGHLY CONFIDENTIAL Information disclosed to the witness and any discussion of that information at the deposition shall maintain their confidential status.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective

Order; and

        (c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

        If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of the Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.      <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

        (a)      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

        (b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

        (1)      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

        (2)      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

(d)    Any and all documents produced by the U.S. Food and Drug Administration ("FDA") pursuant to a third-party subpoena in this matter shall be treated as though they may contain trade secrets or confidential commercial or financial information and shall be designated as "Confidential," unless designated otherwise by the FDA.  Further, a Party may identify a higher designation for documents produced by the FDA if it believes such a designation is warranted.  With respect to the documents produced, the FDA will not be subject to any further obligation(s) that any other protective order may impose, including, but not limited to, defending the designation of documents.

(e)    In the event any receiving party seeks to challenge the confidentiality designation of documents provided by FDA, the Party whose documents or information is subject to the challenge shall, on behalf of the FDA, assume the burden of demonstrating the propriety of such designation.  Similarly, should a party wish to share a document produced by the FDA or to use a document produced by the FDA at a hearing or in such other public forum, that party shall undertake any obligations imposed by the Stipulation and Order and such Party will have the burden of objecting to such disclosure.

(f)    Upon final completion of this litigation (including the lapse of any deadline to appeal), all copies of documents produced by the FDA shall be returned to the FDA, or, in the alternative, destroyed, subject to the retention of an archival copy of the documents

by Outside Counsel.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
       PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   MISCELLANEOUS

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

13.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).  Nothing in this Protective Order shall require Outside Counsel of Record to destroy Protected Material in their emails or Protected Material in systems designed

for disaster recovery or business continuity backups as long as such material continues to be treated in accordance with this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated:  March 23, 2022                    Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER**
**& GROSSMANN LLP**

*/s/ Katherine M. Sinderson*

SALVATORE J. GRAZIANO (*pro hac vice*)
salvatore@blbglaw.com
JEROEN VAN KWAWEGEN (*pro hac vice*)
jeroen@blbglaw.com
KATHERINE M. SINDERSON (*pro hac vice*)
katiem@blbglaw.com
ABE ALEXANDER (*pro hac vice*)
abe.alexander@blbglaw.com
WILLIAM E. FREELAND (*pro hac vice*)
billy.freeland@blbglaw.com
THOMAS Z. SPERBER (*pro hac vice*)
thomas.sperber@blbglaw.com
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400

JONATHAN D. USLANER (Bar No. 256898)
jonathanu@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3470

*Counsel for Lead Plaintiff Arbejdsmarkedets*
*Tillægspension and Lead Counsel for the Class*


**COOLEY LLP**

*/s/ Jessica Valenzuela Santamarina*

JESSICA VALENZUELA SANTAMARIA (Bar No. 220934)
jvs@cooley.com
JOHN C. DWYER (Bar No. 136533)
dwyerjc@cooley.com
AMANDA A. MAIN (Bar No. 260814)
amain@cooley.com
3175 Hanover Street
Palo Alto, CA 94304-1130
Tel: (650) 843-5000
Fax: (650) 849-7400

STIPULATED PROTECTIVE ORDER
CASE NO. 3:20-CV-06719-WHO                                                    16

*Counsel for Defendants BioMarin Pharmaceutical Inc., Jean-Jacques Bienaimé, and Henry J. Fuchs*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:   March 30, 2022

HONORABLE WILLIAM H. ORRICK
UNITED STATES DISTRICT JUDGE

## ATTESTATION (CIVIL LOCAL RULE 5-1(i)(3))

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the signatories.

Dated:  March 23, 2022

/s/ Katherine M. Sinderson

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *In re BioMarin Pharmaceutical Inc. Securities Litigation*, Case No. 3:20-CV-06719-WHO (N.D. Cal.).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____

[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

STIPULATED PROTECTIVE ORDER
CASE NO. 3:20-CV-06719-WHO                                                                                    19

**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
jonathanu@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3470
SALVATORE GRAZIANO (*pro hac vice*)
salvatore@blbglaw.com
JEROEN VAN KWAWEGEN (*pro hac vice*)
jeroen@blbglaw.com
KATHERINE M. SINDERSON (*pro hac vice*)
katiem@blbglaw.com
ABE ALEXANDER (*pro hac vice*)
abe.alexander@blbglaw.com
WILLIAM E. FREELAND (*pro hac vice*)
william.freeland@blbglaw.com
THOMAS Z. SPERBER (*pro hac vice*)
thomas.sperber@blbglaw.com
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400

*Counsel for Lead Plaintiff Arbejdsmarkedets
Tillægspension and Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE BIOMARIN PHARMACEUTICAL INC. SECURITIES LITIGATION | Case No. 3:20-CV-06719-WHO |
| | The Honorable William H. Orrick |
| | **DECLARATION OF KATHERINE M. SINDERSON IN SUPPORT OF [PROPOSED] STIPULATED PROTECTIVE ORDER** |

SINDERSON DECL. ISO [PROPOSED] STIPULATED PROTECTIVE ORDER,
NO. 3:20-CV-6719-WHO

I, Katherine M. Sinderson, declare as follows:

1.     I am a Partner at the law firm of Bernstein Litowitz Berger & Grossmann LLP.  I have personal knowledge of the matters stated in this declaration, and, if called as a witness, I could and would competently testify to the matters set forth herein.

2.     I make this declaration in support of the parties' Proposed Stipulated Protective Order ("Stipulated Protective Order").  Further, I make this declaration in accordance with Rule 5 of this Court's Standing Order for Civil Cases which requires parties to submit a declaration justifying the departure from the Northern District of California's Model Stipulated Protective Order (for standard litigation) ("Model Protective Order").

3.     Attached hereto as Exhibit 1 is a redline version comparing the Stipulated Protective Order with the Model Protective Order as required by Rule 5.  The Model Protective Order was downloaded from the Northern District of California's website at https://cand.uscourts.gov/forms/model-protective-orders/ and compared to the Stipulated Protective Order on March 23, 2022.

4.     The parties have negotiated certain limited modifications to the Model Protective Order to take into account the fact that, among other things, Defendant BioMarin is a biotechnology company that develops innovative therapies for serious and life-threatening rare diseases, including a novel gene therapy for hemophilia A, and its highly confidential and proprietary information may be the subject of the parties' discovery.  Similarly, Lead Plaintiff Arbejdsmarkedets Tillægspension also has highly proprietary and confidential information regarding its trading strategies and algorithms that may be called for in discovery and for which it wishes to ensure appropriate protection.  The modifications were largely drawn from the form Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets (the "Patent Order") where applicable.

5.     The modifications to the Model Protective Order agreed to and proposed by the parties in this action are set forth below:

6.     *Section 2.2: "CONFIDENTIAL" Information or Items*.  The parties updated the definition of "CONFIDENTIAL" information to include personal medical or identifying information.  The parties anticipate that Defendants' document production could include such information, as the nature of the allegations concerns gene therapy trial testing involving private citizens as trial participants.  Accordingly, this change permits the parties to ensure that sensitive personal information of un-related parties will not be disclosed.

7.     *Section 2.4: Designating Party*.  The parties updated the definition of "Designating Party" to contemplate the designation of material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," consistent with the parties' adoption of that designation, as explained more fully below.  The parties adopted this language from the Patent Order.

8.     *Section 2.6: Expert*.  The parties updated the definition of "Expert" to include any support staff of any expert retained by either party, and to exclude any past or current BioMarin employees or employees of competing pharmaceutical companies.

9.     *Section 2.7: Addition of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation*.  The parties adopted this designation from the Patent Order.

10.     *Section 2.10: Outside Counsel of Record*.  The parties updated this definition to include paralegals and other support staff to clarify that the confidentiality provisions would apply equally to them.

11.     *Section 2.14: Protected Material*.  The parties adopted this definition from the from the Patent Order to include the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation.

12.     *Section 5.2: Manner and Timing of Designations*.  The parties updated this section and its subsections to require designation on a document-by-document basis by removing references to designations of portions of documents, to include consideration of the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation, and to further clarify the

requirements for designating deposition testimony after counsel have had an opportunity to review relevant transcripts.

13.    *Section 6.2: Meet and Confer.*  The parties updated this section to permit the parties to otherwise agree on a longer period to meet and confer after the service of notice of a designation of confidentiality.

14.    *Section 6.3: Judicial Intervention*.  The parties modified this section to conform to the discovery dispute process outlined in Judge Orrick's Standing Order for Civil Cases.

15.    *Section 7.1: Basic Principles.*  The parties updated this section to clarify that there is no restriction on the use of documents that are publicly available through other means, even if identical copies or documents containing such information are designated as Protected Material.

16.    *Section 7.2: Disclosure of "CONFIDENTIAL" Information or Items.*  The parties modified this section and its subsections to differentiate between the requirements for Outside Counsel of Record, House Counsel, and vendor staff to receive "CONFIDENTIAL" information or items, as well as to contemplate the disclosure of such information or items to a relevant insurer, or any other person upon order of the court or by agreement of the parties.  These modifications are intended to facilitate the exchange of information designated "CONFIDENTIAL" without risking inadvertent or improper disclosure.

17.    *Section 7.3: Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items*.  The parties adopted this section, in sum and substance, from the form Patent Order.  The parties endeavored to make these requirements consistent with those in Section 7.2, while also implementing additional protections to account for the highly sensitive nature of such information or items.  However, given that the parties are not potential competitors (unlike the parties in patent cases), the parties modified the restrictions from the Patent Order to be less restrictive and more conducive to the exchange of discovery material.

18.    *Section 7.4.*  The parties added this section to clarify the circumstances under which counsel for persons receiving Protected Materials and non-party witnesses receiving Protected Materials must certify their agreement to the terms of the Stipulated Protective Order.

19.    *Section 8: PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.*  The parties updated this section to substitute the term "CONFIDENTIAL" for the defined term "Protected Material," ensuring the contemplation of material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

20.    *Section 9: A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION.*  We updated this section to include its application to material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Additionally, the parties added subsections relating specifically to the potential production of Protected Material from the U.S. Food and Drug Administration ("FDA").  The parties are aware that the FDA has specific requirements for the protection of certain sensitive FDA material used in the course of private civil litigation.  Because the claims in this case concern alleged communications with the FDA, the parties anticipate that they may seek sensitive FDA materials in the course of discovery.

21.    *Section 13: FINAL DISPOSITION.*  The parties updated this section to clarify that Outside Counsel of Record need not destroy Protected Material disclosed over email or maintained on permanent storage or backup systems, as the parties anticipate that a substantial volume of such material will be produced, and destruction of all such material after resolution of this case will be impracticable.

22.    *Numbering.*  The parties updated the numbering of sections within the Stipulated Protective Order, and the cross references throughout, to reflect the changes outlined above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in New York, NY on this 23rd day of March, 2022.

*/s/ Katherine M. Sinderson*
Katherine M. Sinderson (*pro hac vice*)
**BERNSTEIN LITOWITZ BERGER**
 **& GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
katiem@blbglaw.com

# Exhibit 1

~~UNITED STATES DISTRICT COURT~~

~~NORTHERN DISTRICT OF CALIFORNIA~~

**BERNSTEIN LITOWITZ BERGER**
**  & GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
jonathanu@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3470

SALVATORE J. GRAZIANO (*pro hac vice*)
salvatore@blbglaw.com
JEROEN VAN KWAWEGEN (*pro hac vice*)
jeroen@blbglaw.com
KATHERINE M. SINDERSON (*pro hac vice*)
katiem@blbglaw.com
ABE ALEXANDER (*pro hac vice*)
abe.alexander@blbglaw.com
WILLIAM E. FREELAND (*pro hac vice*)
billy.freeland@blbglaw.com
THOMAS Z. SPERBER (*pro hac vice*)
thomas.sperber@blbglaw.com
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400

*Counsel for Lead Plaintiff Arbejdsmarkedets Tillægspension and Lead Counsel for the Class*

[Additional counsel appear on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| IN RE BIOMARIN PHARMACEUTICAL INC. SECURITIES LITIGATION | Case No. 3:20-CV-06719-WHO<br><br>CLASS ACTION<br><br>~~MODEL~~ **STIPULATED PROTECTIVE ORDER** ~~(for standard litigation)~~<br><br>Judge:  William H. Orrick<br>Courtroom:  2, 17th Floor |
|---|---|

STIPULATED PROTECTIVE ORDER
CASE NO. 3:20-CV-06719-WHO

1. 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. 2. DEFINITIONS

2.1    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) or that are prohibited from disclosure by statute, or contain personal medical information or private individual identificatory information such as Social Security numbers, home telephone numbers and addresses, tax returns (including attached schedules and forms), W-2s, 1099s, and banking or credit information.

2.3    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3

2.5    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant (including jury or trial consultants) in this action, as well as the expert witness's or consultant's assistants, support staff, and agents, and (2) is not a past or current employee of BioMarin Pharmaceutical Inc. or a current employee of a competitor of BioMarin Pharmaceutical Inc., and (3) at the time of retention, is not anticipated to become an employee of a competitor of BioMarin Pharmaceutical Inc.

2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    House Counsel:  attorneys who are employees of a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.82.9  Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.92.10    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, as well as paralegals and other support staff of such attorneys.

2.102.11    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4

2.11 2.12    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 2.13    Professional Vendors:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14    Receiving Party: a Party that receives Protected Material:  any Disclosure or Discovery Material from a Producing Party. that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    4. DURATION

5

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    5. DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    (a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

7

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    (b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.  Alternatively, counsel for a deposed witness may make a confidentiality designation within 21 days of receiving the final deposition transcript by identifying those specific portions of the testimony as to which protection is sought or by specifying that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Only those portions of the testimony that are designated for protection, either on the record or within the 21-day period, shall be covered by the provisions of this Order.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Transcripts containing Protected Material shall have a legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.

The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated; and

(c)    (c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice, unless otherwise agreed.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Partythey shall file and serve a motion to retain confidentiality undercomply with the discovery dispute procedure outlined in Judge Orrick's Standing Order for Civil Local Rule 7Cases (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation..  In addition, the Challenging Party may file a motionseek relief with respect to challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought In any discovery letter brief filed pursuant to this provision must be accompanied by a competent declaration affirming, the parties shall attest that the movant hasthey have complied with the meet and confer requirements imposed by the preceding paragraph and the Standing Order for

10

Civil Cases.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to ~~file a motion to retain confidentiality~~seek court intervention as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ~~7.~~ ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. For avoidance of doubt, the foregoing sentence does not restrict the use of documents included in Disclosure or Discovery Material that are made publicly available through other means (e.g. published news articles, final SEC filings or documents publicly-filed in this ~~Order~~matter). When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the Receiving Party's House Counsel as well as employees of said House

Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have received a copy of this Protective Order;

(c)     the officers, directors, and employees (excluding House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     the court and its personnel;

(f)     court reporters and their staff, videographers and their staff, Professional Vendors, and mediators to whom disclosure is reasonably necessary for this litigation;

(g)     professional jury or trial consultants and mock jurors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)     witnesses in the action to whom disclosure is reasonably necessary;

(i)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(j)     any insurer who may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any judgment; and

(k)     any other person upon order of the court or by agreement of the Parties.

7.3.    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to

disclose the information for this litigation ~~and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A~~;

~~(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);~~

~~(c)~~

(b)     Experts ~~(as defined in this Order)~~ of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     ~~(d)~~ the court and its personnel;

~~(e)~~

(d)     court reporters and their staff, videographers and their staff, Professional Vendors, and mediators to whom disclosure is reasonably necessary for this litigation;

(e)     professional jury or trial consultants~~,~~ and mock jurors~~, and Professional Vendors~~ to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     any insurer who may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any judgment;

(g)     House Counsel and the individual defendants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)     ~~(f)~~ during their depositions or testimony during trial, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A)~~, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this~~

~~13~~

~~Stipulated Protective Order.~~;

(i)    ~~(g)~~ the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information~~.~~; and

(j)    any other person upon order of the court or agreement of the Parties.

7.4.    Counsel for all persons receiving CONFIDENTIAL or HIGHLY CONFIDENTIAL Information in accordance with subparagraphs 7.2(c), 7.3(g) and 7.3(h), and counsel for the Party retaining all persons receiving CONFIDENTIAL or HIGHLY CONFIDENTIAL Information pursuant to paragraphs 7.2(d), 7.2(g), 7.3(b), and 7.3(e) shall be responsible for obtaining, prior to disclosure and as a condition thereof, a certification evidencing their agreement to the terms of the Stipulation and Order, in the form attached as the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  Each non-party witness to whom CONFIDENTIAL or HIGHLY CONFIDENTIAL Information is disclosed shall be advised that the court has entered a Protective Order to limit disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL Information, be provided a copy of the Protective Order, and be asked to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A). If a non-party witness has refused to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), advising the witness of the matters in the immediately preceding sentence on the record shall serve as a substitute for the signing of the Acknowledgment and shall permit examination of the witness regarding documents or other information containing CONFIDENTIAL or HIGHLY CONFIDENTIAL Information. Notwithstanding a witness's refusal to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), any CONFIDENTIAL or HIGHLY CONFIDENTIAL Information disclosed to the witness and any discussion of that information at the deposition shall maintain their confidential status.

8.    ~~8.~~ PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any ~~information or items designated in this action as "CONFIDENTIAL~~Protected Material~~,~~" that Party must:

~~14~~

(a)    (a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)    (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)    (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material the Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS  LITIGATION

(a)    (a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    (b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential

information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party.

(c)    (c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

(d)    Any and all documents produced by the U.S. Food and Drug Administration ("FDA") pursuant to a third-party subpoena in this matter shall be treated as though they may contain trade secrets or confidential commercial or financial information and shall be designated as "Confidential," unless designated otherwise by the FDA.  Further, a Party may identify a higher designation for documents produced by the FDA if it believes such a designation is warranted.  With respect to the documents produced, the FDA will not be subject to any further obligation(s) that any other protective order may impose, including, but not limited to, defending the designation of documents.

(e)    In the event any receiving party seeks to challenge the confidentiality

16

designation of documents provided by FDA, the Party whose documents or information is subject to the challenge shall, on behalf of the FDA, assume the burden of demonstrating the propriety of such designation.  Similarly, should a party wish to share a document produced by the FDA or to use a document produced by the FDA at a hearing or in such other public forum, that party shall undertake any obligations imposed by the Stipulation and Order and such Party will have the burden of objecting to such disclosure.

(f)    Upon final completion of this litigation (including the lapse of any deadline to appeal), all copies of documents produced by the FDA shall be returned to the FDA, or, in the alternative, destroyed, subject to the retention of an archival copy of the documents by Outside Counsel.

10.    10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order

17

submitted to the court.

12.    MISCELLANEOUS

12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

13.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the

Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).  Nothing in this Protective Order shall require Outside Counsel of Record to destroy Protected Material in their emails or Protected Material in systems designed for disaster recovery or business continuity backups as long as such material continues to be treated in accordance with this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED:_____

_____
Attorney for Plaintiff



DATED:_____

_____
Attorney for Defendant


Dated:  March 23, 2022                    Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP**

/s/ *draft*_____

SALVATORE J. GRAZIANO (*pro hac vice*)
salvatore@blbglaw.com
JEROEN VAN KWAWEGEN (*pro hac vice*)
jeroen@blbglaw.com
KATHERINE M. SINDERSON (*pro hac vice*)
katiem@blbglaw.com
ABE ALEXANDER (*pro hac vice*)
abe.alexander@blbglaw.com

STIPULATED PROTECTIVE ORDER
CASE NO. 3:20-CV-06719-WHO                                        19

WILLIAM E. FREELAND (*pro hac vice*)
billy.freeland@blbglaw.com
THOMAS Z. SPERBER (*pro hac vice*)
thomas.sperber@blbglaw.com
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400

JONATHAN D. USLANER (Bar No. 256898)
jonathanu@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3470

*Counsel for Lead Plaintiff Arbejdsmarkedets Tillægspension and Lead Counsel for the Class*

**COOLEY LLP**

/s/ *draft*_____

JESSICA VALENZUELA SANTAMARIA (Bar No. 220934)
jvs@cooley.com
JOHN C. DWYER (Bar No. 136533)
dwyerjc@cooley.com
AMANDA A. MAIN (Bar No. 260814)
amain@cooley.com
3175 Hanover Street
Palo Alto, CA 94304-1130
Tel: (650) 843-5000
Fax: (650) 849-7400

*Counsel for Defendants BioMarin Pharmaceutical Inc., Jean-Jacques Bienaimé, and Henry J. Fuchs*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____  _____
United States District/Magistrate Judge

HONORABLE WILLIAM H. ORRICK
UNITED STATES DISTRICT JUDGE

**ATTESTATION (CIVIL LOCAL RULE 5-1(i)(3))**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the signatories.

Dated:  March 23, 2022

/s/ <mark>draft</mark>

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ [insert formal name of the case and the number and initials assigned to it by the court]*In re BioMarin Pharmaceutical Inc. Securities Litigation*, Case No. 3:20-CV-06719-WHO (N.D. Cal.).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____

[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____

22

STIPULATED PROTECTIVE ORDER
CASE NO. 3:20-CV-06719-WHO                                                                    22

Signature: _____

Document comparison by Workshare 10.0 on Wednesday, March 23, 2022 3:28:38 PM

| Input: | |
|---|---|
| Document 1 ID | file://C:\Users\thomas.sperber.MAILBLBG\Downloads\CAND_StandardProtOrd.Feb2022 (1).docx |
| Description | CAND_StandardProtOrd.Feb2022 (1) |
| Document 2 ID | file://C:\Users\thomas.sperber.MAILBLBG\OneDrive - BLB&G\Documents\BioMarin - Draft Protective Order (final draft).docx |
| Description | BioMarin - Draft Protective Order (final draft) |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 207 |
| Deletions | 78 |
| Moved from | 2 |
| Moved to | 2 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 289 |