COOLEY LLP
JOHN C. DWYER (136533)
(dwyerjc@cooley.com)
PATRICK E. GIBBS (183174)
(pgibbs@cooley.com)
AMANDA A. MAIN (260814)
(amain@cooley.com)
3175 Hanover Street
Palo Alto, California  94304-1130
Telephone:     +1 650 843 5000
Facsimile:      +1 650 849 7400

Attorneys for Defendants
BioMarin Pharmaceutical Inc., Jean-Jacques Bienaimé
and Henry J. Fuchs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re BioMarin Pharmaceutical Inc. Securities Litigation* | Case No. 3:20-cv-06719-WHO<br><br>**DEFENDANTS' OPPOSITION TO LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SCHEDULING ORDER REGARDING LEAD PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

**DFTS' OPP. TO LEAD PLF'S MTN FOR
SCHEDULING ORDER; 3:20-CV-06719-WHO**

# I. INTRODUCTION

After the parties agreed to two prior class certification schedules that ***Plaintiff*** asked to change because of its own discovery delays, Plaintiff now asks the Court to immediately set a briefing schedule while there remains pending a critical discovery dispute centered on class certification issues.

For nearly six months, Plaintiff has resisted important discovery relating to the information it relied on, and factors contributing to, its trades in BioMarin's stock—which is directly relevant to the reliance element of Plaintiff's Section 10(b) claim and class certification. (Declaration of Amanda A. Main filed concurrently herewith ("Main Decl.") at ¶ 2.)[1] While Defendants were prepared to raise this issue with the Court ten weeks ago, Plaintiff's counsel asked for additional time to discuss the matter with their client. (*Id*. at ¶ 16.) Despite Defendants' repeated follow-up, ***Plaintiff delayed six weeks***, until August 26, 2022, before finally stating it would produce software code for the algorithmic trading model it used to trade in BioMarin's stock, and nothing more. (*Id*. at ¶ 24.) Even then, Plaintiff refused to state when the code would be produced. (*Id*.) On September 7, 2022, Plaintiff produced 32 pages of indecipherable software code, and immediately demanded the parties set a class certification briefing schedule. (*Id*. at ¶¶ 2, 26.) Defendants reiterated (as made clear nearly two months before) that it was necessary for the Court to resolve the parties' dispute regarding discovery about Plaintiff's algorithmic trading model before the parties briefed class certification. (*Id*. at ¶ 25.) To date, the ***only*** substantive information provided by Plaintiff in response to the discovery requests consists of (1) a single, incomplete interrogatory response, (2) a presentation from 2019, and (3) 32 pages of computer code that purportedly represents the algorithm itself and would require an expert to decipher, if decipherable at all. (*Id*. at ¶ 2.) On September 23, 2022, the parties filed a joint statement regarding this discovery dispute (the "Discovery Dispute"). (ECF No. 97.)

In the meantime, in an apparent attempt to prejudice Defendants while continuing to withhold critical information relevant to class certification, Plaintiff filed the instant motion asking the Court to immediately set a briefing schedule, with its opening brief due within three (3) days,

---

[1] Exhibits in support of the Main Declaration are attached thereto.

on September 16—before Defendants' opposition to the instant motion is even due. Because the resolution of the Discovery Dispute will directly impact class certification briefing, Defendants believe the Court should defer setting a schedule until after it decides the Discovery Dispute. If the Court is inclined to set a schedule now, Defendants request that any order regarding the Discovery Dispute (ECF No. 97) require Plaintiff to provide such information by the deadline for Plaintiff's motion for class certification. With this in mind, Defendants proposed an alternative schedule in the Joint Case Management Statement filed of the same day as this Opposition, whereby Plaintiff would file its motion for class certification by October 17, 2022, Defendants would file their opposition by December 16, 2022, and Plaintiff would file its reply by February 14, 2023. Defendants reserve the right to seek a modification of the briefing schedule if Plaintiff continues to delay providing this critical discovery.

## II.    BACKGROUND

### A.    The Discovery Dispute

Since March 3, 2022, Defendants have asked Plaintiff to identify the information that it relied on, and the factors that contributed to, each of Plaintiff's trades in BioMarin stock. (Main Decl. at ¶ 2.) Plaintiff disclosed that its trades were conducted pursuant to an algorithmic trading model, but otherwise refused to respond to interrogatories on the ground they were vague and ambiguous in the context of its trading model. (*Id*.) In an effort to moot Plaintiff's ongoing objection, on May 27, 2022, Defendants served a second set of document requests and interrogatories, specifically seeking information about Plaintiff's algorithmic trading model, including the information considered, the factors that trigger trades, and the specific inputs and information that led to Plaintiff's trading in BioMarin stock during the class period. (*Id*.) Plaintiff responded to this discovery on June 27, 2022, and the parties met and conferred about Plaintiff's responses on July 15, 2022. (*Id*.) Although Defendants were prepared to raise the issue with the Court at that time given the history of the parties' discussions, Plaintiff's counsel asked for time to consult their client, and Defendants agreed in an effort to see if Court intervention could be avoided. (*Id*. at ¶ 16.) Plaintiff then ***delayed for six weeks***, until August 26, 2022, to finally confirm its position on the matters discussed during the July 15 meet and confer, stating it would produce the

algorithm but not provide any other information. (*Id*. at ¶ 2.) Plaintiff refused to answer repeated requests regarding when it intended to produce the algorithm, and ultimately produced the algorithm on September 7, 2022, as a 32-page printout of computer code. (*Id*.) The parties filed a joint statement regarding this Discovery Dispute on September 23, 2022 (ECF No. 97).

### B.   The Class Certification Briefing Schedule

The parties agreed in February 2022 that they would produce documents from their respective key custodians by June 3, 2022 and that Plaintiff would file its class certification motion by July 1, 2022. (ECF No. 87.) But in May 2022, Plaintiff denied that the June 3 deadline was mutual and refused to agree to a ***mutual*** deadline for the substantial completion of documents from key custodians, thereby attempting to impose a one-way deadline on Defendants while not committing to any deadline for its own production. (Main Decl. at ¶ 5.) Plaintiff eventually agreed that it would, in the coming weeks, commit to ***some*** deadline for the substantial completion of its document production from key custodians (though not the deadline they held Defendants to). (*Id.* at ¶¶ 5-10.) Between May and June, Defendants asked Plaintiff no less than seven times when it expected to produce documents from key custodians given the upcoming July 1 date for Plaintiff to file its class certification motion. (*Id*.) On June 26, 2022, in an effort to accommodate its own ongoing delay and its representative's availability (or lack thereof) for a future deposition, Plaintiff (***not*** Defendants) proposed to change the class certification briefing schedule. (*Id.* at ¶ 11.) The parties discussed alternative dates through the end of June and into July. (*Id*. at ¶¶ 11-15.) On July 14, 2022, the parties agreed Plaintiff would file its motion for class certification by August 15, 2022, so long as Plaintiff substantially completed its document production by that date. (*Id.* at ¶¶ 13-15.)

As discussed above, on July 15, 2022, the parties met and conferred regarding Plaintiff's refusal to produce documents and provide information regarding the algorithmic trading model that triggered Plaintiff's trading of BioMarin's stock. (*Id.* at ¶ 16.) While Defendants were prepared to raise the dispute with the Court at that time given past discussions, Plaintiff's counsel asked for additional time to discuss with their client who would return from vacation in early August, acknowledging that Plaintiff's delay may further push back the class certification schedule. (*Id*.)

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3

Weeks later, on August 5, 2022, Defendants asked when Plaintiff planned to provide its position on Defendants' second set of discovery and when it anticipated filing a motion for class certification. (*Id.* at ¶ 20.) Plaintiff responded on August 8, 2022 that it planned to file its motion for class certification on August 18, 2022, but was silent as to when it would provide its position on Defendants' second set of discovery. (*Id.* at ¶ 21.) At that point, given Plaintiff's continued delay and lack of transparency, Defendants made clear to Plaintiff that they needed to know what information Plaintiff planned to produce and when before agreeing to yet another class certification briefing schedule. (*Id.*)

On August 26, 2022, Plaintiff finally provided its position on Defendants' second set of discovery relating to Plaintiff's trading algorithm, stating that it would produce a copy of the computer code for its algorithmic trading model as it existed at the time of the trades, but nothing more. (*Id.* at ¶ 24.) Despite repeated requests, Plaintiff refused to state when it would produce the algorithmic code. (*Id.*) Two weeks later, on September 7, the parties met and conferred on numerous issues, including the class certification briefing schedule. (*Id.* at ¶ 25.) Plaintiff proposed to file its motion for class certification on September 16, which did not work for Defendants due to several pre-existing conflicts. (*Id.*) Defendants further explained that, given the inadequate information provided by Plaintiff regarding its algorithmic trading model and the relevance of such information to issues bearing on class certification, it was important for the Court to resolve the parties' dispute before Plaintiff files its class certification motion. (*Id.*) Nonetheless, in the spirit of cooperation and assuming the parties could work together to promptly raise the Discovery Dispute with the Court, Defendants asked Plaintiff's counsel if they would be amenable to filing a motion in early October (just two weeks after the date Plaintiff proposed). (*Id.*) But Plaintiff outright refused, stating they would compromise by no more than a few days. (*Id.*) Just days later, on September 13, 2022, Plaintiff filed the instant motion, demanding the Court set a class certification schedule beginning just three (3) days later, on September 16, 2022—and before Defendants' opposition to its motion would even be due. (*Id.* at ¶ 26.)

## III.    ARGUMENT

The Court should deny Plaintiff's motion to set its proposed class certification briefing schedule, because Defendants will suffer prejudice if forced to brief class certification without the relevant discovery at issue in the parties' Discovery Dispute.

To establish the reliance element of Plaintiff's Section 10b-5 claim, Plaintiff intends to invoke the fraud on the market presumption of reliance.  Importantly, that presumption is **rebuttable** and Defendants are entitled to rebut the presumption at the class certification stage.  *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 276 (2014) (requiring courts to consider evidence that may rebut the fraud on the market presumption of reliance at the class certification stage); *In re Finisar Corp. Sec. Litig.*, 2017 WL 6026244, at *9 (N.D. Cal. Dec. 5, 2017) (denying class certification where defendants rebutted the fraud on the market presumption of reliance).  "Any showing that severs the link between the alleged misrepresentation and either the price received (or paid) by the plaintiff, or his decision to trade at a fair market price, will be sufficient to rebut the presumption of reliance." *Basic Inc. v. Levinson*, 485 U.S. 224, 248 (1988); *GAMCO Invs., Inc. v. Vivendi, S.A.*, 927 F. Supp. 2d 88, 103 (S.D.N.Y. 2013) (holding that defendants rebutted presumption where plaintiffs used proprietary measure of value and market price was not the "motivating driving force" behind the investment decision), *aff'd sub nom.,* 838 F.3d 214 (2d Cir. 2016).  As set forth in the parties' joint statement regarding the Discovery Dispute, Defendants are entitled to know the specific information and inputs that caused the algorithmic trading model to trade BioMarin's stock in 2020, including the extent to which BioMarin's purportedly inflated stock prices impacted those trades, if at all—even if stock price was *a* factor.  *See GAMCO Invs.*, 927 F. Supp. 2d at 104 (rejecting argument that rebutting presumption required showing stock price played no part in decision-making process).  While Plaintiff produced the computer code for its algorithmic trading model during the relevant time frame, it has not provided the specific inputs and information that triggered each trade in BioMarin Stock.

Without such information bearing directly on class certification issues, Defendants will be prejudiced if forced to brief class certification without this discovery.  While Plaintiff argues that Defendants would typically have only 14 days to respond to their motion, suggesting that the 60-

day period for the opposition should alleviate any prejudice, this completely ignores that a lengthier briefing schedule is standard practice in securities class actions given the need for discovery, including often expert discovery, in between the filing of a motion for class certification and opposition. (*See* Mot. at 4:18-21.)[2]  To ensure a fair class certification briefing process, the Court should enter a briefing schedule after the Discovery Dispute is resolved or at the very least that takes into consideration the timing of information Plaintiff is ordered to produce, such that Plaintiff must produce the relevant discovery by the date it files its motion for class certification.

Plaintiff claims it will suffer substantial prejudice without an immediate class certification schedule, yet articulates no such prejudice. (*See* Mot. at 5:1-2.)  The only party that faces the risk of prejudice is Defendants and Plaintiff should not be permitted to benefit from its lengthy delay and evasive discovery tactics.  While Plaintiff asserts that "for nearly three months" Defendants "have refused" to negotiate a class certification briefing schedule, this is ***demonstrably false***. (*See* Mot. at 3:12-13.)  To begin, ***Plaintiff*** (not Defendant), asked to change the original briefing schedule due to its own delay in producing documents. (Main Decl. at ¶¶ 6-11, 17.)  The parties immediately discussed and then agreed on a ***second*** class certification schedule to start on August 15, 2022, which was again pushed back because of Plaintiff's continued delay. (*Id.*)  At the time the parties agreed to the second schedule, Defendants underscored the importance of resolving the parties' dispute over discovery regarding Plaintiff's algorithmic trading model before Plaintiff's motion for class certification was filed.  But Plaintiff's counsel asked Defendants to wait, so they could discuss with their client, acknowledging that those discussions could further delay the class certification briefing schedule. (*Id.* at ¶ 16.)  Plaintiff promised its final position on this discovery by early August, but failed to provide it or even a date certain when it would provide its position. (*Id.*)  At this point, on August 8, Defendants stated they needed to understand what information Plaintiff intended to provide relating to its trading model and when before Defendants could commit to a ***third*** briefing schedule. (*Id.* at ¶ 21.)  Plaintiff did not provide its position until August 26, when it said it would provide the computer code and nothing more, and did not produce that code

---

[2] Plaintiff failed to include page numbers in its motion, so Defendants are referencing the ECF page numbers in the header of Plaintiff's brief.

until September 7, nearly ***two months*** after the July 15 meet and confer.[3]  (*Id.* at ¶¶ 2, 24.)

## IV.    CONCLUSION

For these reasons, the Court should deny Plaintiff's proposed class certification briefing schedule (which has in part already passed) and set a schedule that takes into consideration the Court's ruling on the Discovery Dispute.  Defendants are willing to agree to the class certification schedule they proposed in the parties' Joint Case Management Statement, so long as the critical discovery at issue in the Discovery Dispute is produced by October 17.  Should Plaintiff to continue to delay in providing this important discovery, Defendants reserve the right to seek an extension for filing their opposition if needed.

Dated: September 27, 2022                          COOLEY LLP


                                                   By: */s/ Patrick E. Gibbs*
                                                        Patrick E. Gibbs

                                                   Attorneys for Defendants
                                                   BioMarin Pharmaceutical Inc., Jean-Jacques
                                                   Bienaimé and Henry J. Fuchs

---

[3] Plaintiff cites self-serving letters to claim that Defendants used the absence of a class certification schedule to conduct limitless discovery and serve interrogatories by letter.  Not so.  The letters Defendants wrote did not make new requests, they identified the deficiencies in Plaintiff's responses and productions.  In fact, Plaintiff specifically asked that Defendants send a letter (which Sinderson Decl. Ex. B responds to) to identify the significant gaps in their discovery responses.