COOLEY LLP
JOHN C. DWYER (136533)
(dwyerjc@cooley.com)
PATRICK E. GIBBS (183174)
(pgibbs@cooley.com)
AMANDA A. MAIN (260814)
(amain@cooley.com)
3175 Hanover Street
Palo Alto, California  94304-1130
Telephone:     +1 650 843 5000
Facsimile:      +1 650 849 7400

Attorneys for Defendants
BioMarin Pharmaceutical Inc., Jean-Jacques Bienaimé
and Henry J. Fuchs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re BioMarin Pharmaceutical Inc. Securities Litigation* | Case No. 3:20-cv-06719-WHO<br><br>**DECLARATION OF AMANDA A. MAIN IN SUPPORT OF DEFENDANTS' OPPOSITION TO LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SCHEDULING ORDER REGARDING LEAD PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

MAIN DECL. ISO DFTS' OPP. TO LEAD PLF'S
MTN FOR SCHEDULING ORDER;
3:20-CV-06719-WHO

I, Amanda A. Main, declare as follows:

1.     I am an attorney duly admitted to practice before this Court.  I am a partner at the law firm of Cooley LLP, counsel for Defendants BioMarin Pharmaceutical Inc., Jean-Jacques Bienaimé and Henry J. Fuchs ("Defendants").  I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify to them.

2.     On March 3, 2022, Defendants served discovery on Plaintiff, including interrogatories regarding the information relied on, and the factors that contributed to, Plaintiff's trading of BioMarin stock.  On April 4, 2020, Plaintiff responded to one interrogatory that its trades were conducted pursuant to an algorithmic trading model.  The parties met and conferred on Plaintiff's interrogatory responses and Plaintiff insisted that the requests were vague and ambiguous in the context of Plaintiff's trading model.  While continuing to meet and confer on this issue, in an effort to moot Plaintiff's objection, on May 27, 2022, Defendants served a second set of document requests and interrogatories specifically seeking information about Plaintiff's algorithmic trading model, including the information considered, the factors that trigger trades, and the specific inputs and information that led to Plaintiff's trading in BioMarin stock during the class period.  Plaintiff responded to this discovery on June 27, 2022, and as discussed further below, the parties met and conferred about Plaintiff's responses on July 15, 2022, by video conference attended by lead counsel for the parties.  *Plaintiff then delayed for six weeks*, until August 26, 2022, to finally confirm its position on the matters discussed during the July 15 meet and confer, stating it would produce its algorithm but not provide any other information.  Although Plaintiff refused to answer my repeated requests regarding *when* it intended to produce the algorithm, Plaintiff ultimately produced the algorithm on September 7, 2022, as a 32-page printout of computer code, and a 2019 presentation regarding the algorithmic trading model.  The parties filed a joint statement regarding this discovery dispute on September 23, 2022 (the "Discovery Dispute").  (ECF No. 97.)

3.     While the Discovery Dispute was coming to a head, and as the parties were meeting and conferring about other matters, the parties discussed the timing of their forthcoming document productions, especially considering the briefing schedule they previously discussed relating to class certification.

Cooley LLP
Attorneys at Law
Palo Alto

2

Main Decl. ISO Dfts' Opp. to Lead Plf's
Mtn for Scheduling Order;
3:20-cv-06719-WHO

4.      On May 20, 2022, Plaintiff's counsel sent an email to me, representing that she did "not see any barrier to substantially completing Lead Plaintiff's custodial document production . . . soon after the parties complete their negotiations over the scope of production and search terms." A true and correct copy of an email thread between counsel for the parties between May 16, 2022 and August 16, 2022, including the May 20 email, is attached as **Exhibit A**.

5.      On May 24, 2022, I met and conferred by videoconference with Plaintiff's counsel. During that conference, Plaintiff refused to agree to a **mutual** deadline for the substantial completion of the parties' respective document productions from key custodians, attempting to impose a one-way deadline on Defendants while not committing to any deadline for Plaintiff's own production.  (*See* **Exhibit A**.)

6.      On May 26, 2022, I sent an email to Plaintiff's counsel regarding our May 24 conference, stating that Defendants would agree to produce certain documents by June 17 but Plaintiff also needed to commit to produce documents by a specific date and within a reasonable timeframe considering the class certification briefing schedule previously discussed.  (*Id.* at 20.)

7.      On May 27, 2022, Plaintiff's counsel agreed to provide a date by which Plaintiff would substantially complete its document production "next week" and also provide an update if there were any delays. (*Id*. at 19.)  The following week came and went.  (*Id.* at 17-18.)  Plaintiff's counsel never confirmed a specific date for its forthcoming document production or provide any explanation regarding their delay.  (*Id.*)

8.      On June 7, 2022, I again emailed Plaintiff's counsel, asking for the date by which Plaintiff would substantially complete its document production for key custodians.  (*Id.* at 17.)  Plaintiff's counsel again did not respond.  (*Id.*)

9.      On June 15, 2022, and after sending two prior emails that Plaintiff's counsel ignored, I emailed Plaintiff's counsel once more, again asking for the date by which Plaintiff would substantially complete its document production for key custodians.  (*Id.*)  Plaintiff's counsel finally responded, stating that they hoped to have more information "early next week." (*Id.* at 16.)  But Plaintiff did not follow-up with any additional information the following week.  (*Id.* at 15.)

Cooley LLP
Attorneys at Law
Palo Alto

3

Main Decl. ISO Dfts' Opp. to Lead Plf's
Mtn for Scheduling Order;
3:20-cv-06719-WHO

10.     On June 24, 2022, given Plaintiff's failure to provide the promised information yet again, I followed up with Plaintiff's counsel, explaining that we initially expected to receive a date certain for Plaintiff's substantial completion of documents from key custodians by June 3, and that Defendants committed to produce certain documents by June 17 with the understanding that Plaintiff would commit to a specific date for its own production considering the class certification briefing schedule the parties previously discussed.  (*Id.*)  I reiterated Defendants' concern that Plaintiff would produce documents at the last minute before filing its motion for class certification in an attempt to sandbag Defendants.  (*Id.*)

11.     On June 26, 2022, in an effort to accommodate their own delay and their client's availability (or lack thereof) for a deposition, Plaintiff's counsel (*not* Defendants) proposed that the parties change the class certification briefing schedule previously discussed.  (*Id.*)  Specifically, Plaintiff's counsel suggested that it file its motion two weeks later on July 15 (instead of July 1), with Defendants' opposition due September 13.  (*Id.*)

12.     On June 28, 2022, my colleague emailed Plaintiff's counsel, copying me, stating that the new schedule Plaintiff proposed would not work for Defendants and suggested Plaintiff instead file its motion on July 29, with Defendants' opposition due October 7.  A true and correct copy of an email thread between counsel for the parties between May 16, 2022 and July 14, 2022, including the June 28 email, is attached as **Exhibit B**.

13.     On July 1, 2022, Plaintiff's counsel responded that a July 29 deadline was unworkable for them and proposed that Plaintiff instead file its motion just over two weeks later on August 15, with Defendants' opposition due October 14.  (**Exhibit B** at 1.)

14.     On July 5, 2022, given that we still had not received a date by which Plaintiff would substantially complete its document production from key custodians, I emailed Plaintiff's counsel for an update on the anticipated timing of Plaintiff's production.  (**Exhibit A** at 14.)  Plaintiff was unable to provide a definitive date.  (*Id.*)

15.     On July 14, 2022, my colleague emailed Plaintiff's counsel, copying me, and confirmed that Defendants would agree to the class certification briefing schedule proposed by

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4

MAIN DECL. ISO DFTS' OPP. TO LEAD PLF'S
MTN FOR SCHEDULING ORDER;
3:20-CV-06719-WHO

Plaintiff on July 1, so long as Plaintiff substantially completed its document production before the filing of its motion for class certification. (**Exhibit B** at 1.)

16. On July 15, 2022, I attended a videoconference whereby the parties met and conferred regarding Plaintiff's refusal to produce documents and provide information regarding the algorithmic trading model that triggered Plaintiff's trading of BioMarin's stock. While Defendants were prepared to raise this important dispute with the Court at this time, Plaintiff's counsel asked for additional time to discuss the Discovery Dispute with their client, though stated they would not be able to provide Plaintiff's position until early August, when their client returns from vacation. Plaintiff's counsel acknowledged that discussions with its client could further delay the class certification briefing schedule.

17. On July 19, 2022, Plaintiff purported to substantially complete its email production, producing only 10 emails collected from a single custodian, all of which appeared to be mass e-mailed analyst notes. (*See* **Exhibit A** at 7.)

18. On July 26, 2022 (pacific time), I asked Plaintiff to confirm its production was complete and also its position that it would not search the Danish version of any search terms despite that Plaintiff is located in Demark and the custodians communicated in Danish, and that Plaintiff would not search for documents responsive to Defendants' second set of document requests relating to Plaintiff's use of the algorithmic trading model to trade BioMarin's stock. (*Id.*)

19. On August 3, 2022, Plaintiff's counsel responded that its production was not complete and it now expected to complete its production by the end of the following week. (*Id.* at 6-7.)

20. On August 5, 2022 (pacific time), still having not received Plaintiff's position on Defendants' discovery regarding Plaintiff's algorithmic trading model, my colleague emailed Plaintiff's counsel, copying me, regarding the schedule for briefing class certification. A true and correct copy of an email thread between counsel for the parties between July 22, 2022 and August 8, 2022, including the August 5 email, is attached as **Exhibit C**.

21. On August 8, 2022, Plaintiff's counsel responded that they planned to file Plaintiff's motion for class certification on August 18, with Defendants' opposition due on October 17, and

asked us to confirm this was acceptable, but was silent as to when it would provide its position on Defendants' second set of discovery.  (**Exhibit C** at 1.)  My colleague responded that same day, copying me, reiterating that Plaintiff still had not provided its position as to what Plaintiff would agree to provide in response to Defendants' second set of discovery relating to Plaintiff's trading model, much less when such information would be provided. (*Id.)*  We explained that Defendants needed to understand what information Plaintiff intended to provide and when before Defendants could commit to a class certification briefing schedule.  (*Id.*)

22.     On August 16, 2022, I emailed Plaintiff's counsel, stating that we were ***still waiting*** for Plaintiff's position on the second set of discovery requests that was propounded months ago, and about which the parties had met and conferred on July 15.  (**Exhibit A** at 1-2.)

23.     On August 19, 2022, the parties again met and conferred by videoconference on a number of issues, including the class certification briefing schedule.  During that call, and still having not provided its position on Defendants' second set of discovery, Plaintiff proposed to file its motion for class certification on August 31, with Defendants' opposition due October 31.  We reiterated that Defendants could not commit to a schedule until Plaintiff provided its position on discovery that is relevant to class certification and which had been outstanding for months.

24.     On August 26, 2022, Plaintiff finally provided its position on Defendants' second set of discovery, stating that it would produce a copy of the computer code for its algorithmic trading model, but nothing more.  I asked Plaintiff's counsel multiple times to state when it intended to produce the algorithm, but Plaintiff refused to provide any information on the anticipated timing of its production or otherwise about the algorithm.  A true and correct copy of an email thread between counsel for the parties between August 26, 2022 and August 29, 2022, including the August 26 email, is attached as **Exhibit D.**

25.     On September 7, 2022, the parties again met and conferred by videoconference on numerous issues, including the class certification briefing schedule.  Plaintiff proposed to file its motion on September 16, which I explained would not work for Defendants due to numerous pre-existing conflicts.  I also explained that, given the inadequate information provided by Plaintiff regarding its algorithmic trading model and the relevance of such information to issues bearing on

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

6

MAIN DECL. ISO DFTS' OPP. TO LEAD PLF'S
MTN FOR SCHEDULING ORDER;
3:20-CV-06719-WHO

class certification, it was important for the Court to resolve the parties' dispute before Plaintiff files its class certification motion.  When I asked Plaintiff's counsel if they would be amenable to filing an opening brief in early October (just two weeks after the date Plaintiff proposed), in the spirit of cooperation and assuming the parties could work together to promptly file a joint statement with the Court concerning the parties' Discovery Dispute, Plaintiff outright refused, stating they would compromise by no more than a few days.  A true and correct copy of an email thread between counsel for the parties regarding this meet and confer, between September 8, 2022 and September 12, 2022, is attached as **Exhibit E.**

26.    On September 13, Plaintiff filed its motion for a scheduling order regarding Lead Plaintiff's Motion for Class Certification asking the Court to set a class certification briefing schedule beginning just three (3) days later, on September 16, 2022—before Defendants' opposition to Plaintiff's motion would even be due.  (ECF No. 94)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 27, 2022 at San Jose, California.

_/s/ Amanda A. Main_
Amanda A. Main

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

MAIN DECL. ISO DFTS' OPP. TO LEAD PLF'S
MTN FOR SCHEDULING ORDER;
3:20-CV-06719-WHO