# EXHIBIT A

## Simmons, Amie

| | |
|---|---|
| **From:** | Main, Amanda |
| **Sent:** | Tuesday, August 16, 2022 10:28 AM |
| **To:** | Katie M. Sinderson; De Jarnette, Brett; Simmons, Amie; Walden, Josh; Gibbs, Patrick |
| **Cc:** | Salvatore Graziano; Abe Alexander; Thomas Sperber; Billy Freeland |
| **Subject:** | RE: BioMarin - RFP Response Dispute |

Billy, Katie:

I am following up on your emails below.

Defendants' Document Production:  we likely will have substantially completed our production by September 29.  We have produced some centrally-stored documents (including potentially relevant portions of the regulatory file, which you conveniently fail to mention in your self-serving summary below) and we plan to produce other centrally-stored documents.  We will also be producing additional emails involving the individual defendants (which are mostly the result of new search terms Plaintiff insisted we apply), along with emails from some additional custodians, likely early next week.  While you are quick to criticize the pace of Defendants' document production, if we produced documents at the same pace as Plaintiff, discovery would drag on for a decade.

Plaintiff's Document Production:  you previously stated that you expected Plaintiff would complete its production by the end of last week.  Please confirm that, with the production of the few documents we received last week, Plaintiff's production is complete.

Shannon Utter / Marty Richard:  We have reviewed Shannon Utter and Marty Richard's correspondence with Greenleaf and determined that reviewing their emails would be duplicative, unduly burdensome, and disproportionate to the needs of this case.  Shannon Utter and Marty Richard appeared on *only* 3 documents in Greenleaf's production that were part of a single thread of email correspondence between BioMarin and Greenleaf (GLBM_0000883, GLBM_0001395, GLBM_0001401).  This correspondence was forwarded to at least 7 BioMarin custodians and discussed internally, and thus have largely been produced (*see* BMRN-ATP_0043656, BMRN-ATP_0043635, BMRN-ATP_0043614) or will be produced, along with BioMarin's internal communications regarding that correspondence.

Further, Shannon Utter and Marty Richard had tangential roles, and their responsibilities spanned many aspects of global compliance, many of which are unrelated to manufacturing, let alone the inspection of the Leveroni facility for the Roctavian BLA.  Thus we would expect that most of their emails would be non-responsive.  At Plaintiff's insistence, we have applied hundreds of overbroad search terms to our custodians' emails.  Of the documents we have reviewed from other custodians that involve Shannon Utter and Marty Richards, the vast majority were non-responsive (approximately 75%).  We would expect that number to significantly increase if applied to emails not involving any of the current custodians.  For all of these reasons, the single email thread produced by Greenleaf does not justify searching Ms. Utter's or Mr. Richards' emails.

BMN 270 Task Force:  You ask whether Defendants identified the members of the task force in their interrogatory responses or Rule 26(a) disclosure.  It seems that Plaintiff could answer this question itself by cross-referencing the names of the task force members with those identified in the interrogatory responses and Rule 26(a) disclosure, so I do not understand why you are posing the question to us.  Plaintiff propounded interrogatories and Defendants answered them.

You now also appear to request that we add all members of the task force as custodians, providing no justification as to why Defendants should be required to incur the costs of collecting, processing, and searching the emails of *every* single task force member.  We will consider your request and let you know our position later this week.

<u>Class Certification Schedule</u>: we are still waiting for Plaintiff's position on discovery we propounded in May—almost three months ago.  We met and conferred on July 15 and followed up with a letter on July 22, and Plaintiff still has not stated what it will agree to produce and when.  As you know, we have made clear that we believe it is imperative that we receive this discovery *before* class certification briefing.  Plaintiff's delay is the reason the parties have not been able to settle on a briefing schedule.

I will circle back regarding our team's availability for a meet and confer.  Please succinctly identify the issues you would like to discuss.  We would like to discuss Plaintiff's search for responsive material (including its unwillingness to search for the Danish equivalent of any search terms although its custodians communicate in Danish and to search for the additional terms we suggested on July 8 or propose alternative terms).

Sincerely,
Amanda

Amanda A. Main
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
+1 650 843 5914 office
+1 650 849 7400 fax
amain@cooley.com

---

**From:** Katie M. Sinderson <KatieM@blbglaw.com>
**Sent:** Tuesday, August 16, 2022 8:22 AM
**To:** Main, Amanda <amain@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Simmons, Amie <asimmons@cooley.com>; Walden, Josh <jwalden@cooley.com>; Gibbs, Patrick <pgibbs@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>
**Subject:** RE: BioMarin - RFP Response Dispute

**[External]**

---

Amanda, we can have a call at 3 or 4 pm EST on Wednesday; or 4pm EST Thursday.

---

**From:** Main, Amanda <amain@cooley.com>
**Sent:** Monday, August 15, 2022 6:48 PM
**To:** Katie M. Sinderson <KatieM@blbglaw.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Simmons, Amie <asimmons@cooley.com>; Walden, Josh <jwalden@cooley.com>; Gibbs, Patrick <pgibbs@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>
**Subject:** RE: BioMarin - RFP Response Dispute

**[External]**

---

Katie,

As stated in my email below, I was out of the office last week.  I will respond further to Billy's email, but in the meantime wanted to let you know that we are not available at 3pm EST on Tuesday.  Please provide a few alternative times.

Amanda A. Main
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
+1 650 843 5914 office
+1 650 849 7400 fax

amain@cooley.com

---

**From:** Katie M. Sinderson <KatieM@blbglaw.com>
**Sent:** Sunday, August 14, 2022 4:09 AM
**To:** Main, Amanda <amain@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Simmons, Amie <asimmons@cooley.com>; Verdin, Hazel <hverdin@cooley.com>; Walden, Josh <jwalden@cooley.com>; Gibbs, Patrick <pgibbs@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>
**Subject:** RE: BioMarin - RFP Response Dispute

**[External]**

---

Counsel, you ignored our request below for a meet and confer and to confirm the class certification schedule. We are available at 3pm EST on Tuesday to discuss these issues. Please let us know whether Defendants are available or whether you decline to meet and confer, in which case we will be forced to seek Court assistance to resolve these issues.

---

**From:** Billy Freeland <Billy.Freeland@blbglaw.com>
**Sent:** Tuesday, August 9, 2022 12:37 PM
**To:** Main, Amanda <amain@cooley.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Katie M. Sinderson <KatieM@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Verdin, Hazel <hverdin@cooley.com>; Gibbs, Patrick <pgibbs@cooley.com>; Walden, Josh <jwalden@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>
**Subject:** RE: BioMarin - RFP Response Dispute

Amanda,

With respect to raising these issues with the Court, we are still required to have a final meet and confer on these topics before doing so. We think it would be most efficient to meet and confer with lead counsel on those two issues, plus several other issues where we believe we are at an impasse or require answers to:

1. Whether Defendants will meet their own proposed substantial completion deadline of September 29, 2022;
2. Whether Defendants will add Shannon Utter and Marty Richard as custodians;
3. Whether Defendants have identified the members of the BMN 270 FDA Escalation Task Force in your interrogatory responses or Rule 26(a) disclosure;
4. Whether Defendants will add the members of the BMN 270 FDA Escalation Task Force as custodians;
5. What is the status of your production of centrally-stored documents and documents where the Individual Defendants are custodians?

We understand that you are out of the office through this week, but if Patrick is available, we are free Thursday, August 11 for the final meet and confer.

The rest of your email is very troubling and, notably, while lengthy, does not answer any of our questions.

***First***, you do not seem at all focused on meeting your discovery obligations. We served our document requests on January 25; you responded on February 28, and the parties met and conferred starting in March and concluding in May. You agreed to twelve custodians on May 17 (adding an additional custodian on May 20). And it was on May 17 that you also first suggested search terms and shared that you were "currently reviewing" emails for all of your proposed custodians. ***Please clarify: were you gathering and reviewing emails using the terms in your May 17 letter?***

3

Over that time—including the twelve weeks since your letter said you were reviewing emails for those custodians—Plaintiff has substantially completed document production.  Despite the fact that Defendants took months to propose search terms, we expect to complete our production by the end of this week.  By contrast, Defendants committed to the substantial completion of regulatory documents and documents from the Individual Defendants by June 17, as well as the substantial completion of documents from all custodians by September 29, yet to date have produced a mere 5,751 documents from a fraction of your custodians, plus a handful of insurance policies and 103 largely public documents.  That production occurred nearly two months ago, despite Plaintiff having served document requests in January and Defendants having repeatedly told us that you were bulk-collecting emails and beginning term-driven ESI collection months ago.

When we wrote that you have only produced a single volume of documents, we did not think it necessary to note that you produced (1) one volume of insurance policies (which Rule 26(a) requires "without awaiting a discovery request"); (2) a second volume comprised of two insurance policies, to correct the deficiency of your first production; and (3) a collection of mostly publicly available documents—analyst reports, SEC filings, conference call transcripts—plus two organizational charts.  None of these trivial productions bear on your obligation to substantially complete document production from your regulatory file and custodians.  And as to the centrally-stored documents, perhaps you misunderstood our point, which is that it appears that many such documents, which are readily accessible, do not seem to have been produced yet.  As far as we can tell, you produced just 209 documents with "BioMarin" as the custodian (excluding insurance policies, analyst reports, and the org charts).  ***Are you representing that this is the extent of your production from centrally located regulatory files?***  If not, please confirm how many more documents we can expect to be produced from such files.

***Second***, you failed to respond to the following:

- We asked about Shannon Utter and Marty Richard as custodians on July 15.  That day, you said you would consider our request.  On August 3, we asked once again.  You did not provide an answer; you only responded that you would "address" the request in response to another email thread.  That is not an answer, and after more than three weeks, we expect one.  ***Will you add Utter and Richard as custodians?***
- We also asked on July 15 whether all members of the BMN 270 FDA Escalation Task Force were disclosed in your interrogatory responses.  You responded not with an answer, but with a question as to which interrogatory we were referring and stated that you "don't believe" any of our interrogatories specifically requested that information.  To be clear, our question is not whether our interrogatories requested it; the question is whether all of the task force members were disclosed in the interrogatory responses.  On August 3, we asked whether the task force members were also disclosed in your initial disclosures and whether you would add them as custodians.  You replied that you "already responded," but your response was not an *answer*.  ***Once again, we ask: (1) were all of the BMN 270 FDA Escalation Task Force members disclosed in your interrogatory responses and initial disclosures? (2) Will you add the BMN 270 FDA Escalation Task Force members as custodians?***
- We asked you to provide your anticipated timeline for producing documents over the next month and a half.  You responded that you "expect to produce additional documents in the next couple of weeks."  This is vague both as to the scope of production and timing.  You also state that you can provide an update in a few weeks, but it appears that your update will not include a definitive date for the substantial completion of Defendants' document production.  ***Are Defendants no longer able to substantially complete document production by September 29 and what is your plan going forward to begin substantial document production?***

***Finally***, your email suggests you want to have it both ways.  On the one hand, you refuse to provide a definitive date for when you will substantially complete your document production.  On the other hand, Brett's email yesterday suggests that Defendants cannot even *agree* to a class certification schedule without certainty that Plaintiff will complete document production before the filing of its opening brief.  This is not just a double standard, it is an overt moving of the goalposts.  For example, Brett's July 14 email requested that we "substantially" complete our "document productions" before moving for class certification.  We plan to do so.  You now add "and information" to your request, which we can only surmise is meant to include our responses to your ever-evolving interrogatories.  There is no reason to delay

moving for class certification any longer, particularly given that Defendants will still have 60 days under the current schedule to craft their opposition.

***Is it Defendants' position that you cannot agree to a class certification schedule without having in hand all information you have requested?***  That would be an extraordinary ask and odd, given that you propounded document requests for which responses and objections are not due until August 21 (six days after the class certification deadline you tentatively agreed to).

Please provide your availability for a final meet and confer on the parties' disputes*.*

Best,
Billy

**William E. Freeland**
Associate



---

**From:** Main, Amanda <amain@cooley.com>
**Sent:** Saturday, August 6, 2022 12:45 PM
**To:** Billy Freeland <Billy.Freeland@blbglaw.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Katie M. Sinderson <KatieM@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Verdin, Hazel <hverdin@cooley.com>; Gibbs, Patrick <pgibbs@cooley.com>; Walden, Josh <jwalden@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>
**Subject:** RE: BioMarin - RFP Response Dispute

[External]

---

Billy,

Thank you for confirming that Plaintiff is unwilling to search for the Danish version of any search terms even though its custodians communicate in Danish and that Plaintiff is unwilling to search for any of the additional search terms we suggested on July 8 or propose alternative terms.  We intend to raise these issues with the Court.

My response to your team's July 20 email is below.  I am out of the office through next week, but we expect to produce additional documents in the next couple of weeks.  Unlike Plaintiff, Defendants have shouldered a substantial burden in reviewing potential documents for discovery, which has been exacerbated by Plaintiff's demand that we apply *hundreds* of overbroad search terms and steadfast unwillingness to compromise.  Regardless of when Plaintiff served its discovery requests, the parties did not complete their meet and confer until May.  You blatantly misstate that we have produced only a single volume of documents and no documents from the regulatory file – when we have in fact produced *four* volumes of documents, *including* potentially relevant portions of the regulatory file.  If you are going to write an accusatory and obnoxious email, get your facts straight.

The timeline for our document review and production, as stated below, has been complicated and extended by Plaintiff's insistence that we apply hundreds of additional overbroad search terms.  I do not have a definitive date for the substantial completion of Defendants' document production but can give you an update in a few weeks.

We will address your request to add Shannon Utter and Marty Richard as custodians in response to the relevant email thread.  Plaintiff never requested that we add all members of the task force as custodians.  And I

5

already responded to Tom's question as to whether we identified the members of the task force in Defendants' interrogatory responses or Rule 26(a) disclosures.

Sincerely,
Amanda

Amanda A. Main
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
+1 650 843 5914 office
+1 650 849 7400 fax
amain@cooley.com

---

**From:** Billy Freeland <Billy.Freeland@blbglaw.com>
**Sent:** Wednesday, August 3, 2022 6:27 PM
**To:** Main, Amanda <amain@cooley.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Katie M. Sinderson <KatieM@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Verdin, Hazel <hverdin@cooley.com>; Gibbs, Patrick <pgibbs@cooley.com>; Walden, Josh <jwalden@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>
**Subject:** RE: BioMarin - RFP Response Dispute

**[External]**

---

Amanda,

You have still not responded to our July 20 query about the inexplicable months-long delay in BioMarin's "rolling" production of documents, nor have you provided us with the date of your next installment.  As you have frequently (and baselessly) accused us of dragging our feet on discovery, we are surprised by your apparent indifference to the glacial pace of your own document production.  Plaintiff served its document requests *seven months* ago, but to date, Defendants have produced only a single volume of documents, comprised of emails from, essentially, just two of thirteen agreed individual custodians.  That was nearly two months ago.  This delay is even more baffling in light of your repeated claims that Defendants have supposedly done far more than Plaintiff to expedite document production, including bulk collecting email and beginning term-driven ESI collection months ago.  Why then is BioMarin's document production so delinquent?  Indeed, you have not even produced centrally-stored documents, like the valrox BLA file, that are readily accessible and can be collected without the need for any keyword search.

Defendants' own proposed date for substantial completion of document production is September 29, 2022.  We assume you intend to honor your commitment to complete document production by that date; please provide with us with your anticipated timeline for producing documents over the next month and a half. We also require answers to basic questions we have asked about the scope of your production. Will you add Shannon Utter, Marty Richard, and the members of the FDA Escalation Task Force as custodians? Please also let us know whether you have identified the members of the Task Force in any of your interrogatory responses or your Rule 26(a) disclosures.

As to Plaintiff's document production, unlike you, we quickly proposed search terms (one month after you served document requests; by contrast, you took four months to propose search terms) and acceded to virtually of your additional proposed terms, notwithstanding their overbreadth.  We told you from the outset that ATP would have very few documents relating to BioMarin.  This is not at all unusual in securities litigation; even less so here, given ATP's trading process.  Nevertheless, we have reviewed and continue to review thousands of documents.  Because your proposed terms are so imprecise, the resulting responsiveness rates are in the low single digits.  Thus, because of our desire to accommodate your discovery requests, we have done far more work than you may realize.  We expect to complete our production by the end of next week.

6

We have already responded to your recent request that we now translate all of your proposed search terms into Danish and run them.  As discussed, the expansive terms we have agreed to run – and have run – do not require translation.  These terms – which include "BioMarin, "Fuchs,," "Biename," "BMRN," "valrox," and BioMarin's CUSIP – are more than adequate to cull responsive Danish documents actually relevant to the claims and defenses in this case.  Your proposed terms, by contrast, yielded virtually no responsive documents in the substantial set of ATP's English language documents.  We have no reason to believe that running Danish equivalents of these overbroad and irrelevant terms will be any more fruitful.  We decline to assume that undue burden.

As we have already made clear, we will not run your latest set of proposed search strings.  Again, the terms you propose are grossly overbroad and not at all designed to target documents actually related to this case, let alone documents you have requested and we have agreed to produce.  As discussed above, we have already applied exceedingly broad search terms and believe we have collected all of the documents we are required to produce.

Best,
Billy

**William E. Freeland**
Associate



---

**From:** Main, Amanda <amain@cooley.com>
**Sent:** Wednesday, July 27, 2022 12:08 AM
**To:** Thomas Sperber <Thomas.Sperber@blbglaw.com>; Katie M. Sinderson <KatieM@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>; Verdin, Hazel <hverdin@cooley.com>; Gibbs, Patrick <pgibbs@cooley.com>; Walden, Josh <jwalden@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>
**Subject:** RE: BioMarin - RFP Response Dispute

[External]

---

Hi Tom,

I write to follow-up regarding Plaintiff's email production and search for responsive documents.  My understanding was that Plaintiff was going to substantially complete its email production last week, but Plaintiff's production last week consisted of only **10 documents**, all of which appear to be email analyst notes sent to a single custodian, Claus Berner Møller.  There were no emails involving Torben Christensen or Christian Kjær.  I cannot imagine this is the extent of Plaintiff's email production but we ask for your prompt clarification on this.

Also, to confirm Plaintiff's position, Plaintiff is unwilling to search for the Danish version of any search terms (even if the custodians communicated in Danish) –correct?  Do Plaintiff's custodians communicate via email in Danish or receive documents via email in Danish?

Additionally, please confirm Plaintiff is also unwilling to apply any of the additional search terms we suggested in my July 8 email or propose alternative terms – correct?

With respect to the privilege log, I can assure you that I don't need you to school me on the requirements of Rule 26.  Plaintiff's shifting positions are the cause of any confusion, which is why I asked you to clearly state what you are now proposing.  We can agree that neither party needs to log privileged documents post-dating the filing of the initial complaint.

Finally, we are working to identify a subset of documents that we can finalize and produce, but the process has been made much more complicated by Plaintiff's repeated and ongoing demand for hundreds of overbroad search terms.  Given that it took Plaintiff months to produce 10 emails, I hope you can understand that the process is much more time-consuming and complex when dealing with many thousands of documents and that the process is delayed and disrupted as new search terms are applied for existing custodians.  You asked that we confirm that our next production "will reflect the search parameters we've agreed to so far" – I don't understand what you are asking, can you please clarify?


Sincerely,
Amanda

Amanda A. Main
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
+1 650 843 5914 office
+1 650 849 7400 fax
amain@cooley.com

---

**From:** Thomas Sperber <Thomas.Sperber@blbglaw.com>
**Sent:** Wednesday, July 20, 2022 6:01 PM
**To:** Main, Amanda <amain@cooley.com>; Katie M. Sinderson <KatieM@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>; Verdin, Hazel <hverdin@cooley.com>; Gibbs, Patrick <pgibbs@cooley.com>; Walden, Josh <jwalden@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>
**Subject:** RE: BioMarin - RFP Response Dispute


**[External]**

---

Amanda,

We fully expect that the existing search terms will capture relevant and responsive documents sufficient to satisfy our discovery obligations. As to the ESI Protocol provision governing privilege logs, perhaps something is getting lost in translation.  We are proposing that the parties log responsive documents over which they claim any privilege or immunity from discovery—as required by Rule 26—except for documents post-dating the filing of the initial complaint. Do Defendants object to logging claimed privileged documents—as again is required by Rule 26—prior to that date?

Additionally, it has been over one month since Defendants' last document production. When can we expect your next production? Please confirm that your next production will reflect the search parameters we've agreed to so far.

Thanks,
Tom

---

**From:** Main, Amanda <amain@cooley.com>
**Sent:** Monday, July 11, 2022 7:14 PM
**To:** Thomas Sperber <Thomas.Sperber@blbglaw.com>; Katie M. Sinderson <KatieM@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>; Verdin, Hazel <hverdin@cooley.com>; Gibbs, Patrick <pgibbs@cooley.com>; Walden, Josh <jwalden@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>
**Subject:** RE: BioMarin - RFP Response Dispute


**[External]**

---

Tom,

**First**, with respect to Plaintiff's email collection, it's unclear how the "160 separate Sharepoint sites" maintained by your client are relevant to the analysis.  Our understanding was that Plaintiff only identified three email custodians and we still have no date as to when Plaintiff will have substantially completed its production of emails from its three primary custodians.  This one-way discovery is prejudicial to Defendants.

**Second**, if there are Danish equivalents for search terms, it is Plaintiff's obligation to search them given Plaintiff's unique knowledge regarding the extent to which emails and attachments may be in a language other than English.  To confirm, Plaintiff does not intend to run the Danish equivalent for any of its search terms, so that it will produce documents in Danish when it suits Plaintiff but otherwise will not undertake to search for or collect any such documents?

**Third**, this no "eleventh-hour" bid to add new search terms without basis.  We specifically cautioned that additional search terms would be an almost certainty, and through the limited discovery obtained to date, we learned of Plaintiff's use of an algorithmic trading model and have served additional discovery about that model.  The terms proposed are thus not "entirely untethered from this litigation," and we did not suggest that Plaintiff search for "trading strategy" but instead "trading model."  We do not know how Plaintiff discusses or refers to the model and its various inputs and factors and thus are at a disadvantage.  If you believe there are better alternatives, then you should propose them.  But you cannot outright refuse to search for and produce responsive and relevant documents.

**Fourth**, with respect to your apparent back-tracking on the ESI protocol, the information that Plaintiff is "entitled to" is solely for the purpose of assessing the privilege claim, which is what I understood to be driving our agreement on what the parties agreed to exclude from the log.  In any event, it is unclear what you are proposing.  Are you proposing to exclude from the log only privileged communications occurring after the filing of the complaint or are you proposing something entirely different?

Also, we did not broadly insist that Plaintiff search for and produce documents in its attorneys' files as that was limited to counsel's communications with the confidential witness referenced in Plaintiff's complaint.

Amanda A. Main
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
+1 650 843 5914 office
+1 650 849 7400 fax
amain@cooley.com

---

**From:** Thomas Sperber <Thomas.Sperber@blbglaw.com>
**Sent:** Monday, July 11, 2022 8:35 AM
**To:** Main, Amanda <amain@cooley.com>; Katie M. Sinderson <KatieM@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>; Verdin, Hazel <hverdin@cooley.com>; Gibbs, Patrick <pgibbs@cooley.com>; Walden, Josh <jwalden@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>
**Subject:** RE: BioMarin - RFP Response Dispute

**[External]**

---

Amanda,

**First**, as to Lead Plaintiff's email collection, your unsupported assertions about Plaintiff's legal obligations are simply wrong. They are also beside the point. The pace of ESI search and collection (which includes 160 separate Sharepoint sites maintained by a multi-billion-dollar asset manager) is a function of your overbroad search proposal, including terms seeking information we specifically said we would not produce. In any event, Defendants are not entitled to dictate the

9

terms and manner of our document production. We continue to work closely with our client to ensure timely production of its custodial data and will keep you apprised of any updates.

**Second**, we have run your proposed terms (including "BMN 270") as agreed, except to the extent outlined in my July 6th email. The core terms that we view as appropriate here have no Danish equivalent (*i.e.*, "Henry Fuchs", Bienaime, valoctocogene), so any translation is unnecessary. We would assume that had Defendants believed that Danish translations of the other terms were necessary—terms that we agreed to only as a good faith compromise, not because we believed they were necessary here—Defendants would have proposed them. We won't negotiate on Defendants' behalf.

**Third**, we do not agree to Defendants' eleventh-hour bid to add new search terms without basis. The terms you are proposing are entirely untethered from this litigation and will not hit on documents that we would agree to produce that would not have already been captured by the first list of terms. As just one example of the overbreadth of this demand, you ask a multi-billion-dollar asset manager to search for the term "trading strategy." This request is facially absurd and will return in many hundreds of thousands of irrelevant documents.

**Fourth**, we do appear to be talking past each other concerning the privilege log provision in the ESI Protocol. Any language that would require the logging of communications between counsel, particularly with in-house counsel and outside counsel (besides Cooley), as is customary, would be acceptable. Defendants cannot "minimize the burden" of their obligations under Rule 26 at the expense of Lead Plaintiff's access to information it is entitled to.  This is particularly important since Defendants have insisted that Plaintiff search and produce documents in its attorneys' files, while declining to reciprocate.

Best,
Tom

**From:** Main, Amanda <amain@cooley.com>
**Sent:** Friday, July 8, 2022 3:07 PM
**To:** Thomas Sperber <Thomas.Sperber@blbglaw.com>; Katie M. Sinderson <KatieM@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>; Verdin, Hazel <hverdin@cooley.com>; Gibbs, Patrick <pgibbs@cooley.com>; Walden, Josh <jwalden@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>
**Subject:** RE: BioMarin - RFP Response Dispute

**[External]**

Hi Tom,

As mentioned below, I am following up on your July 6 email.

Plaintiff's Email Collection – we suggested that Plaintiff avoid further delay by collecting the email mailboxes of their custodians in their entirety so that a vendor can cull the data with search terms, but you refuse on the basis that GDPR prohibits that.  We disagree and believe Plaintiff could collect the data in a manner that complies with GDPR.  Moreover, Plaintiff could retain a vendor in Denmark to collect and cull the data.  In any event, Defendants should not have to suffer prejudice by virtue of the fact that Plaintiff is located in Demark.

Plaintiff's Search Terms – First, as to the term "BLA," this brings to light a key issue.  Is Plaintiff also searching for the Danish equivalent of each of the terms?  If any of the documents are in Danish, this is necessary.  Please confirm and also provide us the list of the Danish-equivalent terms being applied.

Second, the necessity for "broad" search terms is the result of Plaintiff's decision to cull emails at the collection stage, which we opposed from the outset and previewed the problems that would arise in the future.  You state

that Plaintiff will not "revisit" its terms.  But to be clear, we specifically stated that we were not co-signing Plaintiff's terms as a complete or exhaustive list and that additional terms would be necessary as new information came to light, documents were produced, and further discovery was propounded.

To that end, we propose the additional terms below:
- "century review process"
- For searches including the term COVID*, also alternatively search for "coronavirus"
- "trading model"
- Algorithm*
- Momentum AND risk AND value
- Beta AND "global equities"
- Beta AND (U.S. OR United States OR NASDAQ OR S&P OR "New York Stock Exchange" OR NYSE OR "Poor*")
- "quantitative process"
- "integrated score"

There are likely other terms that need to be applied to capture documents responsive to our second set of document requests and Plaintiff is in the best position to know what language it uses to discuss / reference its trading model, so please provide any additional or alternative terms you intend to apply.

ESI Protocol – I do not know if we are talking past each other or reading the language differently, but my proposal would narrow the language, not make it broader.  There were previously three exceptions to the privilege log, and we couldn't agree on the language of the second exception, so I removed it.  To the extent you now want to remove the third exception, I don't understand the basis for that.  The purpose of the exclusion is to minimize the burden of logging documents that are solely between counsel and likely unquestionably privileged.

Amanda A. Main
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
+1 650 843 5914 office
+1 650 849 7400 fax
amain@cooley.com

---

**From:** Main, Amanda
**Sent:** Thursday, July 7, 2022 9:24 PM
**To:** Thomas Sperber <Thomas.Sperber@blbglaw.com>; Katie M. Sinderson <KatieM@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>; Verdin, Hazel <hverdin@cooley.com>; Gibbs, Patrick <pgibbs@cooley.com>; Walden, Josh <jwalden@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>
**Subject:** RE: BioMarin - RFP Response Dispute

Hi Tom,

I will respond to the remainder of your email separately, but I did want to confirm that the alternative times you offered do not work for us.  Can you provide 2-hour windows when your team, including lead counsel, is available to meet and confer next week on Monday?

Separately, based on communications from approximately two weeks ago, we understood that Plaintiff would provide a supplemental response to interrogatory numbers 2 and 6 and have held off on moving forward with our joint statement on the discovery dispute until we received that information.  Will we receive those responses tomorrow?

Amanda A. Main

Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
+1 650 843 5914 office
+1 650 849 7400 fax
amain@cooley.com

---

**From:** Thomas Sperber <Thomas.Sperber@blbglaw.com>
**Sent:** Thursday, July 7, 2022 10:38 AM
**To:** Main, Amanda <amain@cooley.com>; Katie M. Sinderson <KatieM@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>; Verdin, Hazel <hverdin@cooley.com>; Gibbs, Patrick <pgibbs@cooley.com>; Walden, Josh <jwalden@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>
**Subject:** RE: BioMarin - RFP Response Dispute

**[External]**

---

Amanda,

Just wanted to check in on the timing of our meet and confer. We are assuming, since we haven't heard from you, that you are not available between 2-3pm EST (11-12 PST) today. Does tomorrow at 3pm EST (noon PST) work?

Thanks,
Tom

---

**From:** Thomas Sperber
**Sent:** Wednesday, July 6, 2022 7:11 PM
**To:** Main, Amanda <amain@cooley.com>; Katie M. Sinderson <KatieM@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>; Verdin, Hazel <hverdin@cooley.com>; Gibbs, Patrick <pgibbs@cooley.com>; Walden, Josh <jwalden@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>
**Subject:** RE: BioMarin - RFP Response Dispute

Amanda,

We write in response to your July 5, 2022 emails.

*First*, we will not collect the entirety of our client's custodian mailboxes and send all that data to a third-party vendor to cull the data with search terms. As we have previously explained, our client is located in Denmark and is subject to GDPR restrictions which prohibit the bulk data collection you suggest. Furthermore, the difficulties our client has encountered are largely the fault of your insistence that it run overly broad search terms. For example, certain terms, including **(FDA or "food and drug administration") AND inspection\*** and **(FDA or "food and drug administration") AND COVID\***, have returned a very high percentage of nonresponsive hits because of their overbreadth. Separately, the letters "bla" operate the same as "etc." in English, meaning the equivalent of "*et cetera*." Accordingly, the term **BLA** has also returned a huge amount of nonresponsive hits. Your proposal that we have a vendor cull the documents based on these search terms would not help.

To that end, we have determined that we cannot run "**BLA**." This term generates a burdensome level of non-responsive hits that is not proportional to the needs of the case. Further, as we have previously explained, we will not run **Investment\* AND (polic\* OR practice\* OR procedure\* OR strateg\*)**.

12

*Second*, we will not "revisit" the search terms you proposed that we run on our client's files. The overbroad search terms that you proposed, and that we largely accepted in the spirit of good faith, are more than adequate to capture any remotely relevant documents. To be clear, we will not search for every document that simply references that account number for which the BioMarin trades were executed.

*Third*, your "proposal" relating to the ESI protocol language about privilege log entries including counsel is a step backward. As we stated, we are entitled to log entries for documents you withhold as privileged that are communications between BioMarin and *other* counsel not related to this Action. Although we explained our reasoning in our email yesterday, you provided no basis for your (unreasonable) position and suggested making the language even broader.

However, we can agree to remove this language from the ESI protocol entirely if you confirm now that you will log BioMarin's communications with and between counsel.  We can keep the language regarding the filing of the complaint and confirm that we agree with the initial complaint's filing date as a cut-off.

*Fourth*, we are not available at the times you suggest to meet and confer tomorrow. We are available between 2-3pm EST (11-12pm PST) tomorrow, as well as at 3pm EST (12pm PST) Friday.

Best,
Tom

---

**From:** Main, Amanda <amain@cooley.com>
**Sent:** Tuesday, July 5, 2022 11:39 PM
**To:** Thomas Sperber <Thomas.Sperber@blbglaw.com>; Katie M. Sinderson <KatieM@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>; Verdin, Hazel <hverdin@cooley.com>; Gibbs, Patrick <pgibbs@cooley.com>; Walden, Josh <jwalden@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>
**Subject:** RE: BioMarin - RFP Response Dispute

**[External]**

---

Thank you for the update and for confirming that your client is running "BMN 270" as one of its search terms.

Given the technical difficulties your client has encountered and the passage of nearly six weeks since we asked Plaintiff to commit to a date certain in exchange for our agreement to a June 17 production, we believe it would be appropriate for Plaintiff to avoid any further delay by collecting the mailboxes of the email custodians in their entirety and then have a vendor cull the data with search terms.  Is there any reason Plaintiff cannot do this?

Also, please confirm that Plaintiff's document and email collection takes into account Defendants' second (and third) sets of document requests.  We think it makes sense to revisit some of Plaintiff's search terms given the lack of mutuality considering Plaintiff's demands and also because we have received information (e.g., the account number 560754) related to the trades that Plaintiff should also search for.

Amanda A. Main
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
+1 650 843 5914 office
+1 650 849 7400 fax
amain@cooley.com

---

**From:** Thomas Sperber <Thomas.Sperber@blbglaw.com>
**Sent:** Tuesday, July 5, 2022 2:18 PM

**To:** Main, Amanda <amain@cooley.com>; Katie M. Sinderson <KatieM@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>; Verdin, Hazel <hverdin@cooley.com>; Gibbs, Patrick <pgibbs@cooley.com>; Walden, Josh <jwalden@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>
**Subject:** RE: BioMarin - RFP Response Dispute

**[External]**

Amanda,

We have been in frequent contact with our client regarding its production. They have encountered technical difficulties running certain of your proposed search terms. We are working with them to get these issues resolved as soon as possible, and will keep you updated on our progress.

And yes, we asked our client to run "BMN 270" in its searches.

Thanks,
Tom

**From:** Main, Amanda <amain@cooley.com>
**Sent:** Tuesday, July 5, 2022 2:13 PM
**To:** Katie M. Sinderson <KatieM@blbglaw.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>; Verdin, Hazel <hverdin@cooley.com>; Gibbs, Patrick <pgibbs@cooley.com>; Walden, Josh <jwalden@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>
**Subject:** RE: BioMarin - RFP Response Dispute

**[External]**

Hi Katie,

I wanted to see if you have an update on the timing of Plaintiff's production?

Also, can you confirm Plaintiff applied the BMN 270 term to search for documents it is collecting?  We have asked a few times and I don't believe we have received an answer on this.

Thanks,
Amanda

Amanda A. Main
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
+1 650 843 5914 office
+1 650 849 7400 fax
amain@cooley.com

**From:** Katie M. Sinderson <KatieM@blbglaw.com>
**Sent:** Tuesday, June 28, 2022 12:22 PM
**To:** Main, Amanda <amain@cooley.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>; McCormack, Claire A. <cmccormack@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>; Verdin, Hazel <hverdin@cooley.com>; Gibbs, Patrick <pgibbs@cooley.com>; Walden,

14

Josh <jwalden@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>
**Subject:** RE: BioMarin - RFP Response Dispute

**[External]**

Amanda, just an update on this, since I had indicated we expected to have an update likely on Wednesday.  We will most likely have that update for you on Thursday.

**From:** Katie M. Sinderson
**Sent:** Sunday, June 26, 2022 10:25 AM
**To:** Main, Amanda <amain@cooley.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>; McCormack, Claire A. <cmccormack@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>; Verdin, Hazel <hverdin@cooley.com>; Gibbs, Patrick <pgibbs@cooley.com>; Walden, Josh <jwalden@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>
**Subject:** RE: BioMarin - RFP Response Dispute

Amanda, as you know, the Court has yet to enter a schedule for this Action.  While we had indicated that we expected to file our class certification motion on July 1, in light of the hurdles our client is encountering in applying Defendants' search terms, as well as our client's availability for a deposition if Defendants would choose to notice one (mid-late August), we think it makes sense to file our opening class certification later in July.  While we currently think that July 15 makes sense, we wanted to run that date by you to make sure September 13 works for defendants to file their opposition brief.  We expect to have an update for you this week (likely Wednesday) on the timing for our client's continued document productions.

**From:** Main, Amanda <amain@cooley.com>
**Sent:** Friday, June 24, 2022 8:03 PM
**To:** Katie M. Sinderson <KatieM@blbglaw.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>; McCormack, Claire A. <cmccormack@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>; Verdin, Hazel <hverdin@cooley.com>; Gibbs, Patrick <pgibbs@cooley.com>; Walden, Josh <jwalden@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>
**Subject:** RE: BioMarin - RFP Response Dispute

**[External]**

Katie,

We still have not received a date by which Plaintiff will substantially complete its email production for key custodians.  As you know, we initially expected to hear back from you by June 3, and we committed to produce certain documents by June 17 with the understanding that Plaintiff would promptly commit to a specific date for its own production considering the class certification briefing schedule that the parties previously discussed.  Given the time that has passed and the fact that we have received no specific date (or even an update for that matter), we continue to express our concern that Plaintiff intends to produce its documents at the last minute around the time it files its motion for class certification.  Can you provide us with the date that Plaintiff will substantially complete its email production?

I also do not believe you ever confirmed whether Plaintiff applied the BMN 270 term to search for documents as part of its collection?

Amanda A. Main
Cooley LLP

15

3175 Hanover Street
Palo Alto, CA  94304-1130
+1 650 843 5914 office
+1 650 849 7400 fax
amain@cooley.com

---

**From:** Main, Amanda <amain@cooley.com>
**Sent:** Wednesday, June 15, 2022 12:39 PM
**To:** Katie M. Sinderson <KatieM@blbglaw.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>; McCormack, Claire A. <cmccormack@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>; Verdin, Hazel <hverdin@cooley.com>; Gibbs, Patrick <pgibbs@cooley.com>; Walden, Josh <jwalden@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>
**Subject:** RE: BioMarin - RFP Response Dispute

Katie,

It's disappointing that you still do not have a date for us given that we expected to hear back with a commitment on this by June 3rd.  We look forward to receiving this information as soon as possible.

Also, can you confirm whether Plaintiff applied the BMN 270 term to search for documents as part of its collection?

With respect to Defendants' productions, I don't recall indicating that, but I can confirm that we do not anticipate producing any documents before Friday.

Amanda A. Main
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
+1 650 843 5914 office
+1 650 849 7400 fax
amain@cooley.com

---

**From:** Katie M. Sinderson <KatieM@blbglaw.com>
**Sent:** Wednesday, June 15, 2022 11:57 AM
**To:** Main, Amanda <amain@cooley.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>; McCormack, Claire A. <cmccormack@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>; Verdin, Hazel <hverdin@cooley.com>; Gibbs, Patrick <pgibbs@cooley.com>; Walden, Josh <jwalden@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>
**Subject:** RE: BioMarin - RFP Response Dispute

[External]

---

Amanda, I am hoping to have more information for you early next week about a date for substantial completion (for all custodians, not just key custodians).

With respect to Defendants' productions, you had indicated that you expected to begin rolling productions before Friday's date for substantial completion from key custodians.  Can we expect a production today?

---

**From:** Main, Amanda <amain@cooley.com>
**Sent:** Wednesday, June 15, 2022 2:53 PM
**To:** Katie M. Sinderson <KatieM@blbglaw.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>; McCormack, Claire A. <cmccormack@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland

<Billy.Freeland@blbglaw.com>; Verdin, Hazel <hverdin@cooley.com>; Gibbs, Patrick <pgibbs@cooley.com>; Walden, Josh <jwalden@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>
**Subject:** RE: BioMarin - RFP Response Dispute

**[External]**

---

Katie,

Following up on my email below – can you please let us know the date by which Plaintiff intends to substantially complete its document production from key custodians?

Amanda A. Main
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
+1 650 843 5914 office
+1 650 849 7400 fax
amain@cooley.com

---

**From:** Main, Amanda <amain@cooley.com>
**Sent:** Tuesday, June 7, 2022 9:08 PM
**To:** Katie M. Sinderson <KatieM@blbglaw.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>; McCormack, Claire A. <cmccormack@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>; Verdin, Hazel <hverdin@cooley.com>; Gibbs, Patrick <pgibbs@cooley.com>
**Subject:** RE: BioMarin - RFP Response Dispute

Katie,

Based on your email below, we understood that Plaintiff would let us know last week a date by which it would be able to substantially complete its document production from key custodians.  Last week came and went and it is now late Tuesday the following week, and we still have not received a date.  What is the date by which Plaintiff can substantially complete its production of documents from key custodians?

Also, I'm not sure we ever heard back as to whether Plaintiff was going to apply the BMN 270 term to search for documents as part of its collection?  With respect to the other term we proposed, it is not intended to search for *unrelated* investment policies or discussions, as reiterated in our emails regarding Plaintiff's responses to Defendants' document requests.  We will assume that Plaintiff refuses to apply such term in its collection of documents unless we hear otherwise.

Thanks,
Amanda

Amanda A. Main
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
+1 650 843 5914 office
+1 650 849 7400 fax
amain@cooley.com

---

**From:** Katie M. Sinderson <KatieM@blbglaw.com>
**Sent:** Wednesday, June 1, 2022 8:22 AM
**To:** Main, Amanda <amain@cooley.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>; McCormack, Claire A. <cmccormack@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland

17

<Billy.Freeland@blbglaw.com>; Verdin, Hazel <hverdin@cooley.com>
**Subject:** RE: BioMarin - RFP Response Dispute

**[External]**

Amanda, we will inquire with the client about adding "BMN 270" to the search and let you know.  We will not add the second term.  As we discussed during our meet and confer, we will provide ATP's investment policies and strategies for the fund where the BioMarin trades were conducted, as well as documents that reference transactions in BioMarin stock.  We will not search for and produce unrelated investment policies or discussions.

With respect to your second question, we have been and will continue to produce English language versions of documents that ATP produces to the extent that they maintain them in their normal course of business.  I expect that there will be Danish documents in future productions.

All the best,
Katie

**From:** Main, Amanda <amain@cooley.com>
**Sent:** Tuesday, May 31, 2022 12:06 PM
**To:** Katie M. Sinderson <KatieM@blbglaw.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>; McCormack, Claire A. <cmccormack@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>; Verdin, Hazel <hverdin@cooley.com>
**Subject:** RE: BioMarin - RFP Response Dispute

**[External]**

Hi Katie,

While we are not in a position to comment on the custodians identified below, especially in light of the deficient interrogatory responses (and only one of the individuals appears on the org chart Plaintiff produced), we did have a few additional search term suggestions:
- BMN 270
- Investment* AND (polic* OR practice* OR procedure* OR strateg*) – if too broad, this could potentially be narrowed to reference the fund that held the BioMarin stock

Also, to what extent do you expect the documents produced will *not* be in English?  To the extent Plaintiff also maintains English versions of any documents that are produced, we ask Plaintiff to produce the English versions of the documents.

Thanks,
Amanda

Amanda A. Main
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
+1 650 843 5914 office
+1 650 849 7400 fax
amain@cooley.com

**From:** Katie M. Sinderson <KatieM@blbglaw.com>
**Sent:** Friday, May 27, 2022 11:16 AM
**To:** Main, Amanda <amain@cooley.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>; McCormack, Claire A. <cmccormack@cooley.com>

18

**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>
**Subject:** RE: BioMarin - RFP Response Dispute

**[External]**

Amanda, thank you for your response.  June 17 is acceptable to us.

We will commit to promptly providing a date for substantial completion of document production once we have further information from our client concerning the search terms we have agreed to run (below).  We should have that information next week, though we will update you if there are delays.  We will then move quickly to complete ATP's production.  In the meantime, we will continue rolling productions of ATP's non-custodial documents.

The relevant custodians we have identified from ATP are: Torben Christensen; Claus Berner Møller; Christian Kjær.

- BioMarin
- BMRN
- 09061G101
- "Henry Fuchs"
- Bienaime
- "Bio Marin"
- Bienamé
- Roctavian
- Valrox*
- Fuchs
- ██████████
- ██████████████
- Balakrishnan
- Glasscock
- "Tammy Rose"
- "Amy Waterhouse"
- Swann
- "Biologics license application"
- "BLA"
- "Gene therapy"
- "Gene therapies"
- "First mover advantage" OR "First-mover advantage"
- "complete response letter*"
- Hemophilia
- (FDA or "food and drug administration") AND inspection*
- (FDA or "food and drug administration") AND COVID*
- "Breakthrough Therapy Designation"
- (Shares OR stock* OR securit*) and (Biotech* OR pharma*)
- (invest* OR risk* AND (Biotech* OR pharma*)
- valoctocogene

**From:** Main, Amanda <amain@cooley.com>
**Sent:** Thursday, May 26, 2022 7:39 PM
**To:** Katie M. Sinderson <KatieM@blbglaw.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>; McCormack, Claire A. <cmccormack@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland

<Billy.Freeland@blbglaw.com>
**Subject:** RE: BioMarin - RFP Response Dispute

**[External]**

Katie,

I am following up regarding our May 24 call and the timing of the parties' substantial completion of documents from key custodians.  Our understanding from the call is that Plaintiff refuses to agree to a mutual deadline for the production of such documents.  ==While we are willing to produce responsive documents from the regulatory file and emails for the individual defendants by June 17, Plaintiff must also commit to produce documents by a specific date and within a reasonable time considering the class certification briefing schedule that the parties previously discussed==.  To date, you have stated that Plaintiff plans to complete its substantial production of documents from key custodians "sometime before" we need to take a deposition in connection with class certification.  But the briefing schedule we discussed was based on our understanding that Plaintiff intended to produce documents by June 3 and would not dump documents on us at the time it files its motion.  Thus, Plaintiff needs to commit to a specific date and the timing of Plaintiff's production needs to be reasonable in light of the briefing schedule or the schedule will need to change.

Are you willing to commit to a date for the substantial completion of Plaintiff's document production from key custodians, and if so, what date?

Thanks,
Amanda

Amanda A. Main
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
+1 650 843 5914 office
+1 650 849 7400 fax
amain@cooley.com

**From:** Katie M. Sinderson <KatieM@blbglaw.com>
**Sent:** Sunday, May 22, 2022 10:34 AM
**To:** Main, Amanda <amain@cooley.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>; McCormack, Claire A. <cmccormack@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>
**Subject:** RE: BioMarin - RFP Response Dispute

**[External]**

Amanda, we can do a call on Tuesday afternoon, anytime from 12-4 Eastern to hopefully resolve this issue and conclude our meet and confer regarding Defendants' document requests.  Please let us know if there is a time in that range that works.

**From:** Main, Amanda <amain@cooley.com>
**Sent:** Saturday, May 21, 2022 12:04 AM
**To:** Katie M. Sinderson <KatieM@blbglaw.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>; McCormack, Claire A. <cmccormack@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>
**Subject:** RE: BioMarin - RFP Response Dispute

20

[External]

Katie,

As an initial matter, the dates in the joint statement are **proposed** dates, not deadlines, and they have not been adopted by the Court.

Further, it is important to note that we *just recently* finished meeting and conferring on Plaintiff's document requests on May 10.  Following your reasoning, we would be nowhere near in a position to produce any documents in early June if we had done nothing until after May 10 (or even later since we didn't get an agreement from you on several of the requests as of that date).  While we are undertaking a substantial document collection and review, you acknowledge that Plaintiff's production will be "relatively small" and at the same time seek to hold us to a higher standard.  We should not be prejudiced by Plaintiff's decision to delay its collection and processing of emails until after the parties' meet and confer is complete.  If we had done that, we would not be in a position to produce documents anytime soon.

Putting all of that aside, I never suggested that we were going hold back a production that was ready to go out.  To be clear, it is not ready.  While we have been working diligently in an attempt to meet the June 3 target date, we have much left to do and of course we have encountered technical hiccups that have caused delay.  If Plaintiff is unable to produce documents by June 3, then there is no reason not to set a date when we will both be prepared to produce documents from key custodians.  In the meantime, we can produce documents from the regulatory file and likely some other documents we have collected.

The parties should play by the same rules.  We are happy to make ourselves available to promptly conclude the parties' meet and confer on Defendants' document requests if that is helpful.

If you'd like to speak on Monday at 4 pm pacific, I am available then.  But I do not think we should be wasting judicial resources on this.

Amanda A. Main
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
+1 650 843 5914 office
+1 650 849 7400 fax
amain@cooley.com

**From:** Katie M. Sinderson <KatieM@blbglaw.com>
**Sent:** Friday, May 20, 2022 5:06 PM
**To:** Main, Amanda <amain@cooley.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>; McCormack, Claire A. <cmccormack@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>
**Subject:** Re: BioMarin - RFP Response Dispute

[External]

Amanda, a meet and confer is necessary before bringing any disputes to the Court's attention to confirm that we are an impasse. Our proposal is clear: Defendants will comply with their previous commitment to substantially complete their production from the two Individual Defendants and from the relevant regulatory file by June 3. Frankly, if you are prepared to make such a production as you have said you are, it is improper to hold it back simply to demand a reciprocal commitment from Lead Plaintiff.  But Defendants have yet to produce a single document (except for insurance agreements required under the federal rules).

Our commitment remains the same:  We will continue to make rolling productions on behalf of Lead Plaintiff. <mark>We do not see any barrier to substantially completing Lead Plaintiff's custodial document production—which we expect to be relatively small—soon after the parties complete their negotiations over the scope of production and search terms.</mark>

Please let us know your availability for Monday afternoon.

Given your commitment that our other dispute about the RFPs is not in any way impacting the timing of your production, we will accommodate your request to provide our portion of the joint report on Monday.

---

**From:** Main, Amanda <amain@cooley.com>
**Sent:** Friday, May 20, 2022 7:04:40 PM
**To:** Katie M. Sinderson <KatieM@blbglaw.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>; McCormack, Claire A. <cmccormack@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>
**Subject:** RE: BioMarin - RFP Response Dispute

**[External]**

---

That is not true.  The 26(f) report does not state that the deadline would be a unilateral one or only apply to Defendants – why would you think it would be anything other than reciprocal?  The only reason there is any reference to Defendants' "key custodians" is because we proposed a different date, added a column, and wanted to be clear what our planned production would consist of.  And it isn't true that I raised this last week.  I brought it up on a call more than a month ago.

What exactly do you want to discuss on a meet and confer call?  If you have a proposed resolution, seems like email would be more efficient.

Amanda A. Main
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
+1 650 843 5914 office
+1 650 849 7400 fax
amain@cooley.com

---

**From:** Katie M. Sinderson <KatieM@blbglaw.com>
**Sent:** Friday, May 20, 2022 2:31 PM
**To:** Main, Amanda <amain@cooley.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>; McCormack, Claire A. <cmccormack@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>
**Subject:** RE: BioMarin - RFP Response Dispute

**[External]**

---

Amanda, whether you "expected" that the deadline would be reciprocal, Defendants never shared that expectation with Plaintiffs until last week.  The parties' joint status report clearly said something completely different, and Defendants did not serve their document requests or meet and confer on a schedule that would indicate that was their expectation (or even make that a possibility).

What time Monday afternoon are you free to meet and confer?

**From:** Main, Amanda <amain@cooley.com>
**Sent:** Friday, May 20, 2022 5:24 PM
**To:** Katie M. Sinderson <KatieM@blbglaw.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>; McCormack, Claire A. <cmccormack@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>
**Subject:** RE: BioMarin - RFP Response Dispute

[External]

Katie,

We are not going to co-sign Plaintiff's search terms and we have disagreed with the approach of applying search terms at the collection stage from the outset.  Either way, we proceeded with our collection and review without waiting for input from Plaintiff and we expected Plaintiff to do the same.  We didn't say that Plaintiff needs to complete its production by June 3.  But if June 3 is the deadline for the parties to substantially complete their document production from key custodians, it is and should be mutual.  We are amenable to pushing that date back.

We asked to meet and confer as quickly as possible and unfortunately your schedules didn't permit a conference before today.  The need to meet and confer would have been substantially reduced had Plaintiff properly responded to the document requests in the first instance.  After our discussion today, we are hopeful that there are not as many genuine disputes as it appeared from the responses.

Our understanding was that Plaintiff did not expect to have many responsive emails and thus the burden of collection, review, and production would be nowhere near the burden Defendants have undertaken.  But of course we expected the deadline would be reciprocal.

I thought I answered your question (is the resolution of the other issue you are bringing to the Court impacting Defendants' review in any way), but maybe I did not understand the question – what "other issue" are you referring to?  The RFPs that will be the subject of your discovery motion?  If that's your question, the answer is no.

Amanda A. Main
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
+1 650 843 5914 office
+1 650 849 7400 fax
amain@cooley.com

**From:** Katie M. Sinderson <KatieM@blbglaw.com>
**Sent:** Friday, May 20, 2022 12:54 PM
**To:** Main, Amanda <amain@cooley.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>; McCormack, Claire A. <cmccormack@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>
**Subject:** RE: BioMarin - RFP Response Dispute

[External]

Amanda, we have been completely transparent that we could not produce documents from Lead Plaintiffs' custodial documents until the parties agreed on appropriate search terms.  Notwithstanding that transparency, Defendants failed to even serve document requests until March, we served our objections in April, and Defendants then waited 5 weeks to

request a meet and confer (notwithstanding our repeated suggestions that we hold such a conversation). In the meantime, we have been producing responsive documents.

Today, two weeks before Defendants purportedly expect Lead Plaintiffs to <u>complete</u> their production, Defendants just conducted their very first meet and confer on Defendants' document requests.

The timeline above makes it clear that Defendants are not serious that they ever expected the June 3 deadline to be reciprocal. Instead, it's clear that Defendants are hoping to delay their own production until Lead Plaintiffs—due to Defendants' dilatory conduct—are in a position to complete their production.

If Defendants are going to nonetheless withhold their June 3 production, please confirm this by email immediately. Sal and I will find time on Monday to have a final meet and confer so that we can bring this to the Court's attention as soon as possible if necessary.

Please also answer my other question—is the resolution of the other issue we are bringing to the Court impacting Defendants' review in any way?

---

**From:** Main, Amanda <amain@cooley.com>
**Sent:** Friday, May 20, 2022 3:16 PM
**To:** Katie M. Sinderson <KatieM@blbglaw.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>; McCormack, Claire A. <cmccormack@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>
**Subject:** RE: BioMarin - RFP Response Dispute

**[External]**

---

We are proceeding with our review while waiting to hear from you regarding the planned timing of Plaintiff's email production from key custodians.

Amanda A. Main
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
+1 650 843 5914 office
+1 650 849 7400 fax
amain@cooley.com

---

**From:** Katie M. Sinderson <KatieM@blbglaw.com>
**Sent:** Friday, May 20, 2022 12:10 PM
**To:** Main, Amanda <amain@cooley.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>; McCormack, Claire A. <cmccormack@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>
**Subject:** RE: BioMarin - RFP Response Dispute

**[External]**

---

Amanda—as I asked on our call earlier (and you asked me to put into an email): Is the resolution of this issue delaying Defendants' document production in any way? I.e., are you delaying any aspect of your review or production while we resolve this?

**From:** Main, Amanda <amain@cooley.com>
**Sent:** Friday, May 20, 2022 12:12 AM
**To:** Thomas Sperber <Thomas.Sperber@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>; McCormack, Claire A. <cmccormack@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Katie M. Sinderson <KatieM@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>
**Subject:** RE: BioMarin - RFP Response Dispute

**[External]**

Tom,

While there are a number of things we could state in response to your email, I believe there's nothing to be gained from the back-and-forth accusations and mud-slinging, so I'm not going to address the various misstatements and mischaracterizations in your email below. I instead will focus on the core matters.

First, we again dispute your suggestion that the June 3 deadline was a one-way deadline only applying to Defendants, as that is not what the Joint CMC Statement says nor would that make sense. This is not a "brand-new demand" for reciprocity. In any event, we have been working diligently to be in a position to complete a substantial production from the individual defendants by June 3. As stated below, if Plaintiff intends to play by a different set of rules, we need to know that now.

Second, we still have received no response to the question I have repeatedly asked – when will Plaintiff disclose its key email custodians and the search terms used to collect and cull data? I'm not sure how many times we need to ask this question. The fact that Plaintiff has repeatedly ignored this question is itself concerning.

Finally, with respect to a joint submission, it is ludicrous to suggest you are being held "hostage." There is no urgency and there is no reason to impose a 48 hour turn-around. After all, you have not even provided your portion! We have other deadlines, cases, and commitments, as I am sure you do. If you provide your position by Monday morning pacific time, we will provide our response by EOD on Thursday, the 26th.

Amanda

Amanda A. Main
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
+1 650 843 5914 office
+1 650 849 7400 fax
amain@cooley.com

**From:** Thomas Sperber <Thomas.Sperber@blbglaw.com>
**Sent:** Thursday, May 19, 2022 11:28 AM
**To:** Main, Amanda <amain@cooley.com>; Simmons, Amie <asimmons@cooley.com>; McCormack, Claire A. <cmccormack@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Katie M. Sinderson <KatieM@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>
**Subject:** RE: BioMarin - RFP Response Dispute

**[External]**

Amanda,

To be clear, your position is that Defendants are prepared to make substantially complete productions from the Individual Defendants by June 3—which the parties thoroughly negotiated and submitted to the Court—but that you will hold back on that production based on your brand-new demand for reciprocity?

We reiterate that Defendants have yet to produce a <u>single document</u> in response to Lead Plaintiff's document requests—Defendants' (belated) production of insurance agreements was required by Rule 26(a) and should have been produced months ago in connection with the parties' initial disclosures.  Those requests were served nearly 4 months ago, Defendants agreed to produce certain categories of documents (such as org charts) weeks ago, and the parties have reached substantial agreement on the scope of those requests weeks ago.

Furthermore, your assertion that we have produced "only three pages" is patently false. We produced over 600 pages of discovery across two zip files via FTP on Monday—our Litigation Support team confirmed that you downloaded both zip files.

With respect to the timing of our submission to the Court, we would prefer to file a joint submission, but we will not be held hostage by Defendants' refusal to act in a timely fashion.  You have known about this dispute and our intention to bring it to the Court's attention for a full week now.  We expect that Cooley, a global law firm with enormous resources, should have been able to draft a 2.5-page submission on Defendants' position on this straightforward issue by now.  However, in hopes of reaching a compromise, if Defendants are willing to provide their position by Monday, we will provide you our position by close of business today (Thursday).  Otherwise, we will file our submission tomorrow.

Thanks,
Tom

---

**From:** Main, Amanda <amain@cooley.com>
**Sent:** Wednesday, May 18, 2022 11:50 PM
**To:** Thomas Sperber <Thomas.Sperber@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>; McCormack, Claire A. <cmccormack@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Katie M. Sinderson <KatieM@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>
**Subject:** RE: BioMarin - RFP Response Dispute

[External]

---

Tom,

Defendants timely responded and objected to Plaintiff's document requests on February 28, 2022, and we have since engaged in protracted meet and confer calls on at least five separate occasions (March 11, March 24, April 1, April 13, and May 10), not to mention numerous emails back and forth.  It is not true that Defendants have not produced a single document in response to Plaintiff's requests.  We produced the requested insurance agreements and have consistently communicated that we were in the process of prioritizing the kick-off of our email review.  In any event, your criticism is not well-taken given that **Plaintiff has produced only three pages of what appear to be some limited org charges, and that was only two days ago**.

With respect to Plaintiff's responses to Defendants' document requests, in an effort to avoid the lengthy and unproductive meet and confer process we engaged in with respect to Plaintiff's requests, we took the time to identify the deficiencies in a letter.  However, because Plaintiff flouted its discovery obligations and barely agreed to produce a handful of documents, this letter was much lengthier than we had hoped.  Given that Plaintiff could not schedule a meet and confer call until a week later, we asked that Plaintiff provide written confirmations and proposals in advance, but it does not appear we will be receiving any.

With respect to email custodians and search terms, before you sent your email below, I informed you that we would identify our current custodians and search terms that day (and we did).  Yet we have received no such disclosure from Plaintiff.  **I have asked several times and received no response: when will we receive the names of Plaintiff's email custodians and search terms used to cull the email collection and review set?**

We should also discuss the June 3 "deadline."  Defendants did not (and would not) agree to a one-way deadline that would require Defendants to substantially produce documents from the individual defendants, and require nothing from Plaintiff.  The Joint CMC Statement refers to the "substantial production of key custodians."  (Dkt. 87 at 10.)  It doesn't limit that to Defendants.  That the parties had a disagreement as to the meaning of "key custodians" in terms of Defendants' production did not convert this deadline into a unilateral one.  If Plaintiff does not intend to complete its substantial production of key custodians by June 3, you should make that clear.  Although the Court has not yet set any deadlines in this matter, we have been working diligently towards a meaningful production on June 3, but it will not be a one-way production.

With respect to the joint submission that Plaintiff would like to file, for reasons already stated, we believe any such submission is premature.  Nonetheless, if Plaintiff insists on elevating this matter to the Court, we of course will cooperate to prepare the joint submission that the Court has requested.  But we will not do so on an unnecessarily accelerated timeline.

Amanda

Amanda A. Main
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
+1 650 843 5914 office
+1 650 849 7400 fax
amain@cooley.com

---

**From:** Thomas Sperber <Thomas.Sperber@blbglaw.com>
**Sent:** Tuesday, May 17, 2022 1:41 PM
**To:** Main, Amanda <amain@cooley.com>; Simmons, Amie <asimmons@cooley.com>; McCormack, Claire A. <cmccormack@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Katie M. Sinderson <KatieM@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>
**Subject:** RE: BioMarin - RFP Response Dispute

**[External]**

---

Counsel,

While Defendants have repeatedly asked us to wait to identify and resolve known disputes until after receiving some level of document production, Defendants' discovery conduct has made it clear that that course of action is untenable.  We served our document requests on January 28, 2022, and Defendants have not produced a single document in response to those document requests.  Defendants have refused to tell us the universe of custodians they intend to search.  We learned last week that Defendants do not have any idea what sources of custodial data exist for the Individual Defendants.  Defendants still have not provided us with the search terms they intend to use.  In sum, it is unclear to us how Defendants intend to meet their own agreed-upon June 3 deadline for substantial completion of document production for the Individual Defendants.  What is clear is that Plaintiffs need to raise known disputes with the Court as soon as the parties determine that they are at an impasse—which we are here.

Your demand that we now "focus" on Lead Plaintiff's responses to Defendants' document requests is absurd given Defendants' dilatory approach to discovery. Defendants waited two months after discovery began to serve their discovery requests, and Lead Plaintiff timely served their responses and objections in early April.  Defendants

immediately informed us that they found our objections to be unacceptable, at which time we invited Defendants to meet and confer so that we could reach agreement on the scope of Lead Plaintiff's document production. Defendants waited until May 12—more than 5 weeks after we served our objections and asked Defendants to meet and confer—to request a meet and confer.  Notwithstanding Defendants' delay, Lead Plaintiff has already initiated its document production.  As we have told you repeatedly, once we have an agreement or further clarity on the appropriate scope of production, we do not anticipate any difficulties in completing Lead Plaintiff's document production well in advance of the due date for Defendants' opposition to class certification.

With respect to the June 3 deadline, the Parties agreed that <u>Defendants</u> would "substantially produce" all documents from at least the Individual Defendants and the regulatory file.  ECF No. 87 at 10-11.  The Parties have not agreed to a deadline for Lead Plaintiff's production of documents. If you wished to have a reciprocal deadline, you should have raised this issue in connection with the Joint Case Management Statement and served document requests sufficiently in advance of such a deadline.

Please let us know whether you can commit to a time by which you can provide your portion of a joint submission by the end of the day.  We will plan to file the submission on Friday to bring this to the Court's attention.  If Defendants are unwilling to provide their 2.5-page portion so that we may file this as a joint submission, we will plan to file a 2-page submission under the Court's rules.

Thanks,
Tom

Tom Sperber
**BLB&G**
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas
New York, NY 10020
(212) 554-1939

---

**From:** Main, Amanda <amain@cooley.com>
**Sent:** Monday, May 16, 2022 11:30 PM
**To:** Thomas Sperber <Thomas.Sperber@blbglaw.com>; Simmons, Amie <asimmons@cooley.com>; McCormack, Claire A. <cmccormack@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Katie M. Sinderson <KatieM@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>
**Subject:** RE: BioMarin - RFP Response Dispute

**[External]**

---

Hi Tom,

We do not understand the rush to the Court on these requests, particularly given our agreement to produce some responsive documents.  Is there any reason why Plaintiff would not wait to review the documents Defendants produce before demanding additional documents are necessary and proportional to the needs of discovery?  In any event, feel free to send us your portion once ready but we cannot commit to providing our responsive portion within 48 hours.

In the meantime, further to my letter of last week and my email earlier today, we should focus on meeting and conferring on the many issues with Plaintiff's responses to Defendants' document requests.  To the extent you are treating June 3rd as a deadline for Defendants to produce documents, we expect Plaintiff to substantially complete its production of documents from key custodians as well.  When do you expect to provide information on Plaintiff's email custodians?

I will send you information on our custodians and search terms tomorrow and also hope to get back to you re the recent comments on the draft ESI protocol.

Thanks,
Amanda

Amanda A. Main
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
+1 650 843 5914 office
+1 650 849 7400 fax
amain@cooley.com

---

**From:** Thomas Sperber <Thomas.Sperber@blbglaw.com>
**Sent:** Monday, May 16, 2022 9:47 AM
**To:** Valenzuela Santamaria, Jessica <jvs@cooley.com>; Main, Amanda <amain@cooley.com>; Simmons, Amie <asimmons@cooley.com>; McCormack, Claire A. <cmccormack@cooley.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; Katie M. Sinderson <KatieM@blbglaw.com>; Abe Alexander <Abe.Alexander@blbglaw.com>; Billy Freeland <Billy.Freeland@blbglaw.com>
**Subject:** BioMarin - RFP Response Dispute

**[External]**

---

Counsel,

As discussed during our May 10 meet and confer concerning Defendants' responses to Lead Plaintiff's requests for production, we remain at an impasse as to the scope of Request Nos. 22-24. Accordingly, we will move the Court to compel production of the full scope of documents sought by these requests—including internal communications from all relevant custodians' files for the entire Relevant Time Period. To be clear, "relevant" custodians include all custodians from whom Defendants will be producing documents.

Pursuant to Section 4 of Judge Orrick's Standing Order for Civil Cases, we intend to submit a concise, 5 page joint statement. We will circulate a draft with our portion (limited to approximately 2.5 pages) completed by EOD tomorrow. We ask that you send the draft back with your 2.5-page portion completed by no later than EOD Thursday. Assuming you have not taken any new positions since our meet and confer, we will aim to get the joint statement on file Friday.

Thanks,
Tom

Tom Sperber
**BLB&G**
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas
New York, NY 10020
(212) 554-1939

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.