Pages 1 - 10

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable William H. Orrick, Judge

IN RE:                              )
                                    )
BIOMARIN PHARMACEUTICAL,            )   **Case No. 20-CV-06719-WHO**
INC. SECURITIES LITIGATION.         )
                                    )
_____)

                              San Francisco, California
                              Wednesday, October 4, 2022


### TRANSCRIPT OF REMOTE ZOOM VIDEOCONFERENCE PROCEEDINGS

**APPEARANCES VIA ZOOM VIDEOCONFERENCE:**

For the Plaintiffs:
                              BERNSTEIN LITOWITZ BERGER AND
                              GROSSMANN LLP
                              1251 Avenue of the Americas
                              44th Floor
                              New York, New York 10020
                         BY: **KATHERINE SINDERSON**
                              **ATTORNEY AT LAW**
                              **SALVATORE J. GRAZIANO,**
                              **ATTORNEY AT LAW**

For the Defendants:
                              COOLEY LLP
                              3175 Hanover Street
                              Palo Alto, California 94304
                         BY: **PATRICK EDWARD GIBBS**
                              **ATTORNEY AT LAW**
                              **AMANDA ALISON MAIN, ATTORNEY AT LAW**

TRANSCRIPTION SERVICE BY:     Dipti Patel, CET-997
                              Liberty Transcripts
                              7306 Danwood Drive
                              Austin, Texas 78759
                              (847) 848-4907

**Wednesday - October 4, 2022**                                      **2:19 P.M.**

P R O C E E D I N G S

---OOO---

**THE CLERK:**  All right.  So we will get under way in Case Number 20-6719, In re BioMarin Pharmaceutical, Inc.

Counsel, if you would please state your appearance for the record.

**MS. SINDERSON:**  Katie Sinderson on behalf of the plaintiffs from Bernstein Litowitz Berger and Grossmann, joined by my colleague Sal Graziano also from Bernstein Litowitz.

**MR. GRAZIANO:**  Good afternoon, Your Honor.

**MS. SINDERSON:**  Good afternoon.

**MR. GIBBS:**  Good afternoon, Your Honor.  Patrick Gibbs together with my partner Amanda Main, both from Cooley, on behalf of the defendants.

**THE COURT:**  Great.  Good afternoon to everybody.

So, first, you put a case management statement on the docket six months ago, and at first I was very embarrassed by seeing that you had done that and raising it just a couple of weeks ago.

But the more that I read, the less embarrassed I was.  And I just want to tell you a couple of things.  One, if you want a case management conference at any time, just ask.  Just contact Ms. Davis.

There was no date that was laid out there, and so just ask

and I'm always happy to address whatever issues you have.  I know you've been trying to work through things somewhat successfully and somewhat not.

So here what I understand about where things are, you've got a mediation coming up on November 2nd.  You've got a class certification that will be coming up.  You've agreed on the filing date.

I agree that with the defendants' schedule, it seems to make more sense to me.  And we'll have the hearing on the motion on March 1st of 2023.  And I'll get to the discovery dispute in a second.  But then as far as the schedule's concerned, the case schedule, again, the deadlines that the defendants laid out seem the most workable.

My question to you is whether if the filing of summary judgment or dispositive motions is August 11th, do you contemplate a normal briefing schedule?  So a hearing five weeks later or are you thinking that you're going to need more time for briefing?

**MS. SINDERSON:**  So, Your Honor, we haven't discussed the briefing schedule for summary judgment.  I would expect typically in these cases the schedule would be a little bit longer than that, but again we haven't discussed that.

**THE COURT:**  So would I.

So my suggestion is that the -- I'm going to adopt the proposed deadlines that the defendants have through the hearing

4

date.

Then what I'd like you to do is either stipulate to -- stipulate or provide me with a different schedule and send it in in a week which lays out what the briefing would be for the dispositive motions, what then the hearing date would be which would be at least two weeks after the reply brief comes in.

And then give me at least three months for the trial.  And then you could propose a trial date.  And if it doesn't work for me, then I'll switch it around.  And a pretrial date about four weeks before the trial date.  So if you would do that, then we'll have a schedule.

And then with respect to the discovery dispute, given this -- I think I can avoid the discovery dispute because of the schedule that we've set out for the class certification briefing.

At this point, I don't know why the defendant needs more than to take PMK or some deposition of somebody with a lot of knowledge about the algorithm and doing that shortly after the motion for summary -- the motion for class certification gets filed.

The plaintiffs say that they've provided plenty of information for you to figure this out.  You say no, they haven't.  That's fine.  Just take a deposition and that should solve the problem.

That may be too simplistic but, Mr. Gibbs, I'll give you the first go at this.

**MR. GIBBS:**  Thank you, Your Honor.

And, you know, of course if that's the way the Court wants us to proceed, we'll proceed that way with the hope that that gets us the answers we need.

I will tell you I'm very concerned that a witness is not likely to be able to explain the workings of the algorithm at the level of detail that we think is required for us to put together our opposition to any motion for class certification.

And, you know, no disrespect intended by this, but the plaintiffs' lawyers have not been able to give us any amount of real detail about what the specific inputs are, how they work within the algorithm, what the algorithm does with those factors at any level that could allow us to figure out what role, if any, the current stock price plays in the algorithm.

So I think it's going to be a very difficult task for a witness to do unless they are really really really well prepped.

I'm also concerned about the fact that if we just do it by deposition, you know, we're sort of -- all we have are the deposition answers.  We don't have documents to test it.  And, you know, as a defendant, I would love to try cases that way where they can just take our witnesses' depositions and they get what they get.

But that's not normally how we do it on our side.  We have to provide them with documents and they use those to test what our witnesses say.

6

So jut backing up for a step if I could, and I don't want to belabor the issue for too long, I know you have a long calendar today, but we've been told these trades were made based on an algorithmic trading program which means at least as I understand it, there are numerical inputs to the algorithm, the algorithm takes those specific numerical inputs, it does some calculations and spits out some kind of output, a rating or a number or something.

But I don't know what any of those inputs are.  I don't know what the specific inputs are for any given trade.  And plaintiffs have actually been all over the map.  Sometimes they say price is the only thing; sometimes they say price is one of other things, among other things.  They say value, momentum, risk.  I don't know how to define any of those things.

So, you know, if we have to do a deposition on the fly without documents, we'll do the best we can.  I'm skeptical that a witness will be able to answer at that level of detail.  And if it's an algorithm, I don't really see why it should be so difficult to answer those questions.

It's a formula.  It takes numerical inputs, and it runs some kind of calculation.  I would think they would be able to tell us in writing or orally today or in a meet and confer what those are.  But they haven't yet.

So we think it would be more efficient to get a written explanation of what the inputs were, how they work within the

7

algorithm, and what the output is before we take a deposition. But as I said, you know, we'll certainly try a deposition if that's how the Court would like us to do it.

**THE COURT:**  Ms. Sinderson?

**MS. SINDERSON:**  Sure.  Thank you, Your Honor.

We absolutely agree that a deposition would be the fastest and most efficient way.  It's very standard in these cases for defendants to tender a 30(b)(6) deposition, to give the topics that they want the witness educated on in order to get a complete answer.

Unsurprisingly, I think we disagree that we have been all over the map.  We've been very consistent that this is entirely publicly available information, stock prices, analyst consensus reports and earnings data that were fed into this model.  And we've provided the actual algorithm, the computer code itself, which you know defendants asked us questions about.

So it's unclear to me why they're now saying it's incomprehensible.  This was an extremely heavy lift for our client to provide the actual algorithm, and we thought this would actually satisfy.

We were hoping it would obviate any dispute in front of Your Honor given the magnitude of the discovery we were providing. But, unfortunately, here we are.

Again, we have -- we've been quite consistent.  Again, it's publicly available stock price information, earnings data.  None

8

of this is going to be a surprise.  None of it's internal data that is not public and that other class members didn't have. And, you know, a deposition is going to be the easiest way for defendants to get the answers to their questions here.

We've provided presentations.  We've provided the formula. We've provided discussion of the algorithm.  And we've provided the algorithm itself.  I think anything -- I'm not -- honestly, again, as we detail in our papers, defendants have asked for four different pieces of information.

Some of it we don't even have, and we've made that clear to them.  And some of it we have already provided.  So it's unclear to us what more they're asking for.  I think a  deposition is an efficient way to ask those questions.

**THE COURT:**  Okay.  Well, I think that's the way I want to go, Mr. Gibbs.

If you're right and you're asking somebody who's got some knowledge, he will -- or she will say, well, but you know there is a document that relates specifically to this and then you might have to take a second deposition if that's the case.

But the plaintiffs aren't able to identify that document or documents, those documents for you at this point, it seems.  So I think that's the -- that will just have to be the way that it goes.

**MR. GIBBS:**  Well, we will -- I suspect that the -- if it's going to be a 30(b)(6) deposition notice, which I assume it will

be, I think we should get started sooner rather than later on that because I suspect there will be objections and work to hammer that out.

So I would suggest that we will get out a deposition notice, and we can figure out dates down the line. But we might as well start talking about what the subject matters are and how we articulate them because I suspect that will take some work, as well.

**THE COURT:** Yeah. I think that that makes a lot of sense.

And I do -- I think this deposition should happen very promptly so that you can get to figuring out what the opposition's going to look like.

**MR. GIBBS:** We agree. Thank you, Your Honor.

**THE COURT:** Okay. So those were the issues that I saw that we ought to -- that I wanted to deal with.

Ms. Sinderson, are there other things that you think that we ought to address at this point?

**MS. SINDERSON:** Not today, Your Honor. Thank you.

**THE COURT:** Okay. Mr. Gibbs?

**MR. GIBBS:** No, thank you, Your Honor.

**THE COURT:** Okay. So I know that the next time I'm going to see you is March 1st. And that gives me comfort that this case isn't going to be slipping any further. If there's something else that I need to do in order to keep thing moving along, just let me know.

10

**MS. SINDERSON:**  Thank you very much, Your Honor.

**MR. GIBBS:**  Thank you, Your Honor.

**MR. GRAZIANO:**  Thank you, Your Honor.

**THE COURT:**  Thanks very much.

**MR. GIBBS:**  Thank you, Your Honor.

(Proceedings adjourned at 1:32 p.m.)

---OOo---

**C E R T I F I C A T E**

I, DIPTI PATEL, court-approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

_Dipti Patel_
_____

DIPTI PATEL, CET-997

LIBERTY TRANSCRIPTS                    Date: October 7, 2022