# Exhibit B

COOLEY LLP
JOHN C. DWYER (136533) (dwyerjc@cooley.com)
JESSICA VALENZUELA SANTAMARIA (220934)
(jvs@cooley.com)
AMANDA MAIN (260814) (amain@cooley.com)
3175 Hanover Street
Palo Alto, California  94304-1130
Telephone:    +1 650 843 5000
Facsimile:    +1 650 849 7400

Attorneys for Defendants
BioMarin Pharmaceutical Inc., Jean-Jacques Bienaimé
and Henry J. Fuchs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| *In re BioMarin Pharmaceutical Inc. Securities Litigation* | Case No. 3:20-cv-06719-WHO<br><br>**DEFENDANTS BIOMARIN PHARMACEUTICAL INC., JEAN-JACQUES BIENAIMÉ AND HENRY J. FUCHS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

**PROPOUNDING PARTY:**     **PLAINTIFF ARBEJDSMARKEDETS TILLÆGSPENSION**

**RESPONDING PARTY:**     **DEFENDANTS BIOMARIN PHARMACEUTICAL INC., JEAN-JACQUES BIENAIMÉ AND HENRY J. FUCHS**

**SET NUMBER:**     **ONE (1)**

Pursuant to Federal Rule of Civil Procedure 33, Defendants BioMarin Pharmaceutical Inc., Jean-Jacques Bienaimé and Henry J. Fuchs ("Defendants") respond as follows to Plaintiff Arbejdsmarkedetes Tillægspension's ("Plaintiff") first set of interrogatories:

## I.    GENERAL RESPONSES.

1.    Defendants hereby incorporate the following General Responses by reference into the individual response to each Interrogatory.  Each General Response has the same force and effect as if fully set forth in the individual responses to each Interrogatory.

2.    Defendants' response to Plaintiff's first set of interrogatories is made to the best of Defendants' present knowledge, information, and belief.  Said response is at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Defendants' recollection, is subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Defendants' further discovery or investigation.  Defendants reserve the right to make any use of, or to introduce at any hearing and at trial, information and/or documents responsive to Plaintiff's first set of interrogatories but discovered subsequent to the date of this response, including, but not limited to, any such information or documents obtained in discovery herein.

3.    To the extent that Defendants respond to Plaintiff's interrogatories by stating that Defendants will provide information and/or documents which Defendants or any other party to this litigation deems to embody material that is private, business confidential, proprietary, trade secret, or otherwise protected pursuant to Federal Rule of Civil Procedure 26(c), California Evidence Code section 1060, or California Constitution, article I, section 1, Defendants will do so upon the entry of the stipulated protective order.

4.    Defendants reserve all objections or other questions as to the competency, relevance, materiality, or admissibility as evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever of Defendants' responses herein and any document or thing identified or provided in response to Plaintiff's interrogatories.

5.    Defendants reserve the right to object on any ground at any time to such other or supplemental interrogatories as Plaintiff may at any time propound involving or relating to the

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2

DEFS' RESPS. & OBJS. TO INTERROGATORIES
(SET ONE)
CASE NO. 3:20-CV-06719-WHO

subject matter of these interrogatories.

## II.    GENERAL OBJECTIONS.

Defendants makes the following general objections, whether or not separately set forth in response to each Interrogatory, to each Instruction, Definition, and Interrogatory made in Plaintiff's first set of Interrogatories:

1.    Defendants object generally to each Definition, Instruction, and Interrogatory, insofar as they seek information or production of documents protected by the attorney-client privilege or the work product doctrine.  Such information or documents shall not be provided in response to Plaintiff's interrogatories and any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege with respect to such information or documents or of any work product immunity which may attach thereto.

2.    Defendants generally object to each Definition, Instruction, and Interrogatory to the extent it seeks to impose obligations that exceed those provided for in the Federal Rules of Civil Procedure and Evidence, the Local Rules, or any other applicable rules, law, or orders issued in this case.

## III.    SPECIFIC OBJECTIONS AND RESPONSES TO INSTRUCTIONS AND DEFINITIONS

1.    Defendants object to the definition of "Communications" to the extent it seeks to impose obligations on Defendants different from or greater than those imposed by the Federal Rules of Civil Procedure.  Defendants will comply with the Federal Rules of Civil Procedure with considerations of, among other things, relevance and proportionality.

2.    Defendants object to the definition of the "Company" or "BioMarin" because it is overbroad, unduly burdensome, not proportional to the needs of the case, and seeks to impose obligations on Defendants different from or greater than those imposed by the Federal Rules of Civil Procedure. Further, Defendants object to the phrases "present and former divisions, subsidiaries, affiliates, predecessors, successors" and "present and former officers, directors, and employees" as vague and ambiguous.  Defendants will construe the "Company" or "BioMarin" to mean BioMarin Pharmaceutical Inc.

3.    Defendants object to the definition of "Concerning" or "relating to," and specifically

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3

the phrase "being in any way legally, logically, or factually connected to," as vague and ambiguous, calling for a legal conclusion, and requiring subjective judgment on the part of Defendants and their attorneys. Defendants will construe "Concerning" and "relating to" as consisting of, referring to, reflecting, describing, evidencing, or constituting the specific subject matter.

**4.** Defendants object to the definition of "Defendants" to the extent that it incorporates Plaintiff's definition of "BioMarin." Defendants incorporate their objection to the definition of "BioMarin" herein and shall construe "BioMarin" to mean BioMarin Pharmaceutical Inc.

**5.** Defendants object to the definition of "Including" because it is defined as "including, but not limited to," indicating that these Interrogatories are not confined to the categories of information described, and are thus vague, ambiguous, uncertain, overbroad, compound, and unduly burdensome.

**6.** "Valrox" is the same as "Roctavian." For ease of reference, Defendants will use the term "Valrox" for purposes of these responses.

**7.** Defendants object to the definition of "Valrox Mid-cycle Meeting" as inaccurate and to the extent it incorporates allegations or characterizations of that meeting from the Complaint. Defendants will construe the "Valrox Mid-cycle Meeting" as the April 20, 2020 meeting between BioMarin and the FDA regarding the Valrox BLA.

**8.** Defendants object to the definition of "Valrox Late-cycle Meeting" as inaccurate and to the extent it incorporates allegations or characterizations of that meeting from the Complaint into the definition. Defendants will construe the "Valrox Late-cycle Meeting" as the June 1, 2020 meeting between BioMarin and the FDA regarding the Valrox BLA.

**9.** Defendants object to the definition of "Valrox PAI" because the phrase "any planned or proposed preapproval inspection" is vague, ambiguous, unintelligible, and overbroad. Defendants will construe "Valrox PAI" as any planned or proposed pre-license inspection of BioMarin's Novato facility by the FDA in connection with the FDA's review of the Valrox BLA between December 1, 2019 and August 18, 2020.

**10.** Defendants object to the definition of "You" and "Your," because "Defendants" incorporates the definition of "BioMarin." Defendants incorporate their objections to "Defendants"

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4

DEFS' RESPS. & OBJS. TO INTERROGATORIES
(SET ONE)
CASE NO. 3:20-CV-06719-WHO

and "BioMarin" to the definition of "You and "Your" and shall construe the definition of "BioMarin" to mean BioMarin Pharmaceutical Inc.

11.    Defendants object to Instruction No. 1 to the extent it seeks to impose obligations on Defendants that exceed the Federal Rules of Civil Procedure. Defendants further object that Plaintiff's "relevant time period" (January 1, 2018 through the present) is overbroad, unduly burdensome, and seeks information that is not relevant or proportional to the needs of the case, as it extends years before the Class Period and a year and seven months after the Class Period. Because Plaintiff's action is based on Defendants' alleged misrepresentations and omissions during the Class Period (i.e., March 2, 2020 through August 18, 2020), the relevant inquiry is what Defendants knew at the time of their alleged misstatements. Defendants will construe the relevant time period as set forth in response to each Interrogatory below.

**IV.    SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES.**

Without waiving or limiting in any manner any of the foregoing General Responses, General Objections and Specific Objections and Responses to Instructions and Definitions, but rather incorporating them into each of the following responses to the extent applicable, Defendants respond to the specific interrogatories in Plaintiff's first set of interrogatories as follows:

**INTERROGATORY NO. 1:**

Identify all third parties, including law firms, auditors, consultants, or experts, who were retained by Defendants and investigated, reviewed, analyzed, advised, or opined on the following topics during the period of June 1, 2018 to the present:

1.    The Valrox BLA, including the Valrox PAI;

2.    Valrox's manufacturing;

3.    Valrox's label;

4.    The Phase I/II and Phase III Trials;

5.    The May 2020 private offering, as described in ¶¶95-96 of the Complaint;

6.    Valrox's price, financial performance, sales, prescription volume, or payor reimbursement;

7.    BioMarin's stock performance and investor relations.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

5

DEFS' RESPS. & OBJS. TO INTERROGATORIES
(SET ONE)
CASE NO. 3:20-CV-06719-WHO

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Defendants object that this Interrogatory has *at least* seven (7) discrete sub-parts and thus constitutes at least seven (7) separate interrogatories under Federal Rule of Civil Procedure 33. Defendants also object that this Interrogatory is overbroad, unduly burdensome and seeks information that is not relevant or proportional to the needs of discovery. For example, the Interrogatory seeks information regarding "all third parties" concerning various matters over the period of June 1, 2018 to present, including before the Valrox BLA was submitted to the FDA in December 2019 and after the CRL was issued in August 2020. Further, sub-parts 2 and 4 seek information unrelated to the allegations in the Amended Complaint because Plaintiff has not alleged that Defendants made misrepresentations or omissions about Valrox's manufacturing or the Phase I/II and Phase III Trials; rather, Plaintiff alleges that Defendants made misleading statements and omissions during the Class Period regarding their communications with the FDA and, as such, the relevant inquiry relates to Defendants' communications with the FDA, not the Company's underlying manufacturing processes or the underlying clinical trials. Defendants further object that sub-part 5 seeks information relating to the May 2020 offering, despite that Plaintiff has not alleged any misconduct relating to the underlying offering. Defendants object to sub-part 7 to the extent it seeks information regarding BioMarin's stock performance and investor relations that is unrelated to Roctavian or the Roctavian BLA. Defendants further object to the undefined terms "investigated," "reviewed," "advised," and "opined" as vague and ambiguous, overbroad, and seeking information that is not relevant or proportional to the needs of discovery. Defendants will construe this Interrogatory as requesting information regarding those third parties with whom Defendants retained for the purpose of advising or opining on the listed topics. Defendants also note that discovery is at the beginning stages and ongoing.

Subject to and without waiving the foregoing objections, Defendants respond as follows.

1. Defendants retained the following third parties from January 1, 2019 through December 31, 2020, who may have advised or opined on the Valrox BLA and Valrox pre-license inspection:

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

6

**DEFS' RESPS. & OBJS. TO INTERROGATORIES**
**(SET ONE)**
**CASE NO. 3:20-CV-06719-WHO**

- Greenleaf Health, Inc.

- Hyman Phelps & McNamara PC

- REGEXBIO Ltd.

- Sidley Austin LLP

2.      While discovery is at the beginning stages and ongoing, Defendants do not believe any third parties were retained from January 1, 2019 through December 31, 2020 to advise BioMarin on its manufacturing of the Valrox drug.

3.      Defendants retained the following third parties from January 1, 2019 through December 31, 2020, who may have advised or opined on Valrox's label:

- Greenleaf Health, Inc.

- Hyman Phelps & McNamara PC

4.      Defendants retained the following third parties from January 1, 2019 through December 31, 2020, who may have advised or opined on the Phase I/II and Phase III Trial results:

- Bloodworks Northwest

- Fleming Consulting, Inc.

- Greenleaf Health, Inc.

- Hyman Phelps & McNamara PC

- Institute for Policy Advancement Ltd.

- Precision Medicine Agency

- Tarantino Consulting LLC

- University Physicians, Inc, dba University of Colorado Medicine

- Jan Astermark

- Michael Callaghan

- Stacy Croteau

- Graham Foster

- Daniel Gillen

- Rebecca Kruse Jarres

- Radoslaw Kaczmarek

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

7

DEFS' RESPS. & OBJS. TO INTERROGATORIES
(SET ONE)
CASE NO. 3:20-CV-06719-WHO

- Craig Kessler

- Arthur Yu-Shin Kim

- Barbara Konkle

- Roshni Kulkarni

- Jennifer Lai

- David Lillicrap

- Johnny Mahlangu

- Susanna Naggie

- Claude Negreir

- Johannes Oldenburg

- Margareth Ozelo

- John Pasi

- Flora Peyvandi

- Glenn Pierce

- Steve Pipe

- Michael Recht

- Spencer Sullivan

- Jerome Teitel

- Annette Von Drygalski

- Paul B. Watkins

- Gilbert White

- Guy Young

- Victor Jimenez Yuste

5.   Defendants retained the following third parties from January 1, 2019 through December 31, 2020, who may have advised or opined on the May 2020 private offering:

- Bank of America

- Barclay's

- Cooley LLP

Cooley LLP
Attorneys at Law
Palo Alto

8

Defs' Resps. & Objs. to Interrogatories
(Set One)
Case No. 3:20-cv-06719-WHO

- Deloitte Tax LLC

- Goldman Sachs

- JP Morgan

- KPMG

- Morgan Stanley

6. Defendants retained the following third parties from January 1, 2019 through December 31, 2020, who may have advised or opined on Valrox's price, financial performance, sales, prescription volume, or payor reimbursement:

- Arnold & Porter

- CareMetx, LLC

- IQVIA CSMS US, Inc.

- Jupiter Life Science Consulting, LLC

- ProDeMaCon LLC

- Sidley Austin LLP

7. Defendants retained the following third parties from January 1, 2019 through December 31, 2020, who may have advised or opined on BioMarin's stock performance or investor relations related to Roctavian and/or the Roctavian BLA:

- Chandler Chicco Agency LLC, a Syneos Health Company.

**INTERROGATORY NO. 2:**

Identify all persons employed in BioMarin's "Regulatory Affairs" group during the Class Period who had any involvement with the Valrox BLA, and, for each individual identified, state their (i) job title; (ii) tenure; and (iii) role or responsibilities with respect to the Valrox BLA.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Defendants object that this Interrogatory is overbroad and unduly burdensome and seeks information that is not relevant or proportional to the needs of discovery to the extent it seeks information regarding persons "with any involvement" with the Valrox BLA and to the extent it seeks an exhaustive list or detailed information about each person's "role or responsibilities."

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

9

DEFS' RESPS. & OBJS. TO INTERROGATORIES
(SET ONE)
CASE NO. 3:20-CV-06719-WHO

Defendants object that the undefined terms "BioMarin's 'Regulatory Affairs' group" and "any involvement" are vague and ambiguous. Defendants will construe this Interrogatory as requesting information about individuals in BioMarin's regulatory group who had some responsibilities relating to the Valrox BLA. Defendants also note that discovery is at the beginning stages and ongoing.

Subject to and without waiving the foregoing objections, Defendants respond as follows.

At some point during the Class Period (March 3, 2020 through August 18, 2020, inclusive) the following individuals were employed in BioMarin's Global Regulatory Affairs group and had some responsibilities relating to the Valrox BLA:

| Name | Job Title | Dates of Employment | General Description of Role |
|------|-----------|---------------------|----------------------------|
| Astrid Alfaro | Regulatory Affairs Manager | Employed since April 2019 | Provided support for responses to information requests regarding Valrox BLA |
| Roy Baranello | Senior Director, Regulatory Research | Employed November 2014-September 2020 | Provided regulatory research support |
| Leah Bennis | Associate Director, Regulatory Operations | Employed August 2015-October 2021 | Provided regulatory operations support |
| Courtney Bone | Manager, Regulatory Affairs | Employed April 2018-May 2021 | Provided support for responses to information requests regarding Valrox BLA |
| Sianna Castillo | Director of Regulatory Affairs, CMC Group | Employed June 2007-September 2021 | Involved in FDA communications regarding Valrox BLA quality/CMC issues |
| Ebony Dashiell-Aje | Senior Director, Regulatory Patient Engagement and Outcomes Research | Employed since May 2020 | Involved in patient engagement and outcomes research |
| Kate Delaney | Senior Director, Regulatory Patient Engagement and Outcomes Research | Employed since April 2015 | Involved in patient engagement and outcomes research |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

10

DEFS' RESPS. & OBJS. TO INTERROGATORIES
(SET ONE)
CASE NO. 3:20-CV-06719-WHO

| Name | Job Title | Dates of Employment | General Description of Role |
|---|---|---|---|
| Ynez Dugan | Senior Manager, Regulatory Operations | Employed since March 2001 | Provided regulatory operations publishing support |
| Mairead Duke | Executive Director of Regulatory Affairs; | Employed September 2015-September 2021 | Provided regulatory CMC management support |
| Leander Fontaine | Senior Labeling Strategist | Employed August 2017-July 2020 | Provided labeling support |
| Brad Glasscock | Group Vice President, Head of Global Regulatory Affairs | Employed since February 2012 | Provided regulatory management support and involved in FDA communications regarding Valrox BLA |
| Sabrina Gu | Senior Director, Regulatory Affairs | Employed since February 2015 | Involved in FDA communications regarding Valrox BLA |
| Priyanka Kukunuru | Regulatory Affairs Associate | Employed since December 2019 | Provided administrative support for Valrox BLA |
| Jennifer Mercer | Vice President, Regulatory Affairs | Employed since April 2017 | Involved in FDA communications regarding Valrox BLA |
| Elizabeth Moyle | Executive Director, Regulatory Affairs | Employed since May 2012 | Involved in regulatory labeling and FDA communications regarding Valrox BLA |
| Adora Ndu | Group Vice President, Worldwide Research & Development, Strategy, Scientific Collaborations and Policy; January 2021-January 2022; Vice President, Regulatory Affairs, Policy, Research, Engagement & International; August 2019-January 28, 2021 | Employed February 2017-January 2022 | Provided regulatory management support |

Cooley LLP
Attorneys at Law
Palo Alto

11

| Name | Job Title | Dates of Employment | General Description of Role |
|------|-----------|---------------------|----------------------------|
| Jonathan Ng | Director, Regulatory Affairs | Employed since November 2015 | Provided regulatory CMC support |
| Camron Noorbakhsh | Senior Manager, Regulatory Affairs Labeling | Employed since March 2016 | Provided regulatory labeling support |
| Hayley Pemble | Director, Regulatory Affairs | Employed since October 2014 | Provided support for responses to information requests and meetings regarding Valrox BLA |
| Parvin Perrino | Senior Director, Regulatory Affairs | Employed since June 2013 | Provided regulatory labeling support |
| Katherine Rendahl | Senior Manager, Regulatory CMC | Employed since July 2014 | Provided regulatory CMC support |
| Tammy Rose | Vice President, Regulatory Affairs | Employed since April 2019 | Provided regulatory management support |
| Phillip Vogeley | Manager, Regulatory Affairs | Employed since August 2015 | Provided regulatory CMC support |
| Matthew Wall | Senior Project Manager, Regulatory Project Management | Employed August 2017-July 2021 | Provided regulatory project management support |
| Amy Waterhouse | Vice President, Clinical/Nonclinical Regulatory Affairs | Employed since January 2000 | Provided regulatory management support |

**INTERROGATORY NO. 3:**

Identify all BioMarin employees, agents, contractors, advisors, consultants, or representatives who Communicated with the FDA concerning Valrox during the Class Period. For each BioMarin employee identified, state their (i) job title; (ii) tenure; and (iii) role or responsibilities with respect to Valrox. For each agent, contractor, advisor, consultant, or representative identified, state (i) the dates their retention by BioMarin in connection with Valrox began and ended; and (ii) their role or responsibilities with respect to Valrox.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

12

DEFS' RESPS. & OBJS. TO INTERROGATORIES
(SET ONE)
CASE NO. 3:20-CV-06719-WHO

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Defendants object to the phrases "all BioMarin employees, agents, contractors, advisors, consultants, or representatives" and "Communicated with" as vague and ambiguous. Defendants also object that the Interrogatory is overbroad and seeks information that is not relevant or proportional to the needs of discovery (e.g., the beginning and ending dates of retention, and to the extent it seeks an exhaustive list or detailed information about each person's "role or responsibilities"). Defendants further object to the extent this Interrogatory is duplicative of Interrogatory Nos. 1 and 2. Defendants further object to the phrase "the dates their retention by BioMarin in connection with Valrox began and ended," which is vague, difficult to determine, and may require the exercise of subjective judgment. Defendants also note that discovery is at the beginning stages and ongoing.

Subject to and without waiving the foregoing objections, Defendants respond as follows.

At some point during the Class Period (March 3, 2020 through August 18, 2020, inclusive) the following individuals communicated with the FDA regarding Valrox on behalf of BioMarin:

| Name | Job Title | Dates of Employment | General Description of Role |
|---|---|---|---|
| Robert Baffi | President, Global Manufacturing and Technical Operations, June 2019-December 2020; Senior Advisor, Jan 2021-current | Employed since May 2000 | Involved in FDA communications regarding Valrox BLA |
| Jean-Jacques Bienaimé | Chairman and CEO; | Employed since May 2005 | Involved in FDA communications regarding Valrox BLA |
| Sianna Castillo | Director of Regulatory Affairs, CMC Group | Employed June 2007-September 2021 | Involved in FDA communications regarding Valrox BLA |
| Hank Fuchs | President, Worldwide Research & Development | Employed since March 2009 | Involved in FDA communications regarding Valrox BLA |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

13

DEFS' RESPS. & OBJS. TO INTERROGATORIES
(SET ONE)
CASE NO. 3:20-CV-06719-WHO

| Name | Job Title | Dates of Employment | General Description of Role |
|---|---|---|---|
| Brad Glasscock | Group Vice President, Head of Global Regulatory Affairs | Employed since February 2012 | Involved in preparation of Valrox BLA and FDA communications regarding Valrox BLA |
| Sabrina Gu | Senior Director, Regulatory Affairs | Employed since February 2015 | Involved in FDA communications regarding Valrox BLA |
| Kala Jayaram | Executive Medical Director Pharmacovigilance | Employed since October 2013 | Involved in FDA communications regarding Valrox BLA |
| Ben Kim | Executive Medical Director, Clinical Science | Employed June 2017-October 2021 | Involved in FDA communications regarding Valrox BLA |
| Keith Life | Head of Novato Manufacturing | Employed since April 2015 | Involved in FDA communications regarding Valrox BLA |
| Jennifer Mercer | Vice President, Regulatory Affairs; | Employed since April 2017 | Involved in FDA communications regarding Valrox BLA |
| Elizabeth Moyle | Vice President, Regulatory Affairs | Employed since May 2012 | Involved in regulatory labeling and FDA communications regarding Valrox BLA |
| Jim Nickas | Group Vice President, Pharmacovigilance | Employed since October 2010 | Involved in FDA communications regarding Valrox BLA |
| Chuck O'Neill | Vice President, Head of Rapid Virtualized Early Development | Employed since April 2003 | Involved in FDA communications regarding Valrox BLA |
| Frank Sasinowski | Director at Hyman, Phelps & McNamara PC | | Involved in FDA communications regarding Valrox BLA |
| Harmit Vora | Executive Director, CMC Technical Strategy | Employed since April 2009 | Involved in FDA communications regarding Valrox BLA |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

14

DEFS' RESPS. & OBJS. TO INTERROGATORIES
(SET ONE)
CASE NO. 3:20-CV-06719-WHO

| Name | Job Title | Dates of Employment | General Description of Role |
|------|-----------|---------------------|----------------------------|
| Stephen Zoog | Vice President, Translational Sciences | Employed since June 2012 | Involved in FDA communications regarding Valrox BLA |

**INTERROGATORY NO. 4:**

Identify all persons who authored, drafted, reviewed, or approved the statements identified in ¶¶ 118-145 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Defendants object to the terms "authored, drafted, reviewed, or approved" because they are vague, ambiguous, and subject to multiple different and reasonable interpretations. Defendants further object that the Interrogatory is compound and purports to include numerous sub-parts, and is vague and ambiguous as a whole, as Plaintiff did not identify any of the specific "statements" but instead refer to nearly 30 paragraphs in the Complaint. Defendants also object that the Interrogatory is overbroad, unduly burdensome, and seeks information that is not relevant or proportional to the needs of discovery (for example, asking about "all persons" who reviewed statements set forth in 30 paragraphs of the Complaint, regardless of whether they are employed by BioMarin or were involved in preparing the statements). Defendants also note that discovery is at the beginning stages and ongoing.

Subject to and without waiving the foregoing objections, Defendants respond as follows.

The following persons were employed by BioMarin and may have had a role in drafting or reviewing the challenged statements in the Complaint:

- Jeff Ajer
- Robert Baffi
- Jean-Jacques Bienaimé
- Debra Charlesworth
- Eric Davis

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

15

DEFS' RESPS. & OBJS. TO INTERROGATORIES
(SET ONE)
CASE NO. 3:20-CV-06719-WHO

- Hank Fuchs
- Brad Glasscock
- Greg Guyer
- Jeremy Kanarek
- Ben Kim
- Traci McCarty
- Brian Mueller
- Dan Spiegelman
- Geoffrey Nichol
- Jessica Nora
- Jess Swann
- Xinqun Yang


Dated: March 30, 2022                           COOLEY LLP


                                                By: */s/ Jessica Valenzuela Santamaria*
                                                    Jessica Valenzuela Santamaria

                                                Attorneys for Defendants
                                                BioMarin Pharmaceutical Inc., Jean-Jacques
                                                Bienaimé and Henry J. Fuchs

265195688

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

16

DEFS' RESPS. & OBJS. TO INTERROGATORIES
(SET ONE)
CASE NO. 3:20-CV-06719-WHO

**PROOF OF SERVICE**

I am a citizen of the United States and a resident of the State of California. I am employed in Santa Clara County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley LLP, 3175 Hanover Street, Palo Alto, California 94304-1130. My email address is jcorrell@cooley.com On the date set forth below I served the documents described below in the manner described below:

**DEFENDANTS BIOMARIN PHARMACEUTICAL INC., JEAN-JACQUES BIENAIMÉ AND HENRY J. FUCHS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

☒   (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following part(ies) in this action:

BERNSTEIN LITOWITZ BERGER
 & GROSSMAN LLP
Jonathan D. Uslaner
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3470

BERNSTEIN LITOWITZ BERGER
 & GROSSMAN LLP
Salvatore Graziano
(salvatore@blbglaw.com)
Jeroen Van Kwawegen
(jeroen@blbglaw.com)
Katherine M. Sinderson
(katiem@blbglaw.com)
Abe Alexander
(abe.alexander@blbglaw.com)
William E. Freeland
(william.freeland@blbglaw.com)
Thomas Z. Sperber
(thomas.sperber@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400

Executed on March 30, 2022, at Salinas, California.

/s/ Julie L. Correll

Julie L. Correll

**PROOF OF SERVICE**
**CASE NO. 3:20-CV-06719-WHO**