# Exhibit C

COOLEY LLP
JOHN C. DWYER (136533)
(dwyerjc@cooley.com)
PATRICK E. GIBBS (183174)
(pgibbs@cooley.com)
AMANDA MAIN (260814)
(amain@cooley.com)
3175 Hanover Street
Palo Alto, California  94304-1130
Telephone:     +1 650 843 5000
Facsimile:      +1 650 849 7400

Attorneys for Defendants
BioMarin Pharmaceutical Inc., Jean-Jacques Bienaimé
and Henry J. Fuchs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re BioMarin Pharmaceutical Inc. Securities Litigation* | Case No. 3:20-cv-06719-WHO<br><br>**DEFENDANTS BIOMARIN PHARMACEUTICAL INC., JEAN-JACQUES BIENAIMÉ AND HENRY J. FUCHS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES** |

**PROPOUNDING PARTY:**     **PLAINTIFF ARBEJDSMARKEDETS TILLÆGSPENSION**

**RESPONDING PARTY:**        **DEFENDANTS BIOMARIN PHARMACEUTICAL INC., JEAN-JACQUES BIENAIMÉ AND HENRY J. FUCHS**

**SET NUMBER:**                **TWO (2)**

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

**DEFS' RESPS. & OBJS. TO INTERROGATORIES**
**(SET TWO)**
**CASE NO. 3:20-CV-06719-WHO**

Pursuant to Federal Rule of Civil Procedure 33, Defendants BioMarin Pharmaceutical Inc., Jean-Jacques Bienaimé and Henry J. Fuchs ("Defendants") respond as follows to Plaintiff Arbejdsmarkedetes Tillægspension's ("Plaintiff") second set of interrogatories:

## I.    GENERAL RESPONSES.

**1.**    Defendants hereby incorporate the following General Responses by reference into the individual response to each Interrogatory. Each General Response has the same force and effect as if fully set forth in the individual responses to each Interrogatory.

**2.**    Defendants' response to Plaintiff's second set of interrogatories is made to the best of Defendants' present knowledge, information, and belief. Said response is at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Defendants' recollection, is subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Defendants' further discovery or investigation. Defendants reserve the right to make any use of, or to introduce at any hearing and at trial, information and/or documents responsive to Plaintiff's first set of interrogatories but discovered subsequent to the date of this response, including, but not limited to, any such information or documents obtained in discovery herein.

**3.**    To the extent that Defendants respond to Plaintiff's interrogatories by stating that Defendants will provide information and/or documents which Defendants or any other party to this litigation deems to embody material that is private, business confidential, proprietary, trade secret, or otherwise protected pursuant to Federal Rule of Civil Procedure 26(c), California Evidence Code section 1060, or California Constitution, article I, section 1, Defendants will do so pursuant to the Stipulated Protective Order.

**4.**    Defendants reserve all objections or other questions as to the competency, relevance, materiality, or admissibility as evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever of Defendants' responses herein and any document or thing identified or provided in response to Plaintiff's interrogatories.

**5.**    Defendants reserve the right to object on any ground at any time to such other or supplemental interrogatories as Plaintiff may at any time propound involving or relating to the

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2

subject matter of these interrogatories.

## II.    GENERAL OBJECTIONS.

Defendants makes the following general objections, whether or not separately set forth in response to each Interrogatory, to each Instruction, Definition, and Interrogatory made in Plaintiff's first set of Interrogatories:

1.    Defendants object generally to each Definition, Instruction, and Interrogatory, insofar as they seek information or production of documents protected by the attorney-client privilege or the work product doctrine.  Such information or documents shall not be provided in response to Plaintiff's interrogatories and any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege with respect to such information or documents or of any work product immunity which may attach thereto.

2.    Defendants generally object to each Definition, Instruction, and Interrogatory to the extent it seeks to impose obligations that exceed those provided for in the Federal Rules of Civil Procedure and Evidence, the Local Rules, or any other applicable rules, law, or orders issued in this case.

## III.    SPECIFIC OBJECTIONS AND RESPONSES TO INSTRUCTIONS AND DEFINITIONS

1.    Defendants object to the definition of the "Company" or "BioMarin" because it is overbroad, unduly burdensome, not proportional to the needs of the case, and seeks to impose obligations on Defendants different from or greater than those imposed by the Federal Rules of Civil Procedure. Further, Defendants object to the phrases "present and former divisions, subsidiaries, affiliates, predecessors, successors" and "present and former officers, directors, and employees" as vague and ambiguous.  Defendants will construe the "Company" or "BioMarin" to mean BioMarin Pharmaceutical Inc.

2.    Defendants object to the definition of "Concerning" or "relating to," and specifically the phrase "being in any way legally, logically, or factually connected to," as vague and ambiguous, calling for a legal conclusion, and requiring subjective judgment on the part of Defendants and their attorneys.  Defendants will construe "Concerning" and "relating to" as consisting of, referring to, reflecting, describing, evidencing, or constituting the specific subject matter.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3

DEFS' RESPS. & OBJS. TO INTERROGATORIES
(SET TWO)
CASE NO. 3:20-CV-06719-WHO

**3.**    Defendants object to the definition of "Defendants" to the extent that it incorporates Plaintiff's definition of "BioMarin."  Defendants incorporate their objection to the definition of "BioMarin" herein and shall construe "BioMarin" to mean BioMarin Pharmaceutical Inc.

**4.**    Defendants object to the definition of "Including" because it is defined as "including, but not limited to," indicating that this Interrogatory is not confined to the categories of information described, and are thus vague, ambiguous, uncertain, overbroad, compound, and unduly burdensome.

**5.**    Defendants object to the definition of "You" and "Your," because "Defendants" incorporates the definition of "BioMarin."  Defendants incorporate their objections to "Defendants" and "BioMarin" to the definition of "You and "Your" and shall construe the definition of "BioMarin" to mean BioMarin Pharmaceutical Inc.

**6.**    Defendants object to Instruction No. 1 to the extent it seeks to impose obligations on Defendants that exceed the Federal Rules of Civil Procedure.  Defendants further object that Plaintiff's "relevant time period" (January 1, 2018 through the present) is overbroad, unduly burdensome, and seeks information that is not relevant or proportional to the needs of the case, as it extends years before the Class Period and a year and seven months after the Class Period. Because Plaintiff's action is based on Defendants' alleged misrepresentations and omissions during the Class Period (i.e., March 2, 2020 through August 18, 2020), the relevant inquiry is what Defendants knew at the time of their alleged misstatements.  Defendants will construe the relevant time period as previously agreed, December 1, 2019 through August 18, 2020.

**IV.**    **SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES.**

Without waiving or limiting in any manner any of the foregoing General Responses, General Objections and Specific Objections and Responses to Instructions and Definitions, but rather incorporating them into each of the following responses to the extent applicable, Defendants respond to the specific interrogatories as follows:

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4

**INTERROGATORY NO. 5:**

For each Person identified in response to Plaintiff's Interrogatories Nos. 2-4 and each Person identified below, identify the Person's cell phone and office phone numbers, and carrier(s) for each number (e.g., Verizon, AT&T, T-Mobile).

1. Brinda Balakrishnan

2. Lon Cardon

3. Joshua Henshaw

4. Chito Hernandez

5. Gordon Sun

6. Wing Yen Wong

7. Elizabeth Marsie-Hazen

8. Nina Orike

9. Victoria Sluzky

10. Shannon Utter

11. Connie Chang

12. Marty Richard

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Defendants object to Interrogatory No. 5 as unduly burdensome, harassing, and seeking information that is not relevant or proportional to the needs of discovery, as the Interrogatory seeks the personal information of over 70 people – including "cell phone and office phone numbers" and carrier information. To begin, this information is in no way relevant to the parties' claims or defenses or any issue at stake in this litigation, and thus only serves to harass Defendants and the individuals whose private information Plaintiff seeks. Further, Plaintiff requests such information for more than 70 people—without regard to the relevance or significance of each person to the disputed issues in the litigation—and there is no reasonable justification for imposing such undue burden. Defendants also object to the extent the Interrogatory seeks

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

5

DEFS' RESPS. & OBJS. TO INTERROGATORIES
(SET TWO)
CASE NO. 3:20-CV-06719-WHO

information that is outside Defendants' possession, custody, and control, as the Interrogatory seeks personal information about individuals, including those who are no longer employed by BioMarin.

Dated:  August 22, 2022                              COOLEY LLP


                                                     By: /s/ Amanda A. Main
                                                         Amanda A. Main

                                                     Attorneys for Defendants
                                                     BioMarin Pharmaceutical Inc., Jean-Jacques
                                                     Bienaimé and Henry J. Fuchs

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

6

DEFS' RESPS. & OBJS. TO INTERROGATORIES
(SET TWO)
CASE NO. 3:20-CV-06719-WHO

**PROOF OF SERVICE**

I am a citizen of the United States and a resident of the State of California. I am employed in Santa Clara County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley LLP, 3175 Hanover Street, Palo Alto, California 94304-1130. My email address is jcorrell@cooley.com On the date set forth below I served the documents described below in the manner described below:

**DEFENDANTS BIOMARIN PHARMACEUTICAL INC., JEAN-JACQUES BIENAIMÉ AND HENRY J. FUCHS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

☒    (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following part(ies) in this action:

BERNSTEIN LITOWITZ BERGER
 & GROSSMAN LLP
Jonathan D. Uslaner
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA  90067
Tel:  (310) 819-3470

BERNSTEIN LITOWITZ BERGER
 & GROSSMAN LLP
Salvatore Graziano
(salvatore@blbglaw.com)
Jeroen Van Kwawegen
(jeroen@blbglaw.com)
Katherine M. Sinderson
(katiem@blbglaw.com)
Abe Alexander
(abe.alexander@blbglaw.com)
William E. Freeland
(william.freeland@blbglaw.com)
Thomas Z. Sperber
(thomas.sperber@blbglaw.com)
1251 Avenue of the Americas
New York, NY  10020
Tel: (212) 554-1400

Executed on August 22, 2022, at Salinas, California.

*/s/ Julie L. Correll*
—————————————————
Julie L. Correll

PROOF OF SERVICE
CASE NO. 3:20-CV-06719-WHO