UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BILL TSANTES, et al.,

          Plaintiffs,

    v.

BIOMARIN PHARMACEUTICAL INC., et al.,

          Defendants.

Case No. 3:20-cv-06719-WHO

**ORDER RE: JOINT STATEMENT REGARDING DISCOVERY DISPUTE**

Re: Dkt. No. 112

The parties are in the midst of discovery and filed a Joint Statement Regarding a Discovery Dispute outlining two issues. ("Letter") [Dkt. No. 112].

The plaintiffs seek text messages from several non-defendants and represent they narrowed the request to messages from nine individuals. *See id.* at 2:5-6. Text messages are discoverable materials. *See, e.g.*, *Alejandro v. ST Micro Elecs., Inc.*, 2016 WL 2939939, at \*2 (N.D. Cal. Mar. 28, 2016). For the plaintiffs' underlying fraud claims, corporate scienter is established by showing individual directors or officers had the requisite scienter. *See Glazer Cap. Mgmt., LP v. Magistri*, 549 F.3d 736, 744 (9th Cir. 2008); *see also In re Marsh & Mclennan Cos., Inc. Secs. Litig.*, 501 F. Supp. 2d 452, 481 (S.D.N.Y. July 20, 2006) (finding that corporate scienter "is necessarily derived from [the corporation's] employees"). While corporate scienter here could be established by showing the named defendants had the requisite mental state, it also could be established by showing any of the nine custodians had the requisite mental state. And their mental states cannot necessarily be established by reviewing their text correspondence only with the individual defendants, as the defendants suggest, *see* Letter at 4:22-23, because it is possible they revealed knowledge of the underlying fraud in texts to nonparties. For that reason, the defendants are ordered to provide the requested discovery from these nine individuals during the specified class

United States District Court
Northern District of California

period.

The plaintiffs also seek the office and cell phone numbers and the wireless carriers of many non-defendant current and former employees. *See id.* at 2:16-3:14. Again, the plaintiffs narrowed the list of individuals from whom they seek information, this time to twenty-five people. *See id.* at 3:9-10. The defendants call the request "unduly burdensome, harassing, and seeking information that is not relevant or proportional to the needs of discovery." *Id.* Ex. C at 5. The plaintiffs contend that they need the information to confirm if and whether the defendants spoke with the FDA during the relevant period, which is relevant to their theory that the defendants fraudulently assured investors of FDA approval while simultaneously failing to communicate with the FDA during the important review period. *See* Motion for Class Cert. [Dkt. No. 110] at 1-2; 4-5. But it is not clear from the letter or exhibits whether all of these individuals were or would have been tasked with speaking with the FDA in this capacity. Without stronger guardrails or justification for intruding the privacy rights of so many non-defendants, the plaintiffs' request is denied.

**IT IS SO ORDERED.**

Dated: November 18, 2022



William H. Orrick
United States District Judge