**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3472

SALVATORE GRAZIANO (*pro hac vice*)
salvatore@blbglaw.com
JEROEN VAN KWAWEGEN (*pro hac vice*)
jeroen@blbglaw.com
KATHERINE M. SINDERSON (*pro hac vice*)
katiem@blbglaw.com
ABE ALEXANDER (*pro hac vice*)
abe.alexander@blbglaw.com
WILLIAM E. FREELAND (*pro hac vice*)
Billy.freeland@blbglaw.com
THOMAS Z. SPERBER (*pro hac vice*)
thomas.sperber@blbglaw.com
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400

*Counsel for Lead Plaintiff and the Class*

[Counsel for Defendants listed in signature block]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE BIOMARIN PHARMACEUTICAL INC. SECURITIES LITIGATION | Case No. 3:20-cv-06719-WHO<br><br>**JOINT STATEMENT REGARDING DISCOVERY DISPUTE**<br><br>Judge:    Hon. William H. Orrick |

JOINT STATEMENT REGARDING DISCOVERY DISPUTE
CASE NO.: 3:20-cv-06719-WHO

Pursuant to Judge Orrick's Standing Order for Civil Cases, the Parties submit this Joint Statement Regarding Discovery Dispute and confirm they have met and conferred.

## I.    Plaintiff's Position

After six months of document production, Defendants have produced a single privilege log for 72 documents. Plaintiff disputes the designation for 29 documents. At the same time, Defendants have declined to enter into an otherwise agreed-upon ESI Protocol due to their 11th-hour insistence on having an extraordinary **90 days** to produce privilege logs **after** substantial production is complete. The Court should order Defendants to produce unredacted versions of the challenged documents, should require the parties to produce privilege logs within 30 days of any document production, and should enter the otherwise agreed-upon ESI Protocol.

**Privilege Designations.** On September 2, 2022, Defendants clawed back 72 documents as redacted for privilege. Plaintiff has challenged 29 of these designations (the "Challenged Designations"). The Challenged Designations primarily consist of three emails spread across several email chains, which contain an underlying email sent by non-legal personnel, VP for Corporate Communications, Debra Charlesworth.[1] These emails asked for review and comment on three draft press releases.[2] Of the approximately 13 individuals listed as recipients of these emails, including the Individual Defendants and key non-legal executives, two were designated "legal personnel." Not a single email asked for legal advice—some did not ask for comment at all.

Defendants' designations are directly contrary to decades of well-established case law. *City of Roseville Emps.' Ret. Sys. v. Apple Inc.*, 2022 WL 3083000, at *17 (N.D. Cal. Aug. 3, 2022) ("[T]he mere fact that an attorney is included in the email group to which the email is sent does not establish that the email is privileged.") (citation omitted); *In re Chase Bank USA, N.A. Check Loan Cont. Litig.*, 2011 WL 3268091, at *4 (N.D. Cal. July 28, 2011) ("[A]dding an attorney as a recipient [is] insufficient to confer privilege when the communication is not otherwise for the

---

[1] Plaintiff reserves its rights to challenge the remaining designations upon further discovery.

[2] In accordance with the Court's rules, Plaintiff is not attaching exemplars of the Challenged Designations. Judge Orrick's Standing Order for Civil Cases (effective 8/2021), https://www.cand.uscourts.gov/wp-content/uploads/judges/orrick-who/WHO_Standing_Order_Civil_08-25-2021.pdf. Plaintiff will provide exemplars at the Court's request.

purpose of facilitating legal advice or services."). In fact, including an in-house attorney among numerous other executives "suggests the possibility that the emails could be communications regarding business strategy that do not involve the communication or solicitation of legal advice." *Engurasoff v. Zayo Grp. LLC*, 2015 WL 335793, at *3 (N.D. Cal. Jan. 23, 2015). Furthermore, communications are more likely to have been for a business purpose rather than for obtaining legal advice when the attorney is in-house counsel rather than outside counsel. *Id.*; *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002). Defendants must still make a "clear showing" that the "primary purpose" of the communication was "securing legal advice." *ChevronTexaco*, 241 F. Supp. 2d at 1076.

Defendants have failed to make this clear showing. To date, they have only offered that the draft public statements were sent to BioMarin's General Counsel "for the sole purpose of obtaining legal advice." But in every instance, the emails were sent to multiple non-legal executives and do not request legal advice. Courts in this district and beyond have been unambiguous: "[i]f the document was prepared for purposes of ***simultaneous review by legal and nonlegal personnel, it cannot be said that the primary purpose of the document is to secure legal advice***." *United States v. Chevron Corp.*, 1996 WL 264769, at *3 (N.D. Cal. Mar. 13, 1996) (quoting *United States v. IBM Corp.*, 66 F.R.D. 206, 123 (S.D.N.Y. 1974) (emphasis added).

Plaintiff has not requested the legal advice received, and Defendants have failed to explain how draft press releases and the like, sent to a wide range of recipients, could reveal the nature of the legal advice sought or received. The Court should compel Defendants to produce unredacted versions of the Challenged Designations and to desist from such designations going forward.

**Timing of Privilege Logs and Execution of ESI Protocol.** While negotiating other provisions, the parties had long agreed to the following as part of an ESI Protocol:

> Parties will produce privilege logs on a rolling basis during the course of document production. Parties will substantially complete the production of privilege logs no later than 30 days following substantial completion of all document productions.

On September 12, Defendants removed the "rolling basis" provision and then on October 17, after the rest of the ESI Protocol was agreed upon, Defendants at the 11th hour changed this provision to give themselves 90 days, until December 28, 2022, to produce any privilege log at all.

Defendants' decision to withhold <u>any</u> privilege logs until 5 months after document production began and four months before fact discovery is complete—except for the single log Plaintiff insisted upon for clawed-back documents discussed above—prejudices Plaintiff by depriving it of the time necessary to challenge privilege designations, litigate motions to compel, review those documents, and conduct depositions and other further discovery in response to those documents.[3]

Plaintiff has offered to compromise, including by offering to accept a 45-day period. Defendants declined to move an inch. Plaintiff therefore requests that, for documents produced by September 29, 2022, the Court compel Defendants to produce a privilege log by no later than December 7, 2022. For any subsequent productions, the Court should compel Defendants to produce a privilege log no later than 2 weeks after the production.

Finally, the Court should require the parties to execute the ESI Protocol, on which the parties have otherwise reached complete agreement, but which Defendants have wrongly claimed is "unnecessary." Defendants are still making substantial productions, including of non-email documents. Plaintiff believes that an enforceable version of this protocol could assist the parties in avoiding disputes about metadata and other issues going forward.

## II.    Defendants' Position

**Privilege Challenges.**    BioMarin *only* withheld as privileged the portions of emails containing draft public statements sent to BioMarin's General Counsel for legal review, where legal advice was sought and, in fact, given.  BioMarin produced all other portions of the email not seeking or providing legal advice.  If BioMarin were forced to produce the draft public statements, this would not only disclose the express requests for legal advice but also reveal the actual legal advice given by BioMarin's counsel (namely, the precise changes recommended by BioMarin's General Counsel that are apparent from a comparison of the draft and final statements).  Plaintiff is not entitled to discover these privileged communications.

As a case cited by Plaintiff explains, "[i]t is clear that communications between corporate

---

[3] This 30-day timeline and "rolling basis" expectation is consistent with other, much larger, securities class action, including *In re CenturyLink Securities Litigation*, in which Defendants—represented by Cooley LLP—produced 2.5 million pages of documents, far more than the production here.  ESI Protocol, *In re CenturyLink Sales Pracs. & Sec. Litig.*, No. 17-md-2795-MJD-KMM (D. Minn. Oct. 21, 2019), ECF No. 478.

personnel and their in-house counsel made for the purpose of securing legal advice are protected by the privilege." *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076, 1078 (N.D. Cal. 2002) (finding no privilege where in-house counsel acted in business capacity and emails consisted of "purely business matters"). For a dual-purpose communication to in-house counsel— i.e., where the communication seeks legal *and* business advice from counsel—the communication is privileged if the "primary purpose" is to obtain legal advice. *In re Grand Jury*, 23 F.4th 1088, 1091-93 (9th Cir. 2021). As discussed below, the draft public disclosures at issue are privileged because they were unquestionably sent to BioMarin's General Counsel for the primary purpose of obtaining legal (*not* business) advice relating to BioMarin's compliance with securities laws.[4]

The 29 challenged documents involve 5 distinct email threads seeking legal advice from BioMarin's General Counsel, 3 of which originate from BioMarin's Vice President of Corporate Communications (Debra Charlesworth), and 2 of which originate from BioMarin's Vice President of Investor Relations (Traci McCarty). (Ex. 1.)[5] The withheld communications are privileged because they were sent to BioMarin's General Counsel for the primary purpose of obtaining legal (*not* business) advice regarding BioMarin's draft disclosures, many highlighted the need for legal advice on specific matters, and BioMarin's counsel in fact reviewed the draft public disclosures and provided legal advice.[6] *See, e.g.*, *In re CV Therapeutics, Inc. Sec. Litig.*, 2006 WL 1699536, at *5 (N.D. Cal. June 16, 2006) ("draft investor question and answer document" circulated by CFO to "legal and non-legal recipients for review," which was "actually received and reviewed by legal counsel," was privileged); *Aristocrat Techs. Australia Pty Ltd. v. Int'l Game Tech.*, 2011 WL 1158781, at *3 (N.D. Cal. Mar. 29, 2011) (upholding privilege claim where privilege log described

---

[4] The Court need look no further than BioMarin's privilege log to resolve this dispute, which itself meets BioMarin's burden to show the withheld communications are privileged. *See In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992). Plaintiff does **not** ask this Court to conduct an in-camera review of the privileged documents, nor has it met the standard to justify such an intrusion. *Id.* at 1075 (requiring party opposing privilege to "show a factual basis sufficient to support a reasonable, good faith belief that . . . the material is not privileged.").

[5] Plaintiff challenges the following privilege log entries: December 17, 2019 draft press release (Privilege Log Nos. 2, 4, 29); June 15, 2020 draft press release (Privilege Log Nos. 31, 32, 33, 34, 35, 36, 37, 38, 40, 41, 42, 44, 45, 46, 47, 48, 49, 50); August 18, 2020 draft press release (Privilege Log Nos. 8, 10, 12); August 18, 2020 draft public statements (Privilege Log Nos. 21, 22, 23); October 28, 2020 draft press release (Privilege Log Nos. 67, 68).

[6] If necessary and permitted, BioMarin can submit a declaration testifying to these facts.

email as "reflecting and/or seeking legal advice" from attorney copied on email). BioMarin narrowly tailored its privilege claims, withholding only the draft public statements and a single comment relating to the subject of legal advice. BioMarin cannot disclose this information without revealing express requests for legal advice and the substance of counsel's legal advice. BioMarin produced the remaining portions of the email that did not request or reflect legal advice, which is all Plaintiff is entitled to.

The cases cited by Plaintiff are inapposite. While the court in *Engurasoff* stated that the number of recipients and fact that an attorney is "merely CC'd" makes it *possible* the emails do not involve the solicitation of legal advice, the court made clear that "[t]he mere fact that a document includes multiple recipients . . . does not mean that the privilege cannot attach." *Engurasoff v. Zayo Grp. LLC*, 2015 WL 335793, at *2-3 (N.D. Cal. Jan. 23, 2015). Moreover, BioMarin's counsel is *not* "merely CC'd" on the withheld portion of the emails but is instead a direct recipient in the "to" line. Also, unlike the other cases Plaintiff cites, BioMarin does not claim that the communications are privileged solely by virtue of the fact that an attorney was copied. (*See supra*, Plaintiff's citation to *City of Roseville* and *In re Chase Bank*.) Instead, the draft public statements and disclosures were sent to BioMarin's General Counsel for the very purpose of obtaining legal advice and such legal advice was, in fact, given.

**Timing of Defendants' Privilege Logs.** Plaintiff's decision to raise this matter with the Court is a waste of judicial resources. For documents withheld as privileged from their substantially complete document production, Defendants already agreed to provide a privilege log by December 28, 2022. This is appropriate under the circumstances. Not only is this a one-sided obligation, given Plaintiff's recent claim that it has no privilege claims to substantiate, but Plaintiff will have 4.5 months before the close of fact discovery to promptly raise any concerns. Defendants' proposed deadline is reasonable, especially considering Plaintiff's lengthy delay in finalizing a protocol and that Defendants have continuously accommodated and prioritized Plaintiff's stream of demands for additional search terms and custodians.

Dated: November 29, 2022

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

/s/ Katherine M. Sinderson
SALVATORE GRAZIANO (*pro hac vice*)
(salvatore@blbglaw.com)
JEROEN VAN KWAWEGEN (*pro hac vice*)
(jeroen@blbglaw.com)
KATHERINE M. SINDERSON (*pro hac vice*)
(katiem@blbglaw.com)
ABE ALEXANDER (*pro hac vice*)
(abe.alexander@blbglaw.com)
WILLIAM E. FREELAND (*pro hac vice*)
billy.freeland@blbglaw.com
THOMAS Z. SPERBER (*pro hac vice*)
thomas.sperber@blbglaw.com
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400

JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3472

*Lead Counsel for Lead Plaintiff
and the Class*

COOLEY LLP

/s/ Patrick E. Gibbs
JOHN C. DWYER (Bar No. 136533)
dwyerjc@cooley.com
PATRICK E. GIBBS (Bar No. 183174)
pgibbs@cooley.com
Amanda A. Main (Bar No. 260814)
amain@cooley.com
3175 Hanover Street
Palo Alto, CA 94304-1130

*Counsel for Defendants BioMarin
Pharmaceutical Inc., Jean-Jacques
Bienaimé and Henry J. Fuchs*

JOINT STATEMENT REGARDING DISCOVERY DISPUTE
CASE NO.: 3:20-cv-06719-WHO

6

**ATTESTATION PURSUANT TO CIV. L.R. 5-1(h)(3)**

Pursuant to Civ. L.R. 5-1(h)(3), I attest that concurrence in the filing of this document has been obtained from the signatories.


Dated: November 29, 2022                    /s/ Katherine M. Sinderson
                                            Katherine M. Sinderson

JOINT STATEMENT REGARDING DISCOVERY DISPUTE
CASE NO.: 3:20-cv-06719-WHO                                            7