UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BILL TSANTES, et al.,

          Plaintiffs,

    v.

BIOMARIN PHARMACEUTICAL INC., et al.,

          Defendants.

Case No. 3:20-cv-06719-WHO

**ORDER REGARDING DISCOVERY DISPUTE**

Re: Dkt. No. 114

The parties in this purported securities class action filed a joint letter concerning another discovery dispute. ("Letter") [Dkt. No. 114]. I have twice addressed recent discovery disputes in this case. *See* Dkt. Nos. 106, 113. The plaintiffs now raise two new issues: one concerning the claw back and redaction of apparently privileged documents by the defendants, and one concerning the defendants' timing for providing their privilege log. Plaintiffs do not request in camera review.

First, the plaintiffs challenge the redaction of certain documents as privileged, for apparently seeking and providing legal advice from in-house counsel. *See* Letter at 1-2. The documents stem from five email threads in which BioMarin vice presidents apparently sought legal advice from in-house attorneys on draft press releases and on "communications with analysts and investors following BioMarin's receipt of complete response letter from FDA." *Id.* at 4; Letter Ex. 1 at 2. The plaintiffs contend that "[n]ot a single email asked for legal advice" and that "some did not ask for comment at all." Letter at 1. Defendants say they cannot provide the emails or the drafts of the press release because the emails themselves contain the requests and legal advice, and the drafts can be compared to the final public press releases so that the plaintiffs could

United States District Court
Northern District of California

easily determine the content of the provided legal advice.   Letter at 3.  I now GRANT the plaintiffs' first request in part and DENY the request in part.

"The burden of proving that the privilege applies lies with the party asserting the privilege." *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1069 (N.D. Cal. 2002) (citing *Weil v. Investment/Indicators Research & Mgmt.,* 647 F.2d 18, 25 (9th Cir. 1981)). "[P]rivilege should attach only where extending its protection would foster more forthright and complete communication between the attorney and her client *about the client's legal dilemma*." *Id.* at 1070 (citing *Weil,* 647 F.2d at 24).  Where attorney communications provide legal and non-legal advice, "the 'primary purpose' test applies" and asks "whether the primary purpose of the communication is to give or received legal advice, as opposed to business . . . advice." *In re Grand Jury*, 23 F.4th 1088, 1091, 1094 (9th Cir. 2021).  "Merely copying in-house counsel on an email exchange does not make a communication privileged." *City of Roseville Emps.' Ret. Sys. v. Apple Inc.*, No. 19-CV-02033-YGR-JCS, 2022 WL 3083000, at *14 (N.D. Cal. Aug. 3, 2022) (subsequent history omitted).  But the proponent of privilege can establish that internal communications with in-house counsel were privileged by "mak[ing] a 'clear showing' that the 'speaker' made the communications for the purpose of obtaining or providing legal advice." *ChevronTexaco Corp.*, 241 F. Supp. 2d at 1076 (quoting *In re Sealed Case*, 737 F.2d 94 (D.C. Cir. 1984)).  Where an attorney "gives a client legal advice on a business decision, that communication is protected by privilege." *L.D. v. United Behav. Health*, No. 20-CV-02254-YGR-JCS, 2022 WL 3139520, at *13 (N.D. Cal. Aug. 5, 2022) (citation omitted).

I agree with the defendants that they need not provide the draft press releases because the plaintiffs could compare them to the final public version and determine the underlying legal advice provided or incorporated.

But upon review of the privilege log, it seems that defendants were overinclusive in marking the emails themselves as privileged.  Much of the email back and forth is apparently between the original sender and non-legal professionals.  This implies that, even though in-house counsel were included in the email exchange, much of the advice sought was business related and not legal related. *See City of Roseville*, 2022 WL 30830000, at *14.  Of course, the defendants

need not produce the emails from in-house counsel that actually contain legal advice, the emails that prompted the need to provide that legal advice, or the emails actually requesting legal advice—these all would have been sent with the "primary purpose" of obtaining legal advice. *See In re Grand Jury*, 23 F.4th at 1091, 1094.  But the defendants do not make a "clear showing" that the senders of the other emails were primarily requesting legal advice.  *See ChevronTexaco Corp.*, 241 F. Supp. at 1076.  This is particularly true of emails that were not sent by an attorney, did not generate a response from an attorney, and were not replying to an attorney.  *See* Letter Ex. 1 at 1-2 (showing the email thread from August 18, 2020 and August 24, 2020 did not generate any responses from any legal personnel).  It is not clear how denoting those emails as privileged "would foster more forthright and complete communication between the attorney and her client" where it appears those emails did not foster *any* communication, at least from the attorney.  *See id.* at 1070.  For that reason, I GRANT plaintiffs' motion as to the email threads where no attorney communicated and therefore no legal advice was involved and DENY the motion as to the draft press releases and email threads that generated responses from attorneys.

Second, the plaintiffs say that the parties agreed to produce privilege logs "on a rolling basis" throughout document production and agreed to substantially complete privilege logs within 30 days of substantially completing document production, but that the defendants removed the "rolling basis" provision and changed the 30 day provision to 90 days.  Letter at 2-3.  The plaintiffs request an order for the defendants to produce a privilege log by December 7, 2022.  *Id.* at 3.  The defendants say they already agreed to provide a privilege log by December 28, which they say is appropriate because the amount of the discovery is already burdensome, that date gives plaintiffs over four months before discovery ends to review, and the plaintiffs say they have no privilege claims of their own.  *Id.* at 5.  Because the plaintiffs do not explain why they need the privilege log by December 7 as opposed to December 28, I do not see the urgency of this request. I DENY the plaintiffs' request.  The defendants must abide by their original plan and provide the

United States District Court
Northern District of California

log by or before December 28, 2022.

**IT IS SO ORDERED.**

Dated: December 7, 2022

William H. Orrick
United States District Judge

4