COOLEY LLP
JOHN C. DWYER (136533)
(dwyerjc@cooley.com)
PATRICK E. GIBBS (183174)
(pgibbs@cooley.com)
AMANDA A. MAIN (260814)
(amain@cooley.com)
BRETT DE JARNETTE (292919)
(bdejarnette@cooley.com)
3175 Hanover Street
Palo Alto, California  94304-1130
Telephone:    +1 650 843 5000
Facsimile:    +1 650 849 7400

Attorneys for Defendants
BioMarin Pharmaceutical Inc., Jean-Jacques Bienaimé
and Henry J. Fuchs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re BioMarin Pharmaceutical Inc. Securities Litigation* | Case No. 3:20-cv-06719-WHO <br><br> **DEFENDANTS' RESPONSE TO LEAD PLAINTIFF'S ADMINISTRATIVE MOTION TO MAINTAIN SEALING OF DOCKET ENTRY 126** <br><br> JUDGE:   HON. WILLIAM H. ORRICK |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Defendants file this response to address the serious accusations Plaintiff makes in its Administrative Motion to Maintain Sealing of Docket Entry 126 (ECF No. 127).

On February 10, 2023, Defendants filed a Joint Statement Regarding Discovery Dispute ("Joint Statement"). (ECF No. 126.) Despite that this was a "joint" submission and that Plaintiff never communicated any request or expectation that anything be filed under seal, Plaintiff now claims that filing the Joint Statement without redactions was a "flagrant" violation of the Stipulated Protective Order. Defendants, however, believed they had Plaintiff's permission to file the Joint Statement without redactions—which is exactly how Plaintiff returned it to Defendants for filing. (Declaration of Amanda A. Main ("Main Decl.") filed concurrently herewith ¶¶ 2-5.)

When Plaintiff returned the co-authored Joint Statement to Defendants, Plaintiff said nothing to indicate any information should be filed under seal, even after Defendants informed Plaintiff they would proceed with filing. (Main Decl., ¶¶ 2-4, Ex. A at 3-7.) In the past, when Plaintiff believed certain content should be filed under seal, Plaintiff highlighted the text and specifically said so. (*Id.* at ¶ 5.) The fact that Plaintiff had not identified any information to be filed under seal did not seem unusual given that such information is either not sensitive at all, general and high-level, or already in the public record (*see, e.g.,* ECF No. 124 at 8:12-14, 18:23-25, 20:13-20 (Joint CMC Statement that *Plaintiff* recently filed without redacting information at issue); ECF No. 97 at 1:8, 1:14-16, 3:3-5, 3:18, 3:20-21 (prior Joint Statement filed without redacting information at issue); ECF No. 107 at 6:3-13, 7:13-14, 7:24-25 (publicly available transcript from CMC containing information at issue for which Plaintiff did not request redactions)). (Main Decl., ¶ 5.)

After the Joint Statement was filed, one of Plaintiff's attorneys (Mr. Alexander)—with whom Defendants had *not* communicated at all about the Joint Statement—took issue with the fact that the document was filed without redactions. (*Id.* at ¶ 6, Ex. A at 1-3.) Defendants asked Plaintiff to specifically identify the information that it believes meets the sealing standard so Defendants could remove the document from the public docket and replace it with a redacted version. (*Id.*) Defendants did not, as Plaintiff claims, "insist[] that Plaintiff justify why the material in question meets the legal 'standard for sealing'" (ECF No. 127 at 1:16-18). Plaintiff refused to answer

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

- 1 -

DEFS. RESPONSE TO LEAD PLTF'S ADM.
MOTION TO MAINTAIN SEALING OF DOCKET
ENTRY 126 (3:20-CV-06719-WHO)

Defendants' question and instead declared that it would file an emergency motion. (Main Decl., ¶ 6, Ex. A at 1-2.)

Plaintiff argues Defendants should have known they needed to redact information in the Joint Statement, because they redacted similar material in their opposition to class certification. Plaintiff compares apples to oranges. Unlike Defendants' opposition – which Plaintiff had no opportunity to review before filing, much less a hand in drafting – Plaintiff co-authored the Joint Statement and had every opportunity to identify information to be filed under seal. In any event, Plaintiff's motion was completely unnecessary. Had Plaintiff answered Defendants' question and identified the information that needed to be filed under seal, the parties could have worked together to correct the filing. Plaintiff instead chose to file an emergency motion with inflammatory accusations that necessitated this response.

Dated: February 13, 2023

COOLEY LLP

By: _____/s/ Amanda A. Main_____
Amanda A. Main

Attorneys for Defendants
BioMarin Pharmaceutical Inc., Jean-Jacques Bienaimé and Henry J. Fuchs

281773263

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

- 2 -

DEFS. RESPONSE TO LEAD PLTF'S ADM.
MOTION TO MAINTAIN SEALING OF DOCKET
ENTRY 126 (3:20-CV-06719-WHO)