COOLEY LLP
JOHN C. DWYER (136533)
(dwyerjc@cooley.com)
PATRICK E. GIBBS (183174)
(pgibbs@cooley.com)
AMANDA A. MAIN (260814)
(amain@cooley.com)
BRETT DE JARNETTE (292919)
(bdejarnette@cooley.com)
3175 Hanover Street
Palo Alto, California  94304-1130
Telephone:    +1 650 843 5000
Facsimile:    +1 650 849 7400

Attorneys for Defendants
BioMarin Pharmaceutical Inc., Jean-Jacques Bienaimé
and Henry J. Fuchs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re BioMarin Pharmaceutical Inc. Securities Litigation* | Case No. 3:20-cv-06719-WHO<br><br>**DECLARATION OF AMANDA A. MAIN IN SUPPORT OF DEFENDANTS' RESPONSE TO LEAD PLAINTIFF'S ADMINISTRATIVE MOTION TO MAINTAIN SEALING OF DOCKET ENTRY 126**<br><br>JUDGE:    HON. WILLIAM H. ORRICK |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

I, Amanda A. Main, declare:

1.     I am a Partner of the firm Cooley LLP, licensed to practice in the State of California and a member of the Bar of this Court.  I represent Defendants BioMarin Pharmaceutical Inc., Jean-Jacques Bienaimé, and Henry J. Fuchs. ("Defendants") in the above-captioned matter.  I have personal knowledge of the following facts and if called to testify could and would testify competently thereto.

2.     On February 10, 2023, Defendants filed a Joint Statement Regarding Discovery Dispute ("Joint Statement") (ECF No. 126).  We provided an initial draft of the Joint Statement to Plaintiff's counsel on January 18, and at no point during the past several weeks did Plaintiff's counsel indicate that any information in the Joint Statement needed to be filed under seal.

3.     We provided a revised version of the Joint Statement to Plaintiff on February 6.  Plaintiff's counsel returned the Joint Statement with Plaintiff's revised portion to us on February 9.  When the Joint Statement was returned for filing, Plaintiff's counsel did *not* ask or suggest that any content needed to be filed under seal.

4.     The following morning, on February 10, we informed Plaintiff's counsel that we had no further changes to Defendants' portion of the Joint Statement and would proceed with filing.  Plaintiff then responded that it had an additional revision, and provided an updated version of the Joint Statement for filing.  When Plaintiff returned the revised Joint Statement, he did *not* say anything about filing any portion of the Joint Statement under seal.  I informed Plaintiff's counsel that we would proceed with filing the revised Joint Statement.

5.     At the time we filed the Joint Statement on Defendants' behalf, we believed we had Plaintiff's permission to file without redactions, consistent with the Stipulated Protective Order. (ECF No. 90 at 12.3.)  In the past, Plaintiff specifically highlighted any information that needed to be filed under seal at the time it returned the joint statement with its portion.  Also, unlike the filing of Defendants' opposition to class certification, which Plaintiff had no opportunity to review before filed, much less co-author, this was a *joint* submission and we believed Plaintiff would identify any information that should be filed under seal, just as it had done in the past when it returned its portion of the joint statement to Defendants.  Further, since the information at issue is

Cooley LLP
Attorneys at Law
Palo Alto

A. Main Decl. ISO Defs. Response to
Lead Pltf's Adm. Motion to Maintain
Sealing of Dkt 126 (3:20-cv-06719-WHO)

either not sensitive, lacks any meaningful detail, or already in the public record, it did not seem in any way unusual that Plaintiff's counsel had not identified any information to be filed under seal.

6.      Shortly after Defendants filed the Joint Statement, Plaintiff's counsel, Mr. Alexander—with whom we had no prior communications about the Joint Statement—sent an email asking if the document was filed without redactions.  After explaining to Mr. Alexander that his colleague "did not request any redactions," I asked whether he thought any information in the document meets the standard for sealing, such that we need to take steps to remove the document from the public record.  Mr. Alexander replied that the Joint Statement quotes testimony "designated" under the Protective Order, and thus should have been filed under seal.  I responded to Mr. Alexander:  "[i]f there is information in the joint statement that you believe meets the sealing standard, please identify specifically that information in a highlighted copy of the joint statement and we will look into the process for removing the other document from the docket and replacing it with a redacted version."  Mr. Alexander did not identify the information that needed to be sealed and said Plaintiff would instead file an emergency motion.  A true and correct copy of the email thread between us and Plaintiff's counsel regarding the filing of the Joint Statement, from January 18, 2023 through February 10, 2023, is attached hereto as **Exhibit A**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 13, 2023 in San Jose, California.

/s/ Amanda A. Main

Amanda A. Main

281773612

Cooley LLP
Attorneys at Law
Palo Alto

- 2 -

A. Main Decl. ISO Defs. Response to
Lead Pltf's Adm. Motion to Maintain
Sealing of Dkt 126 (3:20-cv-06719-WHO)