UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE BIOMARIN PHARMACEUTICAL INC. SECURITIES LITIGATION | Case No. 3:20-cv-06719-WHO<br><br>**ORDER REGARDING DISCOVERY DISPUTES**<br><br>Re: Dkt. Nos. 124, 126, 127 |

The parties filed a joint case management statement outlining several disputes. ("Joint Statement") [Dkt. No. 124]. The parties also filed a joint discovery letter brief ("Joint Letter") [Dkt. No. 126] and a motion to file that letter under seal[1] [Dkt. No. 127]. Most of the parties' disputes were addressed at the hearing and in the subsequent Minute Order. [Dkt. No. 129]. This Order addresses the remaining disputes.

First, plaintiffs confirmed at the hearing that they are able to address the questions that the defendant outlined on page 2 of the Joint Letter, concerning the ranking and rebalancing of the plaintiffs' stocks during the relevant trading periods. Joint Letter 2:1-8; *see also* Joint Statement 9:16-10:2; 20:22-21:10. Plaintiffs are ORDERED to now answer those questions (in a declaration or other admissible form) and/or produce the responsive materials.

Second and relatedly, the parties contest the extent to which the plaintiffs have provided access to the trading algorithm, spreadsheets, and database(s) used to make trading decisions. *See generally* Joint Letter. Because plaintiffs say they used these materials to make buy and sell decisions related to this case, BioMarin seeks access to the materials to address the reliance theory

---

[1] Plaintiffs show there are compelling reasons to file the letter under seal and so the motion is GRANTED. [Dkt. No. 127].

and the fraud on the market presumption. Joint Letter 1:4-3:15. Plaintiffs insist that they already provided the relevant information and that the additional information sought is not relevant or ascertainable, in part because they say it is "impossible" to reconstruct the entire dataset as it was at the time the trades were made. *Id.* 3:17-5:26. The data, they say, relates to information about hundreds of companies and is constantly changed and updated, so the information could be inaccurate, and the request is burdensome and disproportionate to the needs of the case. *Id.*

To attempt their argument to defeat the fraud on the market presumption, BioMarin should be able to understand the algorithm used by the plaintiffs to try to make "[a]ny showing" that price was not the main factor in the decision to buy or sell. *See Basic Inc. v. Levinson*, 485 U.S. 224, 248 (1988); *see also GAMCO Invs., Inc. v. Vivendi, S.A.*, 927 F. Supp. 2d 88, 104 (S.D.N.Y. 2013), *aff'd*, 838 F.3d 214, 104 (2d Cir. 2016) (noting it is "exceedingly rare" to successfully "rebut the presumption by showing that plaintiffs would have transacted in securities notwithstanding any inflation in their market price caused by fraud"). Accordingly, the defendant shall have the same access to the spreadsheets, databases, and algorithm that plaintiffs' 30(b)(6) witness, Stig Harder, used to support his understanding of the way the algorithm works, which he discussed during his deposition. *See* Joint Letter 4:2-10; *see also* Opposition to Class Certification, Ex. 3 (Harder Deposition). Plaintiffs note that they are unclear as to the logistics required for BioMarin to access the evidence—mentioning as possible a visit to Copenhagen, where the servers to access the databases are apparently located—and are adamant that the databases will not have the information that BioMarin seeks. That may be so, but BioMarin should have the opportunity to analyze the same information that the plaintiffs and Harder had to decide for itself whether the information can be used to address the merits of its contentions.[2]

Accordingly, the plaintiffs are ORDERED to provide access to the algorithm, spreadsheets, and underlying databases, to the extent available to Harder as described above. The parties are ORDERED to meet and confer to determine how to best access the information on an

---

[2] As I noted at the hearing, the argument that BioMarin seeks to make once it reviews this requested information seems like an issue for the merits to be addressed at summary judgment or trial.

appropriate timeline.  The parties shall address any resulting disputes in the joint case management statement to be filed seven days before the case management conference and hearing on April 12, 2023.

**IT IS SO ORDERED.**

Dated: February 15, 2023



William H. Orrick
United States District Judge

3