# Exhibit 1

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE BIOMARIN PHARMACEUTICAL INC. SECURITIES LITIGATION | Case No. 3:20-cv-06719-WHO<br><br>**DECLARATION OF MICHELLE YOSHIDA IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge:  Hon. William H. Orrick<br>Date:   November 8, 2023<br>Time:   2:00 p.m. |

DECLARATION OF MICHELLE YOSHIDA
IN SUPPORT OF LEAD PLAINTIFF'S
MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT

CASE NO. 3:20-CV-6719-WHO

I, I, MICHELLE YOSHIDA, declare:

1.      I submit this Declaration in my capacity as the mediator in the above-captioned securities class action ("Action") and in connection with the proposed settlement of claims asserted in the Action (the "Settlement").  I make this Declaration based on personal knowledge and am competent to so testify.

2.      While the mediation process is confidential, the Parties have authorized me to inform the Court of the matters set forth herein in support of final approval of the Settlement.  My statements and those of the Parties during the mediation process are subject to a confidentiality agreement and Federal Rule of Evidence 408, and there is no intention on either my part or the Parties' part to waive the agreement or the protections of Rule 408.

## I.      BACKGROUND AND QUALIFICATIONS

3.      I have worked as a full-time mediator and arbitrator since 2007.  I currently work as a mediator at the alternative dispute resolution company, Phillips ADR Enterprises ("Phillips ADR"), which is based in Corona Del Mar, California.  I joined Phillips ADR at its founding in November 2014.  Prior to joining Phillips ADR, I worked primarily with former Judge Daniel Weinstein and his team of mediators.

4.      Over the past 16 years, I have served as a mediator and arbitrator in connection with numerous large, complex cases, including securities cases such as this one.  I have been involved in the mediation of over five hundred disputes, involving a myriad of diverse matters, including financial and accounting cases, securities and derivative matters, insurance coverage, regulatory matters, professional liability, ERISA, and trustee issues.

5.      Prior to becoming a mediator, I worked as a trial attorney in private practice, litigating complex business matters including contract, insurance coverage, intellectual property, real estate, regulatory, and white-collar matters.

## II.      THE ARM'S-LENGTH SETTLEMENT NEGOTIATIONS

6.      On December 5, 2022, the Parties participated in a full-day mediation session before me via Zoom conference.

DECLARATION OF MICHELLE YOSHIDA          1          CASE NO. 3:20-CV-6719-WHO
IN SUPPORT OF LEAD PLAINTIFF'S
MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT

7.    In advance of this mediation session, the Parties prepared and exchanged detailed confidential mediation statements addressing liability and damages, and submitted those mediation statements to me together with numerous exhibits.  During the mediation, counsel for Lead Plaintiff and the Defendants presented arguments regarding their clients' positions.  The work that went into the mediation statements and competing presentations and arguments was substantial.

8.    During the mediation session, I engaged in extensive discussions with counsel on both sides in an effort to find common ground between the Parties' respective positions and separately challenged each side to address potential weaknesses in or counterarguments to their key positions and arguments.  However, no agreement among the Parties was reached at that mediation.

9.    The Parties scheduled a second mediation session with me for March 8, 2023.  At the full-day mediation session on March 8, 2023, counsel for the Parties again engaged in robust negotiations regarding their clients' positions in the litigation.  At the conclusion of that mediation session, I made a mediator's recommendation that the Parties settle the Action in return for a cash payment for the benefit of the Settlement Class of $39,000,000, which the Parties accepted.

10.    Because the Parties submitted their mediation statements and arguments in the context of a confidential mediation process pursuant to Federal Rule of Evidence 408, I cannot reveal their content.  I can say, however, that the arguments and positions asserted by all involved were the product of substantial work, they were complex and adversarial and reflected a detailed understanding of the strengths and potential weaknesses of the claims and defenses at issue in this case.  The mediation process was a hard-fought negotiation from beginning to end and was conducted by experienced and able counsel on both sides.  Throughout the mediation process, the negotiations between the Parties were vigorous and conducted at arm's length and in good faith.

**III.    CONCLUSION**

11.    Based on my experience as a mediator, I believe that the Settlement represents a recovery and outcome that is reasonable and fair for the Settlement Class and all Parties involved.  I support the Court's approval of the Settlement in all respects.

12.    Lastly, the advocacy on both sides of the case was excellent.  All counsel displayed the highest level of professionalism in zealously and capably representing their respective clients.

I declare under penalty of perjury that the foregoing facts are true and correct and that this Declaration was executed this 4th day of October, 2023.


_____*/s Michelle Yoshida* *_____
MICHELLE YOSHIDA


*Electronically signed with permission.

---

DECLARATION OF MICHELLE YOSHIDA          3          CASE NO. 3:20-CV-6719-WHO
IN SUPPORT OF LEAD PLAINTIFF'S
MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT