# Exhibit 4

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
jonathanu@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3472

SALVATORE GRAZIANO (*pro hac vice*)
salvatore@blbglaw.com
JEROEN VAN KWAWEGEN (*pro hac vice*)
jeroen@blbglaw.com
KATHERINE M. SINDERSON (*pro hac vice*)
katiem@blbglaw.com
ABE ALEXANDER (*pro hac vice*)
abe.alexander@blbglaw.com
WILLIAM E. FREELAND (*pro hac vice*)
billy.freeland@blbglaw.com
THOMAS Z. SPERBER (*pro hac vice*)
thomas.sperber@blbglaw.com
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400

*Counsel for Lead Plaintiff Arbejdsmarkedets Tillægspension and Lead Counsel for the Settlement Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE BIOMARIN PHARMACEUTICAL INC. SECURITIES LITIGATION | Case No. 3:20-cv-06719-WHO<br><br>**DECLARATION OF ADAM D. WALTER REGARDING (I) MAILING OF NOTICE AND CLAIM FORM; (II) PUBLICATION OF THE SUMMARY NOTICE; AND (III) REPORT ON REQUESTS FOR EXCLUSION RECEIVED TO DATE**<br><br>Dept: Courtroom 2, 17th Floor<br>Judge: Hon. William H. Orrick<br>Date: November 8, 2023<br>Time: 2:00 p.m. |

ADAM D. WALTER, declares as follows:

1. I am a Client Services Director of A.B. Data, Ltd.'s Class Action Administration Company ("A.B. Data"). Pursuant to the Court's June 8, 2023 Order Granting Preliminary Approval (ECF No. 146) ("Preliminary Approval Order"), the Court approved the retention of A.B. Data as Claims Administrator in connection with the proposed Settlement of the above-captioned Action.[1] The following statements are based on my personal knowledge and information provided by other A.B. Data employees working under my supervision, and if called on to do so, I could and would testify competently thereto.

**DISSEMINATION OF THE NOTICE PACKET**

2. Pursuant to the Preliminary Approval Order, A.B. Data mailed to potential Settlement Class Members the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice") and the Proof of Claim and Release Form (the "Claim Form") (collectively, the "Notice Packet"). A copy of the Notice Packet is attached hereto as Exhibit A.

3. On June 26, 2023, A.B. Data received an electronic file from Lead Counsel containing the names and addresses of record holders of BioMarin common stock during the Class period provided by Defendants' Counsel. A.B. Data extracted these records from the file and, after de-duplication, there remained 680 unique names and addresses. A.B. Data formatted the Notice Packet, and caused it to be printed, personalized with the name and address of each potential Settlement Class Member, posted for first-class mail, postage prepaid, and mailed to these 680 potential Settlement Class Members on June 30, 2023.

4. As in most class actions of this nature, where the class members consist of purchasers of shares of publicly traded common stock, a large majority of the potential Settlement Class Members are beneficial purchasers whose securities were held in "street name"—*i.e.*, the securities were purchased by brokerage firms, banks, institutions, and other third-party nominees

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings set forth in the Stipulation and Agreement of Settlement, dated April 24, 2023 (ECF No. 139-1) (the "Stipulation").

("Nominees") in the name of the Nominee, on behalf of the beneficial purchasers. To provide individual notice to those beneficial owners, A.B. Data disseminates the notice via the Nominees who possess the information regarding the identification and trading of the beneficial owners. A.B. Data maintains and updates an internal database of the largest and most common banks, brokers and other Nominees, including national and regional offices of certain Nominees (the "Nominee Database"). A.B. Data's Nominee Database is updated from time to time as new Nominees are identified, and others merge or cease to exist. At the time of the initial mailing, the Nominee Database contained 4,967 mailing records. On June 30, 2023, A.B. Data caused Notice Packets to be mailed to the 4,967 mailing records contained in the Nominee Database.

5. In total, 5,647 copies of the Notice Packet were mailed to potential Settlement Class Members and Nominees by first-class mail on June 30, 2023.

6. The Notice itself and a cover letter that accompanied the Notice Packet mailed to brokers and other Nominees (as well as an email sent to brokers and Nominees) directed that persons or entities that purchased or otherwise acquired shares of BioMarin common stock during the Class Period (*i.e.*, the period from March 3, 2020 through August 18, 2020, inclusive), for the beneficial interest of persons or entities other than themselves, must, no later than seven (7) calendar days after such Nominees' receipt of the Notice, either: (i) provide A.B. Data with the names and addresses of such beneficial owners; or (ii) request additional copies of the Notice Packet for such beneficial owners from A.B. Data, and then send a copy of the Notice Packet to such beneficial owners, no later than seven (7) calendar days after such Nominees' receipt of the additional copies of the Notice Packet.

7. A.B. Data also provided a copy of the Notice to the Depository Trust Company ("DTC") for posting on its Legal Notice System ("LENS"). The LENS may be accessed by any Nominee that participates in DTC's security settlement system. The Notice was posted on DTC's LENS on July 3, 2023.

8. A.B. Data monitored the responses received from brokers and other Nominees and followed up by email and, if necessary, phone calls to ensure that Nominees provided timely responses to A.B. Data's mailing and that Nominees provide names and addresses of beneficial

owners or request notice packets for forwarding. Following the initial mailing, through October 2, 2023, A.B. Data has mailed an additional 8,691 Notice Packets to potential members of the Settlement Class whose names and addresses were received from individuals, entities, or Nominees requesting that Notice Packets be mailed to such persons, and mailed another 88,815 Notice Packets to Nominees who requested Notice Packets to forward to their customers. Each of the requests was responded to in a timely manner, and A.B. Data will continue to timely respond to any additional requests received.

9. As of October 2, 2023, A.B. Data has mailed a total of 103,153 Notice Packets to potential Settlement Class Members and Nominees by first-class mail. In addition, A.B. Data has re-mailed 963 Notice Packets to persons whose original mailing was returned by the U.S. Postal Service and for whom updated addresses were either provided to A.B. Data by the Postal Service or were obtained through further research. The U.S. Postal Service has returned 224 Notice Packets as undeliverable for which A.B. Data has not obtained an updated address.

10. The process for disseminating the Notice Packet by mail to potential Settlement Class Members is intended to reach the maximum number of potential Settlement Class Members who can reasonably be identified. As a result, the process is expected to result in the mailing of Notice Packets to a number of persons and entities who are not or may not be Settlement Class Members. For example, A.B. Data's internal list of 4,967 Nominees is intended to be reasonably broad and includes a number of smaller or specialty brokerage firms and international firms who may not have any clients who were beneficial purchasers of BioMarin common stock during the Class Period. Similarly, although the Notice and cover letter request that Nominees identify purchasers or acquirors of BioMarin common stock during the Class Period, A.B. Data is aware from experience that some Nominees provide reasonably over-inclusive lists of potential Settlement Class Members. In addition, even where the names provided are limited to persons who purchased or acquired the stock during the Class Period, such lists will include investors who purchased and sold their shares before the alleged corrective disclosure or were otherwise not damaged and therefore not eligible for a payment in the Settlement. Due to A.B. Data's efforts to reach the highest possible number of potential Settlement Class Members through reasonable

means and as a result of the process of dissemination through Nominees, A.B. Data expects that a substantial number of the total Notice Packets mailed will be mailed to persons and entities who are not Settlement Class Members or are not eligible for a recovery in the Settlement.

**PUBLICATION OF THE SUMMARY NOTICE**

11. Pursuant to the Preliminarily Approval Order, A.B. Data caused the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Summary Notice") to be published in *The Wall Street Journal* and transmitted over *PR Newswire* on July 12, 2023. Attached hereto as Exhibits B and C are confirmations of such publication and transmittal.

**TELEPHONE HOTLINE**

12. A.B. Data established and continues to maintain a toll-free telephone number (1-877-390-3369) for potential Settlement Class Members to call and obtain information about the Settlement, request a Notice Packet, and/or seek assistance from an operator during regular business hours. During other hours, callers may leave a message for an A.B. Data representative to call them back. The toll-free telephone number is set forth in the Notice, Claim Form, Summary Notice, and on the Settlement Website. The toll-free telephone number became operational on June 30, 2023, the same date A.B. Data began mailing the Notice Packets.

13. The toll-free number connects callers with an Interactive Voice Recording ("IVR"). The IVR provides callers with pre-recorded information, including a brief summary about the Action and the option to request a copy of the Notice Packet. The toll-free telephone line with pre-recorded information is available 24 hours a day, 7 days a week. In addition, from 8:00 a.m. to 5:00 p.m. Central time, callers are able to speak to a live operator regarding the status of the Action and/or obtain answers to questions about the Settlement or how to submit a claim. During non-business hours, callers may leave a message for an agent to call them back.

**SETTLEMENT WEBSITE**

14. To further assist potential Settlement Class Members, A.B. Data, in coordination with Lead Counsel, designed, implemented, and currently maintains a website dedicated to the Settlement, www.BioMarinSecuritiesLitigation.com ("Settlement Website"). The address for the

Settlement Website is set forth in the Notice, Claim Form, and Summary Notice. The Settlement Website became operational on June 30, 2023, and is accessible 24 hours a day, seven days a week. The Settlement Website lists the exclusion, objection, and Claim submission deadlines, as well as the date and time of the Court's final Settlement Hearing. In addition, the Settlement Website contains links to copies of the Notice, Claim Form, Stipulation, the Preliminary Approval Order, and the Complaint, all of which can be downloaded by potential Settlement Class Members. The Settlement Website also enables potential Settlement Class Members to submit a Claim online, and contains detailed instructions for entities that wish to submit Claims electronically. A.B. Data will continue operating, maintaining and, as appropriate, updating the Settlement Website until the conclusion of the administration.

**REPORT ON REQUESTS FOR EXCLUSION RECEIVED TO DATE**

15. The Notice informed potential Settlement Class Members that requests for exclusion from the Settlement Class must be addressed to *BioMarin Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217, such that they are received no later than October 18, 2023. The Notice also sets forth the information that must be included in each request for exclusion. As of October 2, 2023, A.B. Data has received one (1) request for exclusion from the Settlement Class. A.B. Data will submit a supplemental declaration after the October 18, 2023 deadline for requesting exclusion that will address all requests for exclusion that are received.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 3rd day of October, 2023.

Adam D. Walter

ADAM D. WALTER

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| IN RE BIOMARIN PHARMACEUTICAL INC. SECURITIES LITIGATION | Case No. 3:20-cv-06719-WHO<br><br>CLASS ACTION |
|---|---|

# NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights will be affected by the above-captioned securities class action ("Action") if you purchased or otherwise acquired the common stock of BioMarin Pharmaceutical Inc. ("BioMarin" or the "Company") from March 3, 2020 through August 18, 2020, inclusive ("Class Period"), and were damaged thereby ("Settlement Class").[1]

**NOTICE OF PROPOSED SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiff Arbejdsmarkedets Tillægspension ("Lead Plaintiff"), on behalf of itself and the Settlement Class, has reached a proposed settlement of the Action for **$39,000,000** in cash ("Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

1. **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by Lead Plaintiff, on behalf of itself and other members of the Settlement Class, against BioMarin, its Chairman and Chief Executive Officer, Jean-Jacques Bienaimé, and its President of Worldwide Research & Development, Dr. Henry Fuchs. (Mr. Bienaimé and Dr. Fuchs are referred to as the "Individual Defendants" and, together with BioMarin, as "Defendants"). In the Action, Lead Plaintiff alleges that Defendants violated the federal securities laws by making materially false and misleading statements to investors during the Class Period concerning BioMarin's application to the Food and Drug Administration ("FDA") for approval of a gene therapy for hemophilia called valrox. A more detailed description of the Action is set forth in ¶¶ 11-24 below. As noted below, Defendants have denied and continue to deny all claims and allegations of wrongdoing asserted against them in the Action. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in ¶ 32 below.

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiff, on behalf of the Settlement Class, has agreed to settle the Action in exchange for a cash payment of $39,000,000 ("Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (as defined below at ¶ 46) will be distributed to eligible Settlement Class Members in accordance with a plan of allocation approved by the Court. The plan of allocation being proposed by Lead Plaintiff ("Plan of Allocation") is attached hereto as Appendix A.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiff's damages consultant's estimate of the number of shares of BioMarin common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate do so, the estimated average recovery (before deduction of any Court-approved fees and expenses, such as attorneys' fees and expenses, taxes, and administration costs) will be approximately $1.41 per eligible share. **Settlement Class Members should note, however, that the foregoing is only an estimate.** Some Settlement Class Members may recover more or less than this amount per share depending on: (i) when and the price at which they purchased/acquired shares of BioMarin common stock; (ii) whether they sold their shares of BioMarin common stock; (iii) the total number and value of valid Claims submitted; (iv) the amount of Notice and Administration Costs; and (v) the amount of attorneys' fees and Litigation Expenses awarded by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share of BioMarin common stock that would be recoverable if Lead Plaintiff prevailed in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of Defendants' conduct.

[1] All capitalized terms not defined in this Notice have the meanings provided in the Stipulation and Agreement of Settlement dated April 24, 2023 ("Stipulation"). The Stipulation can be viewed at www.BioMarinSecuritiesLitigation.com.

5. **<u>Attorneys' Fees and Expenses Sought</u>:** Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP, has prosecuted this Action on a wholly contingent basis and have not received any attorneys' fees (or payment of expenses) for its representation of the Settlement Class. For its efforts, Lead Counsel will apply to the Court for attorneys' fees in an amount not to exceed 19% of the Settlement Fund. Lead Counsel will also apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $650,000, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Settlement Class. If the Court approves the maximum amount of the foregoing fees and expenses, the estimated average cost per eligible share of BioMarin common stock will be approximately $0.29 per share. **Please note that this amount is only an estimate**.

6. **<u>Identification of Attorneys' Representatives</u>:** Lead Plaintiff and the Settlement Class are represented by Katherine M. Sinderson, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, New York, NY 10020, 1-800-380-8496, settlements@blbglaw.com.

7. **<u>Reasons for the Settlement</u>:** For Lead Plaintiff, the principal reason for the Settlement is the guaranteed cash benefit for the Settlement Class without the risk, delays, and increased costs inherent in further litigation. Moreover, the cash benefit provided under the Settlement must be considered against the risk that a smaller recovery—or indeed no recovery at all—might be achieved after further litigation, including summary judgment, trial and possible appeals. For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, risk, and distraction of further litigation.

| **YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT** | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN OCTOBER 30, 2023.** | This is the only way to be eligible to receive a payment from the Settlement. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 18, 2023.** | Get no payment from the Settlement. This is the *only* option that may allow you to ever bring or be part of any *other* lawsuit against Defendants or the other Defendants' Releasees about the claims being released by the Settlement. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *FILED OR POSTMARKED* NO LATER THAN OCTOBER 18, 2023.** | Write to the Court about why you do not like the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's request for attorneys' fees and Litigation Expenses. This will not exclude you from the Settlement Class. |
| **GO TO A HEARING ON NOVEMBER 8, 2023 AT 2:00 P.M. PACIFIC TIME** | Ask to speak in Court at the Settlement Hearing, at the discretion of the Court, about the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's request for attorneys' fees and Litigation Expenses. |
| **DO NOTHING.** | Get no payment from the Settlement. You will, however, remain a member of the Settlement Class, which means that you give up any right you may have to sue about the claims that are being resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options—and the deadlines to exercise them—are further explained in this Notice. <u>Please Note</u>: The date and time of the Settlement Hearing, currently scheduled for November 8, 2023 at 2:00 p.m. Pacific Time, is subject to change without further written notice to the Settlement Class. It is also within the Court's discretion to hold the hearing by video or telephonic conference. If you plan to attend the hearing, you should check <u>www.BioMarinSecuritiesLitigation.com</u> or with Lead Counsel to confirm no change to the date and/or time of the hearing has been made.**

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? Page 3
What Is This Case About? Page 3
Why Is This Case A Class Action? Page 4
Why Is There A Settlement? Page 4
What Might Happen If There Were No Settlement? Page 5
How Do I Know If I Am Affected By The Settlement? Who Is Included In The Settlement Class? Page 5
How Are Settlement Class Members Affected By The Action And The Settlement? Page 6
How Do I Participate In The Settlement? What Do I Need To Do? Page 7
How Much Will My Payment Be? Page 7
What Payment Are The Attorneys For The Settlement Class Seeking? How Will The Lawyers Be Paid? Page 8
What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself? Page 8
When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlement? Page 8
What If I Do Nothing? Page 9
What If I Bought Shares Of BioMarin Common Stock On Someone Else's Behalf? Page 10
Can I See The Court File? Who Should I Contact If I Have Questions? Page 10
Appendix A: Proposed Plan of Allocation of Net Settlement Fund Page 11

## WHY DID I GET THIS NOTICE?

8. The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired BioMarin common stock during the Class Period. The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9. The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses (the "Settlement Hearing"). *See* ¶¶ 62-63 below for details about the Settlement Hearing, including the date and location of the hearing.

10. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11. BioMarin is a pharmaceutical company. BioMarin's common stock trades on the Nasdaq Stock Market under the ticker symbol "BMRN." In this Action, Lead Plaintiff alleges that Defendants made materially false and misleading statements during the Class Period concerning BioMarin's application to the FDA for approval of a gene therapy for hemophilia called valrox.

12. This Action was initially brought in September 2020, as a putative class action, Case No. 3:20-cv-06719-WHO, in the United States District Court for the Northern District of California (the "Court"), against BioMarin and certain of its executives, alleging violations of the Securities Exchange Act of 1934 (the "Exchange Act").

13. On December 22, 2020, the Court (the Honorable William H. Orrick) appointed Arbejdsmarkedets Tillægspension, a Denmark-based pension fund, as Lead Plaintiff for the Action and approved Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel under the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4.

14. On February 22, 2021, Lead Plaintiff filed an Amended Class Action Complaint (the "Complaint"). The Complaint putatively asserted claims on behalf of all person and entities who purchased the publicly traded common stock of BioMarin from March 3, 2020 through August 18, 2020, inclusive (the "Class Period") and were damaged thereby. The Complaint alleged that Defendants made materially false and misleading statements or omissions concerning BioMarin's application to the FDA for approval of valrox. The Complaint asserted (i) claims under Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and SEC Rule 10b-5 against all Defendants and (ii) claims under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a) against the Individual Defendants.

15. On April 22, 2021, Defendants moved to dismiss the Complaint asserting (among other things) that Lead Plaintiff failed to sufficiently allege: (i) any actionable misrepresentation or (ii) that Defendants acted with scienter in making any alleged misrepresentation. On June 22, 2021, Lead Plaintiff filed its opposition, and on July 22, 2021 Defendants filed their reply. The Court held oral argument on Defendants' motion to dismiss on December 2, 2021.

16. On January 6, 2022, the Court denied Defendants' motion to dismiss in its entirety. Defendants filed a motion for reconsideration of the Court's order sustaining the Complaint on January 28, 2022, and the Court denied the motion on February 28, 2022.

17. Defendants filed their answer to the Complaint on February 15, 2022.

18. On October 17, 2022, Lead Plaintiff filed a motion for class certification and appointment of class representative and class counsel, which was accompanied by an expert report from Lead Plaintiff's expert, Dr. Michael Hartzmark, on market efficiency and common damages methodologies. In connection with Lead Plaintiff's motion for class certification, Defendants deposed two representatives of Lead Plaintiff and Dr. Hartzmark.

19. The Parties began exploring the possibility of a settlement in the summer of 2022. The Parties agreed to engage in private mediation and retained Michelle Yoshida to act as mediator in the Action (the "Mediator"). On December 5, 2022, counsel for the Parties participated in a full-day mediation session before the Mediator. In advance of that session, the Parties exchanged and submitted detailed mediation statements to the Mediator. The session ended without any agreement being reached.

20. The Parties met and conferred as their discovery efforts continued—exchanging numerous letters, including joint statements concerning discovery disputes that they submitted to the Court, concerning disputed discovery issues over several months. Over the course of discovery, Defendants produced more than 675,000 pages of documents, and Lead Counsel reviewed those documents on a rolling basis as Defendants produced them. The Parties deposed BioMarin's former Senior Director of Business Development & Strategy in January 2023, and had noticed or were scheduling the dates for 15 additional depositions.

21. Defendants filed their opposition to Lead Plaintiff's motion for class certification on January 27, 2023.

22. In January 2023, the Parties renewed their settlement discussions and agreed to engage in a second full-day session before the Mediator on March 8, 2023. At the conclusion of the mediation, the Parties reached an agreement in principle to settle the Action, pursuant to a recommendation from the Mediator. The agreement's terms were memorialized in a term sheet executed on March 14, 2023 (the "Term Sheet"). The Term Sheet set forth, among other things, the Parties' agreement to settle and release all claims against Defendants in the Action in return for a cash payment of $39,000,000 for the benefit of the Settlement Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

23. After additional negotiations regarding the specific terms of their agreement, the Parties entered into the Stipulation on April 24, 2023. The Stipulation, which sets forth the terms and conditions of the Settlement, can be viewed at www.BioMarinSecuritiesLitigation.com.

24. On June 8, 2023, the Court preliminarily approved the Settlement, authorized notice of the Settlement to be provided to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

## WHY IS THIS CASE A CLASS ACTION?

25. In a class action, one or more persons or entities (in this case, Lead Plaintiff) sue on behalf of persons and entities that have similar claims. Together, these persons and entities are a "class," and each is a "class member." Bringing a case, such as this one, as a class action allows the adjudication of many individuals' similar claims that might be too small to bring economically as separate actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt out," from the class.

## WHY IS THERE A SETTLEMENT?

26. Lead Plaintiff and Lead Counsel believe that Lead Plaintiff's claims against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue Lead Plaintiff's claims, through the conclusion of complex merits and expert discovery, resolution of Lead Plaintiff's motion for class certification, an expected motion for summary judgment, and trial. Throughout the litigation, Lead Plaintiff would face substantial challenges in establishing liability and the Settlement Class's full amount of damages.

27. Lead Plaintiff faced potential challenges associated with proving that there were material misstatements in Defendants' public statements and that Defendants deliberately misled investors. For example, Defendants would have argued that the timing of the FDA's delay of the Pre-Approval Inspection of BioMarin's Novato facility, and the timing of the FDA's indication that the inspection would be indefinitely delayed, would justify dismissal of a substantial portion of the Class Period. Defendants also would argue that while Lead Plaintiff had alleged that BioMarin had "no dialogue whatsoever" with the FDA, in fact, there were communications between BioMarin and the FDA throughout a large part of the Class Period and this was supported by documents in discovery.

28. Lead Plaintiff also faced substantial challenges in proving that the revelation of the truth about Defendants' allegedly false and misleading statements caused the declines in the price of BioMarin's stock, and in establishing the amount of class-wide damages. Defendants would have argued that the decline in BioMarin's stock price was not caused by revelation of the truth about the alleged misstatements, but by various other factors, such as the FDA's denial of BioMarin's application to license valrox. Defendants would have also argued that, even if some portion of the price decline were caused by revelation of the truth about the alleged misstatements, it was small compared to the decline resulting from other factors, and any purported damages to Lead Plaintiff and the Settlement Class were minimal. Lead Plaintiff would have faced challenges in proving what portion of the BioMarin's price decline on August 19, 2020 resulted from the revelation of the alleged misstatements, rather than confounding non-fraud information. Had any of these arguments been accepted in whole or in part, they could have eliminated or, at a minimum, drastically limited any potential recovery.

29. In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, as compared to the risk that the claims in the Action might produce a smaller recovery, or no recovery, after continued and costly litigation, possibly years in the future.

30. Defendants have denied and continue to deny each and all of the claims asserted against them in the Action, and deny that the Settlement Class was harmed or suffered any damages as a result of the conduct alleged in the Action. Defendants have agreed to the Settlement solely to eliminate the burden, expense, uncertainty, risk, and distraction of continued litigation. Accordingly, the Settlement may not be construed as, and is not, an admission of any wrongdoing by any Defendant.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

31. If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of its claims against Defendants, neither Lead Plaintiff nor the other members of the Settlement Class would recover anything from Defendants. If Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

32. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> **all persons and entities who purchased or otherwise acquired BioMarin common stock during the period from March 3, 2020 through August 18, 2020, inclusive, and were damaged thereby.**

Excluded from the Settlement Class are: (1) Defendants; (2) any current or former Officers or directors of BioMarin; (3) the Immediate Family members of any Defendant or any current or former Officer or director of BioMarin; (4) any entity that any Defendant owns or controls, or owned or controlled during the Class Period; and (5) the plaintiffs in *Alger Capital Appreciation Fund et al. v. BioMarin Pharmaceutical Inc. et al.*, Case 3:23-cv-00826 (N.D. Cal.) and any of their successors in interest. Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page 8 below.

**PLEASE NOTE: Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to a payment from the Settlement. If you are a Settlement Class Member and you wish to be eligible to receive a payment from the Settlement, you are required to submit a Claim Form and the required supporting documentation as set forth in the Claim Form postmarked (if mailed), or online at www.BioMarinSecuritiesLitigation.com, no later than October 30, 2023.**

**HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?**

33. As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

34. If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section below entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?" on page 8.

35. If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's request for attorneys' fees and Litigation Expenses, you may present your objections by following the instructions in the section below entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" on page 8.

36. If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court in the Action. If the Settlement is approved, the Court will enter a judgment ("Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 37 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 38 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

37. "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, known or unknown (including Unknown Claims, defined below), whether arising from federal, state, foreign, or common law, (i) alleged by Lead Plaintiff in the Action, or (ii) that have been, could have been, or in the future can or might be asserted in the Action or any action or proceeding in any forum against Defendants' Releasees arising from, or based upon, or relating in any way to the allegations, acts, transactions, facts, events, matters, representations or omissions involved, set forth, alleged or referred to in the Action and the purchase or acquisition of BioMarin common stock during the Class Period. This release does not cover, include, or release (i) any claims asserted in *Berlinger v. BioMarin Pharmaceutical Inc. et al.*, No. 3:21-cv-08254-MMC (N.D. Cal.); (ii) any claims asserted in any shareholder derivative action, including *Wang v. Bienaimé et al.*, No. 2023-0058-NAC (Del. Ch.); (iii) any claims related to enforcement of the Settlement; or (iv) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

38. "Defendants' Releasees" means Defendants and their current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family members, insurers, reinsurers, and attorneys, in their capacities as such.

39. "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her, or it, might have materially affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

40. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 41 below) against Lead Plaintiff and the other Plaintiffs' Releasees (as defined in ¶ 42 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

41. "Released Defendants' Claims" means all claims and causes of action of every nature and description, known or unknown (including Unknown Claims) whether arising under federal, state, common, or foreign law, that arise out of or are based upon the institution, prosecution, or settlement of the claims against Defendants. This release does not cover, include, or release (i) any claims relating to the

enforcement of the Settlement; or (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

42. "Plaintiffs' Releasees" means Lead Plaintiff, all other plaintiffs in the Action, and all other Settlement Class Members, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family members, insurers, reinsurers, and attorneys, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

43. To be eligible for a payment from the Settlement, you must be a member of the Settlement Class and you must timely complete and return a Claim Form with adequate supporting documentation ***postmarked (if mailed), or submitted online at www.BioMarinSecuritiesLitigation.com, no later than October 30, 2023***. A Claim Form is included with this Notice, or you may obtain a copy from the website maintained by the Claims Administrator for the Settlement, www.BioMarinSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at 1-877-390-3369, or by emailing the Claims Administrator at info@BioMarinSecuritiesLitigation.com. Please retain all records of your ownership of and transactions in BioMarin common stock, as they may be needed to document your Claim. The Parties and Claims Administrator do not have information about your transactions in BioMarin common stock.

44. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

45. At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

46. Pursuant to the Settlement, Defendants shall pay or cause to be paid a total of $39,000,000 in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

47. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to the Plan of Allocation set forth in Appendix A, or another plan of allocation, will not affect the Settlement, if approved.

48. Once the Court's order or judgment approving the Settlement becomes Final and the Effective Date has occurred, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount on Defendants' behalf are entitled to get back any portion of the Settlement Fund. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

49. Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked or received on or before October 30, 2023 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given.

50. Participants in, and beneficiaries of, a BioMarin employee benefit plan covered by the Employee Retirement Income Security Act of 1974 ("ERISA Plan") should NOT include any information relating to their transactions in BioMarin common stock held through the ERISA Plan in any Claim Form that they submit in this Action. They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan. Claims based on any ERISA Plan's purchases or acquisitions of BioMarin common stock during the Class Period may be made by the plan's trustees.

51. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

52. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim.

53. Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired BioMarin common stock during the Class Period and were damaged as a result of such purchases or acquisitions, will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

54. **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiff and Lead Counsel. At the Settlement Hearing, Lead Counsel will request the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.**

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?
HOW WILL THE LAWYERS BE PAID?**

55. Lead Counsel has not received any payment for its services in pursuing claims against the Defendants on behalf of the Settlement Class, nor has Lead Counsel been reimbursed for its out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 19% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for payment of Litigation Expenses in an amount not to exceed $650,000, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Settlement Class.

56. Lead Counsel's motion for attorneys' fees and Litigation Expenses will be filed by October 4, 2023. A copy of Lead Counsel's motion for attorneys' fees and Litigation Expenses will be available for review at www.BioMarinSecuritiesLitigation.com once it is filed. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. ***Settlement Class Members are not personally liable for any such fees or expenses.***

**WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS?
HOW DO I EXCLUDE MYSELF?**

57. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a letter requesting exclusion addressed to: *BioMarin Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217. The request for exclusion must be ***received*** **no later than October 18, 2023**. You will not be able to exclude yourself from the Settlement Class after that date. Each letter requesting exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re BioMarin Pharmaceutical Inc. Securities Litigation*, Case No. 3:20-cv-06719-WHO (N.D. Cal.)"; (iii) state the number of shares of BioMarin common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on March 3, 2020 and (B) purchased/acquired and/or sold during the Class Period (*i.e.*, from March 3, 2020 through August 18, 2020, inclusive), as well as the dates, number of shares, and prices of each such purchase/acquisition and/or sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A letter requesting exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

58. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees. Excluding yourself from the Settlement Class is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other Defendants' Releasees concerning the Released Plaintiffs' Claims. Please note, however, if you decide to exclude yourself from the Settlement Class, Defendants and the other Defendants' Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

59. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment from the Net Settlement Fund.

60. BioMarin has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiff and BioMarin.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?
DO I HAVE TO COME TO THE HEARING?
MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

61. **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

62. **Please Note**: The date and time of the Settlement Hearing may change without further written notice to the Settlement Class. In addition, the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by video or phone, without further written notice to the Settlement Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the website, www.BioMarinSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted**

**to www.BioMarinSecuritiesLitigation.com. If the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to www.BioMarinSecuritiesLitigation.com.**

63.  The Settlement Hearing will be held on **November 8, 2023 at 2:00 p.m. Pacific Time**, before the Honorable William H. Orrick, United States District Court Judge for the Northern District of California, either in person at the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, in Courtroom 2 – 17th Floor, or by telephone or videoconference (in the discretion of the Court). At the Settlement Hearing, the Court will determine, among other things, (i) whether, for purposes of settlement, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiff should be appointed as the class representative for the Settlement Class, and Lead Counsel should be appointed as class counsel for the Settlement Class; (ii) whether the Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (iii) whether the Action should be dismissed with prejudice against Defendants and the releases specified and described in the Stipulation (and in this Notice) should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Lead Counsel's motion for attorneys' fees and Litigation Expenses should be approved. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's request for attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

64.  Any Settlement Class Member may object to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for attorneys' fees and Litigation Expenses. You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval of the Settlement, no settlement payments will be sent out and the Action will continue. If that is what you want to happen, then you should object.

65.  Any objection to the proposed Settlement must be in writing. If you submit a timely written objection, you may, but are not required to, appear at the Settlement Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must: (a) clearly identify the case name and number (*In re BioMarin Pharmaceutical Inc. Securities Litigation*, Case No. 3:20-cv-06719 (N.D. Cal.)); (b) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Northern District of California or by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102; and (c) be filed or postmarked on or before **October 18, 2023**.

66.  Any objection must: (a) identify the name, address, and telephone number of the person or entity objecting; (b) state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of BioMarin common stock that the objecting Settlement Class Member (i) owned as of the opening of trading on March 3, 2020 and (ii) purchased/acquired and/or sold during the Class Period (*i.e.*, from March 3, 2020 through August 18, 2020, inclusive), as well as the dates, number of shares, and prices of each such purchase/acquisition and sale. **You may not object to the Settlement, Plan of Allocation, or Lead Counsel's request for attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a Settlement Class Member.**

67.  If you wish to appear and speak about your objection at the Settlement Hearing, you must state that you intend to appear at the hearing in your objection or send a letter stating that you intend to appear at the Settlement Hearing in *In re BioMarin Pharmaceutical Inc. Securities Litigation*, Case No. 3:20-cv-06719-WHO (N.D. Cal.) to the Clerk of Court at the address set forth in ¶ 65 above so that it is **filed or *postmarked* on or before October 18, 2023**. Persons who intend to object and desire to present evidence at the Settlement Hearing should include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

68.  **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for attorneys' fees and Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I DO NOTHING?

69.  If you do nothing, all of your Released Plaintiffs' Claims (*see* ¶ 37 above) against Defendants and the other Defendants' Releasees will be released, and you will not receive any payment from the Settlement because it is necessary that you submit a Claim Form in order to be eligible to share in the Settlement proceeds.

**WHAT IF I BOUGHT SHARES OF BIOMARIN COMMON STOCK ON SOMEONE ELSE'S BEHALF?**

70. If you purchased or otherwise acquired shares of BioMarin common stock from March 3, 2020 through August 18, 2020, inclusive, for the beneficial interest of persons or entities other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names, addresses, and e-mail addresses, if available, of all such beneficial owners to *BioMarin Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 170400, Milwaukee, WI 53217. If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners you have identified. Upon full compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these directions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Reasonable expenses shall not exceed $0.10 per mailing record provided to the Claims Administrator; $0.10 per unit for each Notice Packet actually mailed plus postage at the rate used by the Claims Administrator; and $0.10 per Notice Packet sent via email. Such properly documented expenses incurred by nominees in compliance with these directions shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

71. Copies of the Notice and the Claim Form may be obtained from the website for the Settlement, www.BioMarinSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 1-877-390-3369, or by emailing the Claims Administrator at info@BioMarinSecuritiesLitigation.com.

**CAN I SEE THE COURT FILE? WHO SHOULD I CONTACT IF I HAVE QUESTIONS?**

72. This Notice contains only a summary of the terms of the proposed Settlement. For the full terms and conditions of the Settlement, please review the Stipulation at www.BioMarinSecuritiesLitigation.com. Copies of any related orders entered by the Court and certain other filings in this Action will also be posted on the website, www.BioMarinSecuritiesLitigation.com. The Stipulation and additional information regarding the Settlement can also be obtained by contacting Lead Counsel at the contact information set forth above, by accessing the Court docket in this case, for a fee, though the Court's PACER system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

73. All inquiries concerning this Notice and the Claim Form should be directed to:

*BioMarin Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 170400
Milwaukee WI, 53217
1-877-390-3369

info@BioMarinSecuritiesLitigation.com
www.BioMarinSecuritiesLitigation.com

Bernstein Litowitz Berger & Grossmann LLP
Salvatore J. Graziano, Esq.
Katherine M. Sinderson, Esq.
1251 Avenue of the Americas
New York, NY 10020
1-800-380-8496
settlements@blbglaw.com
www.blbglaw.com

**PLEASE DO NOT CALL OR WRITE THE COURT, THE COURT'S CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: June 30, 2023

BY ORDER OF THE COURT
United States District Court
Northern District of California

## APPENDIX A

## PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

74. The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

75. In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts during the Class Period (from March 3, 2020 through August 18, 2020), which had the effect of artificially inflating the price of BioMarin common stock. Lead Plaintiff further allege that corrective information allegedly revealing the truth concerning Defendants' alleged misrepresentations and omissions was released to the market on August 19, 2020, which had the effect of removing the artificial inflation from the price of BioMarin common stock that day. The estimated artificial inflation in BioMarin common stock has been calculated by considering the price change on August 19, 2020 and adjusting for price changes attributable to market or industry factors that day. Based on these calculations, there was a total of $41.68 in estimated artificial inflation per share in the BioMarin common stock price that was removed on August 19, 2020. In addition, Lead Plaintiff alleges that the gap between the Defendants' statements about the FDA approval process for valrox and the underlying truth widened substantially during the course of the Class Period. Accordingly, for the purposes of the Plan, the amount of artificial inflation in BioMarin common stock increases threefold after June 8, 2020. Therefore, the estimated artificial inflation under the Plan from March 3, 2020 through June 8, 2020 is $13.89 per share and from June 9, 2020 through August 18, 2020 is $41.68 per share.

76. Recognized Loss Amounts under this Plan of Allocation are based primarily on the difference in the amount of alleged artificial inflation in the price of BioMarin common stock at the time of purchase or acquisition and at the time of sale, or the difference between the actual purchase price and sale price (or average closing price during the 90-day period after the Class Period under the PSLRA). In order to have recoverable damages under the claims asserted, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of BioMarin common stock. Accordingly, in order to have a Recognized Loss Amount under the Plan of Allocation, a Settlement Class Member must have held shares purchased or acquired during the Class Period until at least August 19, 2020, when the corrective information was released to the market.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

77. Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of BioMarin common stock that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

78. For each share of BioMarin common stock purchased or otherwise acquired during the Class Period (from March 3, 2020 through August 18, 2020), and:

A. Sold before August 19, 2020, the Recognized Loss Amount will be $0.00;

B. Sold from August 19, 2020 through the close of trading on November 16, 2020, the Recognized Loss Amount will be ***the least of:*** (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; (ii) the purchase/acquisition price *minus* the average closing price from August 19, 2020 through the date of sale as stated in Table B below; or (iii) the purchase/acquisition price *minus* the sale price; or

C. Held as of the close of trading on November 16, 2020, the Recognized Loss Amount will be ***the lesser of:*** (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (ii) the purchase/acquisition price *minus* $76.42.[2]

[2] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of BioMarin common stock during the "90-day look-back period," August 19, 2020 through November 16, 2020. The mean (average) closing price for BioMarin common stock during this 90-day look-back period was $76.42.

## ADDITIONAL PROVISIONS

79. **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated under ¶ 78 above.

80. **FIFO Matching:** If a Settlement Class Member made more than one purchase/acquisition or sale of BioMarin common stock during the Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

81. **"Purchase/Sale" Prices:** For the purposes of calculations under this Plan of Allocation, "purchase/acquisition price" means the actual price paid, excluding all fees, taxes, and commissions, and "sale price" means the actual amount received, not deducting any fees, taxes, and commissions.

82. **"Purchase/Sale" Dates:** Purchases or acquisitions and sales of BioMarin common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of BioMarin common stock during the Class Period shall not be deemed a purchase, acquisition, or sale of BioMarin common stock for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of BioMarin common stock unless (i) the donor or decedent purchased or otherwise acquired or sold such BioMarin common stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to shares of BioMarin common stock.

83. **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the BioMarin common stock. The date of a "short sale" is deemed to be the date of sale of the BioMarin common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

84. In the event that a Claimant has an opening short position in BioMarin common stock, the earliest purchases or acquisitions of BioMarin common stock during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

85. **Common Stock Purchased/Sold Through the Exercise of Options:** Option contracts are not securities eligible to participate in the Settlement. With respect to BioMarin common stock purchased or sold through the exercise of an option, the purchase/sale date of the security is the exercise date of the option and the purchase/sale price is the exercise price of the option.

86. **Market Gains and Losses:** The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in BioMarin common stock during the Class Period (that is, from March 3, 2020 through August 18, 2020). For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[3] and (ii) the sum of the Claimant's Total Sales Proceeds[4] and the Claimant's Holding Value.[5] If the Claimant's Total Purchase Amount *minus* the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

87. If a Claimant had a Market Gain with respect to his, her, or its overall transactions in BioMarin common stock during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement. If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in BioMarin common stock during the Class Period but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

88. **Determination of Distribution Amount:** If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

---

[3] The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes, and commissions) for all shares of BioMarin common stock purchased or acquired during the Class Period.

[4] The Claims Administrator shall match any sales of BioMarin common stock during the Class Period first against the Claimant's opening position in BioMarin common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (not deducting any fees, taxes and commissions) for sales of the remaining shares of BioMarin common stock sold during the Class Period is the "Total Sales Proceeds."

[5] The Claims Administrator shall ascribe a "Holding Value" of $76.72 to each share of BioMarin common stock purchased or acquired during the Class Period that was still held as of the close of trading on August 18, 2020.

89.  If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

90.  If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

91.  After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator, no less than seven (7) months after the initial distribution, will conduct another distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such distribution. Additional distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such distributions, would be cost-effective. At such time as it is determined that further distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to the Investor Protection Trust, a 501(c)(3) organization dedicated to investor education and support of investor protection efforts.

92.  Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Lead Counsel, Lead Plaintiff's damages or consulting experts, Defendants, Defendants' Counsel, or any of the other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiff, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation (or other plan of allocation approved by the Court); the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

93.  The Plan of Allocation stated herein is the plan that is being proposed to the Court for approval by Lead Plaintiff after consultation with its damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the case website, www.BioMarinSecuritiesLitigation.com.

**TABLE A**

**Estimated Artificial Inflation in BioMarin Common Stock
from March 3, 2020 through and including August 18, 2020**

| Date Range | Artificial Inflation Per Share |
|---|---|
| March 3, 2020 – June 8, 2020 | $13.89 |
| June 9, 2020 – August 18, 2020 | $41.68 |
| August 19, 2020 and later | $0 |

**TABLE B**

**90-Day Look-Back Table for BioMarin Common Stock**
**(Closing Price and Average Closing Price:  August 19, 2020 – November 16, 2020)**

| Date | Closing Price | Average Closing Price Between August 19, 2020 and Date Shown | Date | Closing Price | Average Closing Price Between August 19, 2020 and Date Shown |
|---|---|---|---|---|---|
| 8/19/2020 | $76.72 | $76.72 | 10/5/2020 | $77.00 | $76.02 |
| 8/20/2020 | $74.85 | $75.78 | 10/6/2020 | $75.55 | $76.00 |
| 8/21/2020 | $75.03 | $75.53 | 10/7/2020 | $77.71 | $76.05 |
| 8/24/2020 | $73.00 | $74.90 | 10/8/2020 | $79.61 | $76.15 |
| 8/25/2020 | $74.40 | $74.80 | 10/9/2020 | $78.85 | $76.22 |
| 8/26/2020 | $74.89 | $74.81 | 10/12/2020 | $79.85 | $76.32 |
| 8/27/2020 | $75.43 | $74.90 | 10/13/2020 | $79.88 | $76.41 |
| 8/28/2020 | $76.38 | $75.09 | 10/14/2020 | $78.79 | $76.47 |
| 8/31/2020 | $78.03 | $75.41 | 10/15/2020 | $77.67 | $76.50 |
| 9/1/2020 | $76.00 | $75.47 | 10/16/2020 | $79.25 | $76.57 |
| 9/2/2020 | $77.99 | $75.70 | 10/19/2020 | $77.33 | $76.58 |
| 9/3/2020 | $75.84 | $75.71 | 10/20/2020 | $77.91 | $76.61 |
| 9/4/2020 | $76.00 | $75.74 | 10/21/2020 | $77.50 | $76.63 |
| 9/8/2020 | $74.49 | $75.65 | 10/22/2020 | $79.17 | $76.69 |
| 9/9/2020 | $74.49 | $75.57 | 10/23/2020 | $77.53 | $76.71 |
| 9/10/2020 | $71.87 | $75.34 | 10/26/2020 | $76.88 | $76.71 |
| 9/11/2020 | $72.05 | $75.14 | 10/27/2020 | $76.18 | $76.70 |
| 9/14/2020 | $75.34 | $75.16 | 10/28/2020 | $74.39 | $76.65 |
| 9/15/2020 | $75.51 | $75.17 | 10/29/2020 | $74.42 | $76.61 |
| 9/16/2020 | $75.64 | $75.20 | 10/30/2020 | $74.43 | $76.57 |
| 9/17/2020 | $78.36 | $75.35 | 11/2/2020 | $73.42 | $76.51 |
| 9/18/2020 | $79.38 | $75.53 | 11/3/2020 | $72.61 | $76.44 |
| 9/21/2020 | $77.28 | $75.61 | 11/4/2020 | $76.37 | $76.43 |
| 9/22/2020 | $79.36 | $75.76 | 11/5/2020 | $75.05 | $76.41 |
| 9/23/2020 | $78.43 | $75.87 | 11/6/2020 | $76.74 | $76.42 |
| 9/24/2020 | $76.58 | $75.90 | 11/9/2020 | $75.09 | $76.39 |
| 9/25/2020 | $77.39 | $75.95 | 11/10/2020 | $76.18 | $76.39 |
| 9/28/2020 | $77.99 | $76.03 | 11/11/2020 | $76.22 | $76.39 |
| 9/29/2020 | $76.00 | $76.02 | 11/12/2020 | $76.91 | $76.39 |
| 9/30/2020 | $76.08 | $76.03 | 11/13/2020 | $77.52 | $76.41 |
| 10/1/2020 | $75.82 | $76.02 | 11/16/2020 | $77.11 | $76.42 |
| 10/2/2020 | $74.98 | $75.99 | | | |

***BioMarin Securities Litigation***
**c/o A.B. Data, Ltd.**
**P.O. Box 170400**
**Milwaukee, WI 53217**

**Toll-Free Number: (877) 390-3369**
**Email: info@BioMarinSecuritiesLitigation.com**
**Website: www.BioMarinSecuritiesLitigation.com**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the address below, or submit it online at www.BioMarinSecuritiesLitigation.com, with supporting documentation, ***postmarked*** **(if mailed) or received no later than October 30, 2023**.

**Mail to:**

***BioMarin Securities Litigation***
**c/o A.B. Data, Ltd.**
**P.O. Box 170400**
**Milwaukee, WI 53217**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the Parties to the Action, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

**TABLE OF CONTENTS** **PAGE #**

**PART I – CLAIMANT INFORMATION** 2

**PART II – GENERAL INSTRUCTIONS** 3

**PART III – SCHEDULE OF TRANSACTIONS IN BIOMARIN COMMON STOCK (NASDAQ: BMRN, CUSIP: 09061G101)** 5

**PART IV – RELEASE OF CLAIMS AND SIGNATURE** 6

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name
First Name | Last Name

Joint Beneficial Owner's Name (*if applicable*)
First Name | Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (e.g., Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

Address (Second line, if needed)

City | State/Province | Zip Code

Foreign Postal Code (if applicable) | Foreign Country (if applicable)

Telephone Number (Day) | Telephone Number (Evening)

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim):

**Type of Beneficial Owner:**

Specify one of the following:

- ☐ Individual(s)
- ☐ Corporation
- ☐ UGMA Custodian
- ☐ IRA
- ☐ Partnership
- ☐ Estate
- ☐ Trust
- ☐ Other (describe):

## PART II – GENERAL INSTRUCTIONS

1. It is important that you completely read the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2. By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. If you are not a Settlement Class Member (see the definition of the Settlement Class on page 5 of the Notice), or if you, or someone acting on your behalf, submitted a request for exclusion from the Settlement Class, do not submit a Claim Form. **You may not, directly or indirectly, participate in the Settlement if you are not a Settlement Class Member.** Thus, if you are excluded from the Settlement Class, any Claim Form that you submit, or that may be submitted on your behalf, will not be accepted.

3. **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice or by such other plan of allocation as the Court approves.**

4. On the Schedule of Transactions in Part III of this Claim Form, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of BioMarin Pharmaceutical Inc. ("BioMarin") common stock (including free transfers and deliveries), whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5. **Please note**: Only purchases or acquisitions of BioMarin common stock from March 3, 2020, through August 18, 2020 are eligible under the Settlement and the proposed Plan of Allocation set forth in the Notice. However, under the "90-day look-back period" (described in the Plan of Allocation), sales of BioMarin common stock during the period from August 19, 2020 through the close of trading on November 16, 2020 will be used for purposes of calculating Recognized Loss Amounts under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during this period must also be provided.

6. You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of BioMarin common stock set forth in the Schedule of Transactions in Part III. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in BioMarin common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS.

7. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

8. Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of BioMarin common stock. The complete name(s) of the beneficial owner(s) must be entered. If you held the BioMarin common stock in your own name, you were the beneficial owner as well as the record owner. If, however, your shares of BioMarin common stock were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of these shares, but the third party was the record owner. The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement. If there were joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

9. **One Claim should be submitted for each separate legal entity or separately managed account.** Separate Claim Forms should be submitted for each separate legal entity (e.g., an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account. The Claims Administrator reserves the right to request information on all the holdings and transactions in BioMarin common stock made on behalf of a single beneficial owner.

10. Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a) expressly state the capacity in which they are acting;

(b) identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the BioMarin common stock; and

(c) furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11. By submitting a signed Claim Form, you will be swearing that you:

(a) own(ed) the BioMarin common stock you have listed in the Claim Form; or

(b) are expressly authorized to act on behalf of the owner thereof.

12. By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

13. Payments to eligible Authorized Claimants will be made only if the Court approves the Settlement, after any appeals are resolved, and after the completion of all claims processing.

14. **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

15. If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, A.B. Data, Ltd., at the above address, by email at info@BioMarinSecuritiesLitigation.com, or by toll-free phone at (877) 390-3369, or you can visit the website, www.BioMarinSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

16. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the settlement website at www.BioMarinSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@BioMarinSecuritiesLitigation.com. **Any file not in accordance with the required electronic filing format will be subject to rejection.** The ***complete*** name of the beneficial owner of the securities must be entered where called for (*see* ¶ 8 above). No electronic files will be considered to have been submitted unless the Claims Administrator issues an email confirming receipt of your submission. **Do not assume that your file has been received until you receive that email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@BioMarinSecuritiesLitigation.com to inquire about your file and confirm it was received.**

**IMPORTANT: PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL-FREE AT (877) 390-3369.**

**PART III – SCHEDULE OF TRANSACTIONS IN BIOMARIN COMMON STOCK**

The only eligible security is the common stock of BioMarin Pharmaceutical Inc. ("BioMarin") (**Ticker: NASDAQ: BMRN, CUSIP: 09061G101**). Do not include information regarding any other securities. Include proper documentation with your Claim Form as described in detail in Part II – General Instructions, ¶ 6, above.

| **1. HOLDINGS AS OF MARCH 3, 2020 –** State the total number of shares of BioMarin common stock held as of the opening of trading on March 3, 2020. (Must be documented.) If none, write "zero" or "0." ________________ | Confirm Proof of Position Enclosed ☐ |
|---|---|

**2. PURCHASES/ACQUISITIONS FROM MARCH 3, 2020 THROUGH AUGUST 18, 2020** – Separately list each and every purchase or acquisition (including free receipts) of BioMarin common stock from March 3, 2020 through the close of trading on August 18, 2020. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding any taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

**3. PURCHASES/ACQUISITIONS FROM AUGUST 19, 2020 THROUGH NOVEMBER 16, 2020** – State the total number of shares of BioMarin common stock purchased or acquired (including free receipts) from August 19, 2020, through the close of trading on November 16, 2020. If none, write "zero" or "0." ____________________

| **4. SALES FROM MARCH 3, 2020 THROUGH NOVEMBER 16, 2020** – Separately list each and every sale or disposition (including free deliveries) of BioMarin common stock from March 3, 2020, through the close of trading on November 16, 2020. (Must be documented.) | **IF NONE, CHECK HERE** ☐ |
|---|---|

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

| **5. HOLDINGS AS OF NOVEMBER 16, 2020 –** State the total number of shares of BioMarin common stock held as of the close of trading on November 16, 2020. (Must be documented.) If none, write "zero" or "0." ________________ | Confirm Proof of Position Enclosed ☐ |
|---|---|

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ⟶ ☐

## ***PART IV – RELEASE OF CLAIMS AND SIGNATURE***

***YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 7 OF THIS CLAIM FORM.***

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

### CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1. that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2. that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3. that the claimant(s) did ***not*** submit a request for exclusion from the Settlement Class;

4. that I (we) own(ed) the BioMarin common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5. that the claimant(s) has (have) not submitted any other claim covering the same purchases of BioMarin common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6. that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7. that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8. that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waive(s) any right of appeal or review with respect to such determination;

9. that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10. that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

Signature of claimant Date

Print claimant name here

Signature of joint claimant, if any Date

Print joint claimant name here

***If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

Signature of person signing on behalf of claimant Date

Print name of person signing on behalf of claimant here

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant – see ¶ 10 on page 4 of this Claim Form.)

**REMINDER CHECKLIST**

1. Sign the above release and certification. If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only ***copies*** of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at (877) 390-3369.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at info@BioMarinSecuritiesLitigation.com, or by toll-free phone at (877) 390-3369, or you may visit www.BioMarinSecuritiesLitigation.com. DO NOT call BioMarin or its counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL OR SUBMITTED ONLINE AT WWW.BIOMARINSECURITIESLITIGATION.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN OCTOBER 30, 2023**. IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*BioMarin Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 170400
Milwaukee, WI 53217

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before **October 30, 2023**, is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT B

# Accountant Shortage Hits Corporations

By Mark Maurer

The widening shortage of accountants has begun showing up in financial statements.

U.S.-listed companies such as car-parts provider **Advance Auto Parts**, electric-air-taxi firm **Joby Aviation** and German biotech company **Evotec** in recent months have disclosed efforts to address material weaknesses due at least in part to a lack of accounting staff. These names are larger than the typically smaller companies that historically might have had trouble attracting accounting expertise.

Companies must disclose a material weakness in their internal control over financial reporting, or ICFR, if there is a reasonable possibility that a material misstatement could occur and couldn't be prevented or detected by them on a timely basis. Such flaws are one of the key predictors of restatements, both major and minor, and generally lead companies to address the problems and improve their controls.

The disclosures come as fewer people are pursuing degrees in accounting and entering the field, resulting in more positions open and for longer periods. What's more, academics say, the shortage will likely be compounded as more accountants retire without a robust pipeline of replacements.

Smaller companies in need of accounting staff often decide not to fill the jobs because they either can't afford to or can't justify the cost-benefit trade-off, while their bigger counterparts might be unable to find the right people, said Andrew Imdieke, an assistant professor of accounting at the University of Notre Dame.

> Concerns are raised that flaws in statements could be missed.

"This is an economic shock where larger companies are not able to fill these roles as opposed to choosing not to fill these roles," he said. "It's definitely a cause for concern."

One of the most explicit examples of the fallout came from Advance Auto Parts, which said it had identified a material weakness in its ICFR due to turnover in key accounting positions during the fiscal quarter ended April 22. The company said it wasn't able to attract and retain enough qualified people to fulfill internal-control responsibilities.

So much so, that the Raleigh, N.C.-based company said June 2 it wouldn't be able to file its 10-Q quarterly report on schedule because it needed more time to assess the control deficiency and its remediation. It filed the 10-Q four days later.

Advance Auto Parts is working to address the shortcoming, in part by tapping temporary outside help with the requisite accounting knowledge and experience, it said in its June 6 filing. The company didn't respond to a request for comment.

Big and midsize firms like Advance Auto have a higher regulatory bar to clear than smaller companies do: In 2020, the Securities and Exchange Commission exempted public companies with less than $100 million in annual revenue from retaining an outside auditor to verify their internal controls.

Companies with longstanding ICFR gaps rarely face SEC charges for that recurrence alone, but they can risk higher borrowing rates, a falling stock price and an investor exodus if they don't make fixes. In 2019, the SEC settled charges with four public companies, including health-food company Lifeway Foods, for failing to maintain ICFR for seven to 10 consecutive years.

Another company that has struggled with an accountant shortage is Joby Aviation, a maker of electric vertical take-off and landing aircraft. In a May 5 quarterly filing, the company said it was continuing to fix the control deficiencies that led to its material weakness. The remaining aspect of the material weakness, as of Dec. 31, related to the lack of sufficient accounting personnel, the Santa Cruz, Calif.-based company said. Joby Aviation declined to comment.

# Deal Activity Declines as Pricing Turns More Uncertain

By Jennifer Williams-Alvarez

Deal activity has slumped considerably from the highs reached during the pandemic as companies grapple with inflation, an uncertain economic outlook, increased regulatory scrutiny and a division on prices.

For some companies, the turbulence creates an opening for a good deal, and some finance chiefs say they are looking for opportunities in mergers and acquisitions. But sellers aren't eager to lower valuations and sell at the bottom of the market. The disconnect, in some cases, is significant enough that companies are walking away from deals, observers say.

"Buyers are seeing signs of uncertainty: Where are interest rates going? Where is inflation going? How do I account for inflation in the revenue growth of this target over the past couple of years?" said Suzanne Kumar, vice president of the merger and acquisition practice at consulting firm Bain & Co. "And sellers, equally, can take the opposite view of, you know, we've grown this business, it's solid...and we're going to price with pride here.

"That's the untold story right now," she added, pointing to a limbo in deal making that is showing up through lower volumes and a decline in values.

During the first six months of the year, companies globally announced deals worth $1.3 trillion, down 37% from a year earlier and the slowest first-half period since 2020, according to data provider Refinitiv.

Bain estimates the value of deal making globally is on track to reach $2.7 trillion in 2023, a roughly 39% decline from the year before and the lowest annual value for global deal making in a decade. The number of announced deals through June, at 18, is down 20% compared with a year earlier, Bain said.

**Value of mergers and acquisitions announced globally for first half of each year**




Note: Values are through June 30 of each year.
Source: Refinitiv

The pricing disconnect is coming from both sides of a deal, said Eric Swedenburg, head of the M&A practice at law firm Simpson Thacher & Bartlett. In the back half of 2022, sellers were more often the ones in a deal that expected higher price tags than were possibly realistic, he said. Now, sellers still have that approach but buyers are looking for bargains given economic headwinds, according to Swedenburg, adding that discrepancies in deal valuations are "way more pronounced" now than in 2021 or the beginning of 2022.

What was perceived as a low offer factored in a deal rejection for storage company **Life Storage**.

The Buffalo, N.Y.-based real-estate investment trust in February rejected an $11 billion unsolicited proposal from industry giant **Public Storage** because the proposal, according to Life Storage, "significantly" undervalued the company.

"We anticipate a significant improvement in our [valuation] as the markets better understand the superior growth Life Storage is poised to deliver over the next two years," Life Storage Chief Executive Joseph Saffire told analysts in February, discussing the board's decision to reject the proposal. "Public Storage's proposal fails to account for this industry-leading growth and instead seems to be opportunistically timed to transfer Life Storage's upside value to Public Storage."

Life Storage, which declined to comment on the Public Storage proposal, struck a $12.7 billion deal in April to combine with **Extra Space Storage**. Public Storage Chief Executive Joseph Russell told analysts in May that the deal between Life Storage and Extra Space Storage, if it goes through, wouldn't change the competitive landscape.

Finance chiefs, meanwhile, are feeling the impact of pricing disconnects.

Autodesk is seeing asymmetry on deal-valuation expectations, said Debbie Clifford, chief financial officer at the San Francisco-based software company. "Sellers are always wanting more than buyers are willing to pay," she said.

"I don't think that's a new dynamic, but our expectations around the multiples we'd be willing to pay have come down or are more tempered," Clifford said. "So as long as we have this valuation disconnect, we've been slightly less acquisitive."

ADVERTISEMENT

## The Marketplace

To advertise: 800-366-3975 or WSJ.com/classifieds

### BUSINESS OPPORTUNITIES

ALLIANCE MORTGAGE FUND
8%-9% RETURN
REAL ESTATE SECURED FIXED INCOME FUND SEEKING RIA'S & ACCREDITED INVESTORS
CALL:
866-700-0600
ALLIANCE PORTFOLIO
120 Vantis Dr., Ste. 515 • Aliso Viejo, CA 92656
www.AlliancePortfolio.com
RE Broker • CA DRE • 02066955 Broker License ID

THERE IS ONLY ONE...
1 A - New York
Best offer / Transferable
License Plate
jkg@gradyresearch.com
- Ends 8/25 -

TO PUT YOUR NAME ON OUR TRUST DEED EMAIL LIST
(818) 340-5115
MK INVESTMENT SERVICES, INC.
Cal Dept of Real Estate Lic #02141734

**Searching for investors** for an up and coming production company that's slated to produce Hansberry's A Raisin in the Sun and many original groundbreaking productions. Negotiable shares.
Contact Dr. Garry Batson, Batson Entertainment
917-753-2438

THE WALL STREET JOURNAL.
THE MARKETPLACE
ADVERTISE TODAY
(800) 366-3975
For more information visit: wsj.com/classifieds



© 2023 Dow Jones & Company, Inc. All Rights Reserved.

### CAREERS

M & A BUSINESS BROKERS
Buying and Selling Businesses
6 Figure Commissions
As an Independent Contractor
Our 38th Year
Gottesman Company
Work From Home / Outside Sales
Support Services & Training
Send Letter & Resume to:
brokers@gottesman-company.com

**Data Science Manager**

2nd Order Solutions Inc.: Data Science Manager – Glen Allen, VA + various unanticipated locations throughout the U.S. Autonomously manage & lead small credit risk consultancy client proj in the finance industry through adv data analytics, deep tech expertise & cutting-edge data sci for our wide range of clients which incl top-20 banks in the United States & around the world, small fin-tech start-ups & private equity firms looking to invest capital. Job reqs Bach degree in Stat, Engg, Data Sci, or rel fld + 3 yrs in any job title involving exp in data modeling & analytics. Telework benefit permitted up to 2 days per week. Up to 10% nat'l travel required. To apply, send resume identifying job code: 2OS 102 to lindsey.recruiting@2os.com. No calls.

**Financial Services**

Morgan Stanley & Co. LLC hiring for following roles thruout facilities in NY, NY: Associate to analyze implications of news & industry dvlpmts in Fin'ls & REIT (RE Investment Trust) sector (3236563, sal range $200,000 to $200,000); Associate to provide trading desks w/ innovative product solutions to generate revenue & manage risk for portfolios (3236568, sal range $175,000 to $200,000); Associate to identify, analyze, & prioritize new & existing bus. opp'tys w/ Prime Brokerage clients (3229514, sal range $167,000 to $200,000); Vice President to work as Quantitative Analyst on Structured Rates, FX Strategist team (3229540, sal range $225,000 to $250,000); Associate to model, price, trade, book, & risk manage exotic equity derivatives for Morgan Stanley Institutional Equities trading division (3236503, sal range $200,000 to $200,000); Vice President to create innovative solutions to model various aspects of electronic options mrkt making incl risk mgmt, volatility surfaces fitting, mrkt impact, & microstructure filtering (3229542, salary range $225,000 to $250,000). All positions req rel degree &/or exp &/or skills. Multiple open positions at various prof'l levels. For more info & to apply, visit https://ms.taleo.net/careersection/2/jobsearch.ftl?lang=en Scroll down to "Join our team" heading & search for these opp'tys. No calls pls. EOE

**Associate**

Morgan Stanley Fund Services, Inc. hiring for following role in NY, NY: Associate to respond to client & investor queries & coord. w/ internal teams to obtain resolutions (salary range $106,000 to $120,000). Position req's rel degree &/or exp &/or skills. For more info & to apply, visit https://ms.taleo.net/careersection/2/jobsearch.ftl?lang=en Scroll down & enter 3221159 as "Job Number" & click "Search jobs." No calls pls. EOE

### CAREERS

**Financial Services**

Morgan Stanley Services Group, Inc. hiring for following roles thruout facilities in NY, NY: Associate to migrate complex, multi-tier softw apps from on-prem to AWS /Azure. Remote work accepted (3229519, sal range $150,000 to $150,000); Vice President to participate in projects as dvlpmt eng'r on fully integrated dvlpmt teams incl dvlprs, QA/UAT testers, & bus. owners (3226183, sal range $185,000 to $200,000); Associate to support voice recording infrastructures incl Incident, problem, & change mgmt (3226187, sal range $154,000 to $154,000); Vice President to design & dvlp Java apps as well as multi-tier Java EE style softw apps supporting all lending bus. lines (3229601, sal range $208,000 to $208,000); Associate to deliver softw products & srvcs thru softw dvlpmt & Agile methodologies (3215449, sal range $157,000 to $157,000); Vice President to work on team responsible for storing Party data from various sources & provide to different strategic consuming apps thru strategic initiative projects (3221174, sal range $175,000 to $200,000); Vice President, Wealth Management Technology responsible for variety of areas from data platforms to cloud (public & private) to web & middleware (3229608, sal range $192,000 to $200,000); & Associate to dvlp softw apps by studying req'mts, flow sys's, data req'mt & legal req'mts (3226245, sal range $160,000 to $160,000). All positions req rel degree &/or exp &/or skills. Multiple open positions at various prof'l levels. For more info & to apply online, visit us at https://ms.taleo.net/careersection/2/jobsearch.ftl?lang=en Scroll down to "Join our team" heading & search for these opp'tys. No calls pls. EOE

**Financial Services**

Morgan Stanley Services Group, Inc. hiring for following roles thruout facilities in NY, NY: Vice President to design & dvlp softw apps according to req'mts provided by bus. stakeholders (3226053, sal range $208,000 to $208,000); Associate, Software Developer to make architecture design decisions, eval, & dvlp nec. softw solutions for complex Surveillance models (3236379, sal range $137,000 to $150,000); Associate to collect & understand Tax bus. req'mts from clients & stakeholders (3221129, sal range $141,000 to $150,000); Vice President to interact w/ bus. stakeholders to solve workflow & app rel issues & ensure critical trade booking, exchange deadlines, regulatory reporting & external client statements commitments are met (3221179, sal range $138,000 to $200,000); & Director to lead capital planning audits incl all aspects of audit cycle from planning thru reporting, w/i estab budgets & delivery dates (3229538, sal range $166,000 to $170,000). All positions require rel degree &/or exp &/or skills. Multiple open positions at various prof'l levels. For more info & to apply, visit https://ms.taleo.net/careersection/2/jobsearch.ftl?lang=en Scroll down to "Join our team" heading & search for these opp'tys. No calls pls. EOE

**Financial Services**

Morgan Stanley & Co. LLC hiring for following roles thruout facilities in NY, NY: Associate to analyze implications of news & industry dvlpmts in Fin'ls & REIT (RE Investment Trust) sector (3236563, sal range $200,000 to $200,000); Associate to provide trading desks w/ innovative product solutions to generate revenue & manage risk for portfolios (3236568, sal range $175,000 to $200,000); Associate to identify, analyze, & prioritize new & existing bus. opp'tys w/ Prime Brokerage clients (3229514, sal range $167,000 to $200,000); Vice President to work as Quantitative Analyst on Structured Rates, FX Strategist team (3229540, sal range $225,000 to $250,000); Associate to model, price, trade, book, & risk manage exotic equity derivatives for Morgan Stanley Institutional Equities trading division (3236503, sal range $200,000 to $200,000); Vice President to create innovative solutions to model various aspects of electronic options mrkt making incl risk mgmt, volatility surfaces fitting, mrkt impact, & microstructure filtering (3229542, salary range $225,000 to $250,000). All positions req rel degree &/or exp &/or skills. Multiple open positions at various prof'l levels. For more info & to apply, visit https://ms.taleo.net/careersection/2/jobsearch.ftl?lang=en Scroll down to "Join our team" heading & search for these opp'tys. No calls pls. EOE

### CLASS ACTION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

IN RE BIOMARIN PHARMACEUTICAL INC. SECURITIES LITIGATION

CLASS ACTION

Case No. 3:20-cv-06719-WHO

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO: All persons who purchased or otherwise acquired BioMarin Pharmaceutical Inc. ("BioMarin") common stock from March 3, 2020 through August 18, 2020, inclusive (the "Class Period"), and were damaged thereby ("Settlement Class").**

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California ("Court"), that the above-captioned action ("Action") has been provisionally certified as a class action for purposes of settlement, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the Stipulation and Agreement of Settlement dated April 24, 2023 ("Stipulation") and the detailed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice"). The Stipulation and Notice can be viewed at www.BioMarinSecuritiesLitigation.com. In the Action, Lead Plaintiff alleges that Defendants violated the federal securities laws by making materially false and misleading statements to investors during the Class Period concerning BioMarin's application to the Food and Drug Administration for approval of a gene therapy for hemophilia called Valrox.

**YOU ARE ALSO NOTIFIED** that Lead Plaintiff Arbejdsmarkedets Tillægspension and Defendants BioMarin, Jean-Jacques Bienaimé, and Dr. Henry Fuchs have reached a proposed settlement of the Action on behalf of the Settlement Class for **$39,000,000** in cash (the "Settlement"). If approved by the Court, the Settlement will resolve all claims in the Action.

A hearing ("Settlement Hearing") will be held on **November 8, 2023 at 2:00 p.m. Pacific Time**, before the Honorable William H. Orrick, United States District Court Judge for the Northern District of California, either in person at the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, in Courtroom 2 – 17th Floor, or by telephone or videoconference (in the discretion of the Court), to determine, among other things: (i) whether, for purposes of settlement, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiff should be appointed as the class representative for the Settlement Class, and Lead Counsel should be appointed as class counsel for the Settlement Class; (ii) whether the Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (iii) whether the Action should be dismissed with prejudice against Defendants and the releases specified and described in the Stipulation (and in the Notice) should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Lead Counsel's motion for attorneys' fees in an amount not to exceed 19% of the Settlement Fund and payment of expenses in an amount not to exceed $650,000 (which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Settlement Class) should be approved. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the website for the Settlement, www.BioMarinSecuritiesLitigation.com.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement proceeds.** This notice provides only a summary of the information contained in the detailed Notice. You may obtain a copy of the Notice, along with the Claim Form, by: (i) contacting the Claims Administrator at *BioMarin Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 170400, Milwaukee, WI, 53217, 1-877-390-3369, info@BioMarinSecuritiesSettlement.com; or (ii) downloading them from the website for the Settlement, www.BioMarinSecuritiesLitigation.com, or from Lead Counsel's website, www.blbglaw.com.

To be eligible to receive a payment from the Settlement, you must be a member of the Settlement Class and submit a Claim Form ***postmarked (if mailed), or online, no later than October 30, 2023***, in accordance with the instructions set forth in the Claim Form. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the Settlement proceeds, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is ***received no later than October 18, 2023***, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not receive any benefits from the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and expenses, must be submitted to the Court. Objections must be ***filed or postmarked (if mailed) no later than October 18, 2023***, in accordance with the instructions set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.** All questions about this notice, the Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.

Requests for the Notice and Claim Form should be made to the Claims Administrator:

*BioMarin Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 170400
Milwaukee, WI 53217
1-877-390-3369
info@BioMarinSecuritiesLitigation.com
www.BioMarinSecuritiesLitigation.com

All other inquiries should be made to Lead Counsel:

Bernstein Litowitz Berger & Grossmann LLP
Katherine M. Sinderson, Esq.
1251 Avenue of the Americas
New York, NY 10020
1-800-380-8496
settlements@blbglaw.com

BY ORDER OF THE COURT
United States District Court
Northern District of California

### CAREERS

**VP, Private Credit & Equity**

Morgan Stanley Investment Management Inc. hiring for following role in NY, NY: Vice President, Private Credit & Equity responsible for value creation process for new investmnts in collab. w/investmnt team & portfolio co mgmt (salary range $250,000 to $250,000). Position req's rel degree &/or exp &/or skills. For more info & to apply, visit https://ms.taleo.net/careersection/2/jobsearch.ftl?lang=en Scroll down & enter 3229499 as "Job Number" & click "Search jobs." No calls pls. EOE

### COMMERCIAL REAL ESTATE

Seeking $2.5 Million
36-month participation bridge loan secured by Historic American Lighthouse
*Excellent Yield.*
Tobetterworld@msn.com

### COMMERCIAL REAL ESTATE

FLORIDA LAND SALE - EAST COAST
HOMESTEAD-RANCH-FARM - 27 LOTS of 12 to 120 Acres Prices $5,500/ac to $16,500/ac
COMMERCIAL - 14 LOTS 3 to 17 Acres Prices $125K/ac to $150K/ac
Act Today! Limited Time Sale
130 Ac Airport, 24 Hangars $9M
Contact Bob Brewster, Watson Realty
Phone / Text 386-341-0423

# EXHIBIT C

# Bernstein Litowitz Berger & Grossmann LLP Announces Pendency of Class Action and Proposed Settlement For Purchasers of BioMarin Pharmaceutical Inc. Common Stock from March 3, 2020 through August 18, 2020, Inclusive

NEWS PROVIDED BY
**Bernstein Litowitz Berger & Grossmann LLP →**
12 Jul, 2023, 10:00 ET

NEW YORK, July 12, 2023 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| IN RE BIOMARIN PHARMACEUTICAL INC. SECURITIES LITIGATION | CLASS ACTION<br><br>Case No. 3:20-cv-06719-WHO |
|---|---|

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO:  All persons who purchased or otherwise acquired BioMarin Pharmaceutical Inc. ("BioMarin") common stock from March 3, 2020 through August 18, 2020, inclusive (the "Class Period"), and were damaged thereby ("Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California ("Court"), that the above-captioned action ("Action") has been provisionally certified as a class action for purposes of settlement, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the Stipulation and Agreement of Settlement dated April 24, 2023 ("Stipulation") and the detailed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice"). The Stipulation and Notice can be viewed at www.BioMarinSecuritiesLitigation.com. In the Action, Lead Plaintiff alleges that Defendants violated the federal securities laws by making materially false and misleading statements to investors during the Class Period concerning BioMarin's application to the Food and Drug Administration for approval of a gene therapy for hemophilia called valrox.

**YOU ARE ALSO NOTIFIED** that Lead Plaintiff Arbejdsmarkedets Tillægspension and Defendants BioMarin, Jean-Jacques Bienaimé, and Dr. Henry Fuchs have reached a proposed settlement of the Action on behalf of the Settlement Class for **$39,000,000** in cash (the "Settlement"). If approved by the Court, the Settlement will resolve all claims in the Action.

A hearing ("Settlement Hearing") will be held on **November 8, 2023 at 2:00 p.m. Pacific Time**, before the Honorable William H. Orrick, United States District Court Judge for the Northern District of California, either in person at the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, in Courtroom 2 – 17th Floor, or by telephone or videoconference (in the discretion of the Court), to determine, among other things: (i) whether, for purposes of settlement, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiff should be appointed as the class representative for the Settlement Class, and Lead Counsel should be appointed as class counsel for the Settlement Class; (ii) whether the Settlement on the terms and conditions

provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (iii) whether the Action should be dismissed with prejudice against Defendants and the releases specified and described in the Stipulation (and in the Notice) should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Lead Counsel's motion for attorneys' fees in an amount not to exceed 19% of the Settlement Fund and payment of expenses in an amount not to exceed $650,000 (which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Settlement Class) should be approved. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the website for the Settlement, www.BioMarinSecuritiesLitigation.com.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement proceeds**. This notice provides only a summary of the information contained in the detailed Notice. You may obtain a copy of the Notice, along with the Claim Form, by: (i) contacting the Claims Administrator at *BioMarin Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 170400, Milwaukee, WI, 53217, 1-877-390-3369, info@BioMarinSecuritiesSettlement.com; or (ii) downloading them from the website for the Settlement, www.BioMarinSecuritiesLitigation.com, or from Lead Counsel's website, www.blbglaw.com.

To be eligible to receive a payment from the Settlement, you must be a member of the Settlement Class and submit a Claim Form ***postmarked (if mailed), or online, no later than October 30, 2023***, in accordance with the instructions set forth in the Claim Form. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the Settlement proceeds, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is ***received no later than October 18, 2023***, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not receive any benefits from the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and expenses, must be submitted to the Court. Objections must be ***filed or postmarked (if mailed) no later than October 18, 2023***, in accordance with the instructions set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.** All questions about this notice, the Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.

Requests for the Notice and Claim Form should be made to the Claims Administrator:

*BioMarin Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 170400
Milwaukee, WI 53217
1-877-390-3369
info@BioMarinSecuritiesLitigation.com
www.BioMarinSecuritiesLitigation.com

All other inquiries should be made to Lead Counsel:

Bernstein Litowitz Berger & Grossmann LLP
Katherine M. Sinderson, Esq.
1251 Avenue of the Americas
New York, NY 10020
1-800-380-8496

settlements@blbglaw.com

BY ORDER OF THE COURT
United States District Court
Northern District of California

SOURCE Bernstein Litowitz Berger & Grossmann LLP

## PRN Top Stories Newsletters

Sign up to get PRN's top stories and curated news delivered to your inbox weekly!

Enter Your Email

Select Country

**Submit**

By signing up you agree to receive content from us.

Our newsletters contain tracking pixels to help us deliver unique content based on each subscriber's engagement and interests. For more information on how we will use your data to ensure we send you relevant content please visit our PRN Consumer Newsletter Privacy Notice. You can withdraw your consent at any time in the footer of every email you'll receive.