**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
jonathanu@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3472

SALVATORE GRAZIANO (*pro hac vice*)
salvatore@blbglaw.com
JEROEN VAN KWAWEGEN (*pro hac vice*)
jeroen@blbglaw.com
KATHERINE M. SINDERSON (*pro hac vice*)
katiem@blbglaw.com
ABE ALEXANDER (*pro hac vice*)
abe.alexander@blbglaw.com
WILLIAM E. FREELAND (*pro hac vice*)
billy.freeland@blbglaw.com
THOMAS Z. SPERBER (*pro hac vice*)
thomas.sperber@blbglaw.com
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400

*Counsel for Lead Plaintiff Arbejdsmarkedets
Tillægspension and Lead Counsel for the
Settlement Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE BIOMARIN PHARMACEUTICAL INC. SECURITIES LITIGATION | Case No. 3:20-cv-06719-WHO <br><br> **REPLY MEMORANDUM IN FURTHER SUPPORT OF (I) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION, AND (II) LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES** <br><br> Dept:  Courtroom 2, 17th Floor <br> Judge: Hon. William H. Orrick <br> Date:  November 8, 2023 <br> Time:  2:00 p.m. |

REPLY MEMORANDUM
Case No. 3:20-cv-06719-WHO

**TABLE OF CONTENTS**

                                                                                                **PAGE**

TABLE OF AUTHORITIES ................................................................................................................ III

INTRODUCTION ............................................................................................................................. 1

ARGUMENT ..................................................................................................................................... 2

I.      The Robust Court-Approved Notice Program ................................................................. 2

II.     The Reaction of the Settlement Class Supports Approval of the Settlement,
        Plan of Allocation and the Motion for Attorneys' Fees and Expenses .......................... 4

III.    Claims Received to Date ................................................................................................... 6

CONCLUSION .................................................................................................................................. 7

## TABLE OF AUTHORITIES

**CASES**                                                                        **Page(s)**

*Acosta v. Frito-Lay, Inc.*,
   2018 WL 2088278 (N.D. Cal. May 4, 2018) ..........................................................................5

*In re Apollo Grp. Inc. Sec. Litig.*,
   2012 WL 1378677 (D. Ariz. Apr. 20, 2012) ...........................................................................4

*In re AT&T Corp. Sec. Litig.*,
   2005 WL 6716404 (D.N.J. Apr. 25, 2005) ..............................................................................5

*In re Bisys Sec. Litig.*,
   2007 WL 2049726 (S.D.N.Y. July 16, 2007) .........................................................................6

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
   2017 WL 2481782 (N.D. Cal. June 8, 2017) ..........................................................................5

*Churchill Vill., L.L.C. v. Gen. Elec.*,
   361 F.3d 566 (9th Cir. 2004) .................................................................................................4

*Destefano v. Zynga, Inc.*,
   2016 WL 537946 (N.D. Cal. Feb. 11, 2016) ......................................................................4, 5

*In re Extreme Networks, Inc. Sec. Litig.*,
   2019 WL 3290770 (N.D. Cal. July 22, 2019).........................................................................5

*In re Facebook, Inc. IPO Sec. & Derivative Litig.*,
   343 F. Supp. 3d 394 (S.D.N.Y. 2018).....................................................................................5

*Giroux v. Essex Prop. Tr., Inc.*,
   2019 WL 2106587 (N.D. Cal. May 14, 2019).........................................................................4

*In re Heritage Bond Litig.*,
   2005 WL 1594403 (C.D. Cal. June 10, 2005) ........................................................................5

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
   221 F.R.D. 523 (C.D. Cal. 2004)............................................................................................4

*In re Nuvelo, Inc. Sec. Litig.*,
   2011 WL 2650592 (N.D. Cal. July 6, 2011)...........................................................................5

*Patel v. Axesstel, Inc.*,
   2015 WL 6458073 (S.D. Cal. Oct. 23, 2015) .........................................................................5

*In re Rite Aid Corp. Sec. Litig.*,
   396 F.3d 294 (3d Cir. 2005).....................................................................................................6

*Taafua v. Quantum Glob. Techs., LLC*,
   2021 WL 579862 (N.D. Cal. Feb. 16, 2021) ..........................................................................4

*Vataj v. Johnson*,
2021 WL 5161927 (N.D. Cal. Nov. 5, 2021) ...........................................................................4

*In re Veeco Instruments Inc. Sec. Litig.*,
2007 WL 4115809 (S.D.N.Y. Nov. 7, 2007)...........................................................................5

Lead Plaintiff Arbejdsmarkedets Tillægspension, on behalf of itself and the Settlement Class, and Lead Counsel respectfully submit this reply memorandum in further support of (i) Lead Plaintiff's motion for final approval of the proposed Settlement and approval of the proposed Plan of Allocation (ECF No. 147), and (ii) Lead Counsel's motion for attorneys' fees and litigation expenses (ECF No. 148) (together, the "Motions").[1]

## **INTRODUCTION**

As detailed in Lead Plaintiff's and Lead Counsel's opening papers in support of the Motions filed on October 4, 2023 (ECF Nos. 147-149), the proposed Settlement—providing for a $39 million cash payment in exchange for the resolution of all claims asserted in the Action against Defendants—is an excellent result for the Settlement Class. The Settlement takes into account the significant risks, complexities, and expense of continued litigation and is the result of extensive arm's-length negotiations between experienced counsel and, ultimately, a mediator's proposal to resolve the Action. Likewise, Lead Counsel's request for a 19% fee—a request substantially below the Ninth Circuit's 25% benchmark award—and Litigation Expenses is also fair and reasonable, especially considering the result achieved for the Settlement Class, the caliber of work performed, the risks of litigation, and comparable fee and expense awards.

Now that the time for objecting or requesting exclusion from the Settlement Class has passed, the reaction of the Settlement Class provides additional support for approval of the Settlement and fee and expense application. Notably, following an extensive Court-approved notice program—including the mailing of the Notice to over 103,000 potential Settlement Class Members and Nominees—***not a single member of the Settlement Class has objected to any aspect of the Settlement, the Plan of Allocation, or the requested attorneys' fees and expenses***. The absence of objections is especially noteworthy here because institutional investors held the great

---

[1] Unless otherwise defined in this memorandum, all capitalized terms shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated April 24, 2023 (ECF No. 139-1), or in the Declaration of Katherine M. Sinderson in Support of (I) Lead Plaintiff's Motion for Final Approval of Settlement and Plan of Allocation, and (II) Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses, dated October 4, 2023 (ECF No. 149). Unless otherwise indicated, all internal citations are omitted.

REPLY MEMORANDUM
Case No. 3:20-cv-06719-WHO

majority of BioMarin common stock during the Class Period—and, even though such investors have the staff and resources to object if they believe it is warranted, none did so. Further, not a single institutional investor has requested exclusion from the Settlement Class and only two requests for exclusion from small investors were received. The persons who requested exclusion purchased just *nine shares* of BioMarin stock during the Class Period—a miniscule fraction (roughly 0.00003%) of the total number of damaged shares eligible to participate in the Settlement.

As explained below, this overwhelmingly positive reaction of the Settlement Class further supports a finding that the proposed Settlement, Plan of Allocation, and request for attorneys' fees and expenses are all fair and reasonable—and should be approved.

## ARGUMENT

Lead Plaintiff and Lead Counsel respectfully submit that their opening papers demonstrate that approval of the Motions is warranted. Now that the time for objecting or requesting exclusion from the Settlement Class has passed, the reaction of the Settlement Class, including the lack of any objections by Settlement Class Members, provides additional support for the Court's approval of the Motions.

**I.      The Robust Court-Approved Notice Program**

In accordance with the Court's Preliminary Approval Order (ECF No. 146), the Claims Administrator, A.B. Data, Ltd. ("A.B. Data") conducted an extensive notice program under Lead Counsel's supervision. The notice program included mailing the Notice and Claim Form (collectively, the "Notice Packet") to potential Settlement Class Members and Nominees, publishing the Summary Notice in *The Wall Street Journal* and over *PR Newswire*, and creating a Settlement Website, www.BioMarinSecuritiesLitigation.com, where copies of the Notice and Claim Form and other information and documents related to the Settlement could be accessed.

A.B. Data began mailing the Notice Packet to potential Settlement Class Members on June 30, 2023. *See* Walter Decl. (ECF No. 149-4), at ¶¶ 2-5. As of October 31, 2023, A.B. Data had mailed a total of 103,387 Notice Packets to potential Settlement Class Members and Nominees. *See* Supplemental Declaration of Adam D. Walter ("Supp. Walter Decl."), attached hereto as Exhibit 1, at ¶ 2. Of that number, 249, or less than 0.3%, were returned as undeliverable, with no

alternative address found.  *Id*. ¶ 3.  This rate is considerably lower than that of other settlements with comparable notice programs. *Id*.

The Summary Notice, which informed readers of the proposed Settlement, how to obtain copies of the Notice and Claim Form, and the deadlines for the submission of Claims, objections, and requests for exclusion, was published in *The Wall Street Journal* and released over *PR Newswire* on July 12, 2023.  *See* Walter Decl. ¶ 11.

The Notice informed Settlement Class Members of the terms of the proposed Settlement and that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 19% of the Settlement Fund and for Litigation Expenses not to exceed $650,000.  *See* Notice at p. 2 and ¶ 55.  The Notice also advised Settlement Class Members of their right to request exclusion from the Settlement Class or object to the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses, and the October 18, 2023 deadline for doing so.  *See* Notice at p. 2 and ¶¶ 57, 64-66.

On October 4, 2023, 14 days before the objection and exclusion deadline, Lead Plaintiff and Lead Counsel filed their detailed opening papers in support of the Settlement, Plan of Allocation, and fee and expense request.  These papers are available on the public docket (ECF Nos. 147-149), and were promptly posted to the case website, *see* Supp. Walter Decl. ¶ 5.[2]

As noted above, following this extensive Court-approved notice program, ***not a single Settlement Class Member has objected*** to any aspect of the proposed Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and expenses.  In addition, only two requests for exclusion from the Settlement Class have been received.  *See* Supp. Walter Decl. ¶ 6 & Ex. A.  The two requests received were submitted by an individual and by a family trust. Collectively, the persons requesting exclusion reported purchasing just nine shares of BioMarin common stock during the Class Period—roughly 0.00003% of the total number of affected shares as estimated by Lead Plaintiff's damages expert.

---

[2] The Notice informed Settlement Class Members that Lead Counsel would file their papers in support of their motion for attorneys' fees and Litigation Expenses by October 4, 2023, and that those papers would be made available on the Settlement Website.  Notice ¶ 56.

REPLY MEMORANDUM
Case No. 3:20-cv-06719-WHO

3

## II.  The Reaction of the Settlement Class Supports Approval of the Settlement, Plan of Allocation and the Motion for Attorneys' Fees and Expenses

The Ninth Circuit instructs district courts to consider the reaction of the class in determining whether to approve a class action settlement. *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). Moreover, "[i]t is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004).

Here, the absence of *any* objections along with the low number of requests for exclusion supports a finding that the proposed Settlement is fair, reasonable, and adequate. *See, e.g.*, *Vataj v. Johnson*, 2021 WL 5161927, at *7 (N.D. Cal. Nov. 5, 2021) (the "absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members"); *Taafua v. Quantum Glob. Techs., LLC,* 2021 WL 579862, at *7 (N.D. Cal. Feb. 16, 2021) ("The lack of objections and low number of requested exclusions . . . indicates support among the class members and weighs in favor of approving the settlement."); *Giroux v. Essex Prop. Tr., Inc.*, 2019 WL 2106587, at *5 (N.D. Cal. May 14, 2019) ("The Court finds that the absence of objections and very small number of opt-outs indicate overwhelming support among the Class Members and weigh in favor of approval."); *Destefano v. Zynga, Inc.*, 2016 WL 537946, at *13 (N.D. Cal. Feb. 11, 2016) ("By any standard, the lack of objection of the Class Members favors approval of the Settlement."); *In re Apollo Grp. Inc. Sec. Litig.*, 2012 WL 1378677, at *3 (D. Ariz. Apr. 20, 2012) ("There have been no objections from Class Members or potential class members, which itself is compelling evidence that the Proposed Settlement is fair, just, reasonable, and adequate.").

Moreover, it is especially significant that no institutional investors—which held the majority of BioMarin's publicly traded common stock during the Class Period—have objected to the Settlement or requested exclusion from the Settlement Class. The absence of objections (and exclusions) in response to the proposed Settlement from these institutional investors, which have ample means and incentive to object to the Settlement if they deemed it unsatisfactory, is further

evidence of the Settlement's fairness. *See, e.g.*, *In re Extreme Networks, Inc. Sec. Litig.*, 2019 WL 3290770, at \*9 (N.D. Cal. July 22, 2019) ("Many potential class members are sophisticated institutional investors; the lack of objections from such institutions indicates that the settlement is fair and reasonable."); *In re Facebook, Inc. IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018) ("That not one sophisticated institutional investor objected to the Proposed Settlement is indicia of its fairness."); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2017 WL 2481782, at \*4 (N.D. Cal. June 8, 2017) (the absence of any objections from institutions means that "the inference that the class approves of the settlement is even stronger"); *In re AT&T Corp. Sec. Litig.*, 2005 WL 6716404, at \*4 (D.N.J. Apr. 25, 2005) (the reaction of the class "weigh[ed] heavily in favor of approval" where "no objections were filed by any institutional investors who had great financial incentive to object").

The lack of objections from Settlement Class Members also supports approval of the proposed Plan of Allocation. *See, e.g.*, *In re Heritage Bond Litig.*, 2005 WL 1594403, at \*11 (C.D. Cal. June 10, 2005) ("The fact that there has been no objection to this plan of allocation favors approval of the Settlement."); *Patel v. Axesstel, Inc.*, 2015 WL 6458073, at \*7 (S.D. Cal. Oct. 23, 2015) (approving plan of allocation where "no class members objected"); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at \*14 (S.D.N.Y. Nov. 7, 2007) ("not one class member has objected . . . . This favorable reaction of the Class supports approval of the Plan of Allocation.").

Likewise, the absence of any objections to Lead Counsel's motion for attorneys' fees and expenses supports a finding that the fee and expense request is fair and reasonable. *See, e.g.*, *Acosta v. Frito-Lay, Inc.*, 2018 WL 2088278, at \*12 (N.D. Cal. May 4, 2018) ("The absence of objections or disapproval by class members . . . supports the finding that Plaintiffs' request is reasonable."); *Destefano*, 2016 WL 537946, at \*18 ("the lack of objection by any Class Members" supported the fee requested); *In re Nuvelo, Inc. Sec. Litig.*, 2011 WL 2650592, at \*3 (N.D. Cal. July 6, 2011) (finding only one objection to the fee request to be "a strong, positive response from the class, supporting an upward adjustment of the benchmark [fee award]"); *Heritage Bond*, 2005 WL 1594403, at \*21 ("The absence of objections or disapproval by class members to Class Counsel's fee request further supports finding the fee request reasonable.").

As with approval of the proposed Settlement, the lack of objections by institutional investors in particular supports approval of the fee request. *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (fact that "a significant number of investors in the class were 'sophisticated' institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive", but did not do so, supported approval of the fee request); *In re Bisys Sec. Litig.*, 2007 WL 2049726, at *1 (S.D.N.Y. July 16, 2007) (noting that there was only one objection from an individual—and none from any institutions—"even though the class included numerous institutional investors who presumably had the means, the motive, and the sophistication to raise objections if they thought the [requested] fee was excessive.").

## III.    Claims Received to Date

Claims were to be postmarked (if mailed) or submitted online by no later than October 30, 2023.  As of October 31, 2023, A.B. Data had received 20,521 Claims, either by mail or submitted online via the Settlement Website.  *See* Supp. Walter Decl. ¶ 7.

Based on A.B. Data's preliminary review of the Claims received, those Claims represent a total of 27,465,219 damaged BioMarin shares (that is, shares which calculate to a Recognized Claim under the Plan of Allocation and will be eligible for a portion of the Settlement proceeds). *See* Supp. Walter Decl. ¶ 8.  The damaged shares in the Claims received represent 99% of the total number of damaged BioMarin shares as estimated by Lead Plaintiff's damages expert.  The estimated total number of damaged shares is based on Lead Plaintiff's damages expert's analysis in the Action, which is based on the expert's modeling of trading in BioMarin common stock to estimate how many shares were purchased in the Class Period and damaged as the result of the corrective disclosure on August 19, 2020.  The same analysis was used in preparing the Plan of Allocation formula and the per-share recovery estimate provided in the Notice.

Because the Claim-filing deadline was just two days ago and a large percentage of Claims are filed immediately before the deadline, this analysis is necessarily preliminary.  The Claims are still being processed and are subject to further reviews, including of the documentation submitted with the Claims, and a deficiency process (in which Settlement Class Members will be given the chance to cure any deficiencies in their Claims), as well as further reviews and audits for quality

REPLY MEMORANDUM                                                                                          6
Case No. 3:20-cv-06719-WHO

control and fraud prevention. *See* Supp. Walter Decl. ¶ 9. As a result of these procedures, the number of damaged shares contained in the Claims received is subject to change. *Id.*

In addition, the possible acceptance of additional Claims—either timely Claims postmarked on or before the October 30, 2023 deadline, but not yet received, or additional late-filed Claims—may also increase the total number of damaged shares. *See* Supp. Walter Decl. ¶ 10. Lead Counsel may, in its discretion, accept late Claims for processing provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. *See* Preliminary Approval Order (ECF No. 146), at ¶ 11. The ultimate acceptance of any such late Claims would be decided by the Court.

## CONCLUSION

For the foregoing reasons and the reasons set forth in their opening papers, Lead Plaintiff and Lead Counsel respectfully request that the Court approve the Settlement, the Plan of Allocation, and the motion for attorneys' fees and litigation expenses. Copies of the (i) proposed Judgment, (ii) proposed Order Approving Plan of Allocation of Net Settlement Fund, and (iii) proposed Order Awarding Attorneys' Fees and Litigation Expenses are attached hereto as Exhibits 2, 3, and 4, and will be submitted in Word format to Your Honor via email.

Dated: November 1, 2023          Respectfully submitted,

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

*/s/ Katherine M. Sinderson*
SALVATORE GRAZIANO (*pro hac vice*)
(salvatore@blbglaw.com)
JEROEN VAN KWAWEGEN (*pro hac vice*)
(jeroen@blbglaw.com)
KATHERINE M. SINDERSON (*pro hac vice*)
(katiem@blbglaw.com)
ABE ALEXANDER (*pro hac vice*)
(abe.alexander@blbglaw.com)
WILLIAM E. FREELAND (*pro hac vice*)
billy.freeland@blbglaw.com
THOMAS Z. SPERBER (*pro hac vice*)
thomas.sperber@blbglaw.com
1251 Avenue of the Americas
New York, NY 10020

REPLY MEMORANDUM                                                    7
Case No. 3:20-cv-06719-WHO

Tel: (212) 554-1400
Fax: (212) 554-1444

JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars
Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3472

*Lead Counsel for Lead Plaintiff
and the Settlement Class*