**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
jonathanu@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3472

SALVATORE GRAZIANO (*pro hac vice*)
salvatore@blbglaw.com
JEROEN VAN KWAWEGEN (*pro hac vice*)
jeroen@blbglaw.com
KATHERINE M. SINDERSON (*pro hac vice*)
katiem@blbglaw.com
ABE ALEXANDER (*pro hac vice*)
abe.alexander@blbglaw.com
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400

*Counsel for Lead Plaintiff Arbejdsmarkedets
Tillægspension and Lead Counsel for the
Settlement Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE BIOMARIN PHARMACEUTICAL INC. SECURITIES LITIGATION | CLASS ACTION<br><br>Case No. 3:20-cv-06719-WHO<br><br>**LEAD PLAINTIFF'S MOTION FOR APPROVAL OF DISTRIBUTION PLAN, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Dept: Courtroom 2, 17th Floor<br>Judge Hon. William H. Orrick<br>Date: May 22, 2024<br>Time: 2:00 p.m. |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................. ii

STATEMENT OF ISSUES TO BE DECIDED ....................................................................................2

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................................2

I.     BACKGROUND ........................................................................................................................2

II.    CLAIMS ADMINISTRATION................................................................................................3

     A.     No Disputed Claims....................................................................................................3

     B.     Late Claims and Final Cut-Off Date........................................................................4

III.   DISTRIBUTION PLAN FOR THE NET SETTLEMENT FUND ......................................5

     A.     Initial Distribution of the Net Settlement Fund .......................................................5

     B.     Additional Distribution(s) of the Net Settlement Fund............................................6

IV.    RELEASE OF CLAIMS............................................................................................................7

V.     FEES AND EXPENSES OF CLAIMS ADMINISTRATOR .............................................8

VI.    CONCLUSION...........................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*In re Capstone Turbine Corp. Sec. Litig.*,2020 WL 7889062 (C.D. Cal. Aug. 26, 2020) ...............................................................................................................8

*Davis v. Yelp, Inc.*,
   No. 3:18-cv-00400 (N.D. Cal. Aug. 29, 2023), ECF No. 216....................................................7

*In re Dropbox, Inc. Sec. Litig.*,
   No. 5:19-cv-06348 (N.D. Cal. May 18, 2023), ECF No. 138.....................................................8

*Sanders v. The RealReal, Inc.*,
   No. 5:19-cv-07737 (N.D. Cal. June 8, 2023), ECF No. 79........................................................8

**NOTICE OF MOTION**
**FOR APPROVAL OF DISTRIBUTION PLAN**

**TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that in accordance with Federal Rule of Civil Procedure 23(e), Lead Plaintiff Arbejdsmarkedets Tillægspension ("Lead Plaintiff" or "ATP"), on behalf of itself and the Settlement Class, will and does hereby move this Court for entry of the accompanying [Proposed] Order Approving Distribution Plan ("Class Distribution Order") that will, among other things: (i) approve the Claims Administrator A.B. Data's administrative determinations accepting and rejecting Claims submitted in connection with the Settlement reached in the above-captioned Action; (ii) direct the Initial Distribution of the Net Settlement Fund to Claimants whose Claims are accepted by A.B. Data as valid and approved by the Court ("Authorized Claimants"); (iii) direct that distribution checks state that the check must be cashed within 120 days after the issue date; (iv) direct that Authorized Claimants will forfeit all recovery from the Settlement if they fail to cash their distribution checks in a timely manner; (v) approve the recommended plan for any funds remaining after the distribution; and (vi) approve A.B. Data's fees and expenses in connection with the administration of the Settlement.

This motion is supported by the memorandum of points and authorities below, the attached Declaration of Adam D. Walter ("Walter Declaration" or "Walter Decl."), submitted on behalf of the Court-approved Claims Administrator, A.B. Data, Ltd.'s Class Action Administration Company ("A.B. Data"), and its exhibits, the previous filings and orders in this case, and such other materials as the Court may consider.[1]

There are no disputed Claims by any Settlement Class Member requiring Court review. Further, pursuant to the Stipulation, Defendants have no role in or responsibility for the administration of the Settlement Fund or processing of Claims, including determinations as to the validity of Claims or the distribution of the Net Settlement Fund. *See* Stipulation ¶¶ 17, 21, 23; *see*

_____

[1] Unless otherwise indicated in this memorandum, all terms with initial capitalization shall have the meanings ascribed to them in the Walter Declaration or the Stipulation and Agreement of Settlement dated as of April 24, 2023 (ECF No. 139-1) ("Stipulation").

*also* Notice ¶ 48. Nonetheless, Lead Plaintiff has shared a copy of this motion with Defendants' Counsel, and they informed us that Defendants take no position on the motion. As such, the motion is ripe for determination and Lead Counsel respectfully submits that a hearing on this motion is not required.

## STATEMENT OF ISSUES TO BE DECIDED

1.       Whether the Court should enter the proposed Class Distribution Order, which will, among other things, approve the Claims Administrator's administrative determinations accepting and rejecting Claims submitted in connection with the Settlement, direct the distribution of the Net Settlement Fund to eligible Claimants, approve the recommended plan for any funds remaining after the distribution, and approve the Claims Administrator's fees and expenses.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.       BACKGROUND

On November 14, 2023, the Court entered the Judgment (ECF No. 156) and Order Granting Final Approval to Settlement, Approving Plan of Allocation, and Awarding Fees and Costs (ECF No. 155) approving the $39 million all-cash Settlement of this Action and the Plan of Allocation for the Net Settlement Fund. The Settlement's "Effective Date" under paragraph 31 of the Stipulation has occurred, and the Claims Administrator has completed processing of Claims received. Accordingly, the Net Settlement Fund may now be distributed to Authorized Claimants. In accordance with paragraph 26 of the Stipulation, Lead Plaintiff respectfully requests that the Court enter the Class Distribution Order and approve the Distribution Plan.

In accordance with the Court's Order Granting Preliminary Approval (ECF No. 146) ("Preliminary Approval Order"), A.B. Data mailed the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses ("Notice") and the Proof of Claim and Release Form ("Claim Form" and, collectively with the Notice, the "Notice Packet") to potential Settlement Class Members, brokers, and other nominees. Walter Decl. ¶ 2. A.B. Data has disseminated 103,534 Notice Packets to potential Settlement Class Members, brokers, and nominees. *Id*. ¶ 4. The Notice informed Settlement Class Members that if they wished to be eligible to participate in the distribution of the

LEAD PLAINTIFF'S MOTION FOR                                2                    CASE NO. 3:20-CV-6719-WHO
APPROVAL OF DISTRIBUTION PLAN

Net Settlement Fund, they were required to submit a properly executed Claim Form postmarked no later than October 30, 2023. *Id*. ¶ 7.

## II.  CLAIMS ADMINISTRATION

As set forth in the Walter Declaration, through April 8, 2024, A.B. Data received and processed 65,033 Claims. Walter Decl. ¶ 7. All Claims received through April 8, 2024, have been fully processed in accordance with the Stipulation and the Court-approved Plan of Allocation included in the Notice (*see id.*), and A.B. Data has worked with Claimants to help them perfect their Claims. *See id.* ¶¶ 19-32. Many of the Claims were initially deficient or ineligible for one or more reasons, including being incomplete, not signed, not properly documented, or otherwise deficient, which required substantial follow-up work by A.B. Data. *Id*. ¶¶ 19, 22.

If A.B. Data determined a Claim to be defective or ineligible, A.B. Data sent a letter (if the Claimant or filer filed a paper  or online Claim) or an email (if the Claimant or filer filed an electronic Claim) to the Claimant or filer, as applicable, describing the defect(s) or condition(s) of ineligibility in the Claim and the steps necessary to cure any curable defect(s) in the Claim ("Deficiency Notices"). *Id*. ¶¶ 20, 22. The Deficiency Notices advised the Claimant or filer that the appropriate information or documentary evidence to complete the Claim had to be sent within twenty (20) days from the date of the Deficiency Notice or A.B. Data would recommend the Claim for rejection to the extent the deficiency or condition of ineligibility was not cured. *Id*. ¶¶ 20, 23. Examples of the Deficiency Notices are attached as Exhibits A, B, and C to the Walter Declaration.

Of the 65,033 Claims that are the subject of this motion, A.B. Data has determined that 43,630 Claims are acceptable in whole or in part, and that 21,403 Claims should be rejected because they are ineligible for payment from the Net Settlement Fund. Walter Decl. ¶¶ 38-40. Lead Plaintiff respectfully requests that the Court approve A.B. Data's administrative determinations accepting and rejecting Claims as set forth in the Walter Declaration.

### A.  No Disputed Claims

A.B. Data carefully reviewed Claimants' and filers' responses to the Deficiency Notices and worked with them to resolve deficiencies where possible. *Id*. ¶¶ 21, 26. Consistent with paragraph 43(e) of the Stipulation, the Deficiency Notices specifically advised the Claimant or

filer of their right, within twenty (20) days after the mailing or emailing of the Deficiency Notice, to contest the rejection of the Claim and request Court review of A.B. Data's administrative determination of the Claim. *Id*. ¶¶ 20, 23.

With respect to the fully processed Claims, A.B. Data received two (2) requests for Court review of its administrative determinations. Walter Decl. ¶ 32. To resolve these disputes without necessitating the Court's intervention, A.B. Data contacted the Claimants requesting Court review and attempted to answer all questions, to explain A.B. Data's administrative determination of the Claim's status, and to facilitate the submission of missing information or documentation where applicable. *Id*. ¶ 32. As a result of these efforts, these two (2) Claimants resolved their deficiencies, withdrew their requests for Court review, and their Claims are now recommended for approval. *Id*. Accordingly, there are no outstanding requests for Court review by any Claimants. *Id*.

**B.    Late Claims and Final Cut-Off Date**

The 65,033 Claims received through April 8, 2024, include 10,385 Claims that were postmarked or received after October 30, 2023, the Court-approved Claim submission deadline. *Id*. ¶¶ 33, 41. Those late Claims have been fully processed, and 3,855 of them are, but for their late submission, otherwise eligible to participate in the Settlement. *Id*. Although these 3,855 Claims were late, they were received while the processing of timely Claims was ongoing. *Id*. Due to the amount of time needed to process the timely Claims received, the processing of these late Claims did not delay the completion of the Claims administration process or the distribution of the Net Settlement Fund. *Id*. ¶ 33. The Court has discretion to accept Claims received after the Claim submission deadline. *See* Preliminary Approval Order ¶ 11; Notice ¶ 49. Lead Plaintiff respectfully submits that, when the equities are balanced, it would be unfair to prevent an otherwise eligible Claim from participating in the distribution of the Net Settlement Fund solely because it was received after the Court-approved Claim submission deadline if it were submitted while timely Claims were still being processed.

To facilitate the efficient distribution of the Net Settlement Fund, however, there must be a final cut-off date after which no other Claims may be accepted. Accordingly, Lead Plaintiff respectfully requests that the Court order that any ***new*** late Claims (and any requested adjustments

to previously filed Claims that would result in an increased Recognized Claim Amount) received after April 8, 2024, shall be barred (*see also* Walter Decl. ¶ 43(f)) – subject to the proviso that if Lead Counsel later determines that an additional distribution is not cost-effective (*see* Walter Decl. ¶ 43(e)), then any post-April 8, 2024 Claimants may, at the discretion of Lead Counsel (and to the extent possible after paying remaining administrative fees and expenses owed), be paid on their new (or adjusted) Claims on a *pro rata* basis so as to bring them into parity with other Authorized Claimants who have cashed their distribution checks.

## III.    DISTRIBUTION PLAN FOR THE NET SETTLEMENT FUND

### A.    Initial Distribution of the Net Settlement Fund

Under the proposed Distribution Plan, A.B. Data will distribute 95% of the Net Settlement Fund after deducting (i) all payments previously allowed, (ii) payments approved by the Court on this motion, and (iii) any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees (i.e., the Initial Distribution). *See* Walter Decl. ¶ 43(a). In the Initial Distribution, A.B. Data will calculate award amounts for all Authorized Claimants as if the entire Net Settlement Fund were to be distributed now. *Id*. ¶ 43(a)(1). A.B. Data will first determine each Authorized Claimant's *pro rata* share of the total Net Settlement Fund based on the Claimant's Recognized Claim in comparison to the total Recognized Claims of all Authorized Claimants. *Id*. A.B. Data will eliminate from the Initial Distribution any Authorized Claimant whose *pro rata* share calculates to less than $10.00, as these Claimants will not receive any payment from the Net Settlement Fund and will be so notified by A.B. Data. *Id*. ¶ 43(a)(2). A.B. Data will then recalculate the *pro rata* share of the Net Settlement Fund for Authorized Claimants who would have received $10.00 or more based on the amount of the Authorized Claimant's Recognized Claim in comparison to the total Recognized Claims of all Authorized Claimants who would have received $10.00 or more. *Id*. ¶ 43(a)(3). This *pro rata* share is the Authorized Claimant's Distribution Amount. *Id*. Authorized Claimants whose Distribution Amount calculates to less than $200.00 will be paid their full Distribution Amount in the Initial Distribution ("Claims Paid in Full"). *Id*. ¶ 43(a)(4). These Authorized Claimants will receive no additional funds in subsequent distributions. *Id*. After deducting the payments to the Claims Paid in Full, 95% of the remaining

balance of the Net Settlement Fund will be distributed *pro rata* to Authorized Claimants whose Distribution Amount calculates to $200.00 or more. *Id*. ¶ 43(a)(5). The remaining 5% of the Net Settlement Fund will be held in reserve (the "Reserve") to address any tax liability and claims administration-related contingencies that may arise. *Id*. To the extent the Reserve is not depleted, the remainder will be distributed in the Second Distribution. *Id*.

To encourage Authorized Claimants to cash their checks promptly, Lead Plaintiff proposes that all distribution checks bear the notation, "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY DATE 120 DAYS AFTER ISSUE DATE]." *Id*. ¶ 43(b). Authorized Claimants who do not cash their checks within the time allotted or on the conditions stated in paragraph 43(b) of the Walter Declaration will irrevocably forfeit all recovery from the Settlement, and the funds allocated to these stale-dated checks will be available to be redistributed to other Authorized Claimants in a subsequent distribution, as described below. *Id*. ¶ 43(c).

**B.     Additional Distribution(s) of the Net Settlement Fund**

After A.B. Data has made reasonable and diligent efforts to have Authorized Claimants cash their Initial Distribution checks, but not earlier than seven (7) months after the Initial Distribution, A.B. Data will, after consulting with Lead Counsel, conduct the Second Distribution of the Net Settlement Fund. *Id*. ¶ 43(d). In the Second Distribution, any amount remaining in the Net Settlement Fund, after deducting any unpaid fees and expenses incurred, will be distributed to all Authorized Claimants (other than Claims Paid in Full) who cashed their Initial Distribution checks and would receive at least $10.00 from the Second Distribution based on their *pro rata* share of the remaining funds. *Id*. If any funds remain in the Net Settlement Fund after the Second Distribution, and if cost-effective, subsequent distributions will take place at six-month intervals. *Id*. When Lead Counsel, in consultation with A.B. Data, determines that a further distribution is not cost-effective, if sufficient funds remain to warrant the processing of Claims received after April 8, 2024, A.B. Data will process those Claims. *Id*. ¶ 43(e). Any of these Claims that are otherwise valid, as well as any earlier received Claims for which an upward adjustment was

received after April 8, 2024, may be paid in accordance with paragraph 43(f) of the Walter Declaration. *Id.*

As provided in the Court-approved Plan of Allocation, if any funds remain in the Net Settlement Fund after payment of those Claims received after April 8, 2024 and any unpaid fees or expenses, those residual funds will be contributed to the Investor Protection Trust, a non-sectarian, not-for-profit 501(c)(3) organization that provides investor education and protection programs. *See* Notice ¶ 91.

## IV.     RELEASE OF CLAIMS

In order to allow the full and final distribution of the Net Settlement Fund, it is necessary to (i) bar any further claims against the Net Settlement Fund beyond the amounts allocated to Authorized Claimants, and (ii) provide that all persons involved in any aspect of Claims processing, or who are involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, be released and discharged from all claims arising out of that involvement. *See* Stipulation ¶ 28. Accordingly, Lead Plaintiff respectfully requests that the Court release and discharge all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted in connection with the Settlement, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund from all claims arising out of that involvement, and bar all Settlement Class Members and other Claimants, whether or not they receive payment from the Net Settlement Fund, from making any further claims against the Net Settlement Fund, Lead Plaintiff, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiff or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlement beyond the amounts allocated to Authorized Claimants.

In this District, courts have repeatedly approved similar releases in connection with the distribution of settlement proceeds. *See, e.g.*, Class Distribution Order, *Davis v. Yelp, Inc.*, No. 3:18-cv-00400 (N.D. Cal. Aug. 29, 2023), ECF No. 216, attached hereto as Exhibit 1 (approving substantially similar language in the order authorizing distribution of settlement proceeds); Order

Granting Plaintiffs' Motion for Distribution of Class Action Settlement Funds, *Sanders v. The RealReal, Inc.*, No. 5:19-cv-07737 (N.D. Cal. June 8, 2023), ECF No. 79, attached hereto as Exhibit 2 (same); Order Granting Plaintiffs' Motion for Authorization to Distribute Net Settlement Fund, *In re Dropbox, Inc. Sec. Litig.*, No. 5:19-cv-06348 (N.D. Cal. May 18, 2023), ECF No. 138, attached hereto as Exhibit 3 (same); *In re Capstone Turbine Corp. Sec. Litig.*, 2020 WL 7889062, at *2 (C.D. Cal. Aug. 26, 2020) (same).

## V.    FEES AND EXPENSES OF CLAIMS ADMINISTRATOR

The Court-approved Claims Administrator for the Settlement, A.B. Data, was responsible for, among other things, disseminating notice of the Settlement to the Settlement Class, creating and maintaining a website and toll-free telephone helpline, processing Claims, and allocating and distributing the Net Settlement Fund to Authorized Claimants. Walter Decl. ¶ 2. A.B. Data's fees and expenses for its work performed through March 31, 2024, are $343,237.29, and its estimated fees and expenses for work to be performed in connection with the Initial Distribution are $64,145.82, which together total $407,383.11.  *Id*. ¶ 42. Should the estimate of fees and expenses to conduct the Initial Distribution of the Net Settlement Fund exceed the actual cost, the excess will be returned to the Net Settlement Fund and will be available for subsequent distribution to Authorized Claimants. *Id*.   To date, A.B. Data has received no payment for its fees and expenses. *Id*. Accordingly, there is an outstanding balance of $407,383.11 payable to A.B. Data, which amount includes the estimated fees and expenses to be incurred by A.B. Data in connection with the Initial Distribution. *Id*.

While the total amount sought by A.B. Data for Notice and Administration Costs ($407,383.11) is greater than the estimate of $250,000 originally provided by A.B. Data in April 2023, that estimate was based on the assumption that A.B. Data would mail 50,000 Notice Packets and receive 20,000 claims. *See* ECF. No. 139, at 22-23; ECF No. 139-4, at ¶¶ 17, 24. In fact, as noted above, A.B. Data mailed 103,534 Notice Packets (more than twice the number estimated) and received and processed 65,033 Claims (more than three times its estimate). As a result, A.B. Data's costs are higher than initially projected. The total amount now sought by A.B. Data is slightly above 1.5 times higher than its initial estimate, even though A.B. Data printed and mailed

twice as many Notice Packets and processed three times as many Claims as initially anticipated. Accordingly, Lead Counsel respectfully requests, on behalf of Lead Plaintiff, that the Court approve payment of all of A.B. Data's fees and expenses.

## VI. CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court grant its Motion for Approval of Distribution Plan and enter the [Proposed] Order Approving Distribution Plan.

Dated: April 15, 2024

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP**

/s/ *Kathrine M. Sinderson*
SALVATORE GRAZIANO (*pro hac vice*)
(salvatore@blbglaw.com)
JEROEN VAN KWAWEGEN (*pro hac vice*)
(jeroen@blbglaw.com)
KATHERINE M. SINDERSON (*pro hac vice*)
(katiem@blbglaw.com)
ABE ALEXANDER (*pro hac vice*)
(abe.alexander@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444

JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars
Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3472

*Lead Counsel for Lead Plaintiff
and the Settlement Class*